**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | |
| Plaintiffs, | |
| v. | |
| THE BOEING COMPANY, a Delaware corporation; ROSEMOUNT AREOSPACE, INC., a Delaware corporation; ROCKWELL COLLINS, INC., a Delaware corporation, | |
| Defendants. | Lead Case No. 19-cv-02170 |
| _____ | *This Filing Relates to All Actions* |
| PLAINTIFFS' EXECUTIVE COMMITTEE, | Hon. Jorge L. Alonso |
| Movant, | Hon. M. David Weisman |
| v. | |
| MANUEL VON RIBBECK AND MONICA R. KELLY WOOD-PRINCE, | |
| Respondents | |

**MOTION FOR ENTRY OF ORDER TO SHOW CAUSE**

Plaintiffs' Executive Committee, by and through its undersigned attorneys, moves this Honorable Court for the entry of an order against attorneys Manuel von Ribbeck and Monica R. Kelly Wood-Prince, both of the Ribbeck Law firm, to show cause why they should not be sanctioned by this Court for willful and deliberate violations of this Court's Rules of Professional Conduct. In support thereof, Plaintiffs' Executive Committee, respectfully states as follows:

1. This motion is brought on behalf of the Plaintiffs' Executive Committee by its attorneys at Taft Stettinius & Hollister.

1

2. Respondents Manuel von Ribbeck and Monica R. Kelly Wood-Prince are attorneys at Ribbeck Law. Mr. Ribbeck and Ms. Wood-Prince have both appeared in these matters and are therefore subject to this Court's jurisdiction.

3. Plaintiffs' Executive Committee has learned that Respondents, both directly and through agents located in Africa, have embarked on a campaign of actively soliciting multiple clients of other attorneys who have appeared in these matters, in an apparent effort to entice those individuals to engage Respondents' legal services. Respondents' open solicitation of individuals who already have legal counsel violates Respondents' ethical obligations, and it cannot be allowed to continue.

4. ABA Model Rule of Professional Conduct 4.2, which this Court has adopted, prohibits lawyers from "communicat[ing] about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter…." *See* N.D. ILL. L.R. 83.50 (adopting ABA Model Rules); *see also* ILL. RULE OF PROFESSIONAL CONDUCT 4.2 (containing an identical prohibition). As this Court has recognized, Rule 4.2 serves at least four important purposes: "(1) 'to prevent attorneys from exploiting the disparity in legal skills between the attorney and lay people'; (2) 'to preserve the integrity of the attorney-client relationship'; (3) 'to prevent inadvertent disclosure of privileged information'; and (4) 'to facilitate settlement by channeling disputes through lawyers accustomed to the negotiation process.'" *Moore v. Club Exploria, LLC*, No. 19-CV-2504, 2021 WL 260227, at *3 (N.D. Ill. Jan. 26, 2021) (quoting *Kole v. Loyola Univ. of Chicago*, No. 95 C 1223, 1997 WL 47454, at *4 (N.D. Ill. Jan. 30, 1997)). Further, attorneys "must take a conservative rather than aggressive approach" when considering whether the rule prohibits certain communications, or risk sanctions for crossing the line. *See In*

2

*re Air Crash Disaster Near Roselawn, Indiana on Oct. 31, 1994*, 909 F. Supp. 1116, 1121–23 (N.D. Ill. 1995).

5.     The Plaintiffs' Executive Committee has learned that Respondents recently violated Rule 4.2 on multiple occasions by sending unsolicited communications to clients of at least two different law firms that are involved in this litigation. Specifically, Respondents and agents acting at their direction have communicated both directly in person and over text and email with certain individuals in Africa who are related to clients who they knew to be represented by Power Rogers LLP and Clifford Law Offices without the knowledge or consent of their current attorneys. Respondents and their agents encouraged these clients of Power Rogers LLP and Clifford Law Offices to change attorneys by offering the services of Ribbeck Law.

6.     Attached as Exhibit 1 are true and correct copies of WhatsApp messages that Clifford Law Offices obtained from Zipporah Kuria, whose father Joseph Kuria Waithaka was killed in the crash at issue in this litigation. As documented in the WhatsApp messages, one of Respondents agents, Caroline Wangari, recently contacted Ms. Kuria unsolicited to inquire whether she was "well represented in [her] Boeing case." Ms. Wangari stated that she wanted "to get [Ms. Kuria] in touch with aviation lawyers" who had settled cases involving three Boeing crashes. Though refusing to say who she worked for, Ms. Wangari forwarded Ms. Kuria two news articles and a Kenyan Broadcasting Channel video, all touting the success of Ribbeck Law — and particularly Respondent Manuel von Ribbeck — in obtaining settlements in this litigation. *See* John Huston, *First Ethiopian Airlines Flight 302 Boeing 737 MAX 8 Settlement Announced*, AIRWAYS MAGAZINE (Dec. 15, 2020), https://airwaysmag.com/airlines/first-ethiopian-airlines-flight-302-max-8-settlement (attached as Exhibit 2); Noel Wandera, *Family gets Sh335m for Ethiopian Airlines*, PEOPLE DAILY KENYA (Dec. 16, 2020), https://www.pd.co.ke/business/family-gets-

28867072v3

sh335m-for-ethiopian-airlines-crash-62462/ (attached as Exhibit 3); KBC Channel 1, *Family of Ethiopian Airlines Flight 302 crash victims receive compensation from Boeing*, YOUTUBE (Dec. 14, 2020), https://www.youtube.com/watch?v=mTbE1QflSXU&feature=youtu.be. The implication Ms. Wangari sought to have Ms. Kuria draw from these articles — that Ms. Kuria should change lawyers and retain Ribbeck Law — could not be more clear.

7. Moreover, Respondent Manuel von Ribbeck has been personally involved in at least some of these improper communications. Attached as Exhibit 4 are WhatsApp messages that Clifford Law Offices obtained from Allan Onyango Jaboma, whose sister Bella Beryl Achieng Jaboma was also killed in the crash at issue in this litigation. These messages document Respondent Ribbeck's persistent efforts to arrange in-person and/or Zoom meetings with the Ms. Jaboma's surviving family members, and that Respondent Ribbeck spoke directly with at least one of those family members.

8. After learning of Respondents' misconduct and having diligently investigated and securing evidence tending to confirm these ethical violations, Robert A. Clifford of Clifford Law Offices emailed the Respondents a "cease and desist" letter on February 8, 2021. The letter, attached as Exhibit 5, identified by name five clients of Clifford Law Offices to whom Respondents had sent improper communications:

- Allan Onyango Jaboma, brother to Bella Beryl Achieng Jaboma

- Zipporah Kuria, daughter to Joseph Kuria Waithaka

- Michael Kabugi, son to George Gikonyo Kabugi

- Amr Lotfy, son to Suzan Farag

- Elsie Wayama Otieno, daughter to Juliet Murundu Otieno

The letter also reminded Respondents of their ethnical obligations under Rule 4.2 and requested that Respondents provide written assurance by February 9, 2021, that they will cease any further contact with Clifford Law Office's clients. As of today's date, Respondents have not provided the requested assurance, sought to excuse their pattern of misconduct, or even denied their conduct.

9.      Joseph A Power, Jr., of Power Rogers, LLP, sent Respondents a similar cease and desist letter on February 4, 2021, outlining similar improper communications with seven clients of Power Rogers, LLP. *See* Ex. 6. Respondents did not respond to that letter either.

10.     In addition to their misconduct injuring the attorney-client relationships that Clifford Law Offices and Power Rogers, LLP, have with their respective clients, the Respondents' misconduct lowers the dignity of the profession, impairs the public perception of the judicial system, and offends the dignity of Court, which itself warrants this Court ordering some appropriate remedy.

11.     "A district court's inherent authority over its proceedings includes the power to discipline attorneys appearing before it." *Mullen v. GLV, Inc*., 334 F.R.D. 656, 664 (N.D. Ill. 2020), *reconsideration denied*, No. 18 C 1465, 2020 WL 5630454 (N.D. Ill. Sept. 20, 2020) (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)). Respondents' clear pattern of deliberate misconduct warrants this Court's concern and intervention, as demonstrated by the numerous decisions of this court in which judges have sanctioned attorneys for violations of Rule 4.2. *See, e.g.*, *Moore, LLC*, 2021 WL 260227, at *11 (awarding attorneys' fees and costs associated with bringing motion for sanctions where attorney violated Rule 4.2 through "brief" phone call); *Goswami v. DePaul Univ*., 8 F. Supp. 3d 1004, 1019 (N.D. Ill. 2014) (same where attorney conducted two ex-parte meetings with one of defendant's employees); *Mullen*, 334 F.R.D. at 665 (reprimanding counsel for violating Rule 4.2's prohibition against communication with

5

represented parties even though it was unclear how the represented parties were prejudiced by the communication).

Wherefore, Plaintiffs' Executive Committee respectfully request this Court to enter an order requiring the Respondents to show why they should not be sanctioned by this Court; or for such further, alternative, or additional relief as the Court may deem proper.

DATED: February 23, 2021        PLAINTIFFS' EXECUTIVE COMMITTEE

By: /s/ J. Timothy Eaton          

J. Timothy Eaton
teaton@taftlaw.com
Andrew S. Murphy
amuprhy@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000
*Counsel for Plaintiffs' Executive Committee*

Robert A. Clifford
Kevin P. Durkin
Tracy A. Brammeier
John V. Kalantzis
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
312-899-9090
312-251-1160 facsimile
rac@cliffordlaw.com
kpd@cliffordlaw.com
tab@cliffordlaw.com
jvk@cliffordlaw.com
*Members of Plaintiffs' Executive Committee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically on February 23, 2021. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ J. Timothy Eaton
*Counsel for Plaintiffs' Executive Committee*

7

28867072v3