# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| **IN RE CRASH OF ETHIOPIAN AIRLINES FLIGHT ET 302**<br><br>MARGARET WANJIKU KARANJA, Administrator and Personal Representative of the Intestate Estate of HELEN WAITHIRA KARANJA, deceased.<br><br>       v.<br><br>THE BOEING COMPANY, a Delaware corporation;<br><br>ROSEMOUNT AREOSPACE, INC., a Delaware corporation;<br><br>ROCKWELL COLLINS, INC., a Delaware corporation,<br><br>       Defendants. | **MASTER COMPLAINT**<br><br>**Lead Case No.:**    19-cv-02170<br><br>**Original Case No.:**  19-cv-02270<br><br>**Honorable Judge Jorge L. Alonso** |

## JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF SETTLEMENT

Plaintiff, MARGARET WANJIKU KARANJA, Administrator and Personal Representative of the Intestate Estate of HELEN WAITHIRA KARANJA, deceased, through her undersigned attorneys, moves this Court for an Order approving the settlement with Defendants, The Boeing Company, Rockwell Collins, Inc., and Rosemount Aerospace, Inc., relating to the death of HELEN WAITHIRA KARANJA, and in support thereof states:

1

**FACTS**

1. Plaintiff's decedent, HELEN WAITHIRA KARANJA, was a passenger on board a Boeing 737-MAX 8 commercial aircraft, registration ET-AVJ being operated by Ethiopian Airlines as Flight ET 302 ("the Subject Aircraft") that departed March 10, 2019 from Addis Ababa Bole International Airport, Ethiopia with a destination of Jomo Kenyatta International Airport in Nairobi, Kenya.

2. This matter is a wrongful death and survival action arising out of the death of Plaintiff's decedent following the crash of the Subject Aircraft shortly after takeoff on March 10, 2019.

**PLAINTIFF'S ALLEGATIONS**

3. Plaintiff filed a complaint sounding in products liability and negligence against all Defendants. Plaintiff has specifically alleged that Boeing designed, assembled, manufactured, sold and delivered the Subject Aircraft to Ethiopian Airlines on or about November of 2018 and that the Subject Aircraft had a flight control anti-stall system ("MCAS") that automatically and erroneously pushed its nose downward causing it, without command from pilots, to go into an unexpected and uncontrolled nose-down position. Plaintiff has further alleged that Boeing failed to warn of the defect and failed to provide proper pilot instruction to enable them to formulate a proper response to such an event and was otherwise negligent.

4. Plaintiff has alleged that as a direct and proximate result of Subject Aircraft's unreasonably dangerous and defective MCAS system and Defendants' own negligent acts and/or omissions the Subject Aircraft violently crashed shortly after takeoff causing the death of Plaintiff's decedent and all other souls onboard the Subject Aircraft.

5. Plaintiff has alleged that as a direct and proximate result of the dangerous and defective condition of its Subject Aircraft and Defendants' own negligent acts and/or omissions, the lawful heirs of HELEN WAITHIRA KARANJA suffered loss of economic support and the

loss of care, comfort, companionship, guidance and society of decedent and suffered great mental anguish, grief, bereavement and sorrow.

6. The undersigned counsel for Plaintiffs are independent attorneys who represent the interests of Plaintiff and Decedent's heirs, including the minor heir, who has investigated, and is familiar with, the facts of this matter, including Plaintiff's claims, damages, Defendant's defenses and positions, relevant legal authorities, and evidence. Plaintiff's counsel has adequately investigated and evaluated all aspects of this matter on behalf of Decedent's minor child, C.M.W.

## PLAINTIFFS' DAMAGES

7. HELEN WAITHIRA KARANJA is survived by her minor daughter, C.M.W., age 16, her adult sister, Margaret Wanjiku Karanja, age 40, and her adult brother, James Gitau Karanja, age 25.

8. HELEN WAITHIRA KARANJA was 35 years old at the time of her death. She lived in Vienna, Austria and was working in retail sales at the time of her death. She was attending college courses in accounting to enhance her skills so as to better enable her to support her minor daughter, C.M.W. and family. Helen had been separated from C.M.W. for several years before her death but had remained in close contact with her. On March 10, 2019, Helen was- at long last-returning to Kenya to reunite with C.M.W. and bring her back to Austria. Helen was on the last leg of her journey when ET-302 crashed shortly after takeoff for the short trip from Ethiopia to Kenya. C.M.W. was waiting for her at the airport. Through the years, Helen also remained in close contact with Margaret and James and regularly sent funds home to help support them. All have suffered immense mental anguish, grief, bereavement, and sorrow because of Helen's death.

## DEFENDANTS' DEFENSES

9. Defendants deny the Subject Aircraft was defective, deny any act or omission on their part was negligent or proximately caused the crash of the Subject Aircraft and deny Plaintiffs suffered damages to the extent claimed by them.

## SETTLEMENT AGREEMENT

10. On October 7, 2020 Plaintiff's counsel and Defendants' counsels engaged in a full day mediation session with the Honorable Judge Donald P. O'Connell (Ret). The parties could not reach an accord but continued their work with Judge O'Connell and ultimately agreed to settle and end this litigation in February 2021.

11. As a condition precedent to the settlement, Plaintiffs and their counsel have agreed to keep the terms of this settlement confidential. **Specific information regarding the settlement amount, attorneys' fees, reimbursable costs and the net due the estate will be submitted under seal to the Court.**

12. In negotiating this settlement, Plaintiff's counsel considered the totality of the circumstances including but not limited to the uncertainty involving choice of law, damages and precisely when the matter will proceed to trial.

13. Judge O'Connell has served as mediator in dozens of other cases arising out of the Lion Air crash in 2018 as well as the crash of the Subject Aircraft in March 2019. He is of the belief, given the totality of the circumstances, that this settlement is both fair and reasonable.

14. Plaintiff's Florida counsel, Carlos A. Velasquez, is a Board Certified Civil Trial Lawyer as designated by the Florida Bar, has thirty-three years of experience representing families who have lost loved ones in international air crashes, and has extensive litigation experience in wrongful death matters generally. Plaintiff's Illinois counsel, Lawrence T. Ruder, has forty years' experience representing individuals who have suffered catastrophic injury and has

extensive litigation experience representing families in wrongful death matters. Plaintiff's counsels strongly believe, given the totality of the circumstances, that this settlement - **the details of which will be disclosed under seal to the Court** - is fair and reasonable.

15. Plaintiff's Texas co-counsel, Laban Opande, speaks fluent Swahili, knows decedent's family, has spent time with and has provided extensive legal counsel to them since March 10, 2019. Mr. Opande recently met with the Decedent's family, explained all aspects of this litigation and reviewed the terms of this settlement with them in great detail. Mr. Opande independently believes this settlement is fair and reasonable under the circumstances and has shared this opinion with Decedent's lawful heirs. They agree and have instructed Plaintiff's counsels to accept the settlement offered by Defendants and seek the Court's approval of same.

**WHEREFORE**, the Parties pray this Court enter an Order:

1. Finding the undersigned attorneys are independent attorneys adequately representing the interests of the minor Plaintiff C.M.W. and who are competent to represent the interests of Decedent's minor plaintiff and her next of kin who are all members of the same family;
2. Approving the settlement of all claims against Defendants on behalf of Decedent's minor daughter, C.M.W., and her lawful adult heirs;
3. Dismissing this action with prejudice and without costs against Defendants;
4. Providing Plaintiff with such other and further relief as this Court deems just.

Dated: March 31, 2021                                              Respectfully Submitted,

/s/ *Lawrence T. Ruder*                                            */s/ Dan K. Webb*
One of Plaintiff's Attorneys                                       Dan K. Webb
                                                                   DWebb@Winston.com
**RUDER LAW, LLC**                                                 Christopher B. Essig
300 Saunders Road, Suite 200                                       CEssig@Winston.com
Riverwoods, Illinois 60015                                         Julia M. Johnson
(312) 481-7007                                                     Jmjohnson@Winston.com
lruder@ruderlaw.net                                                **Winston & Strawn LLP**
ARDC # 3126379                                                     35 W. Wacker Drive
                                                                   Chicago, IL 60601-9703
**Velasquez Dolan, P.A.**                                          (312) 558-5600
Carlos A. Velasquez, Esq.                                          *Attorneys for Defendant, The Boeing Company*

101 North Pine Island Road – Suite 201
Plantation, Florida 33324
(954) 382-0533
cvelasquez@vdtriallawyers.com
Florida Bar No.: 201708

**The Opande Law Firm**
Laban Opande, Esq.
9494 SW Freeway, Suite 300
Houston, Texas 77074
(713) 721-1300
laban@opandelaw.com
Texas Bar No.: 24053786

## CERTIFICATE OF SERVICE

I, Lawrence T. Ruder, certify that on March 31, 2021, I electronically filed the foregoing **Joint Motion for Dismissal of Plaintiffs' Claims With Prejudice and Approval of Settlement** with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all defense counsel of record.

*/s/ Lawrence T. Ruder*