# EXHIBIT 1

**Page 1**

```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

                                    ) Lead Case No. 19 CV 2170
                                    )
 IN RE: ETHIOPIAN AIRLINES          ) MOTION HEARING
 FLIGHT ET 302 CRASH                ) (held telephonically)
                                    )
                                    ) Chicago, Illinois
                                    ) Date: March 3, 2021
                                    ) Time: 10:30 a.m.

                    TRANSCRIPT OF MOTION HEARING
                      HELD TELEPHONICALLY BEFORE
                  THE HONORABLE JUDGE JORGE L. ALONSO
                     UNITED STATES DISTRICT JUDGE

                           APPEARANCES

 For the Movant         J. Timothy Eaton, Esq.
 Plaintiffs'            Taft Stettinius & Hollister LLP
 Executive              111 East Wacker Drive, Suite 2800
 Committee:             Chicago, Illinois 60601
                        312-527-4000
                        (appeared telephonically)

 For Respondents        Adrian M. Vuckovich, Esq.
 Manuel von Ribbeck     Collins Bargione & Vuckovich
 and Monica R.          One North LaSalle Street, Suite 300
 Wood-Prince            Chicago, Illinois 60602
                        312-372-7813
                        (appeared telephonically)

 For the Plaintiffs:    Robert A. Clifford, Esq.
                        Kevin Durkin, Esq.
                        Tracy A. Brammeier, Esq.
                        Clifford Law Offices PC
                        120 North LaSalle Street, 31st Floor
                        Chicago, Illinois 60602
                        312-899-9090
                        (appeared telephonically)

 (Appearances continued on the next page.)

 COURT REPORTER:  Annette M. Montalvo, CSR, RDR, CRR
                  Office: 312-818-6683
```

**Page 2**

```
 APPEARANCES: (Continued)

 For Certain            Charles J. Herrmann, Esq.
 Plaintiffs and/or      Herrmann Law Group
 the Plaintiffs'        505 Fifth Avenue South, Suite 330
 Executive              Seattle, Washington 98104
 Committee              206-488-5911
                        (appeared telephonically)
                        -and-
                        Justin T. Green, Esq.
                        Brian J. Alexander, Esq.
                        Erin R. Applebaum, Esq.
                        Dan Rose, Esq.
                        Kreindler & Kreindler LLP
                        750 Third Avenue
                        New York, New York 10017
                        212-687-8181
                        (appeared telephonically)
                        -and-
                        Antonio M. Romanucci, Esq.
                        Romanucci & Blandin, LLC
                        321 North Clark Street, Suite 900
                        Chicago, Illinois 60654
                        312-458-1000
                        (appeared telephonically)
                        -and-
                        James R. Brauchle, Esq.
                        Motley Rice LLC
                        28 Bridgeside Boulevard
                        Mount Pleasant, South Carolina 29464
                        843-216-9243
                        (appeared telephonically)
                        -and-
                        Matthew S. Sims, Esq.
                        Rapoport Weisberg & Sims P.C.
                        20 North Clark Street, Suite 3500
                        Chicago, Illinois 60602
                        312-327-9880
                        (appeared telephonically)
                        -and-
                        Jonathan M. Thomas, Esq.
                        Power Rogers & Smith, PC
                        70 West Madison, Suite 5500
                        Chicago, Illinois 60602
                        312-236-9381

 (Appearances continued on the next page)
```

**Page 3**

```
 APPEARANCES: (Continued)

 For Plaintiffs        Steven C. Marks, Esq.
 and the PEC           Podhurst Orseck, PA
 (continued):          One SE Third Avenue, Suite 2300
                       Miami, Florida 33131
                       305-358-2800
                       (appeared telephonically)

 For Defendant         Dan K. Webb, Esq.
 The Boeing Company:   Winston & Strawn LLP
                       35 West Wacker Drive
                       Chicago, Illinois 60601
                       312-588-5600
                       (appeared telephonically)

 For Defendants        Nicholas C. Bart, Esq.
 Rosemount             Fitzpatrick & Hunt Pagano Aubert LLP
 Aerospace, Inc.       20 South Clark Street
 and Rockwell          Chicago, Illinois 60603
 Collins:              312-728-4902
                       (appeared telephonically)

 ALSO PRESENT:

 Monica Kelly Wood-Prince (appeared telephonically)

 Proceedings reported by machine shorthand, transcript produced
 by computer-aided transcription.

 Court Reporter: Annette M. Montalvo, CSR, RDR, CRR
                 Official Court Reporter
                 United States Courthouse, Room 1902
                 219 South Dearborn Street
                 Chicago, Illinois 60604
                 312-818-6683
```

**Page 4**

(Proceedings commenced at 10:30 a.m., in open court, via teleconference, to wit:)

THE COURTROOM DEPUTY: Case 19-CV-2170, *In Re, Ethiopian Airlines Flight 302*.

THE COURT: Good morning. This is Judge Alonso here in the courthouse. Who is present for this teleconference hearing?

MR. CLIFFORD: Good morning. Robert Clifford on behalf of the PEC and various plaintiffs.

MR. EATON: Good morning, Your Honor. Tim Eaton, who signed the motion.

MR. WEBB: Your Honor, Dan Webb, on behalf of the defendant, The Boeing Company.

MR. BART: Your Honor, Nicholas Bart on behalf of defendants Rosemount and Rockwell Collins.

MR. DURKIN: Judge, Kevin Durkin on behalf of the PEC, also.

MS. BRAMMEIER: Tracy --

THE COURT: Is Mr. Vuckovic here, Adrian Vuckovic?

MR. VUCKOVIC: Yes, sir. Adrian Vuckovic on behalf of Manuel von Ribbeck and Monica Kelly Wood-Prince. Good morning.

THE COURT: Okay. I interrupted. Let's have the other attorneys identify themselves, please.

MR. HERRMANN: Judge, this is Charles Herrmann,

EXHIBIT 1

5

1 representing several plaintiffs.
2 UNIDENTIFIED SPEAKER: (Inaudible) representing the
3 PEC and several plaintiffs.
4 MR. GREEN: Your Honor, Justin Green, Brian
5 Alexander, Erin Applebaum, and Dan Rose, representing the PEC.
6 MR. MARKS: Steven Marks, with Podhurst Orseck,
7 representing the PEC.
8 MR. ROMANUCCI: Tony Romanucci, one of the attorneys
9 representing the PEC.
10 MR. BRAUCHLE: James Brauchle, attorney from the PEC,
11 and individual plaintiffs.
12 MR. SIMS: Matthew Sims from the PEC and on behalf of
13 several plaintiffs.
14 MR. THOMAS: Jonathan Thomas from the PEC on behalf
15 of multiple plaintiffs.
16 UNIDENTIFIED SPEAKER: Dave (inaudible), estate of
17 (inaudible) plaintiff.
18 THE COURT: All right. Is Mr. Lubin here? Peter
19 Lubin has noticed up a motion for tomorrow. It is number 936
20 on the call. I am going to grant that motion. It's a motion
21 for adoption of the master complaint. It is granted. And I
22 will strike tomorrow's date.
23 And we're here today based on 929. It is the motion
24 for entry of order to show cause.
25 And are the attorneys here from the Ribbeck law firm,

6

1 Mr. Vuckovic?
2 MR. VUCKOVIC: I've got Monica Kelly Wood-Prince with
3 me. I do not have Mr. von Ribbeck, Your Honor.
4 THE COURT: All right. Mr. Eaton, let's begin with
5 you, sir, regarding these serious allegations.
6 MR. EATON: Yes. Thank you, Your Honor. Good
7 morning.
8 Again, I represent the Plaintiffs' Executive
9 Committee.
10 Our motion is to bring to this Court's attention the
11 respondents' Ribbeck law firm, specifically Manuel von Ribbeck
12 and Monica R. Kelly Wood-Prince, who are trying to solicit
13 clients, existing plaintiffs in this lawsuit, who are
14 represented by counsel, in clear violation of Rule 4.2, which
15 prohibits communicating about the subject of representation
16 with a person the lawyer knows to be represented by another
17 lawyer in the matter.
18 The second purpose of this motion is to seek
19 sanctions and to stop this conduct.
20 We know that the respondents to this motion are aware
21 of the fact that the plaintiffs they contacted either directly
22 or indirectly were represented when they made their attempted
23 contact because they were approaching them with inquires such
24 as, are you well represented in your Boeing case. They also
25 know from this court's docket who the plaintiffs are and what

7

1 firms are representing them.
2 Yet without the consent of their current lawyers or
3 this court, respondents tried to lure them over by promises of
4 early settlements.
5 This conduct is unethical, unprofessional, and a
6 clear violation of the ABA Model Rules and the Illinois Rules
7 of Professional Conduct, which this district has adopted in
8 local Rule 83.50.
9 Counsel for two of the plaintiffs' law firms sent a
10 cease and desist letter to the Ribbecks, identifying which of
11 their clients have been contacted. Not only did the Ribbecks
12 ignore it, it has come to our attention just recently that
13 they may have continued with the conduct, and we are
14 investigating such.
15 This court has jurisdiction over these lawyers
16 because they have appearances in this case. This court also
17 has inherent jurisdiction to fashion an appropriate remedy.
18 This unethical conduct must stop. Respondents should
19 be warned that if they don't stop, they would be in contempt
20 of this court, and if they don't stop, this matter should be
21 referred to the Chief Judge and the executive committee for
22 possible suspension or disbarment from practicing in this
23 district. This may be the only way to get their attention.
24 There are a number of cases from this district
25 relating to courts imposing sanctions for violation of

8

1 Rule 4.2. In all of them that we can find, they focus on
2 lawyers contacting adverse clients or representatives that are
3 adverse in furtherance of representing their own client.
4 Appropriate sanctions were levied.
5 But, here, what is more outrageous is the motive for
6 contacting an already represented party is solely for the
7 benefit of the respondents making more money. This must stop.
8 Since I filed this motion, I have been contacted by
9 Mr. Vuckovic, who, as you know, represents the respondents.
10 We've had several discussions about how we might resolve what
11 has been happening.
12 If any agreement is reached on any supposed order
13 that we'd recommend this court enter, it, at the very least,
14 must be addressed to the Ribbecks' conduct and their conduct
15 alone, and it would require them to stop contacting plaintiffs
16 who are represented by counsel, bar the Ribbeck firm from
17 representing plaintiffs who are currently represented in this
18 case, agree to submit to the continued jurisdiction of this
19 court while the order is in effect, and whatever other
20 sanctions this court deems appropriate for their past conduct.
21 This is not isolated conduct in just this case, and
22 this firm must be dealt with.
23 Thank you, Your Honor.
24 THE COURT: Mr. Eaton, what is your request today?
25 Have you had any discussions with Mr. Vuckovic?

9

MR. EATON: I have been. We've not reached any resolution on this. We discussed the possibility of him filing a response, and that's where we left it.

THE COURT: Mr. Vuckovic?

MR. VUCKOVIC: Thank you.

I'll start with this, is that there's no solicitation going on, and the motion that's before Your Honor doesn't accuse the lawyers of solicitation. The rule that Mr. Eaton has cited and the executive committee is Rule 4.2, and that rule is designed to protect people who are represented so that I can't go around my opponent, either directly or indirectly, and communicate with someone who's represented. That rule is not designed to prohibit people who are currently represented from going and speaking to other lawyers.

So what you have here, seems to me, is that the executive committee wants to use Rule 4.2 as if the cases belong to the lawyers rather than the clients. The client can always talk to another lawyer about changing lawyers, about the representation that they're receiving.

So as framed, this rule to show cause is seeking to prohibit existing clients, I suppose, existing clients of lawyers who are plaintiffs in all of these airline crashes, and saying, you, clients, cannot go talk to another lawyer to see if you want to change representation. And that's not the law. You can't do that. The cases belong to the clients.

10

So I appreciate the seriousness of the presentation made by Mr. Eaton and the seriousness of the people who he represents, and the seriousness of lawyers who solicit. But that's not what's gone on here. And that's certainly not what the rule they cited is about.

I told Mr. Eaton, and we had three very nice conversations, that I'm happy to work with him. I am happy to come up with a reasonable agreement, but this last statement made by Mr. Eaton sort of wanting to isolate on the Ribbecks, if it's -- I'll say this. If it's improper for people to communicate with another lawyer's clients, then that's got to be across the board to all of the lawyers, all the plaintiffs' lawyers.

So, again, I am happy to work with Mr. Eaton and whomever on the executive committee --

THE COURT: You're not sure if that's improper?

MR. VUCKOVIC: What's that, Your Honor?

THE COURT: What you just stated, solicitation. You're not sure if it is improper for an attorney to contact another attorney's client?

MR. VUCKOVIC: No, I didn't say that. I am sure that solicitation is not correct. But what Mr. Eaton suggested is that there be some kind of -- the equivalent of an injunction against the Ribbecks speaking with people who may want to switch lawyers. And that is not permitted. There's a

11

difference between solicitation and people who want to change lawyers. And to suggest --

THE COURT: Mr. Vuckovic, I assume that you have had an opportunity to take a look at the exhibits that are attached to the motion.

MR. VUCKOVIC: Yes, sir.

THE COURT: And that's your interpretation, sir? That individuals are reaching out to the Ribbecks regarding representation?

MR. VUCKOVIC: My interpretation of those exhibits is, one, that they are not involving the Ribbecks directly, that it appears to be communications between certain people in another country, asking if they're satisfied with their current representation. The basis for them is an affidavit given by Mr. Durkin, again, a fine lawyer. I don't know that there's a proper foundational basis for them.

What I said to Mr. Eaton is this: I am happy to work with him. I'd like to make an agreement with him. Short of that, I'd like time to respond to the motion. But we take it seriously, and it should be taken seriously. But my clients haven't done anything wrong.

THE COURT: Mr. Eaton, you said that you fear that that which you allege has continued. Has any of that continued after you began discussions with counsel, Mr. Vuckovic?

12

MR. EATON: Not that I'm aware of, Your Honor. The contact that I'm aware of would have occurred after the cease and desist letters were sent by Mr. Powers' and Mr. Clifford's firms. We are looking into that.

Your Honor, may I address a couple of his points that were raised?

THE COURT: Sure.

MR. EATON: First of all, there is no limitation to 4.2 in terms of the ability of reaching out to someone else's client. The purpose of it, which is stated, we have it in paragraph 4 of our motion, citing the Northern District of Illinois case, is to preserve the integrity of the attorney-client relationship. And Your Honor's question pointed out the fact that in our exhibits it's clear that these clients are not seeking out other attorneys. That's not the situation we have here. It's the Ribbecks seeking out those clients, to see if they are currently happy with their representation, sending them newspaper articles about settlements, trying to set up a dinner, trying to set up a lunch.

And, by the way, he says it was only done indirectly? Exhibit 4 deals with Manuel von Ribbeck trying to set up a time to meet with one of the clients' relatives to discuss their current representation. That couldn't be more direct.

And so if counsel wants an opportunity to respond, so

13

be it, but, to date, I've not heard a denial in terms of whether they have done this conduct. It seems to me, that's a logical question. If they want to say, yes, and here are our defenses, that's one thing. But are they denying it? It certainly isn't clear from what I heard this morning.

MR. VUCKOVIC: Judge, I will be clear that there's no solicitation. I thought I did that three times.

I don't think there's any question about that. They've got fragments of text type messages, and that's not the whole story. A lawyer is not prohibited from speaking to somebody; a lawyer is prohibited from soliciting. There's a difference.

So I'd like the opportunity to, one, work with Mr. Eaton to come up with a reasonable agreement. Two, I think Mr. Eaton knows that since I've been involved, there's been no complaints of misconduct or wrongdoing. And, three, to the extent we're not going to have an agreement, which would be unfortunate, then I'd like the opportunity to respond, Your Honor.

THE COURT: All right. So what does that look like, Mr. Vuckovic? I will set a next court date in two weeks, and a response before that time, obviously, for the purpose of the parties conferring in order to attempt to reach what you are calling a reasonable agreement.

Do you want to respond in that same time frame or

14

after you come back, if necessary?

MR. VUCKOVIC: I would prefer to try to work with Mr. Eaton for two weeks, and if I can't set a time to respond, I'm confident that I can work with Mr. Eaton and his clients and deliver a reasonable agreement.

MR. EATON: Your Honor, I just want to make one thing clear, too. There's not a shred of evidence that any other plaintiffs' counsel has done misconduct, what the Ribbecks are being accused of. So any order has to be directed solely to them because there's absolutely no evidence.

And, by the way, I think he is parsing words on whether there was solicitation. If they are reaching out to individuals that are currently represented by counsel and they're aware of that, which they clearly are because they have appearances in this case, then that is improper under 4.2.

But we will talk to them and see what can be reached. And what I would request is that in this two-week period, that this court enter a temporary order indicating that there should be no further conduct along the lines that we've alleged in our motion by the respondents.

MR. VUCKOVIC: Your Honor, let me, if I may, Judge, just a last point quickly.

I think an interim order is not appropriate. That's like the equivalent of a temporary restraining order. But I

15

will give my representation, if it will be accepted, that there won't be any problems between now and the next court date. And I would hope that would be sufficient.

THE COURT: Okay. It is sufficient. I am not going to enter any order except enter and continuing this motion until 3-18.

Mr. Vuckovic, you will know if there's not going to be an agreement and you will get to work so that I can turn things around quickly if, in fact, there's not an agreement.

And I am going to direct Mr. von Ribbeck, counsel and Monica Ribbeck Kelly Wood-Prince to be present on the next court date. That is 3-18, March 18, at the same time as today, at 10:30.

So the motion for entry of order regarding rule to show cause is entered and continued until 3-18. Both of the attorneys are directed to be present. The parties are to confer regarding an attempt to reach a reasonable agreement. I won't set a response date, but if, in fact, there's not an agreement, there will be a short deadline set for response and reply. And I won't enter any further order based on Mr. Vuckovic's representation and the fact that the plaintiff has the attention of those attorneys.

All right. Thank you, everyone. We will talk in two weeks and one day, 3-18, at 10:30. Thank you.

MR. CLIFFORD: Your Honor, may I interject? Robert

16

Clifford here.

THE COURT: Yes, sir.

MR. CLIFFORD: Thank you, sir.

On a totally unrelated but related point, can I bring up one piece of business to the Court on the case?

THE COURT: Yes.

MR. CLIFFORD: Right now we're in the midst of amending the complaint at law, the master complaint, and there may be a need for some of the plaintiffs on file to amend their short form complaints to reflect changes in capacities of who the plaintiff was that's initiating the action. This is all form stuff relative to appointments of special administrator, special representatives. There's no change in the allegations.

Can there be an easy pathway, such as the plaintiff leave to do so to make the amendment?

THE COURT: Mr. Webb?

MR. WEBB: Yeah, I'm just not sure what Mr. Clifford is asking for. I'm not trying to --

MR. CLIFFORD: Dan, this pertains to if people are changing their named caption to be appointed the special administrator, special representatives versus what was alleged. No change in the allegations in the complaints.

MR. WEBB: Your Honor, Mr. Clifford and I communicate frequently on this case, and I'm not going to stand in the way

```
                                                    17
 1   of easing into an arrangement that everyone can agree on.
 2         Mr. Clifford, you and I should talk briefly about
 3   this, and then we can arrange this for next time.  I am not
 4   trying to be difficult, I just want to make sure I understand
 5   it.
 6         MR. CLIFFORD:  Judge, rather than that, if Dan and I
 7   can reach an accord, can we submit an agreed order to
 8   Your Honor?
 9         MR. WEBB:  Sure.
10         THE COURT:  Yes.
11         MR. CLIFFORD:  Very good.  That suffices, Judge.
12   Thank you.
13         THE COURT:  All right.  Thank you, everyone.  The
14   case is passed until the 18th for two weeks and one day.
15   Thank you.
16         MR. EATON:  Thank you, Judge.
17         MR. CLIFFORD:  Thank you.
18         MR. WEBB:  Thank you.
19    (Proceedings concluded at 10:52 a.m.)

20                 REPORTER'S CERTIFICATE

21         I, ANNETTE M. MONTALVO, do hereby certify that the
     above and foregoing constitutes a true and accurate transcript
22   of my stenographic notes and is a full, true and complete
     transcript of the telephonic proceedings to the best of my
23   ability.

24         Dated this 4th day of March, 2021.

25   /s/Annette M. Montalvo
     Annette M. Montalvo, CSR, RDR, CRR, Official Court Reporter
```

### /

/s/Annette [1] - 17:25

### 1

10017 [1] - 2:9
10:30 [4] - 1:6, 4:1, 15:13, 15:24
10:52 [1] - 17:19
111 [1] - 1:13
120 [1] - 1:21
18 [1] - 15:12
18th [1] - 17:14
19 [1] - 1:3
19-CV-2170 [1] - 4:3
1902 [1] - 3:21

### 2

20 [2] - 2:19, 3:11
2021 [2] - 1:6, 17:24
206-488-5911 [1] - 2:5
212-687-8181 [1] - 2:10
2170 [1] - 1:3
219 [1] - 3:21
2300 [1] - 3:3
28 [1] - 2:16
2800 [1] - 1:13
29464 [1] - 2:16

### 3

3 [1] - 1:6
3-18 [4] - 15:6, 15:12, 15:15, 15:24
300 [1] - 1:16
302 [2] - 1:5, 4:4
305-358-2800 [1] - 3:4
312-236-9381 [1] - 2:24
312-327-9880 [1] - 2:20
312-372-7813 [1] - 1:17
312-458-1000 [1] - 2:13
312-527-4000 [1] - 1:14
312-588-5600 [1] - 3:8
312-728-4902 [1] - 3:12
312-818-6683 [2] - 1:25, 3:22
312-899-9090 [1] - 1:22
31st [1] - 1:21
321 [1] - 2:12
330 [1] - 2:4
33131 [1] - 3:3
35 [1] - 3:7
3500 [1] - 2:19

### 4

4 [2] - 12:11, 12:22
4.2 [6] - 6:14, 8:1, 9:9, 9:16, 12:9, 14:16
4th [1] - 17:24

### 5

505 [1] - 2:4
5500 [1] - 2:23

### 6

60601 [2] - 1:13, 3:7
60602 [4] - 1:17, 1:21, 2:20, 2:23
60603 [1] - 3:11
60604 [1] - 3:22
60654 [1] - 2:13

### 7

70 [1] - 2:23
750 [1] - 2:9

### 8

83.50 [1] - 7:8
843-216-9243 [1] - 2:17

### 9

900 [1] - 2:12
929 [1] - 5:23
936 [1] - 5:19
98104 [1] - 2:4

### A

a.m [3] - 1:6, 4:1, 17:19
ABA [1] - 7:6
ability [2] - 12:9, 17:23
absolutely [1] - 14:10
accepted [1] - 15:1
accord [1] - 17:7
accurate [1] - 17:21
accuse [1] - 9:8
accused [1] - 14:9
action [1] - 16:11
address [1] - 12:5
addressed [1] - 8:14
administrator [2] - 16:13, 16:22
adopted [1] - 7:7
adoption [1] - 5:21
Adrian [3] - 1:15, 4:19, 4:20
adverse [2] - 8:2, 8:3
Aerospace [1] - 3:11
affidavit [1] - 11:14
agree [2] - 8:18, 17:1
agreed [1] - 17:7
agreement [11] - 8:12, 10:8, 11:18, 13:14, 13:17, 13:24, 14:5, 15:8, 15:9, 15:17, 15:19
aided [1] - 3:18
airline [1] - 9:22
Airlines [1] - 4:4
AIRLINES [1] - 1:4
Alexander [2] - 2:7, 5:5
allegations [3] - 6:5, 16:14, 16:23
allege [1] - 11:23
alleged [2] - 14:21, 16:23
alone [1] - 8:15
ALONSO [1] - 1:9
Alonso [1] - 4:5
ALSO [1] - 3:14
amend [1] - 16:9
amending [1] - 16:8
amendment [1] - 16:16
Annette [3] - 1:25, 3:20, 17:25
ANNETTE [1] - 17:21
Antonio [1] - 2:11
appearances [2] - 7:16, 14:15
Appearances [2] - 1:24, 2:25
APPEARANCES [2] - 2:1, 3:1
appeared [12] - 1:14, 1:18, 1:22, 2:5, 2:10, 2:14, 2:17, 2:21, 3:4, 3:8, 3:12, 3:15
Applebaum [2] - 2:7, 5:5
appointed [1] - 16:21
appointments [1] - 16:12
appreciate [1] - 10:1
approaching [1] - 6:23
appropriate [4] - 7:17, 8:4, 8:20, 14:24
arrange [1] - 17:3
arrangement [1] - 17:1
articles [1] - 12:18
assume [1] - 11:3
attached [1] - 11:5
attempt [2] - 13:23, 15:17
attempted [1] - 6:22
attention [4] - 6:10, 7:12, 7:23, 15:22
attorney [3] - 5:10, 10:19, 12:13
attorney's [1] - 10:20
attorney-client [1] - 12:13
attorneys [6] - 4:24, 5:8, 5:25, 12:15, 15:16, 15:22
Aubert [1] - 3:10
Avenue [3] - 2:4, 2:9, 3:3
aware [4] - 6:20, 12:1, 12:2, 14:14

### B

bar [1] - 8:16
Bargione [1] - 1:16
BART [1] - 4:14
Bart [2] - 3:10, 4:14
based [2] - 5:23, 15:20
basis [2] - 11:14, 11:16
BEFORE [1] - 1:8
began [1] - 11:24
begin [1] - 6:4
behalf [7] - 4:9, 4:12, 4:14, 4:16, 4:20, 5:12, 5:14
belong [2] - 9:17, 9:25
benefit [1] - 8:7
best [1] - 17:22

between [3] - 11:1, 11:12, 15:2
Blandin [1] - 2:12
board [1] - 10:12
Boeing [3] - 3:6, 4:13, 6:24
Boulevard [1] - 2:16
Brammeier [1] - 1:20
BRAMMEIER [1] - 4:18
Brauchle [2] - 2:15, 5:10
BRAUCHLE [1] - 5:10
Brian [2] - 2:7, 5:4
Bridgeside [1] - 2:16
briefly [1] - 17:2
bring [2] - 6:10, 16:4
business [1] - 16:5

## C

cannot [1] - 9:23
capacities [1] - 16:10
caption [1] - 16:21
Carolina [1] - 2:16
case [9] - 6:24, 7:16, 8:18, 8:21, 12:12, 14:15, 16:5, 16:25, 17:14
Case [2] - 1:3, 4:3
cases [3] - 7:24, 9:16, 9:25
cease [2] - 7:10, 12:2
Certain [1] - 2:3
certain [1] - 11:12
certainly [2] - 10:4, 13:5
CERTIFICATE [1] - 17:20
certify [1] - 17:21
change [4] - 9:24, 11:1, 16:13, 16:23
changes [1] - 16:10
changing [2] - 9:18, 16:21
Charles [2] - 2:3, 4:25
Chicago [10] - 1:5, 1:13, 1:17, 1:21, 2:13, 2:20, 2:23, 3:7, 3:11, 3:22
Chief [1] - 7:21
cited [2] - 9:9, 10:5
citing [1] - 12:11
Clark [3] - 2:12, 2:19, 3:11
clear [6] - 6:14, 7:6, 12:14, 13:5, 13:6, 14:7
clearly [1] - 14:14
client [5] - 8:3, 9:17, 10:20, 12:10, 12:13
clients [13] - 6:13, 7:11, 8:2, 9:17, 9:21, 9:23, 9:25, 10:11, 11:20, 12:15, 12:17, 14:4
clients' [1] - 12:23
CLIFFORD [8] - 4:8, 15:25, 16:3, 16:7, 16:20, 17:6, 17:11, 17:17
Clifford [7] - 1:19, 1:20, 4:8, 16:1, 16:18, 16:24, 17:2
Clifford's [1] - 12:3
Collins [3] - 1:16, 3:12, 4:15
commenced [1] - 4:1
Committee [3] - 1:13, 2:5, 6:9
committee [4] - 7:21, 9:9, 9:16, 10:15
communicate [3] - 9:12, 10:11, 16:24

communicating [1] - 6:15
communications [1] - 11:12
Company [2] - 3:6, 4:13
complaint [3] - 5:21, 16:8
complaints [3] - 13:16, 16:10, 16:23
complete [1] - 17:22
computer [1] - 3:18
computer-aided [1] - 3:18
concluded [1] - 17:19
conduct [10] - 6:19, 7:5, 7:13, 7:18, 8:14, 8:20, 8:21, 13:2, 14:20
Conduct [1] - 7:7
confer [1] - 15:17
conferring [1] - 13:23
confident [1] - 14:4
consent [1] - 7:2
constitutes [1] - 17:21
contact [3] - 6:23, 10:19, 12:2
contacted [3] - 6:21, 7:11, 8:8
contacting [3] - 8:2, 8:6, 8:15
contempt [1] - 7:19
Continued [1] - 3:1
continued [9] - 1:24, 2:1, 2:25, 3:3, 7:13, 8:18, 11:23, 11:24, 15:15
continuing [1] - 15:5
conversations [1] - 10:7
correct [1] - 10:22
counsel [8] - 6:14, 7:9, 8:16, 11:24, 12:25, 14:8, 14:13, 15:10
country [1] - 11:13
couple [1] - 12:5
Court [4] - 3:20, 3:20, 16:5, 17:25
COURT [22] - 1:1, 1:25, 4:5, 4:19, 4:23, 5:18, 6:4, 8:24, 9:4, 10:16, 10:18, 11:3, 11:7, 11:22, 12:7, 13:20, 15:4, 16:2, 16:6, 16:17, 17:10, 17:13
court [12] - 4:1, 7:3, 7:15, 7:16, 7:20, 8:13, 8:19, 8:20, 13:21, 14:19, 15:2, 15:12
Court's [1] - 6:10
court's [1] - 6:25
Courthouse [1] - 3:21
courthouse [1] - 4:6
COURTROOM [1] - 4:3
courts [1] - 7:25
CRASH [1] - 1:5
crashes [1] - 9:22
CRR [3] - 1:25, 3:20, 17:25
CSR [3] - 1:25, 3:20, 17:25
current [3] - 7:2, 11:14, 12:24
CV [1] - 1:3

## D

Dan [6] - 2:8, 3:6, 4:12, 5:5, 16:20, 17:6
date [6] - 5:22, 13:1, 13:21, 15:3, 15:12, 15:18
Date [1] - 1:6
Dated [1] - 17:24

Dave [1] - 5:16
deadline [1] - 15:19
deals [1] - 12:22
dealt [1] - 8:22
Dearborn [1] - 3:21
deems [1] - 8:20
Defendant [1] - 3:6
defendant [1] - 4:13
Defendants [1] - 3:10
defendants [1] - 4:15
defenses [1] - 13:4
deliver [1] - 14:5
denial [1] - 13:1
denying [1] - 13:4
DEPUTY [1] - 4:3
designed [2] - 9:10, 9:13
desist [2] - 7:10, 12:3
difference [2] - 11:1, 13:12
difficult [1] - 17:4
dinner [1] - 12:19
direct [2] - 12:24, 15:10
directed [2] - 14:9, 15:16
directly [3] - 6:21, 9:11, 11:11
disbarment [1] - 7:22
discuss [1] - 12:23
discussed [1] - 9:2
discussions [3] - 8:10, 8:25, 11:24
DISTRICT [3] - 1:1, 1:1, 1:9
district [3] - 7:7, 7:23, 7:24
District [1] - 12:11
DIVISION [1] - 1:2
docket [1] - 6:25
done [4] - 11:21, 12:21, 13:2, 14:8
Drive [2] - 1:13, 3:7
Durkin [3] - 1:19, 4:16, 11:15
DURKIN [1] - 4:16

## E

early [1] - 7:4
easing [1] - 17:1
East [1] - 1:13
EASTERN [1] - 1:2
easy [1] - 16:15
EATON [7] - 4:10, 6:6, 9:1, 12:1, 12:8, 14:6, 17:16
Eaton [16] - 1:12, 4:10, 6:4, 8:24, 9:8, 10:2, 10:6, 10:9, 10:14, 10:22, 11:17, 11:22, 13:14, 13:15, 14:3, 14:4
effect [1] - 8:19
either [2] - 6:21, 9:11
enter [5] - 8:13, 14:19, 15:5, 15:20
entered [1] - 15:15
entry [2] - 5:24, 15:14
equivalent [2] - 10:23, 14:25
Erin [2] - 2:7, 5:5
Esq [17] - 1:12, 1:15, 1:19, 1:19, 1:20, 2:3, 2:6, 2:7, 2:7, 2:8, 2:11, 2:15, 2:18, 2:22, 3:2, 3:6, 3:10

estate [1] - 5:16
ET [1] - 1:5
Ethiopian [1] - 4:4
ETHIOPIAN [1] - 1:4
evidence [2] - 14:7, 14:10
except [1] - 15:5
executive [4] - 7:21, 9:9, 9:16, 10:15
Executive [3] - 1:13, 2:4, 6:8
Exhibit [1] - 12:22
exhibits [3] - 11:4, 11:10, 12:14
existing [3] - 6:13, 9:21
extent [1] - 13:17

## F

fact [5] - 6:21, 12:14, 15:9, 15:18, 15:21
fashion [1] - 7:17
fear [1] - 11:22
Fifth [1] - 2:4
file [1] - 16:9
filed [1] - 8:8
filing [1] - 9:3
fine [1] - 11:15
firm [4] - 5:25, 6:11, 8:16, 8:22
firms [3] - 7:1, 7:9, 12:4
first [1] - 12:8
Fitzpatrick [1] - 3:10
FLIGHT [1] - 1:5
Flight [1] - 4:4
Floor [1] - 1:21
Florida [1] - 3:3
focus [1] - 8:1
FOR [1] - 1:1
foregoing [1] - 17:21
form [2] - 16:10, 16:12
foundational [1] - 11:16
fragments [1] - 13:9
frame [1] - 13:25
framed [1] - 9:20
frequently [1] - 16:25
full [1] - 17:22
furtherance [1] - 8:3

## G

given [1] - 11:15
grant [1] - 5:20
granted [1] - 5:21
Green [2] - 2:6, 5:4
GREEN [1] - 5:4
Group [1] - 2:3

## H

happy [5] - 10:7, 10:14, 11:17, 12:17
heard [2] - 13:1, 13:5
hearing [1] - 4:7
HEARING [2] - 1:4, 1:8
held [1] - 1:4

HELD [1] - 1:8
hereby [1] - 17:21
HERRMANN [1] - 4:25
Herrmann [3] - 2:3, 2:3, 4:25
Hollister [1] - 1:12
Honor [17] - 4:10, 4:12, 4:14, 5:4, 6:3, 6:6, 8:23, 9:7, 10:17, 12:1, 12:5, 13:19, 14:6, 14:22, 15:25, 16:24, 17:8
Honor's [1] - 12:13
HONORABLE [1] - 1:9
hope [1] - 15:3
Hunt [1] - 3:10

## I

Identify [1] - 4:24
identifying [1] - 7:10
ignore [1] - 7:12
ILLINOIS [1] - 1:1
Illinois [12] - 1:5, 1:13, 1:17, 1:21, 2:13, 2:20, 2:23, 3:7, 3:11, 3:22, 7:6, 12:12
imposing [1] - 7:25
improper [4] - 10:10, 10:16, 10:19, 14:15
IN [2] - 1:1, 1:4
inaudible [3] - 5:2, 5:16, 5:17
Inc [1] - 3:11
indicating [1] - 14:19
indirectly [3] - 6:22, 9:11, 12:21
individual [1] - 5:11
individuals [2] - 11:8, 14:13
inherent [1] - 7:17
initiating [1] - 16:11
injunction [1] - 10:23
inquires [1] - 6:23
integrity [1] - 12:12
interim [1] - 14:24
interject [1] - 15:25
interpretation [2] - 11:7, 11:10
interrupted [1] - 4:23
investigating [1] - 7:14
involved [1] - 13:15
involving [1] - 11:11
isolate [1] - 10:9
isolated [1] - 8:21

## J

James [2] - 2:15, 5:10
Jonathan [2] - 2:22, 5:14
JORGE [1] - 1:9
Judge [9] - 4:5, 4:16, 4:25, 7:21, 13:6, 14:22, 17:6, 17:11, 17:16
JUDGE [2] - 1:9, 1:9
jurisdiction [3] - 7:15, 7:17, 8:18
Justin [2] - 2:6, 5:4

## K

Kelly [5] - 3:15, 4:21, 6:2, 6:12, 15:11

Kevin [2] - 1:19, 4:16
kind [1] - 10:23
knows [2] - 6:16, 13:15
Kreindler [2] - 2:8

## L

LaSalle [2] - 1:16, 1:21
last [2] - 10:8, 14:23
law [5] - 5:25, 6:11, 7:9, 9:25, 16:8
Law [2] - 1:20, 2:3
lawsuit [1] - 6:13
lawyer [7] - 6:16, 6:17, 9:18, 9:23, 11:15, 13:10, 13:11
lawyer's [1] - 10:11
lawyers [13] - 7:2, 7:15, 8:2, 9:8, 9:14, 9:17, 9:18, 9:22, 10:3, 10:12, 10:13, 10:25, 11:2
Lead [1] - 1:3
least [1] - 8:13
leave [1] - 16:16
left [1] - 9:3
letter [1] - 7:10
letters [1] - 12:3
levied [1] - 8:4
limitation [1] - 12:8
lines [1] - 14:20
LLC [2] - 2:12, 2:15
LLP [4] - 1:12, 2:8, 3:6, 3:10
local [1] - 7:8
logical [1] - 13:3
look [2] - 11:4, 13:20
looking [1] - 12:4
Lubin [2] - 5:18, 5:19
lunch [1] - 12:20
lure [1] - 7:3

## M

machine [1] - 3:18
Madison [1] - 2:23
Manuel [4] - 1:16, 4:21, 6:11, 12:22
March [3] - 1:6, 15:12, 17:24
Marks [2] - 3:2, 5:6
MARKS [1] - 5:6
master [2] - 5:21, 16:8
matter [2] - 6:17, 7:20
Matthew [2] - 2:18, 5:12
meet [1] - 12:23
messages [1] - 13:9
Miami [1] - 3:3
midst [1] - 16:7
might [1] - 8:10
misconduct [2] - 13:16, 14:8
Model [1] - 7:6
money [1] - 8:7
Monica [6] - 1:16, 3:15, 4:21, 6:2, 6:12, 15:11
MONTALVO [1] - 17:21

Montalvo [4] - 1:25, 3:20, 17:25, 17:25
morning [6] - 4:5, 4:8, 4:10, 4:22, 6:7, 13:5
MOTION [2] - 1:4, 1:8
motion [16] - 4:11, 5:19, 5:20, 5:23, 6:10, 6:18, 6:20, 8:8, 9:7, 11:5, 11:19, 12:11, 14:21, 15:5, 15:14
motive [1] - 8:5
Motley [1] - 2:15
Mount [1] - 2:16
Movant [1] - 1:12
MR [39] - 4:8, 4:10, 4:12, 4:14, 4:16, 4:20, 4:25, 5:4, 5:6, 5:8, 5:10, 5:12, 5:14, 6:2, 6:6, 9:1, 9:5, 10:17, 10:21, 11:6, 11:10, 12:1, 12:8, 13:6, 14:2, 14:6, 14:22, 15:25, 16:3, 16:7, 16:18, 16:20, 16:24, 17:6, 17:9, 17:11, 17:16, 17:17, 17:18
MS [1] - 4:18
multiple [1] - 5:15
must [4] - 7:18, 8:7, 8:14, 8:22

**N**

named [1] - 16:21
necessary [1] - 14:1
need [1] - 16:9
New [2] - 2:9
newspaper [1] - 12:18
next [6] - 1:24, 2:25, 13:21, 15:2, 15:11, 17:3
nice [1] - 10:6
Nicholas [2] - 3:10, 4:14
North [4] - 1:16, 1:21, 2:12, 2:19
NORTHERN [1] - 1:1
Northern [1] - 12:11
notes [1] - 17:22
noticed [1] - 5:19
number [2] - 5:19, 7:24

**O**

obviously [1] - 13:22
occurred [1] - 12:2
OF [2] - 1:1, 1:8
Office [1] - 1:25
Offices [1] - 1:20
Official [2] - 3:20, 17:25
One [2] - 1:16, 3:3
one [9] - 5:8, 11:11, 12:23, 13:4, 13:13, 14:6, 15:24, 16:5, 17:14
open [1] - 4:1
opponent [1] - 9:11
opportunity [4] - 11:4, 12:25, 13:13, 13:18
order [12] - 5:24, 8:12, 8:19, 13:23, 14:9, 14:19, 14:24, 14:25, 15:5, 15:14, 15:20, 17:7
Orseck [2] - 3:2, 5:6
outrageous [1] - 8:5

own [1] - 8:3

**P**

P.C [1] - 2:19
PA [1] - 3:2
Pagano [1] - 3:10
page [2] - 1:24, 2:25
paragraph [1] - 12:11
parsing [1] - 14:11
parties [2] - 13:23, 15:16
party [1] - 8:6
passed [1] - 17:14
past [1] - 8:20
pathway [1] - 16:15
PC [2] - 1:20, 2:22
PEC [10] - 3:2, 4:9, 4:17, 5:3, 5:5, 5:7, 5:9, 5:10, 5:12, 5:14
people [8] - 9:10, 9:13, 10:2, 10:10, 10:24, 11:1, 11:12, 16:20
period [1] - 14:18
permitted [1] - 10:25
person [1] - 6:16
pertains [1] - 16:20
Peter [1] - 5:18
piece [1] - 16:5
plaintiff [4] - 5:17, 15:21, 16:11, 16:15
Plaintiffs [3] - 1:19, 2:3, 3:2
plaintiffs [13] - 4:9, 5:1, 5:3, 5:11, 5:13, 5:15, 6:13, 6:21, 6:25, 8:15, 8:17, 9:22, 16:9
Plaintiffs' [3] - 1:12, 2:4, 6:8
plaintiffs' [3] - 7:9, 10:12, 14:8
Pleasant [1] - 2:16
Podhurst [2] - 3:2, 5:6
point [2] - 14:23, 16:4
pointed [1] - 12:14
points [1] - 12:5
possibility [1] - 9:2
possible [1] - 7:22
Power [1] - 2:22
powers' [1] - 12:3
practicing [1] - 7:22
prefer [1] - 14:2
PRESENT [1] - 3:14
present [3] - 4:6, 15:11, 15:16
presentation [1] - 10:1
preserve [1] - 12:12
Prince [6] - 1:17, 3:15, 4:21, 6:2, 6:12, 15:11
problems [1] - 15:2
proceedings [1] - 17:22
Proceedings [3] - 3:18, 4:1, 17:19
produced [1] - 3:18
Professional [1] - 7:7
prohibit [2] - 9:13, 9:21
prohibited [2] - 13:10, 13:11
prohibits [1] - 6:15
promises [1] - 7:3

proper [1] - 11:16
protect [1] - 9:10
purpose [3] - 6:18, 12:10, 13:22

**Q**

quickly [2] - 14:23, 15:9

**R**

raised [1] - 12:6
Rapoport [1] - 2:19
rather [2] - 9:17, 17:6
RDR [3] - 1:25, 3:20, 17:25
Re [1] - 4:3
RE [1] - 1:4
reach [3] - 13:23, 15:17, 17:7
reached [3] - 8:12, 9:1, 14:17
reaching [3] - 11:8, 12:9, 14:12
reasonable [5] - 10:8, 13:14, 13:24, 14:5, 15:17
receiving [1] - 9:19
recently [1] - 7:12
recommend [1] - 8:13
referred [1] - 7:21
reflect [1] - 16:10
regarding [4] - 6:5, 11:8, 15:14, 15:17
related [1] - 16:4
relating [1] - 7:25
relationship [1] - 12:13
relative [1] - 16:12
relatives [1] - 12:23
remedy [1] - 7:17
reply [1] - 15:20
reported [1] - 3:18
REPORTER [1] - 1:25
Reporter [3] - 3:20, 3:20, 17:25
REPORTER'S [1] - 17:20
represent [1] - 6:8
representation [9] - 6:15, 9:19, 9:24, 11:9, 11:14, 12:18, 12:24, 15:1, 15:21
representatives [3] - 8:2, 16:13, 16:22
represented [11] - 6:14, 6:16, 6:22, 6:24, 8:6, 8:16, 8:17, 9:10, 9:12, 9:13, 14:13
representing [8] - 5:1, 5:2, 5:5, 5:7, 5:9, 7:1, 8:3, 8:17
represents [2] - 8:9, 10:3
request [2] - 8:24, 14:18
require [1] - 8:15
resolution [1] - 9:2
resolve [1] - 8:10
respond [5] - 11:19, 12:25, 13:19, 13:25, 14:3
respondents [6] - 6:20, 7:3, 7:18, 8:7, 8:9, 14:21
Respondents [1] - 1:15
respondents' [1] - 6:11
response [4] - 9:3, 13:22, 15:18, 15:19

restraining [1] - 14:25
Ribbeck [10] - 1:16, 4:21, 5:25, 6:3, 6:11, 8:16, 12:22, 15:10, 15:11
Ribbecks [8] - 7:10, 7:11, 10:9, 10:24, 11:8, 11:11, 12:16, 14:8
Ribbecks' [1] - 8:14
Rice [1] - 2:15
Robert [3] - 1:19, 4:8, 15:25
Rockwell [2] - 3:11, 4:15
Rogers [1] - 2:22
ROMANUCCI [1] - 5:8
Romanucci [3] - 2:11, 2:12, 5:8
Room [1] - 3:21
Rose [2] - 2:8, 5:5
Rosemount [2] - 3:10, 4:15
Rule [5] - 6:14, 7:8, 8:1, 9:9, 9:16
rule [6] - 9:8, 9:10, 9:12, 9:20, 10:5, 15:14
Rules [2] - 7:6

### S

sanctions [4] - 6:19, 7:25, 8:4, 8:20
satisfied [1] - 11:13
SE [1] - 3:3
Seattle [1] - 2:4
second [1] - 6:18
see [3] - 9:24, 12:17, 14:17
seek [1] - 6:18
seeking [3] - 9:20, 12:15, 12:16
sending [1] - 12:18
sent [2] - 7:9, 12:3
serious [1] - 6:5
seriously [2] - 11:20
seriousness [3] - 10:1, 10:2, 10:3
set [7] - 12:19, 12:22, 13:21, 14:3, 15:18, 15:19
settlements [2] - 7:4, 12:19
several [4] - 5:1, 5:3, 5:13, 8:10
short [3] - 11:18, 15:19, 16:10
shorthand [1] - 3:18
show [3] - 5:24, 9:20, 15:15
shred [1] - 14:7
signed [1] - 4:11
Sims [3] - 2:18, 2:19, 5:12
SIMS [1] - 5:12
situation [1] - 12:16
Smith [1] - 2:22
solely [2] - 8:6, 14:9
solicit [2] - 6:12, 10:3
solicitation [7] - 9:6, 9:8, 10:18, 10:22, 11:1, 13:7, 14:12
soliciting [1] - 13:11
someone [2] - 9:12, 12:9
sort [1] - 10:9
South [4] - 2:4, 2:16, 3:11, 3:21
SPEAKER [2] - 5:2, 5:16
speaking [3] - 9:14, 10:24, 13:10
special [4] - 16:12, 16:13, 16:21, 16:22

specifically [1] - 6:11
stand [1] - 16:25
start [1] - 9:6
statement [1] - 10:8
States [1] - 3:21
STATES [2] - 1:1, 1:9
stenographic [1] - 17:22
Stettinius [1] - 1:12
Steven [2] - 3:2, 5:6
stop [6] - 6:19, 7:18, 7:19, 7:20, 8:7, 8:15
story [1] - 13:10
Strawn [1] - 3:6
Street [6] - 1:16, 1:21, 2:12, 2:19, 3:11, 3:21
strike [1] - 5:22
stuff [1] - 16:12
subject [1] - 6:15
submit [2] - 8:18, 17:7
suffices [1] - 17:11
sufficient [2] - 15:3, 15:4
suggest [1] - 11:2
suggested [1] - 10:22
Suite [7] - 1:13, 1:16, 2:4, 2:12, 2:19, 2:23, 3:3
suppose [1] - 9:21
supposed [1] - 8:12
suspension [1] - 7:22
switch [1] - 10:25

### T

Taft [1] - 1:12
teleconference [2] - 4:2, 4:6
telephonic [1] - 17:22
telephonically [13] - 1:4, 1:14, 1:18, 1:22, 2:5, 2:10, 2:14, 2:17, 2:21, 3:4, 3:8, 3:12, 3:15
TELEPHONICALLY [1] - 1:8
temporary [2] - 14:19, 14:25
terms [2] - 12:9, 13:1
text [1] - 13:9
THE [24] - 1:1, 1:1, 1:9, 4:3, 4:5, 4:19, 4:23, 5:18, 6:4, 8:24, 9:4, 10:16, 10:18, 11:3, 11:7, 11:22, 12:7, 13:20, 15:4, 16:2, 16:6, 16:17, 17:10, 17:13
themselves [1] - 4:24
they've [1] - 13:9
Third [2] - 2:9, 3:3
THOMAS [1] - 5:14
Thomas [2] - 2:22, 5:14
three [3] - 10:6, 13:7, 13:16
Tim [1] - 4:10
Timothy [1] - 1:12
today [3] - 5:23, 8:24, 15:13
tomorrow [1] - 5:19
tomorrow's [1] - 5:22
Tony [1] - 5:8
totally [1] - 16:4

Tracy [2] - 1:20, 4:18
TRANSCRIPT [1] - 1:8
transcript [3] - 3:18, 17:21, 17:22
transcription [1] - 3:18
tried [1] - 7:3
true [2] - 17:21, 17:22
try [1] - 14:2
trying [6] - 6:12, 12:19, 12:22, 16:19, 17:4
turn [1] - 15:8
two [7] - 7:9, 13:14, 13:21, 14:3, 14:18, 15:23, 17:14
two-week [1] - 14:18
type [1] - 13:9

### U

under [1] - 14:15
unethical [2] - 7:5, 7:18
unfortunate [1] - 13:18
UNIDENTIFIED [2] - 5:2, 5:16
United [1] - 3:21
UNITED [2] - 1:1, 1:9
unprofessional [1] - 7:5
unrelated [1] - 16:4
up [7] - 5:19, 10:8, 12:19, 12:22, 13:14, 16:5

### V

various [1] - 4:9
versus [1] - 16:22
via [1] - 4:1
violation [3] - 6:14, 7:6, 7:25
von [6] - 1:16, 4:21, 6:3, 6:11, 12:22, 15:10
Vuckovic [11] - 4:19, 4:20, 6:1, 8:9, 8:25, 9:4, 11:3, 11:25, 13:21, 15:7
VUCKOVIC [10] - 4:20, 6:2, 9:5, 10:17, 10:21, 11:6, 11:10, 13:6, 14:2, 14:22
Vuckovic's [1] - 15:21
Vuckovich [2] - 1:15, 1:16

### W

Wacker [2] - 1:13, 3:7
wants [2] - 9:16, 12:25
warned [1] - 7:19
Washington [1] - 2:4
Webb [3] - 3:6, 4:12, 16:17
WEBB [5] - 4:12, 16:18, 16:24, 17:9, 17:18
week [1] - 14:18
weeks [4] - 13:21, 14:3, 15:24, 17:14
Weisberg [1] - 2:19
West [2] - 2:23, 3:7
whole [1] - 13:10
Winston [1] - 3:6
wit [1] - 4:2
Wood [6] - 1:17, 3:15, 4:21, 6:2, 6:12,

15:11
**Wood-Prince** [6] - 1:17, 3:15, 4:21, 6:2, 6:12, 15:11
**words** [1] - 14:11
**wrongdoing** [1] - 13:16

## Y

**York** [2] - 2:9