# EXHIBIT 4

```
                                                                    1
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3                              ) Lead Case No. 19 CV 2170
                                )
 4                              ) MOTION HEARING
    IN RE:  ETHIOPIAN AIRLINES   ) (held telephonically)
 5  FLIGHT ET 302 CRASH          )
                                )  Chicago, Illinois
 6                              )  Date:  March 18, 2021
                                )  Time:  10:30 a.m.
 7  ─────────────────────────────

 8             TRANSCRIPT OF MOTION HEARING
               HELD TELEPHONICALLY BEFORE
 9         THE HONORABLE JUDGE JORGE L. ALONSO
               UNITED STATES DISTRICT JUDGE
10  ─────────────────────────────

11               A P P E A R A N C E S

12  For the Movant          J. Timothy Eaton, Esq.
    Plaintiffs'             Taft Stettinius & Hollister LLP
13  Executive               111 East Wacker Drive, Suite 2800
    Committee:              Chicago, Illinois  60601
14                          312-527-4000
                            (appeared telephonically)
15                              -and-
                            Robert A. Clifford, Esq.
16                          Kevin Durkin, Esq.
                            Clifford Law Offices PC
17                          120 North LaSalle Street, 31st Floor
                            Chicago, Illinois  60602
18                          312-899-9090
                            (appeared telephonically)
19

20  For Respondents         Adrian M. Vuckovich, Esq.
    Manuel von Ribbeck      Collins Bargione & Vuckovich
21  and Monica R.           One North LaSalle Street, Suite 300
    Wood-Prince             Chicago, Illinois  60602
22                          312-372-7813
                            (appeared telephonically)
23
    (Appearances continued on the next page.)
24

25  COURT REPORTER:  Annette M. Montalvo, CSR, RDR, CRR
                     Office: 312-818-6683
```

**EXHIBIT 4**

APPEARANCES: (Continued)

ALSO PRESENT:

Monica Kelly Wood-Prince (appeared telephonically)

Manuel von Ribbeck (appeared telephonically)

(NOTE: Other plaintiff and defense attorneys were present telephonically but did not announce their appearance on the record)

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

---

Court Reporter: Annette M. Montalvo, CSR, RDR, CRR
Official Court Reporter
United States Courthouse, Room 1902
219 South Dearborn Street
Chicago, Illinois 60604
312-818-6683

```
 1    (Proceedings commenced at 10:34 a.m., in open court via
 2  teleconference, to wit:)
 3            THE COURTROOM DEPUTY:  Case 19-CV-2170, In Re:
 4  Ethiopian Airlines Flight 302.
 5            THE COURT:  All right.  Good morning.  This is Judge
 6  Alonso here in the courthouse, in the courtroom.
 7            Let's have the attorneys -- there are many attorneys
 8  present.  Let's have the attorneys who have speaking roles
 9  today identify themselves for the record, please, starting
10  with the plaintiff.
11            MR. EATON:  Good morning, Your Honor.  Tim Eaton, on
12  behalf of the Plaintiffs' Executive Committee.
13            MR. CLIFFORD:  Good morning, Your Honor.  Robert
14  Clifford, also on behalf of the Plaintiffs' Executive
15  Committee.
16            Also, with Kevin Durkin in attendance with me,
17  Your Honor.
18            THE COURT:  All right.  And for the defendant.
19            MR. VUCKOVICH:  Good morning, Your Honor.  Adrian
20  Vuckovich, on behalf of the respondents, Monica Kelly Wood
21  Prince and Manuel von Ribbeck.  They are both on the line as
22  you had ordered previously, Your Honor.
23            THE COURT:  Okay.  They are both present, and I guess
24  as you stated, respondents on the motion that is before me
25  today.  It is now, I guess, supplemented with the supplemental
```

1  submission, which is number 1053. The case was held over for
2  a couple of weeks, I think it was a couple of weeks, to see if
3  the parties could resolve the underlying issue. The
4  supplemental submission doesn't really tell me. It tells me
5  that the plaintiff no longer believes that an admonishment or
6  any sort of court order that is forward looking is enough, but
7  it doesn't tell me whether, in fact, the parties were able to
8  come to some sort of agreement.
9       Mr. Vuckovich, let me ask you, sir.
10      MR. VUCKOVICH: No, sir, we did not. I sent over a
11 proposed agreed order last Thursday, and I was informed that
12 the Executive Committee is unable to settle. I did not get a
13 redline back or anything, Your Honor.
14      THE COURT: Okay. So, Mr. Vuckovich, what do you
15 suggest?
16      MR. VUCKOVICH: I suggest that, Your Honor, now with
17 the supplement we have additional, I guess I'm just to call
18 them exhibits, and in that supplement they're asking for a
19 referral or some kind of process, which the local -- pursuant
20 to local Rule 83.29. They're also asking for attorneys' fees.
21 They're asking for an injunction, and they're asking for a
22 finding that there have been violations of rules of
23 professional conduct.
24      At the outset of this, I think we ought to get
25 straight what the Executive Committee is seeking. When this

was first filed, it was framed as a petition for rule to show cause. And they can frame it however they want, you know, they're excellent lawyers, and they all know what they're doing.

But from my perspective and my client's perspective, is it a petition for rule to show cause? If it is, it appears that they're seeking criminal contempt. If it's not, then what is it? And I really feel like before we embark on a process of is there going to be a response and what is it going to look like, I think we have to decide what this proceeding is going to be.

Because if it's a criminal contempt proceeding, as you know, it's a different set of rules.

The other thing is, having filed the supplement, my clients are in the process of interviewing additional counsel, and I would ask to come back next Thursday or Friday, the 25th or 26th, maybe in the -- with additional counsel, whoever that's going to be, and perhaps in that time, have plaintiffs identify what is the nature of the motion. So that would be my request, Your Honor.

THE COURT: Mr. Eaton?

MR. EATON: Yes.

First of all, Your Honor, good morning. And I want to address what Mr. Vuckovich said in terms of your direction for us to meet and confer. It was a little more substantial

than what he referred to.

Shortly after the hearing, we exchanged e-mails and we thought the best way to proceed, certainly on our end, was to have him send us a proposed order, which about a week later he did. We looked at it. In the meantime, we were gathering more information and realizing how much more serious this was perhaps than our initial motion indicated, and we were in the process of doing the supplemental memorandum.

I sent back a very thorough, substantial e-mail to Mr. Vuckovich as to our position, and then we spoke on the phone on Monday, where I reiterated what I had indicated to him. And I think we mutually agreed that this was not going to get resolved based on just an order. So it was a little bit more substantial activity than indicated.

Number two, with respect to the relief we're seeking, although it said the motion was for an entry of an order to show cause, we were very clear in the initial paragraph that we were seeking why they should show cause, why they should not be sanctioned by the court by willful and deliberate violations of the court rules of professional conduct. Nowhere in that motion nor in the supplemental motion did we mention the word "contempt." We're not suggesting that they were in contempt of an order entered by Your Honor. What we are suggesting, and it's stated very clearly, is that they were in contempt -- that they were in violation of the rules

1  of professional conduct, which have been adopted by the
2  Northern District, and that's what we were seeking in terms of
3  a remedy. And I think we were very clear -- I shouldn't say
4  "I think." We were very clear in our supplemental motion that
5  what we wanted was an order to bar future conduct of
6  contacting clients, number two, there be an investigation, and
7  that the investigation would include the extent of what they
8  have -- who they have contacted and what they've said. I
9  mean, that became very clear to us, when you look at Exhibit 9
10 of the supplemental motion, Ms. Wangari, who seems to be a
11 common denominator of many of these contacts, has said that
12 she is calling families of the victims of the Ethiopian Air
13 crash. She's not just saying I'm calling just you or one or
14 two others, she's calling victims, which are all represented
15 at the moment.
16       So it was clear to us that this expanded much beyond
17 what we were aware of, and that's why if we had an order with
18 respect to future conduct, that would only be the first step.
19 We wanted to investigate further what has transpired.
20       And, secondly, we were not suggesting that it be
21 referred to the Chief Judge and Executive Committee for their
22 deliberation and they could assign a judge. I mean, this
23 occurred on your watch. We thought it would be most
24 appropriate for this to be before you. And what we had
25 suggested was some type of special master or an individual who

could be assigned to conduct the investigation on behalf of the court, and we said similar to local Rule 83.29. And then if the investigation turns up even more misconduct, which we believe it may well, then they'd be appropriately disciplined and considering even suspension or disbarment from practicing in the Northern District, if that's the outcome.

So I think we were very clear in the step by step process that we wanted initially and in our supplemental motion. And so that's our position and why we felt it necessary to file the supplemental motion. And, certainly, if counsel wants time to respond to it, I know Your Honor said at the last hearing, you would keep this on a very short time frame, and I certainly understand that and that's certainly our desire.

THE COURT: Mr. Vuckovich?

MR. VUCKOVICH: Yes, sir. Thank you.

First of all, whatever is the label that they want to put on it, rule to show cause or whatever, it's the substance that determines whether or not this is actually a petition for contempt or not. I'm not advocating one way or the other, but when you seek punishment, that's in the category of criminal contempt. So that's what they're seeking. They are seeking punishment.

They can't have a quasi Rule 83.29. I mean, you either follow the rule or you don't. So, again, if we're

1  going to follow Rule 83.29, it states how it works, and that's
2  the rule.
3  　　　　In terms of responding and investigating, the charge
4  here, Your Honor, is that somehow my clients have contacted
5  and solicited the clients of lawyers who are other plaintiff's
6  lawyers with these aircraft cases.
7  　　　　So I would suggest that the investigation starts with
8  what clients do they say were contacted. To the extent that
9  my clients are required to respond, they are entitled to know
10  exactly and precisely all of the charges against them and the
11  basis for the charges.
12  　　　　So if there are other clients of other lawyers other
13  than we now have with the motion and the supplement that the
14  Executive Committee is claiming have been contacted directly
15  or indirectly by my clients, then we should be -- we are
16  entitled to know that before we respond, particularly with the
17  relief which they're seeking.
18  　　　　So they're asking for an investigation yet they're
19  telling us in both their motion and the supplement that
20  they're investigating. Well, it starts with their clients.
21  Please identify on what day and which clients were contacted,
22  and what they say occurred. And then at that point, there's a
23  process, whatever it may be, to respond, and not an
24  investigation without them telling us what all of the charges
25  are.

1    THE COURT: Mr. Vuckovich, what was the common
2    ground, what was the -- if I can ask, you don't have to
3    answer, but what was your proposal to the plaintiffs, to the
4    movants, that was not agreeable to the movants?
5    MR. VUCKOVICH: I'm happy to discuss that, and I'm
6    also happy to have a further pretrial with Your Honor.
7    Whatever would be the most efficient way to resolve a problem,
8    I favor.
9    So I had proposed what is, in effect, an order
10   prohibiting contacting, solicitation, communicating with
11   another lawyer's clients. Because what we have here is
12   lawyers complaining that their clients were contacted. We do
13   not have a situation where any of the client --
14   attorney-client relationships have been disrupted. In other
15   words, if this was a claim for interference with contractual
16   relations, there would have to be a breach for there to be
17   damage for there to be a cause of action. We do not have that
18   here. We have allegations that communication occurred
19   indirectly. And my proposed agreed order was to have an order
20   that prohibits any contact, communication, or solicitation. I
21   have also suggested, in all fairness, that no lawyer, none of
22   the plaintiffs' lawyers who have cases pending before
23   Your Honor should engage in such conduct. And that was the
24   gist of my proposed order, Your Honor.
25   THE COURT: Okay. Did that include the language

```
 1  directly or indirectly?
 2          MR. VUCKOVICH:  Yes, sir.  Absolutely.
 3          THE COURT:  Okay.  And both of those attorneys are
 4  present?  Manuel von Ribbeck is here, right?
 5          Mr. von Ribbeck?
 6          MR. VUCKOVICH:  He's probably on mute.
 7          Can you unmute yourself, please.
 8          MR. VON RIBBECK:  Good morning, Your Honor.  I'm
 9  present.  Manuel von Ribbeck.
10          THE COURT:  All right.  Mr. von Ribbeck, you are
11  present and you can hear me, sir?
12          MR. VON RIBBECK:  Yes, I can, Your Honor.
13          THE COURT:  All right.  Monica R. Kelly Wood Prince?
14          MS. WOOD-PRINCE:  Good morning, Your Honor.  Monica
15  Kelly, I can hear you fine.
16          THE COURT:  Okay.  I am entering an order.  I am
17  directing both Mr. von Ribbeck and Ms. R. Kelly Wood Prince,
18  attorneys, to not have any contact, direct contact, indirect
19  contact, with any person who is represented by legal counsel
20  in connection with this litigation.
21          I'm going to set a deadline of 4-7 for a response to
22  the motion as supplemented by the supplemental submission,
23  number 1053.  I am going to set it out for three weeks --
24  actually, I'll set it out for four weeks to allow for the
25  respondents to make decisions regarding additional or
```

```
 1  substitute representation.  So 4-14 for a response, over
 2  objection.  I find that it is clear enough to require a
 3  response from the respondents.
 4         And then let's get a reply two weeks later on 4-28.
 5         So I am entering that direction, that bar to counsel,
 6  but not taking any further action.  Otherwise the motion is
 7  taken under advisement, and I will rule on it when it is fully
 8  briefed on 4-28.
 9         I won't set another court date at this point.
10         All right.  Thank you.
11         MR. VUCKOVICH:  Thank you, Your Honor.
12         MR. EATON:  Thank you, Your Honor.
13  (Proceedings concluded at 10:50 a.m.)
```

* * * * *

### REPORTER'S CERTIFICATE

I, ANNETTE M. MONTALVO, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 25th day of March, 2021.

/s/Annette M. Montalvo
Annette M. Montalvo, CSR, RDR, CRR
Official Court Reporter

|   /   |
|---|
| /s/Annette [1] - 12:22 |

| 1 |
|---|
| 1053 [2] - 4:1, 11:23 |
| 10:30 [1] - 1:6 |
| 10:34 [1] - 3:1 |
| 10:50 [1] - 12:13 |
| 111 [1] - 1:13 |
| 120 [1] - 1:17 |
| 18 [1] - 1:6 |
| 19 [1] - 1:3 |
| 19-CV-2170 [1] - 3:3 |
| 1902 [1] - 2:14 |

| 2 |
|---|
| 2021 [2] - 1:6, 12:21 |
| 2170 [1] - 1:3 |
| 219 [1] - 2:14 |
| 25th [2] - 5:16, 12:21 |
| 26th [1] - 5:17 |
| 2800 [1] - 1:13 |

| 3 |
|---|
| 300 [1] - 1:21 |
| 302 [2] - 1:5, 3:4 |
| 312-372-7813 [1] - 1:22 |
| 312-527-4000 [1] - 1:14 |
| 312-818-6683 [2] - 1:25, 2:15 |
| 312-899-9090 [1] - 1:18 |
| 31st [1] - 1:17 |

| 4 |
|---|
| 4-14 [1] - 12:1 |
| 4-28 [2] - 12:4, 12:8 |
| 4-7 [1] - 11:21 |

| 6 |
|---|
| 60601 [1] - 1:13 |
| 60602 [2] - 1:17, 1:21 |
| 60604 [1] - 2:15 |

| 8 |
|---|
| 83.29 [4] - 4:20, 8:2, 8:24, 9:1 |

| 9 |
|---|
| 9 [1] - 7:9 |

| A |
|---|
| a.m [3] - 1:6, 3:1, 12:13 |
| ability [1] - 12:20 |
| able [1] - 4:7 |
| absolutely [1] - 11:2 |
| accurate [1] - 12:19 |
| action [2] - 10:17, 12:6 |
| activity [1] - 6:14 |
| additional [4] - 4:17, 5:15, 5:17, 11:25 |
| address [1] - 5:24 |
| admonishment [1] - 4:5 |
| adopted [1] - 7:1 |
| Adrian [2] - 1:20, 3:19 |
| advisement [1] - 12:7 |
| advocating [1] - 8:20 |
| agreeable [1] - 10:4 |
| agreed [3] - 4:11, 6:12, 10:19 |
| agreement [1] - 4:8 |
| aided [1] - 2:11 |
| Air [1] - 7:12 |
| aircraft [1] - 9:6 |
| Airlines [1] - 3:4 |
| AIRLINES [1] - 1:4 |
| allegations [1] - 10:18 |
| allow [1] - 11:24 |
| Alonso [1] - 3:6 |
| ALONSO [1] - 1:9 |
| ALSO [1] - 2:4 |
| ANNETTE [1] - 12:18 |
| Annette [3] - 1:25, 2:13, 12:22 |
| announce [1] - 2:7 |
| answer [1] - 10:3 |
| appearance [1] - 2:7 |
| Appearances [1] - 1:23 |
| APPEARANCES [1] - 2:1 |
| appeared [5] - 1:14, 1:18, 1:22, 2:5, 2:6 |
| appropriate [1] - 7:24 |
| appropriately [1] - 8:4 |
| assign [1] - 7:22 |
| assigned [1] - 8:1 |
| attendance [1] - 3:16 |
| attorney [1] - 10:14 |
| attorney-client [1] - 10:14 |
| attorneys [6] - 2:7, 3:7, 3:8, 11:3, 11:18 |
| attorneys' [1] - 4:20 |
| aware [1] - 7:17 |

| B |
|---|
| bar [2] - 7:5, 12:5 |
| Bargione [1] - 1:20 |
| based [1] - 6:13 |
| basis [1] - 9:11 |
| became [1] - 7:9 |
| BEFORE [1] - 1:8 |
| behalf [4] - 3:12, 3:14, 3:20, 8:1 |
| believes [1] - 4:5 |
| best [2] - 6:3, 12:20 |
| beyond [1] - 7:16 |
| bit [1] - 6:14 |
| breach [1] - 10:16 |
| briefed [1] - 12:8 |

| C |
|---|
| Case [1] - 1:3 |
| case [2] - 3:3, 4:1 |
| cases [2] - 9:6, 10:22 |
| category [1] - 8:21 |
| certainly [4] - 6:3, 8:10, 8:13 |
| CERTIFICATE [1] - 12:17 |
| certify [1] - 12:18 |
| charge [1] - 9:3 |
| charges [3] - 9:10, 9:11, 9:24 |
| Chicago [5] - 1:5, 1:13, 1:17, 1:21, 2:15 |
| Chief [1] - 7:21 |
| claim [1] - 10:15 |
| claiming [1] - 9:14 |
| clear [7] - 6:17, 7:3, 7:4, 7:9, 7:16, 8:7, 12:2 |
| clearly [1] - 6:24 |
| client [2] - 10:13, 10:14 |
| client's [1] - 5:5 |
| clients [12] - 5:15, 7:6, 9:4, 9:5, 9:8, 9:9, 9:12, 9:15, 9:20, 9:21, 10:11, 10:12 |
| Clifford [3] - 1:15, 1:16, 3:14 |
| CLIFFORD [1] - 3:13 |
| Collins [1] - 1:20 |
| commenced [1] - 3:1 |
| Committee [7] - 1:13, 3:12, 3:15, 4:12, 4:25, 7:21, 9:14 |
| common [2] - 7:11, 10:1 |
| communicating [1] - 10:10 |
| communication [2] - 10:18, 10:20 |
| complaining [1] - 10:12 |
| complete [1] - 12:19 |
| computer [1] - 2:11 |
| computer-aided [1] - 2:11 |
| concluded [1] - 12:13 |
| conduct [7] - 4:23, 6:20, 7:1, 7:5, 7:18, 8:1, 10:23 |
| confer [1] - 5:25 |
| connection [1] - 11:20 |
| considering [1] - 8:5 |
| constitutes [1] - 12:19 |
| contact [4] - 10:20, 11:18, 11:19 |
| contacted [6] - 7:8, 9:4, 9:8, 9:14, 9:21, 10:12 |
| contacting [2] - 7:6, 10:10 |
| contacts [1] - 7:11 |
| contempt [7] - 5:7, 5:12, 6:22, 6:23, 6:25, 8:20, 8:22 |
| continued [2] - 1:23, 2:1 |
| contractual [1] - 10:15 |
| counsel [5] - 5:15, 5:17, 8:11, 11:19, 12:5 |
| couple [2] - 4:2 |
| COURT [14] - 1:1, 1:25, 3:5, 3:18, 3:23, 4:14, 5:21, 8:15, 10:1, 10:25, 11:3, 11:10, 11:13, 11:16 |
| Court [3] - 2:13, 2:13, 12:23 |
| court [6] - 3:1, 4:6, 6:19, 6:20, 8:2, 12:9 |

Courthouse [1] - 2:14
courthouse [1] - 3:6
COURTROOM [1] - 3:3
courtroom [1] - 3:6
crash [1] - 7:13
CRASH [1] - 1:5
criminal [3] - 5:7, 5:12, 8:21
CRR [3] - 1:25, 2:13, 12:22
CSR [3] - 1:25, 2:13, 12:22
CV [1] - 1:3

### D

damage [1] - 10:17
date [1] - 12:9
Date [1] - 1:6
Dated [1] - 12:21
deadline [1] - 11:21
Dearborn [1] - 2:14
decide [1] - 5:10
decisions [1] - 11:25
defendant [1] - 3:18
defense [1] - 2:7
deliberate [1] - 6:19
deliberation [1] - 7:22
denominator [1] - 7:11
DEPUTY [1] - 3:3
desire [1] - 8:14
determines [1] - 8:19
different [1] - 5:13
direct [1] - 11:18
directing [1] - 11:17
direction [2] - 5:24, 12:5
directly [2] - 9:14, 11:1
disbarment [1] - 8:5
disciplined [1] - 8:4
discuss [1] - 10:5
disrupted [1] - 10:14
District [2] - 7:2, 8:6
DISTRICT [3] - 1:1, 1:1, 1:9
DIVISION [1] - 1:2
Drive [1] - 1:13
Durkin [2] - 1:16, 3:16

### E

e-mail [1] - 6:9
e-mails [1] - 6:2
East [1] - 1:13
EASTERN [1] - 1:2
EATON [3] - 3:11, 5:22, 12:12
Eaton [3] - 1:12, 3:11, 5:21
effect [1] - 10:9
efficient [1] - 10:7
either [1] - 8:25
embark [1] - 5:8
end [1] - 6:3
engage [1] - 10:23
entered [1] - 6:23

entering [2] - 11:16, 12:5
entitled [2] - 9:9, 9:16
entry [1] - 6:16
Esq [4] - 1:12, 1:15, 1:16, 1:20
ET [1] - 1:5
Ethiopian [2] - 3:4, 7:12
ETHIOPIAN [1] - 1:4
exactly [1] - 9:10
excellent [1] - 5:3
exchanged [1] - 6:2
Executive [7] - 1:13, 3:12, 3:14, 4:12, 4:25, 7:21, 9:14
Exhibit [1] - 7:9
exhibits [1] - 4:18
expanded [1] - 7:16
extent [2] - 7:7, 9:8

### F

fact [1] - 4:7
fairness [1] - 10:21
families [1] - 7:12
favor [1] - 10:8
fees [1] - 4:20
felt [1] - 8:9
file [1] - 8:10
filed [2] - 5:1, 5:14
fine [1] - 11:15
first [4] - 5:1, 5:23, 7:18, 8:17
Flight [1] - 3:4
FLIGHT [1] - 1:5
Floor [1] - 1:17
follow [2] - 8:25, 9:1
FOR [1] - 1:1
foregoing [1] - 12:19
forward [1] - 4:6
four [1] - 11:24
frame [2] - 5:2, 8:13
framed [1] - 5:1
Friday [1] - 5:16
full [1] - 12:19
fully [1] - 12:7
future [2] - 7:5, 7:18

### G

gathering [1] - 6:5
gist [1] - 10:24
ground [1] - 10:2
guess [3] - 3:23, 3:25, 4:17

### H

happy [2] - 10:5, 10:6
hear [2] - 11:11, 11:15
hearing [2] - 6:2, 8:12
HEARING [2] - 1:4, 1:8
held [2] - 1:4, 4:1
HELD [1] - 1:8
hereby [1] - 12:18

Hollister [1] - 1:12
Honor [20] - 3:11, 3:13, 3:17, 3:19, 3:22, 4:13, 4:16, 5:20, 5:23, 6:23, 8:11, 9:4, 10:6, 10:23, 10:24, 11:8, 11:12, 11:14, 12:11, 12:12
HONORABLE [1] - 1:9

### I

identify [3] - 3:9, 5:19, 9:21
ILLINOIS [1] - 1:1
Illinois [5] - 1:5, 1:13, 1:17, 1:21, 2:15
IN [2] - 1:1, 1:4
include [2] - 7:7, 10:25
indicated [3] - 6:7, 6:11, 6:14
indirect [1] - 11:18
indirectly [3] - 9:15, 10:19, 11:1
individual [1] - 7:25
information [1] - 6:6
informed [1] - 4:11
initial [2] - 6:7, 6:17
injunction [1] - 4:21
interference [1] - 10:15
interviewing [1] - 5:15
Investigate [1] - 7:19
investigating [2] - 9:3, 9:20
investigation [7] - 7:6, 7:7, 8:1, 8:3, 9:7, 9:18, 9:24
issue [1] - 4:3

### J

JORGE [1] - 1:9
judge [1] - 7:22
JUDGE [2] - 1:9, 1:9
Judge [2] - 3:5, 7:21

### K

keep [1] - 8:12
Kelly [5] - 2:5, 3:20, 11:13, 11:15, 11:17
Kevin [2] - 1:16, 3:16
kind [1] - 4:19

### L

label [1] - 8:17
language [1] - 10:25
LaSalle [2] - 1:17, 1:21
last [2] - 4:11, 8:12
Law [1] - 1:16
lawyer [1] - 10:21
lawyer's [1] - 10:11
lawyers [6] - 5:3, 9:5, 9:6, 9:12, 10:12, 10:22
Lead [1] - 1:3
legal [1] - 11:19
line [1] - 3:21
litigation [1] - 11:20
LLP [1] - 1:12

local [3] - 4:19, 4:20, 8:2
look [2] - 5:10, 7:9
looked [1] - 6:5
looking [1] - 4:6

### M

machine [1] - 2:11
mail [1] - 6:9
mails [1] - 6:2
Manuel [5] - 1:20, 2:6, 3:21, 11:4, 11:9
March [2] - 1:6, 12:21
master [1] - 7:25
mean [3] - 7:9, 7:22, 8:24
meantime [1] - 6:5
meet [1] - 5:25
memorandum [1] - 6:8
mention [1] - 6:22
misconduct [1] - 8:3
moment [1] - 7:15
Monday [1] - 6:11
Monica [5] - 1:21, 2:5, 3:20, 11:13, 11:14
MONTALVO [1] - 12:18
Montalvo [4] - 1:25, 2:13, 12:22, 12:22
morning [7] - 3:5, 3:11, 3:13, 3:19, 5:23, 11:8, 11:14
most [2] - 7:23, 10:7
MOTION [2] - 1:4, 1:8
motion [14] - 3:24, 5:19, 6:7, 6:16, 6:21, 7:4, 7:10, 8:9, 8:10, 9:13, 9:19, 11:22, 12:6
Movant [1] - 1:12
movants [2] - 10:4
MR [14] - 3:11, 3:13, 3:19, 4:10, 4:16, 5:22, 8:16, 10:5, 11:2, 11:6, 11:8, 11:12, 12:11, 12:12
MS [1] - 11:14
mute [1] - 11:6
mutually [1] - 6:12

### N

nature [1] - 5:19
necessary [1] - 8:10
next [2] - 1:23, 5:16
none [1] - 10:21
North [2] - 1:17, 1:21
NORTHERN [1] - 1:1
Northern [2] - 7:2, 8:6
NOTE [1] - 2:7
notes [1] - 12:19
nowhere [1] - 6:21
number [4] - 4:1, 6:15, 7:6, 11:23

### O

objection [1] - 12:2
occurred [3] - 7:23, 9:22, 10:18
OF [2] - 1:1, 1:8

Office [1] - 1:25
Offices [1] - 1:16
Official [2] - 2:13, 12:23
one [2] - 7:13, 8:20
One [1] - 1:21
open [1] - 3:1
order [13] - 4:6, 4:11, 6:4, 6:13, 6:16, 6:23, 7:5, 7:17, 10:9, 10:19, 10:24, 11:16
ordered [1] - 3:22
otherwise [1] - 12:6
ought [1] - 4:24
outcome [1] - 8:6
outset [1] - 4:24

### P

page [1] - 1:23
paragraph [1] - 6:17
particularly [1] - 9:16
parties [2] - 4:3, 4:7
PC [1] - 1:16
pending [1] - 10:22
perhaps [2] - 5:18, 6:7
person [1] - 11:19
perspective [2] - 5:5
petition [3] - 5:1, 5:6, 8:19
phone [1] - 6:11
plaintiff [3] - 2:7, 3:10, 4:5
plaintiff's [1] - 9:5
plaintiffs [2] - 5:18, 10:3
Plaintiffs' [3] - 1:12, 3:12, 3:14
plaintiffs' [1] - 10:22
point [2] - 9:22, 12:9
position [2] - 6:10, 8:9
practicing [1] - 8:5
precisely [1] - 9:10
PRESENT [1] - 2:4
present [6] - 2:7, 3:8, 3:23, 11:4, 11:9, 11:11
pretrial [1] - 10:6
previously [1] - 3:22
PRINCE [1] - 11:14
Prince [5] - 1:21, 2:5, 3:21, 11:13, 11:17
problem [1] - 10:7
proceed [1] - 6:3
proceeding [2] - 5:11, 5:12
Proceedings [3] - 2:11, 3:1, 12:13
proceedings [1] - 12:20
process [6] - 4:19, 5:9, 5:15, 6:8, 8:8, 9:23
produced [1] - 2:11
professional [3] - 4:23, 6:20, 7:1
prohibiting [1] - 10:10
prohibits [1] - 10:20
proposal [1] - 10:3
proposed [5] - 4:11, 6:4, 10:9, 10:19, 10:24
punishment [2] - 8:21, 8:23

pursuant [1] - 4:19
put [1] - 8:18

### Q

quasi [1] - 8:24

### R

RDR [3] - 1:25, 2:13, 12:22
Re [1] - 3:3
RE [1] - 1:4
realizing [1] - 6:6
really [2] - 4:4, 5:8
record [2] - 2:8, 3:9
redline [1] - 4:13
referral [1] - 4:19
referred [2] - 6:1, 7:21
regarding [1] - 11:25
reiterated [1] - 6:11
relations [1] - 10:16
relationships [1] - 10:14
relief [2] - 6:15, 9:17
remedy [1] - 7:3
reply [1] - 12:4
reported [1] - 2:11
Reporter [3] - 2:13, 2:13, 12:23
REPORTER [1] - 1:25
REPORTER'S [1] - 12:17
representation [1] - 12:1
represented [2] - 7:14, 11:19
request [1] - 5:20
require [1] - 12:2
required [1] - 9:9
resolve [2] - 4:3, 10:7
resolved [1] - 6:13
respect [2] - 6:15, 7:18
respond [4] - 8:11, 9:9, 9:16, 9:23
Respondents [1] - 1:20
respondents [4] - 3:20, 3:24, 11:25, 12:3
responding [1] - 9:3
response [4] - 5:9, 11:21, 12:1, 12:3
Ribbeck [8] - 1:20, 2:6, 3:21, 11:4, 11:5, 11:9, 11:10, 11:17
RIBBECK [2] - 11:8, 11:12
Robert [2] - 1:15, 3:13
roles [1] - 3:8
Room [1] - 2:14
Rule [4] - 4:20, 8:2, 8:24, 9:1
rule [6] - 5:1, 5:6, 8:18, 8:25, 9:2, 12:7
rules [4] - 4:22, 5:13, 6:20, 6:25

### S

sanctioned [1] - 6:19
secondly [1] - 7:20
see [1] - 4:2
seek [1] - 8:21
seeking [8] - 4:25, 5:7, 6:15, 6:18, 7:2,

8:22, 9:17
send [1] - 6:4
sent [2] - 4:10, 6:9
serious [1] - 6:6
set [5] - 5:13, 11:21, 11:23, 11:24, 12:9
settle [1] - 4:12
short [1] - 8:12
shorthand [1] - 2:11
shortly [1] - 6:2
show [5] - 5:1, 5:6, 6:17, 6:18, 8:18
similar [1] - 8:2
situation [1] - 10:13
solicitation [2] - 10:10, 10:20
solicited [1] - 9:5
sort [2] - 4:6, 4:8
South [1] - 2:14
speaking [1] - 3:8
special [1] - 7:25
starting [1] - 3:9
starts [2] - 9:7, 9:20
States [1] - 2:14
states [1] - 9:1
STATES [2] - 1:1, 1:9
stenographic [1] - 12:19
step [3] - 7:18, 8:7
Stettinius [1] - 1:12
straight [1] - 4:25
Street [3] - 1:17, 1:21, 2:14
submission [3] - 4:1, 4:4, 11:22
substance [1] - 8:18
substantial [3] - 5:25, 6:9, 6:14
substitute [1] - 12:1
suggest [3] - 4:15, 4:16, 9:7
suggested [2] - 7:25, 10:21
suggesting [3] - 6:22, 6:24, 7:20
Suite [2] - 1:13, 1:21
supplement [5] - 4:17, 4:18, 5:14, 9:13, 9:19
supplemental [9] - 3:25, 4:4, 6:8, 6:21, 7:4, 7:10, 8:8, 8:10, 11:22
supplemented [2] - 3:25, 11:22
suspension [1] - 8:5

T

Taft [1] - 1:12
teleconference [1] - 3:2
telephonically [7] - 1:4, 1:14, 1:18, 1:22, 2:5, 2:6, 2:7
TELEPHONICALLY [1] - 1:8
terms [3] - 5:24, 7:2, 9:3
THE [16] - 1:1, 1:1, 1:9, 3:3, 3:5, 3:18, 3:23, 4:14, 5:21, 8:15, 10:1, 10:25, 11:3, 11:10, 11:13, 11:16
themselves [1] - 3:9
they've [1] - 7:8
thorough [1] - 6:9
three [1] - 11:23
Thursday [2] - 4:11, 5:16

Tim [1] - 3:11
Timothy [1] - 1:12
today [2] - 3:9, 3:25
transcript [3] - 2:11, 12:19, 12:20
TRANSCRIPT [1] - 1:8
transcription [1] - 2:11
transpired [1] - 7:19
true [2] - 12:19, 12:19
turns [1] - 8:3
two [4] - 6:15, 7:6, 7:14, 12:4
type [1] - 7:25

U

unable [1] - 4:12
under [1] - 12:7
underlying [1] - 4:3
UNITED [2] - 1:1, 1:9
United [1] - 2:14
unmute [1] - 11:7
up [1] - 8:3

V

via [1] - 3:1
victims [2] - 7:12, 7:14
violation [1] - 6:25
violations [2] - 4:22, 6:20
VON [2] - 11:8, 11:12
von [8] - 1:20, 2:6, 3:21, 11:4, 11:5, 11:9, 11:10, 11:17
VUCKOVICH [8] - 3:19, 4:10, 4:16, 8:16, 10:5, 11:2, 11:6, 12:11
Vuckovich [9] - 1:20, 1:20, 3:20, 4:9, 4:14, 5:24, 6:10, 8:15, 10:1

W

Wacker [1] - 1:13
Wangari [1] - 7:10
wants [1] - 8:11
watch [1] - 7:23
week [1] - 6:4
weeks [5] - 4:2, 11:23, 11:24, 12:4
willful [1] - 6:19
wit [1] - 3:2
WOOD [1] - 11:14
Wood [5] - 1:21, 2:5, 3:20, 11:13, 11:17
WOOD-PRINCE [1] - 11:14
Wood-Prince [2] - 1:21, 2:5
word [1] - 6:22
words [1] - 10:15
works [1] - 9:1

Y

yourself [1] - 11:7