# EXHIBIT 5



UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
Honorable Rebecca R. Pallmeyer, Chief Judge  |  Thomas G. Bruton, Clerk of Court

Search

🛈 Accessibility Informat

🏠 Home / Attorney Discipline

# Attorney Discipline

**Further Information Regarding Attorney Disciplinary Actions**

The United States District Court for the Northern District of Illinois considers and imposes attorney discipline pursuant to the following Local Rules:

LR83.25. Disciplinary Proceedings Generally

LR83.26. Discipline of Attorneys Disciplined by Other Courts

LR83.27. Discipline of Convicted Attorneys

LR83.28. Discipline of Attorneys for Misconduct LR83.29. Assignment of Counsel

LR83.30. Reinstatement

Relative to Local Rule 83.26, most U.S. District Court disciplinary investigations stem from notification of discipline imposed by The Attorney Registration & Disciplinary Commission of The Supreme Court of Illinois (ARDC), which oversees investigation and discipline of attorneys who practice law in the State of Illinois. The Northern District of Illinois considers the imposition of reciprocal discipline upon attorneys admitted to its Bar.

In conformance with the Local Rules and District Court practices for docketing attorney discipline, the categories of disciplinary orders posted on this page are limited to those requiring an attorney's Motion for Reinstatement after the period of discipline. The orders on this page concern attorneys who are:

- Disbarred
- Stricken from the roll of attorneys (similar to Disbarment)
- Suspended for more than 90 days

Publicly Censured attorneys, whose orders are docketed and listed on this page, may continue practicing with caution.

Attorneys whose disciplinary orders are *neither docketed nor listed on this site* and need not submit a petition for reinstatement include those who are:

- Suspended for less than 90 days
- On Probation
- Censured
- Reprimanded

Specifics of discipline imposed upon a particular attorney by the District Court are strictly confidential and not available from Clerk's Office Staff. For further information regarding listings on this webpage, please see Lawyer Search on the ARDC website, iardc.org, then scroll down the attorney record to Public Record of Discipline and Pending Procedures.

Information regarding non-Illinois attorneys may be sought from the state bar where the attorney is licensed, for example, New York Bar Association.

Keyword: ____    From Date: ____    To Date: ____    Search: ____    [Search]

Sort By:  ⦿ Name   ○ Order Date    [Ascending ▼]

**EXHIBIT 5**

ALL ATTORNEY DISCIPLINE

- Bahrmasel_steven j. (strike) 19d33
- Barrett_gregory eugene (strike) 19d35
- Batey, ruth a. (suspend)
- Belconis_david william (suspend) 19d34
- Darnell, marc ericson (suspend)
- Dinin, scott richard (suspend)
- Dzialo, john thomas
- Franz, donald frederick (strike)
- Gallo, elena (disbar)
- Gibbons, paul christopher (suspend)
- Gomez, bryant (disbar)
- Gupta, raymond (suspend)
- Gurvey, matthew eric (suspend)
- Harris, jesse v. (strike)
- Harvey, beauregard maximillion (disbar)
- Himes, parker russel (strike)
- Husain, al-haroon bin asad (suspend)
- Keck, jeffrey joseph (disbarred)
- Levitus, kurt joseph (strike)
- Lichtenwalter, mark a. (suspend) 19d31
- Magee, gray milburn (disbar)
- Naylor, peter e. (suspend)
- Novoselsky, david alan (disbarred)
- Pasulka, david peter (suspended)

double click on the person's name to view each notice.





## QUICK LINKS

| RECORD LOOKUP & LISTINGS › | E-FILING (CM/ECF) › | DOWNLOADABLE FORMS |
| JUDICIAL REFERENCES › | MORE USEFUL LINKS › | BUILDING INFORMATION |
| OTHER COURT WEBSITES › | JOB INFORMATION › | |

Click Here

EASTERN DIVISION
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604 (View Map)

Tel.No. (312) 435-5670

WESTERN DIVISION
Stanley J. Roszkowski United States Courthouse
327 South Church Street
Rockford, IL 61101 (View Map)

Tel.No. (815) 987-4354

2021 2022



Notice: This is a Restricted Web Site for Official U.S. Court Business only. Unauthorized entry is prohibited and subject to prosecution under Title 18 of the U.S. Code. All activities and access attempts are logged.

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS



# LR 83.25 Disciplinary Proceedings Generally

**(a) Definitions.** The following definitions shall apply to the disciplinary rules:

(1) The term "another court" shall mean any other court of the United States or of the District of Columbia, or of any state, territory, commonwealth, or possession of the United States.

(2) The term "complaint of misconduct" shall mean any document in which it is alleged that an attorney practicing before this Court is guilty of misconduct.

(3) The term "discipline" shall include disbarment, suspension from practice before this Court, reprimand or censure, and such other disciplinary action as the circumstances may warrant, including, but not limited to, restitution of funds, satisfactory completion of educational programs, compliance with treatment programs, and community service. The term discipline is not intended to include sanctions or contempt.

(4) The term "misconduct" shall mean any act or omission by an attorney admitted to practice before this Court that violates the applicable Code of Conduct.

**(b) Executive Committee.** The Executive Committee shall serve as the disciplinary committee of the Court.

**(c) Jurisdiction.** Nothing contained in these rules shall be construed to deny such powers as are necessary for a district judge, magistrate judge or bankruptcy judge of this Court to maintain control over proceedings conducted before that district judge, magistrate judge or bankruptcy judge, such as proceedings for contempt under LR 37.1, Fed.R.Crim.P. 42 or 18 U.S.C. §§401 and 402.

**(d) Attorneys Admitted Under LR83.14.** An attorney who is not a member of the bar of this Court who, pursuant to LR 83.14, petitions to appear or is permitted to appear in this Court for purposes of a particular proceeding (pro hac vice), shall be deemed thereby to have conferred disciplinary jurisdiction upon this Court for any alleged misconduct of that attorney arising in the course of or in the preparation for such proceeding.

**(e) Confidentiality.** Proceedings before the Executive Committee shall be confidential, except that the Committee may in the interests of justice and on such terms it deems appropriate authorize the Clerk to produce, disclose, release, inform, report, or testify to any information, reports, investigations, documents, evidence or transcripts in the clerk's

possession. Where a disciplinary proceeding is assigned to a judge of this Court pursuant to these rules, the record and hearings in the proceeding before that judge shall be public, unless for good cause that judge shall in writing order otherwise. Final orders in disciplinary matters shall be a matter of public record and may be published at the direction of the Executive Committee or the assigned judge.

**(f) Filing.** An answer to a rule to show cause, a statement of charges, and any other document filed in connection with a disciplinary proceeding before the Executive Committee shall be filed with the attorney admissions coordinator or such other deputy clerk as the Clerk may in writing designate.

*Committee Comment:* A proceeding to discipline a member of the bar of this Court can arise in one of three ways: another court disciplines the attorney; the attorney is convicted of a serious crime; or a complaint is filed alleging misconduct on the part of the attorney. Traditionally, most disciplinary proceedings have been reciprocal proceedings, *i.e.*, proceedings initiated following the discipline of the attorney by another court. The next largest group of disciplinary proceedings consist of those initiated by the conviction of an attorney in this Court for a serious crime.

The Executive Committee is the disciplinary committee of the Court. In those circumstances where an evidentiary hearing may be required as part of the disciplinary proceeding, the Committee may direct that the proceeding be assigned to an individual judge. (LR 83.28(e))

As section (c) indicates, the disciplinary rules are not intended to diminish or usurp the authority of a judge in maintaining order in that judge's courtroom or in enforcing compliance with that judge's orders. Disciplinary proceedings are not alternatives to contempt proceedings

LR 83.14 establishes the procedures for admitting an attorney who wishes to appear *pro hac vice*. Section (d) of LR 83.25 provides that such attorneys are subject to the same discipline as attorneys who are members of the general bar of the Court.

Section (e) of this rule provides that in general disciplinary proceedings are confidential. Any final orders imposing discipline are public. Where a proceeding is assigned to an individual judge, it becomes at that point like any other civil proceeding, a matter of public record. As with any other civil case, there may be exceptional circumstances where some or all of the record or hearings should not be made public. Section (e) permits this.

Section (f) makes explicit what has been a practice of long standing: materials relating to disciplinary proceedings before the Executive Committee are to be filed with the Attorney Admissions Coordinator. This procedure enables more effective control over the documents in disciplinary proceedings, a control necessary to assure that the confidentiality of such proceedings is maintained. In addition, the coordinator serves as a source of information on procedure for attorneys involved in disciplinary proceedings .

Amended May 31, 2011 and December 23, 2016

Note: The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*close notice*

Note: The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*close notice*





# LR 83.26 Discipline of Attorneys Disciplined by Other Courts

**(a) Duty to Notify.** Any attorney admitted to practice before this Court shall, upon being subjected to public discipline by another court, promptly inform the Clerk of this Court of such action.

**(b) Disciplinary Order as Evidence.** Except as provided in section (e), the final adjudication in another court that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this Court.

**(c) Rule to Show Cause.** Upon the filing of a certified or exemplified copy of a judgment or order demonstrating that an attorney admitted to practice before this court has been disciplined by another court, the Executive Committee shall forthwith enter an order directing that the attorney inform the Committee of any claim by that attorney predicated upon the grounds

set forth in section (e) that the imposition of the identical discipline by this Court would be unwarranted and the reasons for such a claim. The order will also provide that the response, if any, is to be filed with the Clerk within 14 days of service. A certified copy of the order and a copy of the judgment or order from the other court will be served on the attorney by certified mail.

**(d) Effect of Stay of Imposition of Discipline in Other Court.** In the event the discipline imposed in the other jurisdiction has been stayed, any reciprocal discipline imposed in this Court shall be deferred until such stay expires.

**(e) Imposition of Discipline; Exceptions.** Upon the expiration of 14 days from service of the notice issued pursuant to the provisions of section (b), the Executive Committee shall immediately impose the identical discipline unless the attorney demonstrates, or the Executive Committee finds--

1. that the procedure before the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

2. that there was such a infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or

3. that the imposition of the same discipline by this Court would result in injustice; or

4. that the misconduct established is deemed by this Court to warrant different discipline.

If the Executive Committee determines that any of those elements exist, it shall enter such other order as it deems appropriate.

An order imposing suspension or disbarment shall be entered on every docket in the attorney's pending cases. The order shall be sent via certified mail to the attorney's last known address, restricted to addressee only, return receipt requested. An additional copy of the order shall be mailed by first-class mail. A copy shall also be emailed to the attorney's CM/ECF registered email address

Amended January 30, 2009, December 23, 2016, and September 30, 2019

**Note:** The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*#Rule ID102*





# LR 83.27 Discipline of Convicted Attorneys

**(a) Automatic Suspension.** Upon the filing with this Court of a certified copy of a judgment of conviction demonstrating that any attorney admitted to practice before the Court has been convicted of a serious crime in this or another court, the Executive Committee shall enter an order immediately suspending that attorney, until final disposition of a disciplinary proceeding to be commenced upon such conviction. Such order shall be entered regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of any appeal. The Clerk shall forthwith mail two copies of the order to the attorney's last known address. One copy shall be sent by certified mail, restricted to addressee only, return receipt requested. The second copy shall be sent by first class mail. A third copy shall be emailed to the attorney's last known email address. A copy of the order shall be entered on every docket in the attorney's pending cases. During any such period of suspension, the Clerk's Office will provide the party with Notices of Docket Activity in the case until such time as the suspension is terminated or another attorney appears on behalf of the client. Upon good cause shown, the Executive Committee may set aside such order when it appears in the interest of justice to do so.

**(b) Judgment of Conviction as Evidence.** A certified copy of a judgment of conviction of any attorney for any crime shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against that attorney based upon the conviction.

**(c) Executive Committee to Institute Disciplinary Proceedings.** Upon the filing of a certified copy of a judgment of conviction of an attorney for a serious crime, the Executive Committee shall, in addition to suspending that attorney in accordance with the provisions of this rule, institute a disciplinary proceeding in which the sole issue to be determined shall be the extent of the final discipline to be imposed as a result of the conduct resulting in the conviction. Each disciplinary proceeding so instituted will not be concluded until all appeals from the conviction are concluded.

**(d) Proceedings Where Attorney Convicted of Other Than Serious Crime.** Upon the filing of a certified copy of a judgment of conviction of an attorney for a crime not constituting a serious crime, the Executive Committee may, in its discretion, initiate a disciplinary proceeding.

**(e) Reinstatement where Conviction Reversed.** An attorney suspended pursuant to section (a) will be reinstated immediately upon the filing of a certificate demonstrating that the underlying conviction of a serious crime has been reversed, but the reinstatement will not terminate any disciplinary proceeding then pending against the attorney. The disposition of such proceeding shall be determined by the Executive Committee on the basis of all available evidence pertaining to both guilt and the extent of discipline to be imposed.

**(f) Duty to File Notification of Party Contact Information form.** Where a suspended or disbarred attorney mandatorily withdraws from representing a party in a case and no other attorney has an active appearance on the docket for that party, the form Notification of Party Contact Information must be electronically filed as an attachment to the motion to withdraw.

Amended December 23, 2016 and September 30, 2019

**Note:** The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*#Rule ID103*





# LR 83.28 Discipline of Attorneys for Misconduct

**(a) Complaint of Misconduct.** Any complaint of misconduct shall be filed with the chief judge. The complaint may be in the form of a letter. The chief judge shall refer it to the Executive Committee for consideration and appropriate action.

**(b) Action by Executive Committee.** On receipt of a complaint of misconduct, the Committee may forward a copy to the attorney and ask for a response within a time set by the Committee. On the basis of the complaint of misconduct and any response, the Committee may—

> (1) determine that the complaint merits no further action, or
>
> (2) direct that formal disciplinary proceedings be commenced, or
>
> (3) take such other action as the Committee deems appropriate, including the assignment of an attorney pursuant to LR 83.29 (PrintContent.aspx?rid=105).

**(c) Statement of Charges; Service.** To initiate formal disciplinary proceedings based on allegations of misconduct, the Executive Committee shall issue a statement of charges. In addition to setting forth the charges, the statement of charges shall include an order requiring the attorney to show cause, within 14 days after service, why the attorney should not be disciplined.

Upon issuance of the statement of charges, the Clerk shall forthwith mail two copies to the attorney's last known address. One copy shall be mailed by certified mail, restricted to addressee only, return receipt requested. The other copy shall be mailed by first class mail. If the statement is returned as undeliverable, the Clerk shall so notify the Executive

Committee. The Executive Committee may direct that further attempts at service be made, either personal service by a private process server or by the United States marshal, or by publication.

Personal service shall be accomplished in the manner provided by Fed.R.Civ.P. 5(b) (https://www.law.cornell.edu/rules/frcp/rule_5)for service other than by mail.

Service by publication shall be accomplished by publishing a copy of the rule to show cause portion of the statement in accordance with the provisions of LR 83.3 (PrintContent.aspx?rid=89). Except as

otherwise directed by the Executive Committee, the division of the Court in which the notice is to be published will be as follows:

> (1) where the last known address of the attorney is located in the District, the division in which the address is located; or,
>
> (2) where no address is known or the last known address is outside of the District, the Eastern Division.

**(d) Answer; Declaration.** The attorney shall file, with the answer to the statement of charges, a declaration identifying all courts before which the attorney is admitted to practice. The form of the declaration shall be established by the Executive Committee.

**(e) Assignment to Individual Judge.** Following the filing of the answer to the statement of charges, if the Executive Committee determines that an evidentiary hearing is required, the proceeding shall be assigned by lot for a prompt hearing before a judge of this Court. The assigned judge shall not be one who was a member of the Executive Committee that determined that an evidentiary hearing was required. The decision of the assigned judge shall be final.

**(f) Disbarment on Consent.** Any attorney admitted to practice before this Court who is the subject of an investigation into, or a pending proceeding involving, allegations of misconduct may consent to disbarment, but only by delivering a declaration stating that the attorney desires to consent to disbarment and that:

1. ) the attorney's consent is freely and voluntarily rendered;

2. ) the attorney is not being subjected to coercion or duress;

3. ) the attorney is fully aware of the implications of so consenting;

4. ) the attorney is aware that there is presently pending an investigation or proceeding involving allegations that there exist grounds for the attorney's discipline, the nature of which the attorney shall specifically set forth; and

5. ) the attorney acknowledges that the material facts so alleged are true.

Upon receipt of the required declaration, the Executive Committee shall enter an order disbarring the attorney. The order of disbarment on consent shall be a matter of public record. However, the declaration shall not be publicly disclosed or made available for use in any other proceeding except where the Executive Committee orders such release after finding it to be required in the interests of justice.

An order imposing suspension or disbarment shall be entered on every docket in the attorney's pending cases. A copy of the order will be served on the attorney by certified mail, sent to the attorney's last known address, restricted to addressee only, return receipt requested. An additional copy of the order shall be mailed by first-class mail. A copy shall also be emailed to the attorney's CM/ECF registered email address.

Amended May 24, 2013, December 23, 2016, and September 30, 2019

**Note:** The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*#Rule ID104*



# LR 83.29 Discipline: Assignment of Investigation Counsel

**(a) Assignment.** The Executive Committee or the judge to whom the case is assigned may assign one or more attorneys to investigate allegations of misconduct, to prosecute disciplinary proceedings, or to review a reinstatement petition filed by a disciplined attorney. The United States attorney or an assistant United States attorney, the administrator of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois or a designee of the administrator, or a member of the bar of this Court may be assigned. Once assigned, an attorney may not resign unless permission to do so is given by the Executive Committee or the judge to whom the case is assigned.

**(b) Subpoenas.** An attorney assigned under section (a) may, with the approval of the Executive Committee or the presiding judge, cause subpoenas to be issued during the proceedings. Any subpoenas issued pursuant to this rule shall be returnable before the Executive Committee or the presiding judge.

Amended May 24, 2013 and December 23, 2016



## LR 83.30 Reinstatement

**(a) Automatic & by Petition.** An attorney suspended for 3 months or less shall be automatically reinstated at the end of the period of suspension. An attorney suspended for more than 3 months or disbarred may not resume practice until reinstated by order of the Executive Committee.

**(b) Petition for Reinstatement.** A petition for reinstatement may be filed under the following conditions:

> (1) *by a suspended attorney:* An attorney who has been suspended for a period of more than 3 months may petition for reinstatement at any time following the conclusion of the period of suspension.
>
> (2) *by a disbarred attorney:* A petition to reinstate a disbarred attorney may not be filed until at least 5 years has elapsed from the effective date of the disbarment.

Following an adverse decision upon a petition for reinstatement, a period of at least 1 year must elapse from the date of the order denying reinstatement before a subsequent petition for reinstatement may be filed.

Petitions for reinstatement shall be filed with the attorney admissions coordinator or such other deputy as the Clerk may in writing designate. The Executive Committee may grant the petition without hearing, decide the petition based on a hearing before the Committee, or assign the matter for prompt hearing before, and decision by, a judge of this Court. Where the Committee directs that the petition be assigned to a judge, the assignment will be in the same manner as provided by LR 83.28(e) (PrintContent.aspx?rid=104) for the assignment of a statement of charges alleging misconduct.

**(c) Hearing.** A petition for reinstatement will be included on the agenda of the first meeting of the Executive Committee scheduled for not less than 7 days after the time the petition is filed. At that meeting, the Committee will consider whether to grant the petition, schedule a hearing, or direct that it be assigned to a judge. Where a hearing is to be held and the Executive Committee has directed that the matter be assigned to a judge, it shall be scheduled for a date not less than 30 days from the date of assignment.

**(d) Burden of Proof.** At the hearing, the petitioner shall have the burden of demonstrating by clear and convincing evidence that the petitioner has the requisite character and fitness for admission to practice law before this Court and that the petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

**(e) Duties of Counsel.** Where an attorney is appointed pursuant to LR 83.29 (PrintContent.aspx?rid=105), cross- examination of the witnesses of the petitioner and the submission of evidence in opposition to the petition, if any, shall be by that attorney.

**(f) Conditions of Reinstatement.** The petition for reinstatement shall be denied if the petitioner fails to demonstrate fitness to resume the practice of law. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate the petitioner, but may make reinstatement conditional upon the making of partial or complete restitution to parties harmed by the conduct

of petitioner which led to the suspension or disbarment. If the petitioner has been suspended or disbarred for 5 years or more, reinstatement may be conditioned, in the discretion of the Executive Committee or the judge before whom the matter is heard, upon the furnishing or proof of competency and learning in the law. Such proof may include certification by the bar examiners of a state or other jurisdiction of the attorney's successful completion of an examination for admission to practice subsequent to the date of suspension or disbarment.

Amended December 23, 2016

**Note:** The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.