# EXHIBIT 9



# ISBA Professional Conduct Advisory Opinion

**Opinion No. 18-03**
**May 2018**

Subject:     Communications with represented person

Digest:     Rule 4.2 does not bar lawyer from communicating with prospective client about a potential matter even though the prospective client is currently represented by another lawyer in connection with that same matter.

References:     Illinois Rule of Professional Conduct 1.6, 1.9, 1.18, 4.2, and 5.6
ISBA Op. No. 12-03

## FACTS

Lawyer A represented Client in connection with pre-trial litigation matters, including discovery. Client did not express any complaints to Lawyer A about Lawyer A's legal services. While Lawyer A was still representing Client, Client retained Lawyer B to represent Client in connection with the same matter on which Lawyer A had represented Client. Lawyer B did not contact Lawyer A before communicating with the Client or seek permission from Lawyer A to communicate with the Client about the matter. After retaining Lawyer B, Client terminated Lawyer A's representation.

## QUESTIONS PRESENTED

1. If a prospective client who is already represented in connection with a matter contacts a second lawyer about possible representation in that same matter, is the second lawyer barred or restricted from communicating with the prospective client without first notifying and obtaining the permission of the first lawyer?

2. If the second lawyer communicates with the prospective client without permission of the first lawyer, has the second lawyer improperly interfered in the business relationship between the client and the first lawyer?


EXHIBIT
9

## **OPINION**

Rule 4.2 of the Illinois Rules of Professional Conduct ("IRPC") governs communications between lawyers and persons who are represented by other counsel. That Rule, entitled "Communication with Person Represented By Counsel," provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

IRPC 4.2, by its express terms, applies to lawyers who are already representing a party in a matter from communicating with another represented party about the same matter. It does not apply where the lawyer has no involvement in the matter and is contacted by a represented party seeking advice from new counsel for that matter. That distinction is made clear in Comment [4] to Rule 4.2: "Nor does this Rule [4.2] preclude communication with a represented person who is seeking advice from a lawyer who is not otherwise representing a client in the matter."

Here, Lawyer B did not represent any client in the matter and had no involvement in the matter until the Client contacted Lawyer B to seek advice about the matter. Under these circumstances, IRPC 4.2 would not restrict Lawyer B's communications with the Client and would not require Lawyer B to obtain approval from Lawyer A before communicating with the Client.

That a client is free to communicate with and seek advice from another lawyer about a matter in which the client already has representation – and that the other lawyer may do so without notifying or seeking consent of the client's current lawyer – is consistent with IRPC 5.6, which recognizes "the freedom of clients to choose a lawyer." IRPC 5.6 bars lawyers from entering into agreements that restrict the rights of lawyers to practice law. Comment [1] to IRPC 5.6 explains that the restriction is intended to protect a lawyer's right to practice as well as "the freedom of clients to choose a lawyer." That freedom would clearly be infringed if a client could not obtain advice from new counsel without new counsel first obtaining permission from existing counsel. Even if the existing counsel could not withhold permission, merely requiring notice to existing counsel could act to restrain a client from seeking new counsel.

Moreover, absent the Client's consent, IRPC 1.6 would bar Lawyer B from disclosing to Lawyer A her communications with the Client, including the fact that the Client had contacted Lawyer B for advice. IRPC 1.6 expressly provides that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b) or required by paragraph (c)." IRPC 1.6 is broadly stated and, with limited exceptions not applicable here, makes all information about the representation confidential, including the fact of the representation. *See, e.g.,* ISBA Op. No. 12-03 (concluding that even client name is protected confidential information under IRPC 1.6). Thus, Lawyer B would be barred from disclosing even the fact that the Client had contacted and retained Lawyer B until the Client authorized Lawyer B to do so, either expressly or impliedly by, for example, directing Lawyer B to file an appearance on the Client's behalf or substitute for Lawyer A.

Lawyer B would also be barred from revealing information to Lawyer A about Lawyer B's communications with the Client even if the relationship between Lawyer B and the Client remained prospective only and the Client did not retain Lawyer B. IRPC 1.18 governs a lawyer's duties to a prospective client. That Rule provides in relevant part that "[e]ven when no client-lawyer relationship ensues a lawyer who has learned information from a prospective client shall not use or reveal that information except as Rule 1.9 would permit with respect to information of a former client." Rule 1.9, in turn, provides that a lawyer who formerly represented a client in a matter "shall not thereafter" "reveal information relating to the representation except as these Rules would permit or require with respect to a client." IRPC 1.9(c)(2). Because, as discussed above, Rule 1.6 bars a lawyer from revealing information about a representation, Lawyer B would similarly be barred under IRPC 1.18 from revealing to Lawyer A her communications with the Client even if no lawyer-client relationship was ever formed between Lawyer B and the Client.

The second question raised – whether Lawyer B's conduct in speaking to the Client without Lawyer A's consent constitutes interference with Lawyer A's business relationship with the Client – raises a question of tort law that is beyond the scope of this Committee. However, as noted above, the Rules of Professional Conduct not only permit a represented person to communicate with another lawyer about the matter, the Rules also recognize and protect the "freedom of clients to choose a lawyer."

_____

**Professional Conduct Advisory Opinions are provided by the ISBA as an educational service to the public and the legal profession and are not intended as legal advice. The opinions are not binding on the courts or disciplinary agencies, but they are often considered by them in assessing lawyer conduct.**

© Copyright 2018 Illinois State Bar Association