# EXHIBIT 11

**Advisory ethics opinions are not binding.**

A lawyer may give a second opinion to a person who is represented by counsel on how the person's current lawyer is handling the case or give information on the services the lawyer may provide. The lawyer should not solicit the person who is represented.

**Note:** *Loreen I. Kreizinger, P.A. v. Sheldon J. Schlesinger, P.A.,* **925 So.2d 431 (Fla. 4th DCA 4/5/2006) states that "Where a client initiates contact with a new lawyer which results in the discharge of the first lawyer and hiring of the new lawyer, no intentional and unjustified interference is present."**

**RPC:** 4-1.1, 4-4.2
**Opinions:** Kentucky Ethics Opinion E-325; Michigan Ethics Opinion CI-883; Oregon Formal Ethics Opinion 1991-81; Philadelphia Ethics Opinion 91-32; South Carolina Ethics Opinion 97-07; Utah Ethics Opinion 110

The Professional Ethics Committee is aware that there have been many inquiries on the Ethics Hotline regarding a lawyer's obligations when a person who is represented by counsel in a matter asks for a "second opinion" on their case. Clients sometimes would like another lawyer's opinion on how the lawyer currently representing them is handling the case or on a particular point of law. Clients may also be interested in obtaining a different lawyer in their matter and would like to discuss the case and what services the other lawyer can provide without terminating their current representation first.

Lawyers are concerned that such communications may violate Rule 4-4.2, addressing communications with persons represented by counsel, or may otherwise violate the Rules of Professional Conduct. Rule 4-4.2, Rules Regulating The Florida Bar, provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

The prohibition is limited to those circumstances where the lawyer is "representing a client." Therefore, the ban on contact does not extend to a lawyer who is approached by a represented person who merely wants a second opinion, or who may be interested in hiring the lawyer in the matter, because the lawyer does not represent anyone in the matter other than the person seeking the second opinion.

Other states analyzing this issue have reached the same conclusion. Kentucky Ethics Opinion E-325 (lawyer may give second opinion to person represented by counsel, but should not interfere with the existing attorney-client relationship or solicit the represented person during the consultation); Michigan Ethics Opinion CI-883 (lawyer may give second opinion to represented person, is not required to determine the identity of the person's current counsel



except to discover if a conflict exists, and should not disclose the consultation with the current counsel unless the represented person consents); Oregon Formal Ethics Opinion 1991-81 (lawyer can give second opinion to represented person at the person's request, and may not disclose to the person's current counsel that the request was made without the person's consent); Philadelphia Ethics Opinion 91-32 (lawyer does not violate any rule by consulting with prospective client who is already represented by counsel); South Carolina Ethics Opinion 97-07 (lawyer may discuss a case with a person represented by counsel, but should advise the person whether the attorney will be able to give a competent second opinion without discussing the matter with the person's current counsel); Utah Ethics Opinion 110 (lawyer may give a second opinion to a person represented by counsel, but should not interfere in the existing attorney-client relationship and should not solicit the represented person).

Some states that have examined this issue have concluded that clients should be able to consult with as many attorneys as they wish, and to choose which attorney they would like to represent them on a given matter. Philadelphia Bar Ethics Opinion 91-32; Michigan Ethics Opinion CI-883. A client's ability to choose a new lawyer would be impaired if lawyers were prohibited from discussing, at the prospective client's request, aspects of the case, including what services the consulted lawyer could provide.

The committee therefore concludes that a lawyer may provide a second opinion to a person who is represented by counsel at the person's request. In providing the second opinion, the lawyer must give competent advice, and in doing so should carefully consider any limitations with which the lawyer is faced. Rule 4-1.1, Rules Regulating The Florida Bar. The lawyer should scrupulously avoid improperly soliciting the person. The lawyer may discuss what services the lawyer would be able to provide if the represented person requests not merely a second opinion, but also information about the lawyer's availability and qualifications. Whether or not particular communications between the lawyer and the represented person might be considered tortious interference with an existing lawyer-client relationship is a legal question, outside the scope of an ethics opinion.