# EXHIBIT 12



Follow us on: 🐦 f in



# Ethics Opinions

Opinion 2004-1
(February 2004)

From time to time the inquirer's office is contacted by a prospective client, whether directly or through referral counsel, because of the client's dissatisfaction with his/her current attorney. The inquirer's general practice has been to meet with the client for the limited purpose of examining the points of dissatisfaction, and then to call the attorney and tell him that the client is in the inquirer's office and to discuss possible ways of resolution. The inquirer states that only if there appears to be no chance at reconciliation would his office then consider representing that client.

The inquirer asks for guidance as to the following questions:

1. If a client comes to the inquirer while already represented by counsel, does the inquirer have any obligation to notify existing counsel either before or during the meeting with the client?

Answer: The Pennsylvania Rules of Professional Conduct (the "Rules") place the inquirer under no obligation to so notify the client's current counsel. Indeed, were the inquirer to take such action without the appropriate disclosures to, and approvals from, the potential client, the inquirer would be committing a violation of the confidentiality provisions of Rule 1.6.

2. Does the inquirer have any obligation to attempt to work out the problem between the client and the attorney?

Answer: There is no such obligation imposed by the Rules.

3. If the client decides to retain the inquirer's office, can the inquirer take on the representation while the client is still represented by his current counsel? If not, can the inquirer prepare the letter of termination, addressed to that counsel, and have the client sign a representation agreement with the inquirer's office at the same time?

Answer: As to the first question, whether the inquirer can accept the representation prior to the client's termination of current counsel, there is no ethical prohibition to an attorney accepting the position as substitute counsel on behalf of a client who is dissatisfied with his then-current counsel. In discharging the inquirer's obligations under Rule 1.1 (Competence) and Rule 1.4 (Communication), the Committee recommends that the inquirer have a thorough discussion with the client about the potentials for a fee and/or cost claim by the discharged attorney, and how such a claim, if made, might affect the inquirer's representation of that client and/or the client's ultimate distribution, if there is any recovery in the client's case.

As to the second question, about the logistics of the inquirer's engagement letter and the termination of prior counsel, there are no ethical prohibitions to the inquirer's assisting the client in preparing a letter terminating prior counsel and sending it to that lawyer on the inquirer's new client's behalf. The Committee feels that the discharge of the prior attorney, and the engagement of the new attorney, can happen contemporaneously, and that notice of this change should be given to the prior attorney as quickly as possible, in order to best serve the client's interest in a smooth transition.

It is important to note that the Committee's opinion is limited to the impact of any applicable Rules on the situation that is described in the inquirer's written guidance request. The Committee has rendered no opinion on any question of substantive law, but recommends that the inquirer do the appropriate research into issues such as claims for intentional interference with contractual relations, since there may be substantive law claims that could arise as a result of the situation described in the inquiry.

The Philadelphia Bar Association's Professional Guidance Committee provides, upon request, advice for lawyers facing or anticipating facing ethical dilemmas. Advice is based on the consideration of the facts of the particular inquirer's situation and the Rules of Professional Conduct as promulgated by the Supreme Court of Pennsylvania. The Committee's opinions are advisory only and are based upon the facts set forth. The opinions are not binding upon the Disciplinary Board of the Supreme Court of Pennsylvania or any other Court. They carry only such weight as an appropriate reviewing authority may choose to give it.

© 2020 Philadelphia Bar Association. All Rights Reserved.
1101 Market Street, 11th Floor • Philadelphia, PA 19107 • Phone: (215) 238-6300 • Fax: (215) 238-1159