**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE ETHIOPIAN AIRLINES ) | |
| FLIGHT ET 302 CRASH, ) | |
| ) | |
| Plaintiffs, ) | Case No. 19-cv-2170 |
| ) | |
| v. ) | Hon. Jorge L. Alonso |
| ) | |
| THE BOEING COMPANY, ) | |
| ROSEMOUNT AEROSPACE, and ) | |
| ROCKWELL COLLINS, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs' attorneys' motions [929, 1053] for entry of an order to show cause are denied. The restrictions imposed on respondents Manuel von Ribbeck and Monica R. Kelly Wood-Prince by the Court's March 18, 2021 order [1063] are hereby lifted. Respondents' motion [1151] to clarify is denied as moot, and the motion hearing set for June 15, 2021 is stricken.

**STATEMENT**

On February 23, 2021, the plaintiffs' executive committee (the "movants"), a group of

plaintiffs' attorneys charged with preparing documents on behalf of plaintiffs (*see* Docket [426]),

filed a motion for entry of an order to show cause. Movants complained that two attorneys,

Manuel von Ribbeck and Monica R. Kelly Wood-Prince ("respondents"), had violated Rule 4.2

of the ABA Model Rules of Professional Conduct by communicating with represented parties.[1]

---

[1] Local Rule 83.50 states that the "[a]pplicable disciplinary rules are the Model Rules adopted by the American Bar Association." Local Rule 83.50. Model Rule 4.2 states:

> In representing a client, a lawyer shall not communicate about the subject of the
> representation with a person the lawyer knows to be represented by another
> lawyer in the matter, unless the lawyer has the consent of the other lawyer or is
> authorized to do so by law or a court order.

In essence, movants are concerned that respondents may be using third parties in an attempt to poach their clients.

On March 15, 2021, the movants filed a supplement requesting, among other things: (1) "that this Court initiate a formal investigation against Respondents to determine the extent of Respondents' actions and what communications have been made to Movant's clients[;]" and (2) that the Court sanction respondents for violating Rules 4.2 and 7.3 of the ABA Model Rules of Professional Conduct. [Docket 1053 at 3]. Movants fear the respondents are attempting "to line [their] pockets at Plaintiffs' expense." [Docket 1053 at 10].

Movants' request that this Court initiate an investigation is untenable. Although places exist on this planet where a single person acts as investigator, prosecutor and judge, the United States of America is not one of those places. *See In re: United States*, 345 F.3d 450, 452 (7th Cir. 2003) ("[I]n our system of criminal justice, unlike that of some foreign nations, the authorized powers of federal judges do not include the power to prosecute crimes."). Our system is adversarial. *See United States v. Sineneng-Smith*, __ U.S. __, __, 140 S.Ct. 1575, 1579 ("In our adversarial system of adjudication, we follow the principle of party presentation."). "What makes a system adversarial rather than inquisitorial is . . . the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n. 2 (1991). In the United States, we separate powers in order to protect liberty. *See In re United States*, 345 F.3d at 454 ("[T]he plenary prosecutorial power of the executive

---

ABA Model Rule 4.2. "In interpreting the Rules of Professional Conduct, federal courts may rely on the specific guidance offered in the commentary." *Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017). Comment 4 to Model Rule 4.2 states, among other things, "Nor does this Rule preclude communication with a represented person who is seeking advice from a lawyer who is not otherwise representing a client in the matter."

branch safeguards liberty, for, in conjunction with the plenary legislative power of Congress, it assures that no one can be convicted of a crime without the concurrence of all three branches . . . When a judge assumes the power to prosecute, the number shrinks to two."). This is no less true in civil proceedings. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("In our adversary system, in both civil and criminal cases, . . . we rely on the parties to frame issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). In this adversarial system, individuals pursue their own causes of action (with or without the help of chosen counsel) by investigating the facts, filing complaints, discovering evidence, filing motions and trying cases. A court does not take those actions on behalf of plaintiffs or defendants, and this Court will not exceed its Article III power by granting movants' request that the Court investigate the alleged rule violations.[2]

That is not to deny this Court's inherent authority to discipline attorneys appearing before it. The Supreme Court has described the authority:

> It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.' For this reason, 'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.' These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

---

[2] At the March 18, 2021 hearing, plaintiffs' counsel reiterated that they want "an order . . . [that] there be an investigation." [Docket 1136 at 7]. Counsel suggested "some type of special master or an individual who could be assigned to conduct the investigation on behalf of the court[.]" [Docket 1136 at 7-8]. This, too, would be untenable under our Constitution. A "special master" is "a judge's delegate," *Birchmeier v. Caribbean Cruise Line, Inc.*, 840 Fed. Appx. 34, 35 (7th Cir. 2021), and it is axiomatic that an Article III court cannot delegate a power it does not have, *see Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698, 712 (7th Cir. 1984).

            Prior cases have outlined the scope of the inherent power of the federal courts.  For example, the Court has held that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it.  See *Ex parte Burr*, 9 Wheat. 529, 531, 6 L.Ed. 152 (1824).

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted).

        To that end, this district has named the Executive Committee of the Northern District of Illinois as "the disciplinary committee of the Court."  Local Rule 83.25(b).  The Northern District has promulgated Local Rules for complaints of attorney misconduct, and these movants remain free to file a complaint with the Chief Judge.  *See* Local Rule 83.28(a) ("Any complaint of misconduct shall be filed with the chief judge.  The complaint may be in the form of a letter.").[3]

        Those Local Rules do not limit this Court's inherent authority to control its proceedings.  Local Rule 83.25(c).  Nonetheless, as the Supreme Court said nearly 200 years ago, this Court's inherent authority must "be exercised with great caution."  *Ex parte Burr*, 22 U.S. 529, 531 (1824); *see also Chambers*, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

        This Court will limit its exercise of that authority to issues that interfere with its ability to adjudicate a case.  This Court has a significant interest in Model Rule 4.2 as it relates to communication between counsel and an *opposing* represented party, i.e., between defense counsel and a represented plaintiff or between plaintiffs' counsel and a represented defendant.  The Court does not want a "professionally trained lawyer" to have an opportunity "to win, or in the extreme case coerce, damaging concessions from the unshielded layman."  *In re Air Crash Disaster Near Roselawn, Ind. on October 31, 1994*, 909 F. Supp. 1116, 1121 (N.D. Ill. 1995)

---

[3] At the March 18, 2021 hearing, plaintiffs' counsel denied wanting a referral to the Executive Committee.  [Docket 1136 at 7].

(citation omitted). Thus, this Court would not tolerate plaintiffs' counsel's communicating *ex parte* with Boeing's represented employees, and this Court would not tolerate Boeing's counsel's communicating *ex parte* with represented plaintiffs. *See, e.g., Weibrecht v. Southern Ill. Transfer, Inc.*, 241 F.3d 875 (7th Cir. 2001); *In re Air Crash Disaster*, 909 F. Supp. 1116. No such conduct is alleged here.

The conduct alleged here is not one party's counsel communicating with an *opposing* represented party. The conduct alleged here is that two attorneys may be attempting to poach other attorneys' clients. This Court, however, has no interest in any party's choice of counsel. *See Schmude v. Sheehan*, 420 F.3d 645, 650 (7th Cir. 2005) ("a state or federal court has no interest in whom a private party selects as counsel, provided he is a licensed attorney"). "Under Illinois law, a client may discharge his attorney at any time, with or without cause." *Rhoades v. Norfolk & Western Railway Co.*, 78 Ill.2d 217, 227-28 (Ill. 1979) (citations omitted). That is why a previously-signed contingency agreement is no longer enforceable after an attorney is discharged. *Rhoades*, 78 Ill.2d at 229-30. This Court has no interest in protecting a party's current counsel from competition. The Court will not exercise its inherent authority in the manner requested by movants.[4]

The motions [929, 1053] are denied. Movants remain free to file a complaint with the Chief Judge or with the Attorney Registration and Disciplinary Commission.

---

[4] Respondents should not interpret this order as an endorsement of their behavior. The Court makes no findings as to whether their conduct violated any rule of professional conduct.

For these reasons, the restrictions imposed on respondents by the Court's March 18, 2021 order [Docket 1063] are hereby lifted.  Accordingly, respondents' motion [1151] to clarify is denied as moot.

SO ORDERED.                                    ENTERED:   June 3, 2021

_____
JORGE L. ALONSO
United States District Judge