IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) <br><br> Honorable Jorge L. Alonso <br><br> Magistrate Judge M. David Weisman |

## JOINT STATUS REPORT

### I. Litigation Status

Since the parties were last before the Court, they have entered into a stipulation regarding certain aspects of this litigation. (*See* Dkt. #1217.1). Judge Alonso entered an order approving this stipulation between the parties. (*See* Dkt. #1220).

Among other things, and for purposes of discovery issues going forward, the stipulation provides as follows:
"Any trial in this matter between Boeing and any individual Plaintiff shall be limited to the issue of compensatory damages [….] It is agreed and stipulated that the parties will be permitted to introduce all relevant and admissible evidence at trial regarding the decedents and their beneficiaries' alleged compensatory damages. This may include evidence of economic and non-economic damages for the beneficiaries as well as the pre-impact, pre-death pain and suffering and emotional distress of the decedent as permitted under Illinois law. The parties agree that damages discovery will continue after this stipulation is executed and entered the parties will have a right to discovery including discovery propounded on third parties regarding issues relevant to wrongful death the images and survival damages. The parties are in no way giving up the right to discovery related to compensatory damages." (*See* Dkt. #1217.1 at 5).

The stipulation applies to all but two cases, which have abstained.

### II. Discovery Status

**A. Written discovery sought by Plaintiffs from Boeing:**

On June 18, 2020 this Court ordered that Plaintiffs serve all Requests for Production no later than July 10, 2020 and that additional requests to produce from Plaintiffs would be issued "either by leave of Court or with the agreement of the parties." June 18, 2020 Tr., ECF No. 819 at 24:4-8. The Court explained that this was to avoid the unnecessary expense of "piecemeal discovery," and because "plaintiffs are well aware of the main issues that they need to further their case." *Id.* at 24:21-23, 25:12-17. In addition, the Court specifically noted that it was setting the deadline for Plaintiffs to serve Requests for Production to avoid later service by Plaintiffs of

1

document requests with "different search terms necessarily, different custodians, etc." *Id.* at 24:15-16.

Pursuant to the stipulation between the parties, Plaintiffs informed Boeing of their intent to issue 22 requests to produce to Boeing related to the issue of compensatory damages. After the parties conferred on this subject, Plaintiffs reduced these proposed requests to 14. However, the parties continue to disagree about the scope and relevance of the proposed requests and have not agreed on their issuance.

Therefore, per the Court's order and in accordance with the stipulation, Plaintiffs request this Court grant them leave to issue limited written discovery on the issue of compensatory damages. Plaintiffs understand Boeing may make substantive objections to the requests and will continue to confer on that issue.

Boeing respectfully requests that the Court refrain from granting Plaintiffs' request to issue additional requests for production. Boeing notes that Plaintiffs are asking the Court to grant them leave to issue requests for production without presenting those requests to the Court, without articulating good cause for the issuance of the requests, and without providing the context of the parties' discussions regarding the issuance of these requests. Multiple of Plaintiffs' proposed additional requests seek documents regarding "all Boeing Commercial Airplane products" for a time period "within the last 30 years." Not only are such requests extremely overbroad, they also address subjects Plaintiffs were well aware of in July 2020 and could have included in the RFPs Plaintiffs served at the time, as ordered by the Court. Responding to Plaintiffs' proposed new requests would require Boeing to engage in another large document collection and review project requiring additional search terms and additional custodians beyond those used in the TAR project that Boeing recently concluded, having produced over 3 million pages of documents.

Moreover, Boeing has already said that it will produce documents in response to 7 of Plaintiffs' 14 proposed requests and has attempted to confer with Plaintiffs about narrowing the scope of the additional 7 requests such that Boeing could consent to their issuance. Boeing remains willing to confer with Plaintiffs about these issues. To the extent that this issue is ripe for Court intervention, Boeing requests that the parties have the opportunity to brief the issue of whether Plaintiffs have good cause to issue the requests.

Plaintiffs also intend to issue limited interrogatories related to compensatory damages.

**B. Other discovery sought by Plaintiffs from Boeing**

Plaintiffs intend to notice the depositions of Boeing personnel with regard to the issue of compensatory damages.

Plaintiffs requested an inspection of an exemplar 737 MAX aircraft. Boeing objected on several grounds, including that the burden of the inspection would outweigh any benefits, but has produced 3D renderings that Boeing believes provide the information sought by Plaintiffs' request to scan the cabin of an exemplar aircraft. Plaintiffs will review these renderings and will make an effort to reduce the scope of the physical inspection they are requesting.

### C. Discovery sought by Boeing from Plaintiffs

Plaintiffs continue to supplement their individual responses to discovery issued by Boeing and to respond to discovery deficiency letters issued by Boeing. Boeing has not received any discovery responses from Plaintiffs in approximately 10 cases.

### III. Mediations

The parties continue to participate in mediation of their claims. Two mediations have gone forward since the last status conference. 11 mediations are scheduled through mid-January. The parties are working to schedule additional mediations in early 2022.

Dated: December 17, 2021

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Robert A. Clifford | Dan K. Webb |
| *rac@cliffordlaw.com* | *dwebb@winston.com* |
| Kevin P. Durkin | Christopher B. Essig |
| *kpd@cliffordlaw.com* | *cessig@winston.com* |
| Tracy A. Brammeier | Julia Mano Johnson |
| *tab@cliffordlaw.com* | *jmjohnson@winston.com* |
| John V. Kalantzis | WINSTON & STRAWN LLP |
| *jvk@cliffordlaw.com* | 35 W. Wacker Dr. |
| CLIFFORD LAW OFFICES, P C. | Chicago, Illinois 60601 |
| 120 N. LaSalle Street | (312) 588-5600 |
| 36th Floor | |
| Chicago, Illinois 60602 | Mack H. Shultz, Jr. |
| (312) 899-9090 | *MShultz@perkinscoie.com* |
| | Bruce D. Campbell |
| Justin T. Green | *BCampbell@perkinscoie.com* |
| Anthony Tarricone | Michael Scoville |
| Brian J. Alexander | *MScoville@perkinscoie.com* |
| Daniel O. Rose | Christopher M. Ledford |
| Megan W. Benett | *CLedford@perkinscoie.com* |
| Andrew J. Maloney III | PERKINS COIE LLP |
| Erin R. Applebaum | 1201 Third Avenue Suite 4900 |
| KREINDLER & KREINDLER LLP | Seattle, Washington 98101-3099 |
| 485 Lexington Avenue | 206-359-8000 |
| 28th Floor | |
| New York, NY 10017-5590 | Jonathan R. Buck |
| | *jbuck@perkinscoie.com* |
| Steven C. Marks | Daniel T. Burley |
| Ricardo M. Martinez-Cid | *dburley@perkinscoie.com* |
| Kristina M. Infante | PERKINS COIE LLP |
| PODHURST ORSECK, P.A. | 131 South Dearborn St. |
| | Suite 1700 Chicago, IL 60603 |

| | |
|---|---|
| SunTrust International Center, Suite 2300<br>One S.E. Third Avenue<br>Miami, Florida 33131<br>**On behalf of all Plaintiffs** | 312-324-8400<br>**Attorneys for The Boeing Company** |
| | Garrett Joseph Fitzpatrick<br>garrett.fitzpatrick@fitzhunt.com<br>FITZPATRICK & HUNT, PAGANO, AUBERT, LLP<br>12 E. 49th Street<br>31st Floor<br>NY, NY 10017<br>212-937-4002<br><br>Nicholas C. Bart<br>*nick.bart@fitzhunt.com*<br>Shane B. Nichols<br>*Shane.nichols@fitzhunt.com*<br>FITZPATRICK & HUNT, PAGANO, AUBERT, LLP<br>20 S. Clark St.<br>Suite 2620 Chicago, IL 60603<br>312-728-4902<br>**Attorneys for Rosemount Aerospace, Inc.** |