IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge M. David Weisman |

**JOINT STATUS REPORT**

**I.    Discovery Common to All Cases**

The parties are completing fact discovery common to all cases in accordance with the schedule set by the Court, with the deposition of Boeing employee Richard Anderson to proceed this month, which will conclude common fact witness discovery. Likewise, Plaintiffs will disclose expert witness reports common to all cases on September 22, 2022.

**II.    Case-specific discovery**.

Pursuant to Judge Alonso's instruction, Plaintiffs created a pool of 50 potential trial cases. On September 9, 2022, Boeing will identify one case from each of the four categories of cases in this pool (four cases total) to be set for trials on March 20, 2023, and June 5, 2023. Boeing also will identify three back-up cases from each of the four categories (a total of 12 backup cases), should the trial-set cases be resolved prior to trial. Judge Alonso indicated additional trials will be set for November 2023 and early 2024. The parties disagree about the appropriate procedure for case-specific discovery.

*Plaintiffs' position:* Plaintiffs maintain the position they have previously presented to the Court, which is that near-term deposition activity should be focused on the cases in the trial pool they provided to Boeing. For other cases, the parties should also engage in depositions to preserve testimony where appropriate, such as where a witness is elderly, ill, or personal circumstances otherwise so require. Additionally, the parties must consider logistical efficiencies involved with travel, e.g., where a trial pool case requires travel to Addis Ababa, counsel should consider taking depositions in non-trial pool cases while in that location, where completing those depositions would assist the parties in advancing a case toward resolution.

Boeing's plan limiting discovery to the 16 cases set for trial would effectively result in 85% cases coming to a grinding halt. This is not a mass tort, where a single jury verdict for a particular injury can be applied to thousands of claimants. Rather, these are consolidated cases brought for 108 decedents, each with its own individual damages issues and concomitant verdict values. While Plaintiffs hope and believe that the initial verdicts will be instructive to the parties in their resolution discussions on other cases, it is apparent that the other cases need to continue making progress toward their own trials, so the parties and this Court are not left scrambling to catch up with neglected discovery after the first round of trials is complete.

Additionally, any claims of burden on Boeing or this Court ring hollow. Boeing unquestionably has the resources to conduct discovery on all 108 decedents' cases at once, and this Court is capable of overseeing discovery in damages-only cases for far more than 16 decedents at a time. Plaintiffs' plan is a reasonable and manageable proposal to keep discovery focused principally on the 50 trial pool cases while still moving this consolidated litigation forward as a whole.

*Boeing's position*: Case-specific deposition discovery should only proceed in the 4 cases selected for trial and the 12 backup cases selected. The purpose of creating a pool of 16 cases is to allow the parties to focus on getting those cases ready for trial. This is consistent with the approach that courts typically take when setting test or Bellwether cases for trial. *See, e.g.*, *In re Zimmer Nexgen Knee Implant*, 2012 WL 12304161, ¶ 3 (contemplating only that "[c]ase-specific discovery on cases selected for the Case Pool will commence" following the selection of cases for trial); *In re Yasmin and Yaz*, 2010 WL 11228479, ¶ 10 (ruling only that "[d]iscovery in any case included in the bellwether discovery pool shall commence following the exchange of party selections on November 1, 2010.").

To the extent that Plaintiffs identify specific witnesses in non-trial set cases whose testimony may be lost if not taken in the near-term (for example, due to illness or death) Boeing is willing to meet and confer with Plaintiffs about depositions due to such extenuating circumstances. It is also not clear at this time how significant this dispute will be as a practical matter: Plaintiffs do not yet know which 16 cases Boeing will identify for the trial pool, and Boeing does not yet know if Plaintiffs will wish to take depositions in cases in addition to the 16 cases selected for trial. Consistent with Plaintiffs' suggestion to Judge Alonso, Boeing believes that if a dispute arises about specific depositions, the parties should first meet and confer about those depositions and only bring the issue to Your Honor if necessary. (8/5/22 Tr. at 30).

If Plaintiffs also take numerous depositions in additional cases at their sole discretion and for any reason of their choosing, it will detract from (i) the parties' focus on the cases set for trial and (ii) the parties' settlement efforts in those cases not set for trial. To date, there have been 28 depositions of Plaintiffs' witnesses – none of whom have been the primary beneficiaries – taken

in 10 cases. If depositions are allowed to continue in Plaintiffs' list of 50 cases, plus additional cases at Plaintiffs' discretion, the parties may end up taking 500 depositions – or more – based on the number of damages witnesses the Plaintiffs have disclosed.

### III. Settlement Status

The parties have continued to work towards resolving those cases that are ripe for mediation or direct settlement negotiations and have reached 13 additional settlements in principle since the parties were last before this Court. Additional mediations are scheduled for later this month and the parties will continue to schedule additional mediation dates.

Dated: September 8, 2022

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Robert A. Clifford | Dan K. Webb |
| *rac@cliffordlaw.com* | *dwebb@winston.com* |
| Kevin P. Durkin | Christopher B. Essig |
| *kpd@cliffordlaw.com* | *cessig@winston.com* |
| Tracy A. Brammeier | Julia Mano Johnson |
| *tab@cliffordlaw.com* | *jmjohnson@winston.com* |
| John V. Kalantzis | WINSTON & STRAWN LLP |
| *jvk@cliffordlaw.com* | 35 W. Wacker Dr. |
| CLIFFORD LAW OFFICES, P C. | Chicago, Illinois 60601 |
| 120 N. LaSalle Street | (312) 588-5600 |
| 36th Floor | |
| Chicago, Illinois 60602 | Mack H. Shultz, Jr. |
| (312) 899-9090 | *MShultz@perkinscoie.com* |
| | Michael Scoville |
| Justin T. Green | *MScoville@perkinscoie.com* |
| Anthony Tarricone | Christopher M. Ledford |
| Brian J. Alexander | *CLedford@perkinscoie.com* |
| Daniel O. Rose | PERKINS COIE LLP |
| Megan W. Benett | 1201 Third Avenue Suite 4900 |
| Andrew J. Maloney III | Seattle, Washington 98101-3099 |
| Erin R. Applebaum | 206-359-8000 |
| KREINDLER & KREINDLER LLP | |
| 485 Lexington Avenue | |
| 28th Floor | |
| New York, NY 10017-5590 | |

| | |
|---|---|
| Steven C. Marks<br>Ricardo M. Martinez-Cid<br>Kristina M. Infante<br>PODHURST ORSECK, P.A.<br>SunTrust International Center, Suite 2300<br>One S.E. Third Avenue<br>Miami, Florida 33131<br>**On behalf of all Plaintiffs** | Jonathan R. Buck<br>*jbuck@perkinscoie.com*<br>Daniel T. Burley<br>*dburley@perkinscoie.com*<br>PERKINS COIE LLP<br>131 South Dearborn St.<br> Suite 1700 Chicago, IL 60603<br>312-324-8400<br>**Attorneys for The Boeing Company** |
| | Garrett Joseph Fitzpatrick<br>garrett.fitzpatrick@fitzhunt.com<br>FITZPATRICK & HUNT, PAGANO, AUBERT, LLP<br>12 E. 49th Street<br>31st Floor<br>NY, NY 10017<br>212-937-4002<br><br>Nicholas C. Bart<br>*nick.bart@fitzhunt.com*<br>Shane B. Nichols *Shane.nichols@fitzhunt.com*<br>FITZPATRICK & HUNT, PAGANO, AUBERT, LLP<br>20 S. Clark St.<br>Suite 2620 Chicago, IL 60603<br>312-728-4902<br>**Attorneys for Rosemount Aerospace, Inc.** |