**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) <br><br> Honorable Jorge L. Alonso <br><br> Magistrate Judge M. David Weisman |

**MOTION TO ENJOIN BOEING FROM CHALLENGING THE LEGAL VIABILITY OF PLAINTIFFS' RECOVERY FOR EMOTIONAL DISTRESS DAMAGES IN THE SURVIVAL ACTION AS VIOLATIVE OF THE STIPULATION EXECUTED BY THE PARTIES AND CONTRARY TO ILLINOIS LAW**

The Plaintiffs' Executive Committee ("PEC"), through undersigned counsel moves this Court to enjoin Boeing from challenging the legal viability of Plaintiffs' recovery for emotional distress damages in the survival action, as asserted in Boeing's Motion to Exclude Opinions of Plaintiffs' Expert Vickie Norton, on the basis that Boeing's assertion violates the Stipulation executed by the parties and approved by this Court, and is otherwise contrary to Illinois law. In support, PEC states the following:

1. On February 8, 2023, Boeing filed a Motion to Exclude Opinions of Plaintiffs' Expert Vickie Norton. In that motion, Boeing acknowledged that this Court should apply a three-factor test of qualifications and methods to determine the admissibility of Captain Norton's testimony that included: "(1) an analysis of the proposed expert's qualifications; (2) an analysis of the proposed expert's methodology; and (3) a determination that the expected testimony will help the trier of fact. *Gopalratnam*, 877 F.3d at 779." (Ex. A, Norton Mtn. at 3). Boeing challenged Captain Norton's testimony on the basis of this three-factor test, and additionally asserted that her testimony was inadmissible because it was not relevant. (Ex. A, at 11).

2. Boeing asserted that: "Captain Norton's opinion regarding the passengers' mental states would not help the jury determine an issue in this case because damages for pre-impact

1

anxiety and fear are not recoverable under Illinois law. Under Illinois law, a plaintiff can only recover for the "fright and terror" of the decedent if it is caused by a preceding physical injury. *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 507 F. Supp. 21, 23 (N.D. Ill. 1980)." (Ex. A at 13). Boeing emphasized that in *In re Air Crash Disaster Near Chicago*, *supra* at 24, the court concluded "Given the Illinois courts' previous refusal to recognize claims for damages based on the plaintiff's fear or apprehension of danger … we believe that at present Illinois would not allow the plaintiff to maintain a claim for her daughter's alleged fright and terror prior to the crash."

3. Boeing's assertion that PEC should not be permitted to present Captain Norton's testimony because Illinois law prohibits recovery for "fright and terror" if not proceeded by physical injury represents a glaring departure from the Stipulation that was executed by the parties and approved by this Court. The clear language of Stipulation unequivocally states that "Boeing … is liable to the estates … of the victims … for all compensatory damages …. including but not limited to pain and suffering and **emotional distress of the decedent**…" (Ex. B., at ¶ D.4). Boeing is liable because "[t]he defendant, Boeing has admitted that it produced an airplane that had an unsafe condition that was a proximate cause of Plaintiff's compensatory damages caused by [the ET 302 crash]." (Ex. B, at B. 23:01). Notwithstanding these provisions which Boeing negotiated and agreed to, and with trial rapidly approaching, Boeing has now mounted a surreptitious legal challenge to the recovery of emotional distress damages in the survival claim that is framed as a *Daubert* challenge to Captain Norton's testimony and is raised in the final paragraph of a motion brought pursuant to Federal Rule of Evidence 702.

4. Boeing should be enjoined from mounting this challenge because it is contrary to the agreement made in the Stipulation and it is also contrary to Illinois law which permits recovery

for pain and suffering and emotional distress, without any strict requirement for physical impact or injury, and recognizes that "the nature, extent, and duration of the injury" involve questions of fact to be decided by the jury. See IPI (CIVIL) 30.05, 30.05.01, 30.01.; see also *Jarka v. Yellow Cab Co.*, 265 Ill. App. 3d 366 (1st Dist. 1994); *Mike Young, Adm'r of the Est. of Rebecca R. Young, Claimant, v. State of Illinois, Respondent*, 71 Ill. Ct. Cl. 154, 167 (2018); *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1384 (7th Cir. 1993).

5. This Court should bar Boeing's improper legal challenge to the recovery of emotional distress damages in the survival action and consider Boeing's Motion to Exclude Captain Norton's opinions solely in the context of Rule 702 and *Daubert*. By Boeing's own admission, the only question properly before this Court with respect to Captain Norton's opinion testimony is whether Captain Norton possesses sufficient qualifications, conducted a sufficient analysis, and is otherwise able to provide testimony that will assist the jury in determining the nature and extent of the emotional distress and physical impact/injury the 157 decedents experienced prior to plummeting to their deaths. (Ex. A, at 3). Pursuant to the Stipulation executed by the parties and approved by this Court, the legal viability of recovery for emotional distress damages in the survival claim has already been agreed to and needs not to be revisited in the context of a Rule 702/*Daubert* analysis.

6. The stipulation included the following agreement:

> ***Boeing agrees and stipulates***, for purposes of this case only, ***that it is liable to the estates***, survivors, dependents, and beneficiaries of the victims of the Ethiopian Airlines Flight 302 accident for all compensatory damages resulting from the deaths of Plaintiffs' decedents. (Ex. B, Stipulation, at ¶ A.1.) (Emphasis added).

Boeing's acceptance of liability to the decedents' estates is necessarily premised on its stipulated agreement that the decedents have colorable claims for recovery of emotional distress damages in the survival claim. As a matter of law, it is only the decedent's estate that can bring such a claim.

3

7. The stipulation included additional agreements:

The parties have stipulated and agreed that each and **every Plaintiff is entitled to recover**, whether by voluntary settlement or trial, **the full measure of damages permitted under Illinois law and pursuant to the elements of recoverable damages under Illinois law— including** but not limited to loss of economic support; loss of services; loss of society; grief, sorrow, and mental suffering of the decedents' next of kin; loss of consortium, loss of instruction, moral training and superintendence; burial expense; **pain and suffering and emotional distress of the decedent**; and all other damages recognized by Illinois law— regardless of citizenship, residency, domicile or nationality of any Plaintiff or decedent. The parties further agree that the Court shall instruct the jury accordingly pursuant to Illinois law, and as to each Plaintiff's wrongful *death* and *survival damages*, **and shall specifically instruct the jury pursuant to Chapters 30 and 31 of the Illinois Pattern Jury Instructions**. (Ex. B at ¶ B.1.) (Emphasis added).

\* \* \* \*

The jury shall be instructed that Boeing admits liability for the Plaintiffs' compensatory damages proximately caused by the Ethiopian Airlines Flight 302 accident, and **the jury's role is limited to fixing the amount of money that will fairly and reasonably compensate** the beneficiaries and **the estate in accordance with Chapters 30 and 31 of the Illinois Pattern Jury Instructions**. (Ex. B at ¶ D.3.).

8. Chapter 30 provides damages instructions for survival actions and Chapter 31 provides damages instructions for wrongful death actions. Boeing agreed that the survival and wrongful death damages instructions set forth in Chapters 30 and 31 are applicable to this case, and the jury "**shall**" be so instructed.

9. The stipulation included the following agreements:

It is agreed and stipulated that the parties **will be permitted** to introduce all relevant and admissible evidence at trial regarding **the decedents** and their beneficiaries' alleged compensatory damages. **This may include evidence of** economic and non-economic damages for the beneficiaries as well as **the pre-impact, pre-death pain and suffering and emotional distress of the decedent** as permitted under Illinois law. (Ex. B., at ¶ D.4.) (Emphasis added).

\* \* \* \*

4

The history of the flight and the aircraft's movements will be described to you through expert testimony at our upcoming trial. (Ex. B at ¶ A.2.).

\* \* \* \*

It is understood that the PECs intend to present an animation of the accident flight, ***with both interior and exterior views, to the jury.*** The animation may include, but need not be limited to, the Flight Data Recorder data and any animation produced by Boeing. (Ex. B at ¶ D.4.). (emphasis added).

10. Boeing agreed that evidence of the passengers' experience on the aircraft is relevant and admissible and explicitly stipulated to the legitimacy of the claims that were alleged, and thus the nature and extent of the damages would be presented as a question of fact for the jury, by each decedent's estate for (1) pain and suffering **and (2) emotional distress** prior to impact. These elements of damages are verbatim from the Illinois Pattern Jury Instructions. IPI (Civil) 30.05, 30.05.01, and the 30-series of jury instructions is directly referenced in the Stipulation, demonstrating Boeing's agreement and understanding that PEC would be entitled to seek damages for pain and suffering and emotional distress. PEC, in turn, gave up the right to assert choice of law arguments that would have permitted it to seek punitive damages against Boeing for knowingly permitting a defective aircraft to operative even after an identical aircraft crashed due to that defect. PEC also gave up the right to pursue other causes of action, including those contemplating recovery for emotional distress. As Boeing has repeatedly acknowledged in open court, "The stipulation, setting aside liability and going forward with focus on compensatory damages, was a huge issue that the parties spent months negotiating." (Ex. C, Transcript, 12-21-21, Weisman, p. 16 -17). The parties "spent months negotiating a complex stipulation that resolved liability and choice of law." (Ex. C, Transcript, 12-21-21, Weisman, p. 24-25). Clearly, Boeing knowingly and willingly entered into the Stipulation it now seeks to repudiate, and the Stipulation clearly contemplates compensatory damages pursuant to a survival action which, according to the

jury instructions referenced by the parties, includes damages for emotional distress. Boeing should be enjoined from asserting that the recovery of emotional distress damages in the survival action is now precluded as a matter of Illinois law. (Ex. A, at 13).

11. Boeing is injecting confusion and prejudice into these proceedings by raising a legal issue regarding the legal viability of the recovery of emotional distress damages in the survival action in the context of a relevancy argument wedged into a Rule 702/*Daubert* analysis. At this juncture, the parties should **only** be waging challenges that directly impact the presentation of proofs to the jury on one of the primary issues in dispute—the nature and extent of the pain and suffering and emotional distress experienced by the decedents in this case. And this Court should **only** be tasked with determining whether the expert witnesses presented by PEC—Captain Norton and others—have the qualifications and have conducted the requisite analyses necessary to provide helpful testimony to the jury on the nature and extent of the emotional distress and physical impact or injuries suffered by the decedents before their deaths. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592–93 (1993).

12. Notably, in *In re Air Crash Disaster Near Chicago*, 507 F. Supp. at 22, which Boeing relies upon to support its challenge to the recovery of emotional distress damages in the survival action, the parties also entered into a stipulation regarding liability. However, in that case, the defendant "repeatedly stated that they were reserving the right to contest the standing of individual plaintiffs, the existence of causes of action or damage claims, and similar legal issues." The court noted that the "primary purpose" of the stipulation was "to remove questions of liability under the wrongful death statutes in exchange for a waiver of a claim for punitive damages." With respect to damages related to pain and suffering, the court stated that "[n]o party ever indicated that it considered the stipulation a waiver of claims for compensatory damages or conversely of

objections to such claims" and found that the stipulation was "clear" that it did not preclude the defendants' objections to those claims. The case before this court is inapposite. Based upon the plain language of the Stipulation, it is **clear** that its "primary purpose" was to remove questions of liability under **both** the wrongful death and survival actions, and Boeing **never** reserved its right to contest that legal issue.

13. It is well settled that stipulations and admissions are generally binding on the parties and the Court unless it would be manifestly unjust to enforce the stipulation, or the stipulation was made on the basis of a legal or factual error. *Pittman by Hamilton v. County of Madison, Illinois*, 863 F. 3d 734, 736 (2017). It would be manifestly unjust to permit Boeing to defy the stipulation into which it freely entered. To the extent that Boeing cites to *In re Air Crash Disaster Near Chicago* to signal that it is not bound by the Stipulation related to the emotional distress damages available in the survival claim because the agreement is contrary to fact and Illinois law, its argument is baseless and should be enjoined.

14. Defendant supports its challenge to the recovery of emotional distress damages in the survival claim with one citation to authority, *In re Air Crash Disaster Near Chicago, supra*: a non-binding and factually distinguishable 1980 decision where the district court speculated that Illinois courts would not recognize an eventual crash as impact/injury sufficient to support a claim for emotional distress, reasoning that an impact/injury must precede the emotional harm. The court in *In re Air Crash* conceded that "[n]o Illinois court has directly discussed this issue" and that it simply did not "believe that at present" Illinois would allow plaintiff to recover for emotional distress preceding injury. *Id*. at 24. However, in the 42 years since that decision, not only has no Illinois court adopted this ruling, the courts have gone the other way. **No Illinois court has rejected a plaintiff's emotional distress claim on the grounds that the emotional distress**

7

**occurred before impact or injury**. The speculative presumption articulated in *In re Air Crash* was wholly rebutted by Illinois state court jurisprudence, which controls, in *Jarka v. Yellow Cab Co.*, *supra*, a highly instructive case that mandates rejection of Boeing's assertion that emotional distress damages are not warranted in this case.

15. In *Jarka*, the decedent and his wife were unceremoniously ejected from a cab, and the decedent was emotionally distressed as his wife removed their luggage from the vehicle with the cab driver cursing and screaming at her. The decedent's emotional distress increased as the cab drove away with the decedent's wife still partially inside of it. The decedent reached for his wife's hand, staggered, fell backwards, hit his head on the ground, and later died as a result of a cardiac arrhythmia. On appeal, the defendant asserted that the plaintiff could not recover for the decedent's emotional distress because there was no evidence of a contemporaneous physical injury. The court rejected this assertion, noting that the "requirement that a direct victim incur a contemporaneous impact or suffer a contemporaneous physical injury is in the disjunctive. One or the other is required, not both." *Id*. at 372. The court also stated, *apropos* to the argument Boeing raises here, that:

> "Defendant's contention that plaintiff did not establish that decedent sustained a contemporaneous physical injury belies the common sense meaning of the record. …Notwithstanding the jury's finding that decedent suffered a physical injury and death, defendant argues that plaintiff failed to establish a physical injury. Implied in defendant's theory of the case is that notion that a search of the record would reveal that there is no evidence that defendant suffered a physical injury. To the contrary, there is ample evidence in the record that decedent suffered a physical injury. Those factors responding to decedent's besieged heart constitute a physical injury resulting in decedent's death."

16. The jury in *Jarka* returned a verdict in the plaintiff's favor and the appellate court concluded that the jury's verdict should not be disturbed. *Id*. at 373. See also see also *Mike Young, Adm'r of the Est. of Rebecca R. Young, Claimant, v. State of Illinois, Respondent*, *supra* (holding that plaintiff satisfied impact rule and could recover pre-death emotional distress when

8

she lost control of her vehicle after driving through "standing water," which was a "condition caused by [defendant's] negligence," and died in a collision shortly after.); see also *Allen v. Otis Elevator Co., supra* (holding that there need be no causal connection between impact or injury and emotional distress); *Hankins v. Alpha Kappa Alpha Sorority, Inc.*, *supra*, (court upheld decedent's estate's survival claim, *inter alia*, for pre-suicide negligent infliction of emotional distress in the form of hazing inflicted by defendant sorority members, acknowledging that the decedent did suffer a variety of physical impacts and injuries during the hazing, but nevertheless focusing on the impact/injury of decedent's suicide, which occurred after decedent's emotional distress).

17. Boeing's assertion, made in the context of a Rule 702 motion challenging Captain Norton's testimony pursuant to *Daubert*, that the decedents did not sustain "a contemporaneous physical injury belies…common sense." And, like *Jarka*, here, "[t]o the contrary, there is ample evidence in the record that decedent suffered a physical injury." It is beyond dispute in this case that every passenger on Flight 302 certainly experienced significant "impact" before the flight crashed into the ground, and as *Jarka* acknowledged, evidence of an impact suffices to prove emotional distress damages. Just seconds into the flight, the nose of the plane pitched down when the aircraft should have been climbing resulting in the passengers experiencing approximately seven seconds of relative negative Gs. (Ex. D, Faaborg Report, p. 14; Ex E, Norton Report, p. 7.) The ET 302 passengers also experienced drops of 225 feet approximately four minutes before the crash, 370 feet approximately two and a half minutes before the crash, and 6000 feet for 24 seconds before the crash. All of these events constitute a compensable impact since the passengers would be experiencing significant pain, including emotional distress, as they were being thrown around the cabin and pushed by gravitational forces towards the ceiling at more than negative 2 $G_z$. The

9

passengers also would be experiencing significant tension from the seatbelt and almost certainly experiencing a painful compression of their hips and pelvis from the seatbelt at this point." (Ex. F, Jenkyn Report, at 21.)

18. A final impact/injury suffered by each passenger was the catastrophic collision with the ground at nearly 600 miles per hour at a 50-degree nose-down angle, clearly resulting in the type of physical injury the *Jarka* court astutely acknowledged as sufficient to warrant emotional distress damages. The harrowing circumstances of the flight itself during which every passenger surely understood that death was imminent serves as a guarantee of the genuineness of decedents' pain, suffering and emotional distress, which certainly are akin to the "factors responding to decedent's besieged heart" which "constitute a physical injury resulting in decedent's death." *Jarka*, at 383.

19. Several state and federal courts concur.[1] Notably, since *In Re Air Crash*, federal courts applying Illinois law have also adopted an expansive view of "contemporaneous impact/injury"—one that does not restrict the temporal lineup or causal nexus between the impact/injury and emotional distress, and certainly supports the PEC's position that plaintiffs here are entitled to emotional distress damages pursuant to their survival actions. In *Kapoulas v. Williams Ins. Agency, Inc.*, *supra at* 1384, the court interpreted "contemporaneous" to mean that "emotional distress must have been proximately related either to his injury or the impact of the accident." Additionally, in *Kapoulas*, the Seventh Circuit considered prior decisions, including *In*

---

[1] *Shu Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45, 53 (2d. Cir. 1984); *Hurst Aviation v. Junell*, 642 S.W.2d 856 (Tex. App. 1982); *Solomon v. Warren*, 540 F.2d 777, 793 (5th Cir. 1976) (applying Florida law); *Haley v. Pan American World Airways*, 746 F.2d 311 (5th Cir.1984); *In re Jacoby Airplane Crash Litigation*, Civ. No. 99–6073 (HAA), 2006 WL 3511162 (D.N.J. Dec. 5, 2006); *Feldman v. Allegheny Airlines, Inc.*, 382 F. Supp. 1271 (D. Conn.1974), aff'd in relevant part 524 F.2d 384 (2d Cir.1975) (applying Connecticut law); *Furumizo v. United States*, 245 F. Supp. 981 (D. Ha. 1965), aff'd, 381 F.2d 965 (9th Cir. 1967) (applying Hawaii law); *Platt v. McDonnell Douglas Corp.*, 554 F. Supp. 360 (E.D. Mich.1983) (applying Michigan law).

*re Air Crash*, and nevertheless concluded that "Illinois law does not require a causal nexus between emotional distress and a physical injury…" *Kapoulas*, *supra, at* 1385. In *Choi v. Chase Manhattan Mortgage Co.*, 63 F. Supp. 2d 874, 888 (N.D. Ill. 1999), the court cited approvingly to *Jarka*, noting that *Jarka* suggested "that courts should broadly consider the kind of physical impact that will suffice" when assessing emotional distress damages.

20. The Stipulation, combined with consideration of both the facts of this case and Illinois law, makes clear that Boeing cannot be absolved from the agreement into which it freely entered, and therefore, it should be enjoined from now challenging the legal viability of the parties' recovery for emotional distress damages in the survival claim. Boeing never reserved the right to wage this challenge to emotional distress damages and even if it held such a right, it was freely and deliberately negotiated away in the Stipulation. As part of the exchange for relief from any available punitive damages claims, Boeing agreed that Plaintiffs were entitled to compensation for decedents' emotional distress when it signed the Stipulation. Any arguments it now makes attempting to preclude the jury from hearing evidence or otherwise deciding the nature and extent of those damages must be enjoined.

## CONCLUSION

In conclusion, the PEC requests that this Court enter an order enjoining Boeing from challenging the legal viability of recovery for emotional distress damages in the survival action, and strike that argument as it is asserted in Boeing's Motion to Exclude Opinions of Plaintiffs' Expert Vickie Norton, on the basis that Boeing's assertion violates the Stipulation executed by the parties and approved by this Court, and is otherwise contrary to Illinois Law, and all other relief this Court deems just and appropriate.

Dated: February 16, 2023

<u>/s/Robert A. Clifford</u>
**On behalf of all Plaintiffs**

Robert A. Clifford
rac@cliffordlaw.com
Kevin P. Durkin
kpd@cliffordlaw.com
Tracy A. Brammeier
tab@cliffordlaw.com
Yvette C. Loizon
ycl@cliffordlaw.com
John V. Kalantzis
jvk@cliffordlaw.com
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street Suite 3600
Chicago, Illinois 60602
(312) 899-9090

Justin T. Green
jgreen@kreindler.com
Brian J. Alexander
balexander@kreindler.com
Daniel O. Rose
drose@kreindler.com
Anthony Tarricone
atarricone@kreindler.com
Erin R. Applebaum
eapplebaum@kreindler.com
Vincent C. Lesch
vlesch@kreindler.com
KREINDLER & KREINDLER LLP
485 Lexington Ave.
New York, New York 10017
(212) 687-8181

Steven C. Marks
smarks@podhurst.com
Ricardo M. Martinez-Cid
rmartinez-cid@podhurst.com
Kristina M. Infante
kinfante@podhurst.com
Pablo Rojas
projas@podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. Third Avenue
Miami, Florida 33131
(305) 358-2800

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, I electronically filed the foregoing Motion To Enjoin Boeing From Challenging The Legal Viability Of Plaintiffs' Recovery For Emotional Distress Damages In The Survival Action As Violative Of The Stipulation Executed By The Parties And Contrary To Illinois Law with the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

/s/ Robert A. Clifford
Robert A. Clifford
RAC@CliffordLaw.com
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 36th Floor
Chicago, IL 60602
312-899-9090