**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL EXPERT REPORTS**

Boeing moves under Federal Rules of Civil Procedure 26 and 37[1] to strike the supplemental expert reports of Mr. Troy Faaborg, Dr. Thomas Jenkyn, Dr. Craig Mallak, Ms. Vickie Norton, Mr. Charles Pereira, and Dr. Jose Hidalgo. Each supplemental report is inadequate, improper, or both, and should therefore be stricken.

## I. INTRODUCTION

Plaintiffs served two sets of "supplemental" expert reports after the initial report deadline. The first set—served five days before pretrial motions were due, and mere weeks before trial—are from each of Plaintiffs' common experts and make expansive and vague claims to supplement their original reports with all opinions expressed during their depositions. The second set—served two days after the pretrial expert motions were due—are expert reports from Plaintiffs' forensic psychiatry expert on the mental health status of Mark Pegram and Deborah Pegram that are based on "follow up evaluation[s]" that occurred after the initial report deadline.

These are not supplemental opinions. Neither set corrects mistakes in Plaintiffs' previous disclosures nor relies on newly discovered evidence. Instead, they are new and improper opinions that Plaintiffs hope to introduce at trial under the guise of supplementation.

Plaintiffs' first set of supplemental reports seek to incorporate the "opinions and bases therefore" that each common expert discussed during their deposition. This is legally inadequate because they identify no specific opinions raised during the experts' depositions, cite no transcript pages or lines, and are silent as to how they affect the scope of the experts' initial reports. In other words, the supplements utterly fail to satisfy the requirements of Rule 26 that are designed to prevent unfair surprise.

There is, moreover, no reasonable cure for such inadequate and improper disclosures.

---

[1] All references to "Rule(s)" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

Normally, the only way to cure the prejudice to Boeing would be through responsive expert reports and additional depositions to interrogate these new opinions. That is not possible here because of the demands imposed by pretrial deadlines and because the first set of supplements purport to incorporate hundreds of pages of testimony without identifying the new opinions that the experts intend to present at trial, which makes responsive reports attempting to address every conceivable new opinion an inadequate remedy.

The supplemental reports from Dr. Hidalgo completely ignores the discovery deadline set by the Court and updates Dr. Hidalgo's opinions on the basis of mental health evaluations that occurred *after* the initial report deadline. This is improper as a matter of law. An expert whose opinion is based on a mental or physical evaluation of a plaintiff must conduct that evaluation before the initial report deadline and disclose it in the expert report.

Deadlines exist for a reason, and so does Rule 26. Plaintiffs cannot offer new opinions on the basis of previously known evidence because they did not prepare for the initial report deadline. Nor can they base their opinions on examinations conducted after they served their reports and were deposed. These cases have been pending for years, and resolution is at hand. The Court should strike these supplemental reports.

## II.   BACKGROUND

Plaintiffs' deadline to disclose their common experts was September 22, 2022. ECF 1349. Plaintiffs' deadline to disclose their case-specific experts was November 8, 2022. *Id.* After service of Plaintiffs' expert reports on the agreed-upon dates, Plaintiffs' common experts were deposed between December 9, 2022 and January 24, 2023. Dr. Hidalgo was deposed on January 11, 2023. Pretrial motions were due on February 8, 2023. ECF 1484.

Then, on Friday, February 3, 2023—five days before the pretrial motion deadline— Plaintiffs served supplemental expert reports for Mr. Faaborg, Dr. Jenkyn, Dr. Mallak, Ms. Norton,

2

and Mr. Pereira. Each of these supplemental reports include expansive and vague claims to incorporate all opinions expressed during the experts' depositions. As an example, the supplemental opinion disclosed for Dr. Jenkyn states, in its entirety, that "Prof. Jenkyn adopts and incorporates all opinions and bases therefore in his testimony taken at his deposition on December 15, 2022." **Ex. A**, Jenkyn Supplement; *see also* **Ex. B**, Mallak Supplement; **Ex. C**, Norton Supplement; **Ex. D**, Pereira Supplement, **Ex. E**, Faaborg Supplement. Given the vagueness of this supplement, Boeing asked Plaintiffs to "explain, in detail, which 'opinions and bases therefore' were disclosed during the expert depositions that were not included in the experts' initial reports" (**Ex. F**, Feb. 7, 2023 Correspondence), but Plaintiffs have refused to identify any such opinions as of the date of this filing (*See* **Ex. G**, Feb. 15, 2023 Email).

On Friday, February 10, 2023—the *same day* as the pretrial motion deadline—Plaintiffs served supplemental expert reports from Dr. Hidalgo dated February 8, 2023. **Ex. H**, Hidalgo Supplement re M. Pegram; **Ex. I**, Hidalgo Supplement re D. Pegram. Both supplements provided an update on the "mental health status" of Mark and Deborah Pegram on the basis of "follow up evaluation[s]" that occurred on January 29, 2023. *See, e.g.,* **Ex. I**, Hidalgo Supplement re D. Pegram at 1. Dr Hidalgo states that he had a meeting with Deborah Pegram's psychotherapist, Ms. Hannah Ryan, on the same day he signed his supplemental report, February 8, 2023. *Id*. at 1–2. Dr. Hidalgo further states that he had a meeting with Mark Pegram's therapist, Mr. Richard Safhill, but he does not disclose the date on which that meeting took place. **Ex. H**, Hidalgo Supplement re M. Pegram at 1.

### III.  LEGAL STANDARD

Rule 26(a)(2)(D) requires parties to make expert disclosures "at the time and in the sequence that the court orders." While Rule 26(e) "requires a party to supplement an earlier disclosure when a party learns that the disclosure was incomplete or incorrect, it 'does not give the

3

producing party a license to disregard discovery deadlines and to offer new opinions under the guise of the 'supplement' label.'" *Noffsinger v. The Valspar Corp.*, 2011 WL 9795, at *2 (N.D. Ill. Jan. 3, 2011) (quoting *Amari v. C.R. England, Inc.*, 2010 WL 2943686 at *2 (S.D. Ind. July 21, 2010). In other words, "[t]he Court treats **new** information separately from **supplemental** information." *Stuhlmacher v. Home Depot USA, Inc.*, 2012 WL 5866297, at *2 (N.D. Ind. Nov. 19, 2012) (emphasis added) (citing *Carter v. Finely Hosp.*, 2003 WL 22232844, *2 (N.D. Ill. Sept. 22, 2003); *Trinity Homes, LLC v. Ohio Cas. Ins. Co. Group*, 2011 WL 2261297, *3 (S.D. Ind. June 8, 2011)). "Supplements" that do not correct inaccurate or incomplete disclosures are not supplements, they are new opinions.

"The burden of showing that the reports [are] supplements rather than new reports . . . is on the party who either missed the deadline or is seeking to supplement the report." *Stuhlmacher*, 2012 WL 5866297, at *2. "The line between supplemental opinions and new opinions is not always clear, and the decision regarding how to make the distinction likely depend on the facts of the case." *Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch. Dist. No. 99*, 2005 WL 838679, at *8 (N.D. Ill. Apr. 5, 2005). The decision "is within the District Court's sound discretion." *Sonrai Sys., LLC v. Romano*, 2022 WL 4646323, at *7 (N.D. Ill. Sept. 30, 2022).

Rule 37(c)(1) enforces the requirements of Rule 26 and provides that "[a] party that without substantial justification fails to disclose information required by Rule 26 . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." See also *Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 807 (N.D. Ill. 2005) ("If the late-filed opinions are new, they **must** be stricken . . . unless [the late-disclosing party] offers a substantial justification for failing to disclose them earlier.") (emphasis added). The Seventh Circuit has stated that "the sanction of exclusion is automatic and

4

mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)).

In weighing substantial justification or harmlessness, the court considers: "1) the prejudice or surprise to the party against whom the evidence is offered; 2) the ability of the party to cure the prejudice; 3) the likelihood of disruption at trial; and 4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857.

## IV. ARGUMENT

### A. Plaintiffs' Experts' Expansive Claim to Supplement with All Opinions Expressed During Their Depositions Is Vague and Improper and Must Be Stricken.

Each common expert supplement consists of a single, essentially identical sentence: "[Expert] adopts and incorporates all opinions and bases therefore in [his/her] testimony taken at [his/her] deposition on [date]." *See* **Ex. A**, Jenkyn Supplement; **Ex. B**, Mallak Supplement; **Ex. C**, Norton Supplement; **Ex. D**, Pereira Supplement, **Ex. E**, Faaborg Supplement. This is prejudicial and improper.

*First*, this disclosure is so vague it is essentially meaningless. Rule 26(a)(2)(B) requires that expert reports contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them." The Committee Note to Rule 26 explains that "[t]his paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." 1993 Comm. Note, para. (2). "The purpose of Rule 26(e) is to prevent 'unfair surprise' by ensuring that the other party has adequate notice of new information."

5

*McFadden ex rel. McFadden v. Bd. of Educ. for Illinois Sch. Dist. U-46*, 2009 WL 4544670, at *2 (N.D. Ill. Dec. 1, 2009) (citing *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, 2007 WL 3052944, *3 (N.D. Ill. Oct.18, 2007); *Peterson v. Union Pac. R.R. Co.*, 2008 WL 4104169, *2 (C.D. Ill. Aug.28, 2008)).

If Plaintiffs argue that "new" opinions were expressed during their experts' depositions, then they have failed to make a disclosure that conforms to the requirements of Rule 26. *Fung-Schwartz v. Cerner Corp.*, 2020 WL 8771329, at *3 (S.D.N.Y. Nov. 16, 2020) (explaining supplemental report should contain "complete statement of all opinions the witness will express and the basis and reasons for them," as well as the "facts or data considered by the witness in forming them" (quoting Fed. R. Civ. P. 26(a)(2)(B) (i)-(ii)); *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997) ("[I]f the failure to comply with the required disclosure involves a material aspect of the expert's testimony, and if the opposing party can show prejudice in connection with the lack of disclosure, then the opinion of the expert should be excluded, in whole or in part, at trial.") (footnote omitted). It is prejudicial to impose on Boeing the burden of determining whether new opinions were expressed and which "bases therefore" were provided by Plaintiffs' experts from one-thousand-plus pages of deposition transcripts. The burden is on the proponent "to disclose information regarding expert testimony sufficiently in advance of trial [so] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Commentary to Rule 26(a). Here, Boeing is left without a clear idea of the sum total of the new opinions Plaintiffs' experts are attempting to claim with their supplemental reports and faces clear prejudice in preparing for trial. Plaintiffs' common experts' supplemental reports must be stricken.

**Second**, Plaintiffs' attempt to claim all opinions expressed by an expert during a deposition

6

is improper as a matter of law. "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). It is well recognized that the scope of questioning at an expert deposition may go beyond the scope of an expert's report. *Lexington Ins. Co. v. Horace Mann Ins. Co.*, 2015 WL 5174159, at *1 (N.D. Ill. Aug. 27, 2015). But that does not permit an expert to "***use***[] testimony that goes beyond the scope of an expert's report to supplement the opinions set forth in the report." *Id.* (emphasis added). "The purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert witness will testify, and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony. *Ciomber*, 527 F.3d at 642 (internal citations omitted); *see also Lexington Ins. Co.*, 2015 WL 5174159, at *1 ("Such an interpretation of Rule 26 would contravene the requirement that initial reports be viewed as comprising the 'complete statement of all opinions' the retained expert will provide."). Thus, "to allow testimony on a matter beyond the scope of the expert report would be improper." *Ruppert v. Alliant Energy Cash Balance Pension Plan*, 2010 WL 2518853, at *2 (W.D. Wis. June 18, 2010); *see also Brown*, 2013 WL 1729046, at *6 (striking expert supplemental report premised on review of, among other things, the expert's "own deposition transcript"); *Sonrai Sys.*, 2022 WL 4646323, at *12 (same).

This concern over new opinions raised at deposition is not hypothetical. Plaintiffs' biomechanical simulation expert, Dr. Jenkyn, offered the previously undisclosed opinion at his deposition that had the passengers "been bracing, . . . they would have sustained" an injury in the form of "muscle strain." **Ex. J**, Jenkyn Tr at 181:10–12. And Plaintiffs' aerospace physiologist expert, Mr. Faaborg, offered a novel definition of "injury" at his deposition: "a physical, psychological, or physiological adverse effect that causes harm or—excuse me—and is

7

unexpected or unanticipated." **Ex. K**, at 101:18–21. Mr. Faaborg testified that this novel definition cannot be found in any paper, peer-reviewed publication, or textbook, rather it's "just mine as a reasonable physiologist." *Id.* at 102:23–103:12. These opinions were not disclosed in the experts' reports and are therefore not properly raised at trial.

These are just two examples of conspicuous new opinions raised by Plaintiffs' experts during their depositions. Boeing has tried to obtain clarity on other opinions Plaintiffs may be trying to claim by asking Plaintiffs to identify "which 'opinions and bases therefore' were disclosed during the expert depositions that were not included in the experts' initial reports," but Plaintiffs have failed to identify any such opinions. *See* **Ex. F**, Feb. 7, 2023 Correspondence; **Ex. G**, Feb. 15, 2023 Email. Boeing has been preparing for trial based on the opinions expressed by Plaintiffs' experts in their original reports as contemplated by Rule 26. 1993 Comm. Note, para. (2) ("This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial [so] that opposing parties have a reasonable opportunity to prepare for effective cross examination . . ."). If Plaintiffs supplemental reports are permitted, Boeing will be left with the time-consuming and burdensome task of determining whether other new opinions are embedded in the one-thousand-plus pages of deposition transcripts of Plaintiffs' experts. And Boeing would have to do so in the few weeks remaining before trial, which is prejudicial. *Amari*, 2010 WL 2943686, at *3 (finding that permitting supplemental reports before trial "would substantially increase the pretrial burden facing Defendants," "push the trial date back," and cause "prejudice . . . unlikely to be cured"). The burden is on Plaintiffs to offer a "complete statement of all opinions the witness will express and the basis and reasons for them," Rule 26, not on Boeing to guess at what opinions Plaintiffs' experts may offer. Plaintiffs' first set of supplemental reports should be stricken for this reason as well.

8

**B. Dr. Hidalgo's Supplemental Expert Reports Should Be Stricken**

    **1. Dr. Hidalgo's "Follow Up Evaluations" Are Not a Proper Basis for Supplementation.**

An expert whose opinion is based on the mental or physical evaluation of a plaintiff or beneficiary may not circumvent court-imposed deadlines by choosing to conduct an evaluation until after the deadline, and then supplementing his report based on the "newly-discovered evidence" that the evaluation produced. "Expert reports are not first drafts. The Rule does not say that an expert's report should contain her best stab at an opinion that then can be supplemented, corrected, changed or augmented with new, alternative opinions after she has had a chance to think about it more and review the opposing expert's report." *Berkheimer v. Hewlett-Packard Co.*, 2016 WL 3030170, at *3 (N.D. Ill. May 25, 2016), *objections overruled*, 2019 WL 12528900 (N.D. Ill. July 1, 2019).

The "new" evidence Dr. Hidalgo relies on are discussions with Mark and Deborah Pegram's current mental health providers that occurred after the initial report deadline[2] and evaluations of Mark and Deborah Pegram that occurred after the initial report deadline.[3]

Dr. Hidalgo cannot supplement his report based on evaluations of Mark and Deborah Pegram that occurred after the deadline for his initial report. An expert whose opinions are premised on the mental or physical evaluation of a plaintiff or beneficiary must conduct that evaluation before the initial report deadline. In *Beyer v. Anchor Insulation Co.*, 2016 WL 3676091, at *3–4 (D. Conn. July 6, 2016), *objections overruled*, 2016 WL 4492814 (D. Conn. Aug. 26, 2016), a medical causation expert tried to supplement his initial report after the court-imposed

---

[2] **Ex. H**, Hidalgo Supplement re M. Pegram at 1; **Ex. I**, Hidalgo Supplement re D. Pegram at 1–2. Boeing notes that that date Dr. Hidalgo spoke to Mark Pegram's mental health care provider was not provided. Boeing assumes for purposes of this motion that the discussion occurred on or around February 8, 2023, the same day Dr. Hidalgo spoke to Deborah Pegram's mental health care provider.

[3] **Ex. H**, Hidalgo Supplement re M. Pegram at 1; **Ex. I**, Hidalgo Supplement re D. Pegram at 1.

deadline based on an evaluation of the plaintiff that occurred after the initial report deadline. The court held that the additional report "appear[s] to be an attempt to bolster an earlier submission rather than an attempt to correct inaccurate or misleading information in the Original Report" *Id.* at 3. The court held it was "not swayed by plaintiffs' argument that the Additional Reports contain information that was previously unknown or unavailable" because plaintiffs "had ample time after beginning the lawsuit . . . to arrange an examination prior to the expert disclosure deadline." *Id.* (citing *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012). For this reason, courts routinely order parties to have any "examinations occur sufficiently in advance of the disclosure deadline so the expert's report fully details the expert's opinions." *E.g.*, *Griffin v. Union Pac. R.R. Co.*, 2018 WL 6592776, at *10 (E.D. Cal. Dec. 14, 2018) (marks and citations omitted).

Likewise, Dr. Hidalgo cannot supplement his report based on discussions he had with Mark and Deborah Pegram's mental health care providers after the initial report deadline. In *Ruiz v. Walmart Inc.*, 2021 WL 4796960, at *3 (C.D. Cal. Apr. 27, 2021), a personal injury plaintiff's expert on future medical costs tried to supplement her report after the initial report deadline after "she spoke with one of Plaintiff's treating doctors" about whether the need for a surgery was proximately caused by the defendant's conduct. The court held this was "not a proper basis for Rule 26(e) supplementation." *Id.* at *8.

Any other rule would be unworkable. If experts were allowed to supplement their reports based on mental or physical evaluations that they chose to conduct after the deadline has passed, then expert discovery would never be final as an expert could update their report and issue new opinions on the basis of a later examination. This would:

> [C]reate a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously

10

> given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final disposition of the case.

*Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003).

It is well settled that "parties cannot use Rule 26(e)'s supplemental disclosure obligation to extend original deadlines or 'sandbag one's opponent with claims and issues which should have been included in the original report.'" *Doe 1 v. City of Chicago*, 2019 WL 5290899, at *6 (N.D. Ill. Oct. 18, 2019) (quoting *Trinity Homes*, 2011 WL 2261297, at *3). "Nor can parties issue new expert opinions under the guise of supplements." *Id.* at *6.

### 2. Plaintiffs' Late Disclosure Is Neither Substantially Justified Nor Harmless.

Because Dr. Hidalgo's "follow up evaluation[s]" are not a proper basis for supplementation, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David*, 324 F.3d at 857 (7th Cir. 2003). Plaintiffs cannot make that showing.

In deciding whether the late disclosure is justified or harmless, the Court's discretion is guided by the following factors: "1) the prejudice or surprise to the party against whom the evidence is offered; 2) the ability of the party to cure the prejudice; 3) the likelihood of disruption at trial; and 4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* Each factor weighs in favor of exclusion here.

Dr. Hidalgo served his supplemental disclosures two days after pretrial expert motions were due and mere weeks before trial. These reports reference two new examinations of Mark and Deborah Pegram by Dr. Hidalgo as well as discussions between Dr. Hidalgo and Mark and Deborah Pegram's mental health providers. Boeing is entitled to discovery on these discussions.

11

*Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state."). This discovery can only be accomplished through additional document productions and depositions of Dr. Hidalgo, Ms. Ryan, and Mr. Safhill. The time to accomplish this discovery is short, and it would need to occur concurrently with the Parties' pretrial obligations. The prejudice against Defendants is severe and cannot be cured without significant changes to the current schedule. *Amari*, 2010 WL 2943686, at *3 (finding permitting supplemental report shortly before trial "would substantially increase the pretrial burden facing Defendants," "push the trial date back even further," and cause "prejudice . . . unlikely to be cured").

At bottom, Dr. Hidalgo has introduced new opinions based on untimely mental health evaluations. The resulting prejudice to Boeing cannot be resolved without significant disruptions to the current schedule. The proper course here is to strike his late-disclosed opinions, avoid protracted expert discovery, and allow these cases to proceed towards final resolution.

## CONCLUSION

The Court should strike the supplemental expert reports of Mr. Faaborg, Dr. Jenkyn, Dr Mallak, Ms. Norton, Mr. Pereira, and Dr. Hidalgo as improper and inadequate.

| | |
|---|---|
| DATED: February 24, 2023 | **THE BOEING COMPANY** |
| | By: /s/ *Dan K. Webb*<br>*One of Its Attorneys* |

Dan K. Webb
dwebb@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

Andrew E. Tauber
atauber@winston.com
**Winston & Strawn LLP**
1901 L St. NW
Washington, D.C. 20036
Phone: (202) 282-5000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Michael Scoville
MScoville@perkinscoie.com
Christopher M. Ledford
CLedford@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Dan K. Webb*
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600