# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH<br><br>This Document Relates To: All Cases | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>*This Filing Relates to the following Actions:*<br>*21 cv 00588*<br>*19 cv 02709*<br>*20 cv 01955*<br>*19 cv 07754*<br>*19 cv 05103*<br><br>District Judge: Hon. Jorge L. Alonso<br><br>Magistrate Judge: Hon. M. David Weisman |

### PLAINTIFFS' MOTION *IN LIMINE* NO. 9
### TO BAR REFERENCES TO THE TIMING OR CIRCUMSTANCES UNDER WHICH PLAINTIFFS' COUNSEL WERE EMPLOYED OR THE CONTINGENT FEE CONTRACT BETWEEN PLAINTIFFS AND THEIR ATTORNEYS

Plainitiffs, through undersigned counsel, move this Court to enter an order to bar, *in limine*, Defendant, its witnesses, or it attorneys, from any and all *voir dire*, statements, testimony, questioning, impeachment, cross-examination, expert testimony, argument, direct or indirect, or reference, by *innuendo* or otherwise, at any time during the course of the trial of this action, before any member of the venire, **references to the timing or circumstances under which Plaintiffs' counsel were employed, including any reference to the manner in which Plaintiffs' attorneys are compensated and the existence of contingency fees as part of the attorney-client contracts.** In support thereof, Plaintiffs state as follows:

1. The Court should bar the introduction of any and all *voir dire*, statement, testimony, questioning, impeachment, cross-examination, expert testimony, argument, direct or indirect, by

1

*innuendo* or otherwise, at any time during the course of the trial of this action, before any member of the venire, a panel, or the jury regarding **the timing or circumstances under which Plaintiffs' counsel were employed, the manner in which Plaintiffs' attorneys are compensated, or the existence of contingency fee agreements** on the basis that such evidence is irrelevant, immaterial, collateral, unfairly prejudicial, or because any probative value is substantially outweighed by the danger of unfair prejudice (or in the alternative to appropriately instruct the jury to prevent them from being misled).

2. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R Evid 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R Evid Rule 403.

3. During depositions in this matter, counsel for Boeing attempted to probe details regarding the timing and circumstances surrounding Plaintiffs' employment of their respective counsel. For example, during the deposition of Aleema Noormohamed, the daughter of decedent Ameen Ismail Noormohamed, counsel for Boeing asked: "Do you recall how you first came in contact with Clifford Law Offices?" Ms. Noormohamed provided a time frame and indicated that Mr. Clifford came to Nairobi. She was then asked: "How did he reach out to you?" Plaintiffs' counsel objected, stating "Objection. …No one reached out to anybody." The witness then explained to she learned of Clifford Law Offices on-line and contacted the firm, and then learned through "word" that Mr. Clifford was "town." Ms. Noormohamed was also asked: "When did you first retain Clifford Law Offices to be your attorneys?"; "Do you know how soon after the

2

crash [Plaintiff retained counsel]"; "How did you first come into contact with Mr. Clifford?" *See* Dep. of Aleema Noormohamed at 79:16-80:25 (attached as Exhibit A). This information is not relevant and should not be presented to the jury during trial.

4. The circumstances under which attorneys for the Plaintiffs were employed or the contingent contract under which the attorneys have been retained is wholly irrelevant to any issue in the case and must be barred. Federal courts routinely preclude the introduction of such evidence, argument, or commentary. *See, e.g.*, *Foltin v. Ugarte*, No. 09 C 5237, 2014 WL 12930659, at *2 (N.D. Ill. Feb. 5, 2014) ("Evidence regarding the manner in which [Plaintiff]'s counsel is compensated is barred."); *Berardi v. Vill. of Sauget, Ill.*, No. CIV. 05-898-CJP, 2009 WL 2972346, at *3 (S.D. Ill. Sept. 11, 2009) (granting motion *in limine* to exclude "[a]ny evidence, statement, or argument that Plaintiff's attorney has a contingency fee in the suit"); *Labbe v. Conoco, Inc.*, No. CIV. 02-0290, 2003 WL 25676488, at *2 (W.D. La. Feb. 11, 2003) (granting motion *in limine* to exclude references to "[t]he time or circumstances under which the Plaintiff employed his attorneys, including any reference of any kind to the fee basis or the existence of contingency fees as part of the attorney-client contract"); *Falise v. Am. Tobacco Co.*, No. 99 CV 7392 (JBW), 2000 WL 1804602, at *1 (E.D.N.Y. Nov. 30, 2020) (granting motion *in limine* to exclude reference to the contingency fee). Indeed, given the uncontroversial proposition that such information is inadmissible, a review of the case law in this area reveals that defendants often simply agree that it should be excluded. *See, e.g.*, *Cain v. Patel*, No. 19-CV-1385-RJD, 2021 WL 2554142, at *4 (S.D. Ill. June 22, 2021) (granting plaintiff's motion *in limine* to "exclude evidence regarding when she hired her attorneys and their contingency fee arrangement" with no objection from defendants); *Easterling v. Ford Motor Co.*, No. 2:14-CV-2353-JEO, 2020 WL 607207, at *2 (N.D. Ala. Feb. 7, 2020) (granting motion *in limine* to exclude evidence, references, or comment by the defendant

about the "timing of Plaintiff's decision to hire attorneys" and "that Plaintiff's attorneys have a contingency fee agreement with Plaintiff," with no objection from defendant).

5. There is no credible basis for concluding that the timing, circumstances, or terms of counsel's employment are relevant to any issue in this case. But even if there were, any slight probative value is substantially outweighed by the danger of unfair prejudice. "Unfair prejudice" within this context "means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee's Note to 2011 amendment. And courts recognize that references to the circumstances surrounding the employment of plaintiff's counsel and to the existence of contingency fee agreements are not only "irrelevant," but also "unfairly prejudicial." *See Labbe*, 2003 WL 25676488, at *2.

6. Accordingly, Plaintiffs move for an order, *in limine*, barring the matters set forth in this motion, as they are irrelevant, immaterial and prejudicial to the Plaintiffs, and would have a likelihood of confusing and distracting jurors from the real issues of the case. A "'district court may exclude collateral or irrelevant evidence where its tendency is to mislead and confuse the jury substantially outweighs its probative value.'" *Gonzalez v. City of Elgin*, No. 06 C 5321, 2010 WL 3271272 (N.D. Ill 2010), quoting *United States v. Ozuna*, 561 F. 3d. 728, 738 (7th Cir. 2009).

WHEREFORE, Plaintiffs pray for entry of an order barring all of the aforesaid through any statement, testimony, questioning, impeachment, cross-examination, argument, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, before any member of the venire, a panel, or the jury, and that the Defendant, its witnesses, and its counsel be instructed to refrain from mentioning before the jury that this motion was brought or the Court's ruling thereon.

\_\_\_ NO OBJ  \_\_\_\_\_ OBJ  \_\_\_\_\_ GRANTED  \_\_\_\_\_ DENIED

DATED: February 17, 2023

                          Robert A. Clifford
                          Kevin P. Durkin
                          Tracy A. Brammeier
                          John V. Kalantzis
                          **CLIFFORD LAW OFFICES, P.C.**
                          120 North LaSalle Street, 36th Floor
                          Chicago, IL 60602
                          Tel: (312) 899-9090
                          Fax: (312) 251-1160
                          RAC@cliffordlaw.com
                          KPD@cliffordlaw.com
                          TAB@cliffordlaw.com
                          JVK@cliffordlaw.com

                          Frank M. Pitre
                          John P. Thyken
                          Nabilah A. Hossain
                          **COTCHETT, PITRE & McCARTHY, LLP**
                          840 Malcolm Road, Suite 200
                          Burlingame, CA 94010
                          650-697-0577
                          fpitre@cpmlegal.com
                          jthyken@cpmlegal.com
                          nhossain@cpmlegal.com

                          Steven C. Marks
                          smarks@podhurst.com
                          Ricardo M. Martinez-Cid
                          Rmartinez-cid@podhurst.com
                          Kristina M. Infante
                          kinfante@podhurst.com
                          Pablo Rojas
                          projas@podhurst.com
                          **PODHURST ORSECK, P.A.**
                          Suntrust International Center, Suite 2300
                          One S.E. Third Avenue
                          Miami, Florida 33131

# CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2023, I electronically filed the foregoing **PLAINTIFFS' MOTIONS IN LIMINE** with the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. Said motions were previously served upon defense counsel on February 17, 2023.

      /s/ Robert A. Clifford
      Robert A. Clifford
      RAC@CliffordLaw.com
      CLIFFORD LAW OFFICES, P.C.
      120 North LaSalle Street, 36th Floor
      Chicago, IL 60602
      312-899-9090