**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFFS' RESPONSE TO BOEING'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE RE PRE-IMPACT PAIN AND SUFFERING**

The Plaintiffs' Executive Committee, through undersigned counsel, moves this Court to enter an order denying Boeing's Motion *in Limine* to Exclude Evidence and Argument About Passenger's Alleged Pain and Suffering Before Impact.

**INTRODUCTION**

Through its supplemental brief, Boeing identifies testimony in the June cases exemplifying the type of evidence from Plaintiffs, percipients witnesses, and grief experts, that should be excluded for the reasons stated in its Motion in *Limine* to Exclude Evidence and Argument About Passenger's Alleged Pain and Suffering Before Impact. ECF Dkt 1597. This motion, along with Boeing's Motions in *Limine* to Exclude Speculative Testimony Regarding Whether Passengers Experienced Conscious Pain and Suffering Caused by Injuries Received on Impact (ECF Dkt. 1593), to Exclude Plaintiffs' Definitions of "Injury" Which Do Not Conform to the Legal Standard Provided by Illinois Law (ECF Dkt 1594), and to Exclude Evidence Pertaining to Liability and Punitive Damages (ECF Dkt 1596) were argued before the Court on May 23, 2023. At that time,

1

Boeing conceded that evidence related to the passengers' experience is relevant to the Illinois Wrongful Death Act and this motion should be denied on that basis alone. 740 ILCS 180/2(a). Additionally, the Court should avoid issuing a broad order excluding certain "types of evidence" devoid of context and rather decide the admissibility of pieces of evidence during the trial as issues arise.

## ARGUMENT

Boeing seeks to exclude testimony about what family members believe about the decedent's experiences prior to the crash, as it does not support damages under the Survival Act or the Wrongful Death Act and is unfairly prejudicial to Boeing. (Boeing Mot. at 1). Plaintiffs' personal perceptions regarding the decedents experience on the airplane prior to their deaths are not relevant to the Survival Action. However, under the Wrongful Death action, damages are available to the next of kin for the emotional consequences of a wrongful death, including the circumstances and manner of death. *Hammond v. Sys. Transp., Inc.*, 942 F. Supp. 2d 867, 875-876 (C.D. Ill. 2013). The circumstances of death are relevant to assess the grief, sorrow, and mental suffering of the next of kin under the Wrongful Death Act. *Dorsey, Executrix v. State of Illinois*, 63 Ill. Ct. Cl. 177, 210 (2011). As Boeing conceded at the hearing on this motion, "What happened on the plane falls under *Hammond* as being part of the manner of death." ECF 1725 104:12-13. Boeing has already admitted that the family members' contemplation of what the decedents went through in the five to six minutes on the plane prior to their death is admissible evidence as it relates to the Wrongful Death Action. ECF 1725 101:17-102:1-9; 102:33-104:14. This motion is both contrary to Illinois law and to Defendant's own positions and should be denied.

Boeing also seeks to exclude Plaintiffs' grief experts from testifying that family members have suffered from imagining what the passengers must have experienced before impact. Boeing Mot. at 2. Among other things, the grief experts will testify that there are complicating

factors that increase and prolong one's mental suffering and grief which are relevant to this case which include the predictability, preventability, and the intentionality of loss. See, e.g., Boeing Mot. Ex. G at 7-10 (discussing ten factors that place survivors at risk for poor outcomes following a loved one's death). In *Dorsey v. State of Illinois*, a grief expert testified that the decedents' mother's grief was complicated by the "unexpectedness of her daughters' deaths and the preventability." *Id.* at 192. She also testified that the mother was confronted with images of the car crash and her mind imagined what happened to her daughters in the case. *Id*. at 193. In determining the amount of the award, the Court considered this testimony and these factors in evaluating the appropriate assessment of damages. In other words, the Court in *Dorsey* recognized that the survivor's understanding of what happened to their loved one bore on the Plaintiffs' damages and recognized that their grief, sorrow, and mental suffering had been worsened by the circumstances of the sisters' deaths. In a Wrongful Death Action, a jury must receive adequate information to allow them to fully compensate Plaintiffs for their grief, sorrow, and mental anguish and for record to support any verdict. This of course must include the basis for the opinions proffered by the grief experts regarding the impact of this crash on the Plaintiffs' grief and sorrow, which includes contemplating and the horror and violence their loved ones experienced on the plane prior to and at their death. Accordingly, Plaintiffs' grief experts should be permitted to testify that family members have suffered from thinking about what the passengers experienced before their death.

Finally, Boeing argues that the evidence should be excluded because it would be unfairly prejudicial and likely confuse or mislead the jury. Boeing Mot. at 1. Whether or not such testimony would be prejudicial or confusing is a fact specific inquiry that requires context. At this juncture, the Court should not bar all evidence related to these issues with a blanket prohibition using Boeing's examples as evidence that should be excluded. Plaintiffs' will not seek to introduce any evidence related to liability or punitive damages before the jury, but whether or not certain

3

evidence is admissible for other purposes and its probative value should be resolved during the trial if and when issues arise.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Boeing's Motion *in Limine* to Exclude Evidence and Argument About Passenger's Alleged Pain and Suffering Before Impact as it relates to the June trial and for all other relief this Court deems just and appropriate.

DATED: May 26, 2023

*/s/ John P. Thyken*
John P. Thyken
jthyken@cpmlegal.com
COTCHETT, PITRE &
McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

4

rac@cliffordlaw.com
Kevin P. Durkin
kpd@cliffordlaw.com
Tracy A. Brammeier
tab@cliffordlaw.com
John V. Kalantzis
jvk@cliffordlaw.com
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street Suite 3600
Chicago, Illinois 60602

Steven C. Marks
smarks@podhurst.com
Ricardo M. Martinez-Cid
Rmartinez-cid@podhurst.com
Kristina M. Infante
kinfante@podhurst.com
Pablo Rojas
projas@podhurst.com
PODHURST ORSECK, P.A.
Suntrust International Center, Suite 2300
One S.E. Third Avenue
Miami, Florida 33131

Brian J. Alexander
balexander@kreindler.com
Daniel O. Rose
drose@kreindler.com
Megan W. Bennett
mbenett@kreindler.com
Andrew J. Maloney III
amaloney@kreindler.com
Erin R. Applebaum
eapplebaum@kreindler.com
Vincent C. Lesch
vlesch@kreindler.com
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2023, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO BOEING'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE RE PRE-IMPACT PAIN AND SUFFERING with the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

*/s/ John P. Thyken*
John P. Thyken
jthyken@cpmlegal.com
COTCHETT, PITRE &
McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000