IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Case No. 19 C 2170 (Consolidated) <br><br> Hon. Jorge L. Alonso |

### ORDER

For the following reasons, plaintiffs' motion to enforce the stipulation [1565] is denied. Defendant Boeing's motion in limine to exclude evidence and argument about passengers' alleged pain and suffering before impact [1597] is denied. Boeing's motion in limine to exclude speculative testimony regarding whether passengers experienced conscious pain and suffering on impact [1593] is granted. The Court reserves ruling on the remaining motions for now. To the extent that this ruling changes the parties' positions as to any of the remaining motions, they should notify the Court promptly in a joint status report.

### STATEMENT

Pending before the Court are numerous motions in limine and *Daubert* motions filed by parties on both sides in advance of the upcoming June 20, 2023 trial date. The Court heard argument on a subset of these motions on May 23, 2023, and a final pretrial conference is set for June 5, 2023. Based on the written briefing and oral argument, the Court makes this limited written ruling in hopes of streamlining later proceedings by resolving a dispute between the parties about the applicable substantive law. The issue, raised most directly in defendants' motion in limine #7 (ECF No. 1597) but lurking in the background of a number of motions, is whether plaintiffs can recover for emotional distress that their decedents suffered during the flight prior to suffering any physical injury.

Plaintiffs assert claims of negligence sounding in products liability against Boeing under two Illinois statutes: the Wrongful Death Act, 740 ILCS 180/2, and the Survival Act, 755 ILCS 5/27-6. In motion in limine #7, Boeing argues that evidence of pre-impact fright and terror should be excluded because it is not relevant to plaintiffs' claims under either statute. Boeing argues that evidence of pre-impact fright and terror is not relevant to the survival claim because Illinois law provides that survival damages are only available for the conscious pain and suffering flowing from the passengers' injuries, and the evidence tends to show that the passengers had no time to experience conscious pain and suffering after injury because they died immediately upon impact. And Boeing explains that such evidence is not relevant to the wrongful death claim, either, because that claim concerns the grief and sorrow of plaintiffs, who are not the passengers but the passengers' surviving family members and beneficiaries, and their grief and sorrow is established by evidence of what happened in the beneficiaries' lives, rather than in the decedent passengers' lives.

For the following reasons, the Court rules that damages for pre-impact emotional distress are available to plaintiffs in this case, to the extent that they are able to prove them at trial, regardless of whether they can prove a pre-impact physical injury. Based on this conclusion, defendant's motion in limine #7 is denied.

I.  **Effect of Stipulation**

As an initial matter, plaintiffs argue that the Court need not reach the merits of this issue because the terms of Boeing's stipulation to liability prevent Boeing from arguing that plaintiffs are not entitled to recover damages for emotional distress. Boeing stipulated to "its liability for the compensatory damages proximately caused by the ET 302 accident" and that "the measure and elements of Plaintiffs' damages are to be determined under Illinois law." (Agreed Stipulation of the Parties at 1, ECF No. 1217-1.) Boeing agreed that plaintiffs are "entitled to recover . . . the full measure of damages permitted under Illinois law and pursuant to the elements of recoverable damages under Illinois law." (*Id.* at 3, ¶ B.1.) And it agreed that plaintiffs would be "permitted to introduce all relevant and admissible evidence at trial regarding the decedents and their beneficiaries' alleged compensatory damages," which "may include evidence of . . . the pre-impact, pre-death pain and suffering and emotional distress of the decedent as permitted under Illinois law." (*Id.* at 5, ¶ D.4.)

The Court does not interpret these provisions the way plaintiffs do. Based on the plain language, considering the stipulation as a whole and in its full context, the Court interprets these provisions to mean that Boeing agreed to pay whatever damages are available under Illinois law, in amounts to be determined and based on rulings to be made in later proceedings on damages. The Court does not read the stipulation to prevent Boeing from making any argument about what damages are or are not available under Illinois law.

The best argument plaintiffs make to the contrary is a textual one based on the language of paragraph D.4, which states that the "relevant and admissible evidence . . . may include . . . pre-impact, pre-death pain and suffering and emotional distress of the decedent as permitted by Illinois law." Plaintiffs contended at argument that to read this provision to permit Boeing to argue that plaintiffs are barred from introducing evidence of "pre-impact, pre-death pain and suffering and emotional distress" would require improperly reading the word "as" to mean "if." But the phrase "as permitted" sometimes does mean something like "if permitted" or "to the extent permitted." *See, e.g.*, *Sanchez v. Bd. of E. N.M.*, 361 F. App'x 980, 983 (10th Cir. 2010) ("The Agreement provided only that Mr. Sanchez had the right to file a motion with the court for fees 'as permitted in the Federal Voting Rights Act,' which is what he did. The district court enforced this provision when it determined that Mr. Sanchez was not entitled to fees as permitted under the Act because he was not a 'prevailing party,' as required under 42 U.S.C. § 1973*l*(e). The court's ruling, therefore, was not contrary to the parties' agreement."); *The Hanover Ins. Co. v. Clark*, No. 05 C 2162, 2006 WL 2375428, at *2 (N.D. Ill. Aug. 15, 2006) ("If you fail to remedy [the violations] in the time and manner permitted by the Contract, we will seek all redress and remedies available to us under the Contract and as permitted by law, including possible termination of the Contract."). Considering the stipulation as a whole, the Court does not read Boeing to have stipulated to the

2

availability of damages for emotional distress; rather, Boeing agreed to pay whatever damages are available under Illinois law, which "may include" emotional distress damages, but may not.

The Court does not read the stipulation to bar Boeing from making the arguments it makes here about what damages are available under Illinois law, so plaintiffs' motion [1565] is denied, and the Court must proceed to the merits of the dispute.

## II. Survival Claim

Lacking binding authority that is directly on point, Boeing relies on several federal district court decisions for its position that damages for pre-impact fright and terror are not recoverable because emotional distress must be caused by bodily injury to be compensable in damages under the Survival Act. *Estate of Love v. Rassmussen*, No. 115CV01207SLDJEH, 2018 WL 10613262, at *7 (C.D. Ill. July 18, 2018) (relying on *In re Aircrash Disaster Near Roselawn, Ind. on Oct. 31, 1994*, 926 F. Supp. 736, 742 (N.D. Ill. 1996) (relying on *In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979*, 507 F. Supp. 21, 23 (N.D. Ill. 1980))).[1]

Of course, though they may be persuasive, federal district court decisions are not precedential. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d] (3d ed. 2011)). Because they are non-precedential, district court decisions carry no more weight than the force of their reasoning demands. The Court agrees with plaintiffs that the reasoning of these cases is not persuasive as applied to this case, to the extent that they conflate two concepts that the Illinois Supreme Court has taken pains to separate: on the one hand, emotional distress as *damages* for negligence or other personal torts, and, on the other hand, emotional distress as an element of the independent *tort* of negligent infliction of emotional distress ("NIED"). *See Cochran v. Securitas Sec. Servs. USA, Inc.*, 93 N.E.3d 493, 501 (Ill. 2017) (addressing the issue in the context of the tort of tortious interference with the right to possess a corpse) (citing *Clark v. Children's Mem'l Hosp.*, 955 N.E.2d 1065, 1087 (Ill. 2011) (addressing wrongful birth)).

Boeing's argument is rooted in *In re Air Crash Disaster Near Chicago*, which reasoned that the plaintiff could not recover for pre-impact fright and terror because "Illinois courts" had "previous[ly] refus[ed] to recognize claims for damages based on the plaintiff's fear or apprehension of danger." 507 F. Supp. at 24. But the cases cited in that decision addressed the question of whether the plaintiffs could assert a claim for the tort of NIED where the emotional distress was not caused by or contemporaneously with a physical impact. *Id.* at 23 (citing *Carlinville Nat. Bank v. Rhoads*, 380 N.E.2d 63, 65-66 (Ill. App. Ct. 1978), *Benza v. Shulman Air Freight*, 361 N.E.2d 91, 93-94 (Ill. App. Ct. 1977), *Rosenberg v. Packerland Packing Co.*, 370 N.E.2d 1235, 1238 (Ill. App. Ct. 1977) (citing *Braun v. Craven*, 51 N.E. 657, 664 (Ill. 1898))).

---

[1] *Love* also cited *Schweihs v. Chase Home Finance, LLC*, 77 N.E.3d 50, 59-60 (Ill. 2016). That case is not directly on point (although Justice Garman's special concurrence contains a helpful discussion of relevant issues) because it concerns negligent infliction of emotional distress claims, rather than survival claims rooted in products-liability negligence claims.

3

The more recent decisions cited by plaintiffs show that this question is separate from the issue of whether a plaintiff can recover emotional distress damages for negligence or another tort, *see Cochran*, 93 N.E.3d at 501 (citing *Clark*, 955 N.E.2d at 1087), and Illinois courts have not strictly required a physical impact when the plaintiff asserts a claim for a tort other than NIED.

In reply, Boeing points out that *Cochran*, *Clark*, and like cases do not involve survival claims, and no Illinois case has ever allowed the recovery of pre-impact emotional distress damages on a survival claim. Further, Boeing argues that the Survival Act should be read narrowly, under the general principle that statutes "in derogation of the common law are strictly construed," *Lites v. Jackson*, 387 N.E.2d 1118, 1119 (Ill. App. Ct. 1979). Historically, Boeing explains, Illinois law did not permit Survival Act claimants to recover for their decedents' personal injuries if their "death resulted from the tortious conduct which caused the injury." *Murphy v. Martin Oil Co.*, 308 N.E.2d 583, 584 (Ill. 1974). The Illinois Supreme Court abandoned this rule in *Murphy* and allowed an accident victim's survivors to recover for their decedent's post-accident pain and suffering, where the decedent was injured in a fire and died nine days later. *Id.* at 583-84, 586-87. That decision did not address damages for pre-impact emotional distress, and, Boeing argues, this Court should not assume that such damages are available without any authority expressly so stating.

But the Court does not agree that *Murphy* should be read to set the outer limits of a Survival Act claim. In fact, *Murphy* explained that its decision to allow damages for pain and suffering under the Survival Act was within a general trend of "enlarging of survival statues." 308 N.E.2d at 586 (citing Prosser, Handbook of the Law of Torts, at 901 (4th ed. 1971)). There is nothing in the text of the Survival Act that limits the relief available to claimants to particular kinds of damages: the Act simply provides that, "[i]n addition to the actions which survive by the common law," other enumerated actions "also survive," including "actions to recover damages for an injury to the person." 755 ILCS 5/27-6. The Court fails to see why it should read the statute or *Murphy* to prevent decedent's survivors from recovering damages to the same extent that the decedent could have done, had he not succumbed to his injuries. Boeing has not identified anything in Illinois law that prevents the recovery of pre-impact emotional distress damages, and Illinois courts have explained—albeit in factually and legally unrelated contexts—that emotional distress damages are available for negligence even without any accompanying physical injury.

Where that leaves the Court is with little to go on in determining how to apply Illinois law to this case. Plaintiffs' best cases are not on point; defendant's best cases are either not on point or they are not persuasively reasoned. The task of a federal court applying an uncertain issue of state law is to "make a predictive judgment as to how the supreme court of the state would decide the matter if it were presented presently to that tribunal." *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 635 (7th Cir. 2002). This prediction may take into account trends in the state's courts as well as "well-reasoned decisions in other jurisdictions." *Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 811 (7th Cir. 2018)). Where the guidance from the courts of the state in question is lacking, federal courts may "examine the reasoning of courts in other jurisdictions addressing the same issue . . . for whatever guidance about the probable direction of state law they may provide." *In re Zimmer, NexGen Knee Implant Prod. Liab. Litig.*, 884 F.3d 746, 751 (7th Cir. 2018) (internal quotation marks omitted).

4

One persuasively reasoned decision from outside of Illinois, cited by plaintiffs, is *Haley v. Pan American World Airways, Inc.*, 746 F.2d 311, 314-15 (5th Cir. 1984). There, the court had to predict whether Louisiana would allow "recovery for pre-impact apprehension in anticipation of imminent death," where Louisiana courts had never expressly allowed any such recovery. However—not unlike Illinois courts in the present context—they had allowed recovery for emotional distress "during a negligently produced ordeal." *Id.* at 314. The Fifth Circuit reasoned as follows:

> We are not prepared to conclude that the Louisiana courts would sever such an "ordeal" into before and after impact components. This mirrors our reasoning in *Solomon v. Warren,* 540 F.2d 777 (5th Cir. 1976), *cert. denied,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977). In *Solomon,* plaintiffs' parents died when, after radioing for aid, their small aircraft crashed into the sea. While there was admittedly no evidence as to the length of time the couple suffered before death or whether they died immediately upon impact, the district court was "'convinced that both of the deceased knew of the impending crash landing at sea, knew of the imminent dangers involved, and are certain to have experienced the most excruciating type of pain and suffering (the knowledge that one is about to die, leaving three cherished children alone).'" *Id.* at 792. In upholding the district court's conclusion that Florida would permit recovery for the decedent's conscious pain and suffering prior to death, we stated:
>
>> While in the garden variety of claims under survival statutes, including the Florida Statute—fatal injuries sustained in automobile accidents and the like—the usual sequence is impact followed by pain and suffering, we are unable to discern any reason based on either law or logic for rejecting a claim because in this case as to at least part of the suffering, this sequence was reversed. We will not disallow the claims for this item of damages on that ground.
>
> *Id.* at 793 (citations omitted).

*Haley*, 746 F.2d at 314-15; *see also Beynon v. Montgomery Cablevision Ltd. P'ship*, 718 A.2d 1161, 1170-71 (Md. 1998) (reviewing numerous cases allowing damages for pre-impact fright and terror, including *Haley* and *Solomon*, as well as cases rejecting them, including *In re Air Crash Disaster Near Chicago*, and concluding that the plaintiffs could recover under Maryland law for the decedent's pre-impact emotional distress as his vehicle skidded 71.5 feet into traffic stopped due to defendant's negligence). Notably, the *In re Air Crash Disaster Near Chicago* case, like *Haley*, cited and discussed *Solomon*, but it ultimately rejected *Solomon*'s reasoning as inconsistent with Illinois law. However, as the Court explained above, it agrees with plaintiffs that that conclusion rested on an interpretation of Illinois law that is outdated and no longer represents the best prediction of how the Illinois Supreme Court would rule, given the court's later pronouncements. Thus, the Court finds nothing in Illinois law to prevent it from following *Haley* and *Solomon*, and it is persuaded to follow those decisions by the force of their reasoning.

5

Boeing's position is that, to the extent the Court grants its *Daubert* motions and excludes plaintiffs' experts' opinions, plaintiffs have "no nonspeculative evidence about the alleged pain and suffering before impact." (Tr. at 35:14-17.) But, as it acknowledged at argument, Boeing stipulated to the introduction of at least some "expert testimony" describing the "history of the flight" and "the aircraft's movements." (Agreed Stipulation of the Parties at 2, ¶ A.2., ECF No. 1217-1.) Based on even a bare-bones version of that evidence, jurors could plainly draw a reasonable inference, as in *Haley*, that the passengers experienced emotional distress as the aircraft rose and fell, rose again, then plunged. *See Haley*, 746 F.2d at 315-16 (finding sufficient support for the jury's conclusion that the decedent suffered pre-impact fright and terror in evidence that included a "videotape simulation of the takeoff and crash of Flight 759; a stipulation explaining the known facts culled from investigation; and the videotaped testimony of both parties' experts"); *see also Michael C v. Saul*, 408 F. Supp. 3d 919, 927 (N.D. Ill. 2019) ("Common sense and human experience have a role to play in all litigation.") (citing authorities). This is not a case in which the evidence will not support a conclusion that the passengers were more likely than not to have been "aware of the danger" or "in fact suffered any pre-impact terror." *Haley*, 746 F.2d at 316 (citing, *e.g.*, *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 206-07 (2d Cir. 1984), as an example of a case—unlike *Haley*—in which there was "no evidence the decedent-passenger was awake, let alone aware that anything was wrong," as the "rolling of the plane, the only possible indicia of danger to this particular passenger, was as compatible with normal airline traffic patterns as with imminent disaster"); *see also Shu-Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45, 53 (2d Cir. 1984) (explaining that there is "no intrinsic or logical barrier to recovery for the fear experienced during a period in which the decedent is uninjured but aware of an impending death" and similarly distinguishing *Shatkin*).

Boeing suggested in its reply brief and at argument that the Court should approach its motion in limine #7 by deciding its *Daubert* motions first, and then asking whether, to the extent the Court agrees with Boeing and rules to exclude certain expert testimony plaintiffs have proffered, that leaves any admissible evidence supporting pre-impact emotional distress damages. The Court has taken a different tack because it finds that much of the debate in the *Daubert* briefing is over whether plaintiffs suffered a pre-impact physical injury, a question that, the Court now concludes, has no bearing on whether plaintiffs can recover pre-impact emotional distress damages. A jury could reasonably infer from the evidence that will be presented at trial that the passengers on ET 302 perceived that they were going to crash, horrifically, to their certain death. Boeing has not demonstrated that Illinois authority bars plaintiffs from recovering for the pre-impact emotional distress they suffered as a result, and the Court concludes that the Illinois Supreme Court likely would permit recovery of such damages.

### III. Wrongful Death Claim

Regarding the wrongful death claim, Boeing recognizes that the manner and circumstances of death are a factor in determining what damages surviving beneficiaries can recover for the grief and sorrow they experienced at the death of their loved ones, and non-speculative factual evidence of what happened on board flight ET 302 is part and parcel of the manner and circumstances of death. *See Hammond v. Sys. Transp., Inc.*, 942 F. Supp. 2d 867, 874 (C.D. Ill. 2013) ("[D]eath, as ordinarily understood, includes more than the mere fact that a person is dead. The intent of the legislature, based on the meaning of these key terms, [namely, death, grief, sorrow, and mental

suffering,] was to compensate for the spouse's and next of kin's emotional consequences from the end of decedent's life, *including the process or manner of death*.") (emphasis added). This is logical, as Boeing has stipulated that jurors will be told that the "history of the flight and the aircraft's movements will be described to [them] through expert testimony." (Agreed Stipulation of the Parties at 2, ¶ A.2., ECF No. 1217-1.) However, Boeing argues that it does not follow that plaintiffs may "speculate on what they think may have happened on that plane" by attempting to establish evidence of "imagined pain and suffering unsupported by the evidence." (Tr. of May, 23, 2023 Hr'g at 104:16-23).

To the extent Boeing's argument is that the beneficiaries may not testify that their grief was increased by their contemplation of the emotional distress their loved ones must have suffered in their final moments, the Court rejects it. Boeing does not appear to dispute that what happened during these final moments is part of the "process or manner of death." And, as the Court explained above, there will be evidence describing the "history of the flight" and "the aircraft's movements" during those final few moments, the substance of which will not be new to the beneficiaries. Based on this evidence, contemplation of what the passengers must have experienced as the airplane crashed is hardly mere speculation. There is sufficient evidence to support a reasonable inference that these passengers experienced pre-impact fright and terror, and that experience is part of the "process or manner of death." Therefore, the Court is not inclined to bar evidence of how contemplation of that emotional distress affects the plaintiffs' grief.

Therefore, the Court denies Boeing's motion in limine #7 (ECF No. 1597). Boeing's motion in limine to exclude speculative testimony regarding whether passengers experienced conscious pain and suffering on impact (ECF No. 1593) is granted, as the motion appears to be unopposed, and in any case plaintiffs have no need to establish that the passengers experienced conscious pain and suffering on impact. The Court reserves ruling on the remaining motions for now. To the extent that this ruling changes the parties' positions as to any of the remaining motions, they should notify the Court promptly in a joint status report.

**SO ORDERED.**                                                                 **ENTERED: May 30, 2023**

**HON. JORGE ALONSO**
**United States District Judge**