IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge M. David Weisman |

**JOINT STATUS REPORT**

Pursuant to and as a result of this Court's Order on June 20, 2023 [1784], the parties make the following report regarding trial selection:

**Overview:**

Flight ET 302 crashed on March 10, 2019. The first lawsuits against The Boeing Company were filed in April 2019. Cases were then filed over the next two years, until March 2021. Lawsuits were filed on behalf of 155 decedents. Cases remain on behalf of 68.

*Plaintiffs' position*: Boeing has preached its desire to settle cases since the very first hearing in this matter in June 2019 (*see* ECF 73 at 3; 6/27/19 Hr'g Tr. at 19:22-25), and at almost every hearing since, but history tells another story. In November 2021, two and a half years into this litigation, Boeing had settled only 15 cases. ECF 1212. Boeing admitted liability in this case via the parties' November 2021 stipulation. ECF 1217.1. By June 2022, it had settled another 16 cases. On June 16, 2022, this Court set trial dates in March and June 2023. In the following 6 weeks, Boeing settled another 10 cases. ECF 1373 at 9. Since June 28, 2022, when it was finally faced with upcoming trials, Boeing has settled 41 cases, 16 of which were actually set for trial. Clearly, in this consolidated action, trial settings beget settlements.

Some of these 68 remaining families have been waiting for resolution for more than four years, and it has become apparent to them that Boeing is only truly interested in resolution when it feels the pressure of a trial date upon it. The time for categorization and bellwether trials is over; the information has been gathered. Plaintiffs' proposal ensures each case is resolved by trial or settlement, with the oldest pending cases being given priority. Not only is this a fair selection process, but it is what the families want. It is outrageous for Boeing to suggest to the families that it knows what they need better than they do.

*Boeing's position:* Boeing requests that the Court refrain from setting the next round of trial dates at this time to allow the parties to digest what they have learned from the two trial settings and focus their efforts on settling as many cases as possible without the competing demands of trial preparation. Boeing disagrees with Plaintiffs that trial settings are necessary to achieve settlements. Throughout this litigation, Boeing has worked diligently to resolve those cases that are ripe for mediation or settlement negotiations. Indeed, Boeing has participated in over 160 mediations involving over 100 cases, resulting in settlements of cases in this Court involving 87 decedents—significantly more than the numbers that Plaintiffs report above—with only 16 of those settlements involving trial-set cases.

If and when the Court decides the best course of action is to set cases for trial, the case selection process should generally be the same "you cut, I choose approach" as used for the March and June trials in that Boeing will choose from a list of 50 trial pool cases provided by Plaintiffs. Plaintiffs' proposal (raised for the first time in this status report) that cases be set for trial "in order from the oldest pending case to the newest" makes no sense given the circumstances here. All of the families involved in this litigation tragically lost their family members at the same time. All cases have been consolidated and have been proceeding along the same timeline, regardless of which specific date each case was filed and which in most instances differ only by a matter of months if not days. To suggest that certain families have been "waiting" longeris simply incorrect. Boeing's proposal provides more families with an opportunity to have their cases selected for trial.

A. **Trial case selection**

*Plaintiffs' position*: When this Court devised the "you cut, I choose" trial selection method a year ago, Plaintiffs selected 50 out of 119 (or 42%) pending cases for the trial pool. Out of those 50 cases, Boeing selected 16 (or 32%) for trial in March and June 2023. Currently, cases on behalf of 68 decedents are pending, with 30 cases (or 41%) remaining in the trial pool.[1] Out of those 30 cases, Boeing could select another eight cases (27%) for the next trial. Sensibly, over the last year, Plaintiffs have focused their discovery efforts on the trial pool cases, and so those remaining in the pool can be quickly ready for trial. Boeing is in no worse position than it was a year ago by selecting eight cases for the next trial from the existing trial pool. Alternatively, the Court could randomly select eight cases from the remainder in the trial pool.

The following cases are the oldest 40 cases pending in this litigation; 26 of them are remainders in the trial pool, and all of them have been pending since 2019:

| *19-cv-2281* | *Estate of Samya Stumo*[2] |
|---|---|
| 19-cv-2348, 19-cv-3677 | Estate of Mucaad Hussein Abdalla |
| **19-cv-2597** | **Estate of Manisha Nukavarapu\*** |

---

[1] At the status hearing, both Plaintiffs and Boeing discussed the Vaidya/Dixit family cases as one case and the Njoroge family cases as one case, which would bring the total number of cases in the pool to 22. The comparative ratios do not change.
[2] This case is currently stayed by order of court and not available for trial.

| | |
|---|---|
| **19-cv-2839** | **Estate of Kosha Vaidya*** |
| **19-cv-2840** | **Estate of Hansini Pannagesh Vaidya*** |
| **19-cv-2841** | **Estate of Pannagesh Bhaskar Vaidya*** |
| **19-cv-2847** | **Estate of Preritkumar Dixit*** |
| **19-cv-2848** | **Estate of Anushka Dixit*** |
| **19-cv-2849** | **Estate of Ashka Dixit*** |
| **19-cv-2842** | **Estate of Carolyne Nduta Karanja*** |
| **19-cv-2843** | **Estate of Ryan Njoroge Njuguna*** |
| **19-cv-2844** | **Estate of Kellie W. Pauls*** |
| **19-cv-2846** | **Estate of Rubi W. Pauls*** |
| 19-cv-3392 | Estate of Jonathan Seex |
| **19-cv-3540** | **Estate of Micheal Ryan*** |
| **19-cv-3846** | **Estate of Danielle Moore*** |
| 19-cv-3901 | Estate of Shimon Daniel Reem |
| 19-cv-4004, 19-cv-4074 | Estate of Julia Mwashi |
| 19-cv-4140 | Estate of Joanna Helen Toole |
| 19-cv-4242 | Estate of Ato Mulugeta Asfaw |
| **19-cv-4282** | **Estate of Graziella de Luis*** |
| **19-cv-4284** | **Estate of Isaac Minae Mwangi*** |
| **19-cv-4285** | **Estate of Saad Khalaf M. Almutairi*** |
| 19-cv-4828 | Estate of Djordje Vdovic |
| **19-cv-4964** | **Estate of Antoine Marvin Lewis*** |
| 19-cv-5079 | Estate of Shikha Garg |
| 19-cv-5102 | Estate of Luxuan Chen |
| 19-cv-5449 | Estate of Abdulhai Mohamed Ibrahim |
| **19-cv-5559** | **Estate of Vaibhav Pradeepkumar Lahoti*** |
| **19-cv-5561** | **Estate of Anne Mukui Musyoki*** |
| *19-cv-5562* | *Estate of Jared Babu Mwazo*[3] |
| **19-cv-5563** | **Estate of Mercy Ngami Ndivo*** |
| **19-cv-5564** | **Estate of Danica Olexova*** |
| 19-cv-5582 | Estate of El Hassane Sayouty |
| **19-cv-5756** | **Estate of Chunming Wang*** |
| 19-cv-5971 | Estate of Avraham Matsliah |
| **19-cv-6023** | **Estate of Wolfgang Eigner*** |
| **19-cv-6025** | **Estate of George Gikonyo Kabugi*** |
| **19-cv-6077** | **Estate of Christine Alalo*** |
| **19-cv-6079** | **Estate of Ama Tesfamariam*** |

**\* remainder in trial pool**

    Not only are the remaining trial pool cases some of the oldest-filed cases, they also are (by and large) trial-ready. When the pool was created a year ago, those families were told their cases might be selected for trial, and they began to prepare themselves mentally and emotionally for the ordeal. When Boeing did not select their cases for the March or June trials, these families

---

[3] This case is currently stayed by order of court and not available for trial.

3

understood they were still in the trial pool and could still be selected for the next round of trials. Cognizant of this from both a practical standpoint as well as an empathetic one, Plaintiffs' counsel took trial depositions and engaged in other trial preparation activities with many of these families. While there is still work to be done, this Court should view the cases remaining in the trial pool as the cases most easily prepared for a trial in 2023. Replenishment of the trial pool now, as Boeing suggests, only ensures these families' cases will not be chosen by Boeing for the next trial.

Additionally, with cases for 68 decedents pending and more certain to settle in the coming months, a trial pool will no longer be necessary after the next trial. As Plaintiffs observed on June 20, 2023, representative outcomes have been achieved. The Court's "you cut, I choose" trial case selection method has successfully served its purpose, providing instructive results to Boeing, the mediator, and counsel for the majority of the remaining plaintiffs[4]. Four years into this litigation, and with more than half of these cases settled, Boeing cannot argue it needs categories or bellwethers anymore.

Boeing's argument that Plaintiffs should replenish the pool is nothing more than a delay tactic to avoid selecting new trial cases and put off a trial as long as possible. By positing another complex trial selection process, Boeing is seizing an opportunity to inject needless confusion and waste the parties' and court's resources by creating a problem where there isn't one. It's not complicated; if, after four years, Boeing has not been able to make acceptable settlement offers (or, in many cases, any offers at all) to the remaining plaintiffs, then those cases should be set for trial.

Therefore, Plaintiffs respectfully request that after the November trial is set with cases selected from the remainder of the trial pool, all cases for which stipulations of liability were executed be promptly listed for trial on a first-filed basis.

*Boeing's position*: If and when the Court decides the best course of action is to set cases for trial, the case selection process should generally be the same "you cut, I choose approach" as used for the March and June trials wherein Boeing chooses from a list of 50 trial pool cases provided by Plaintiffs.

As it currently stands, there are only 22 Plaintiff-selected cases in the trial pool. Of these 22, there are six Category 1 cases, two Category 2 cases, eleven Category 3 cases, and three Category 4 cases (counting each family group as one case, as both parties did during the June 20 status hearing).[5] These cases are not necessarily representative of the remaining 68 cases. For example, there are 10 unsettled Category 2 cases, but only 2 in the trial pool – which is not even enough for Boeing to make the requisite four selections for Category 2. Further, the trial pool cases overwhelmingly involve representation by the Clifford Law Offices (87% of the 22 cases),

---

[4] The three law firms involved in the March and June 2023 trials, Clifford Law Offices, Kreindler & Kreindler, and Podhurst Orseck, represent 52 of the 68 remaining decedents between them. And, Boeing's complaint about Clifford Law Offices representing 87% of the remaining trial pool cases rings false—the original trial pool reflected the ratio of Clifford Law cases for the overall litigation, and Boeing limited the number of Clifford Law cases in the first two trials with its selection of 16. Any perceived imbalance is Boeing's doing.

[5] There are currently eleven separate Category 4 cases in the trial pool. However, these eleven cases consist of four decedents from the Njoroge family, six decedents from the Vaidya-Dixit family, and the Ndivo case.

4

which represents Plaintiffs in approximately 62% of unsettled cases. The 22 cases involve only four other Plaintiffs' law firms with one case each, leaving eight other Plaintiffs' law firms without any cases in the trial pool. Moreover, assuming the same procedure as was followed for the March and June trial case selections, requiring Boeing to choose 16 lead trial and back-up cases from a pool of 22 total cases leaves Boeing with almost no discretion to choose and effectively allows Plaintiffs to both cut and choose the trial cases.

In addition, while Plaintiffs make the point that the families in these 22 cases have been waiting, the same is true for the families in every unsettled case. Those families have likewise been waiting and should have a chance to be added to the trial pool and selected for trial. Boeing's proposal does not "ensure" that the cases currently in the trial pool will not be selected, as Plaintiffs claim. Rather, it provides more families with the opportunity to have their cases selected for trial, while also replenishing the pool in a way that makes more representative cases available to be selected.

Furthermore, Plaintiffs' claim that the remaining trial pool cases are "(by and large) trial-ready" is demonstrably false. Of the 26 cases remaining in the trial pool that Plaintiffs list in their table above, *zero* depositions have been taken in 14 of those cases. An average of one deposition per case has been taken across the 26 cases. By contrast, for the March and June cases that were worked up for trial, there were an average of 8 depositions taken per case. Case-specific expert discovery also will need to be undertaken. For Plaintiffs to say that these cases are trial-ready is a gross overstatement. If the Court sets cases for trial this fall, the parties will soon be consumed once again with trial preparation activities, which will deflect time and resources that could otherwise be used to settle cases.

Finally, as the parties have previously discussed with the Court, there are certain Category 4 cases that cannot be tried with other cases. 8/5/2022 Tr. at 34:8-9, 36:2-9, 40:21-41:6. Two of the three Category 4 cases left in the trial pool are such cases—the Njoroge and Vaidya-Dixit cases. These cases involve four and six decedents, respectively, and each family would need their own trial. *See* Dkt. No. 1467 (noting Plaintiffs' view that the Njoroge and Vaidya-Dixit cases should each be tried separately). The only other Category 4 case included in the existing trial pool is the Ndivo case, but Plaintiffs' inclusion of that case is puzzling given that they did not include its companion case, the Babu case, in the trial pool. This will necessarily further limit Boeing's ability to choose representative cases from the existing trial pool.

Therefore, Boeing requests that if and when the Court schedules the next trial, Plaintiffs supplement the trial pool such that it consists of 50 cases, with the mix of cases in the pool being approximately representative of the number of cases in each category in the universe of unsettled cases remaining at that time. Boeing should then be allowed to choose the cases set for trial from those cases, pursuant to the process the Court previously established.

### B. Timing of Next Trial(s)

*Plaintiffs' position*: Plaintiffs agree with the position expressed by Boeing to the Court on June 20 that the next should proceed in November 2023. (6/20/23 Hr'g Tr. at 10:4-6). Setting a

third trial in November 2023 and a fourth trial in December 2023 or January 2024 was planned by the Court and the parties at the trial setting last year (8/5/22 Hr'g Tr. at 12:22-13:1; 22:11-18), and These cases should be selected from the remainder of the trial pool. This Court should then begin setting trial dates for all remaining cases in three-month intervals, in order from the oldest pending case to the newest.

Boeing's new protestations that it needs time to focus on settlement fall flat. Not only has Boeing been preaching its desire to settle cases since the very first hearing before this Court in June 2019 and then moving at a snail's pace to actually do so, much of the trial preparation it claims will consume it has been completed.

In the months before the March 2023 trial, the parties were focused on expert discovery related to the passengers' experience aboard the aircraft while simultaneously preparing individual aspects of each case for trial. Then, in the months before the June 2023 trial, the parties were consumed by briefing and argument related to motions regarding the passengers' experience aboard the aircraft and *Daubert* motions on that subject while simultaneously preparing individual aspects of each case for trial. Now, the parties need only focus on the individual aspects of each decedent's case to prepare for trial.[6] And, Boeing has no one to blame but itself for the depositions that have not been taken in the remaining trial pool cases. The last four years have shown that Boeing only notices depositions when it is faced with a trial date. Simply put, these cases will not progress toward any resolution unless they are set for trial.

Plaintiffs are confident they can conduct settlement negotiations while preparing the individual aspects of trial cases at the same time. Boeing's doubt it can do the same is confusing, especially given that almost none of the attorneys involved in the mediation process have been attending depositions of the fact witnesses for the individual cases.

*Boeing's position*: Boeing's position is that the Court should not set the next round of trial dates at this time. Throughout this process, the Court and the parties have rightfully focused on "ensuring that all of the dozens of plaintiffs receive compensation for their losses in the most expeditious way possible," 8/5/22 Tr. at 43:10-13, and the Court rightly questioned whether setting additional trials is the "most efficient way to accelerate settlements." 6/20/23 Tr. at 15:12-16. Boeing believes that the most efficient way to accelerate settlements at this point is for the parties to focus on settling cases, rather than trial preparation.

Now that the March and June trial cases have settled, the parties should have an opportunity to digest what they have learned from the two trial settings and focus their efforts on settling as many cases as possible before resuming trial preparation on additional cases. The Court's concern about the parties being in a "constant state of trial preparation" and "unable to assess the big picture as it relates to settlement" is well-founded. 8/5/22 Tr. at 12:18-21. Preparation for the March and June trials involved briefing of motions, trial preparation, expert work, and significant discovery

---

[6] To be sure, the parties may continue to develop and refine their theories and evidence of the claim for the passengers' experience ahead of future trials, but Boeing should not dispute that the bulk of the factual and expert testimony has been discovered and the major legal issues argued and resolved.

efforts for each case set for trial, including depositions and written discovery. These efforts required a substantial amount of the parties' time and resources. For example, for the March and June trial cases, there were 70 fact witness depositions and 17 case-specific experts, including 5 case-specific experts who provided reports and/or testimony in multiple cases. Despite the parties' best efforts, the demands of trial preparation inescapably leave less bandwidth for mediations and settlements. This is well illustrated by the fact that, other than the March and June trial cases, only three other (non-trial) cases settled since the beginning of 2023. Plaintiffs' request that the Court set trials for "all remaining cases in three-month intervals" would undoubtedly leave the parties in a state of constant trial preparation. Indeed, in the three months between the March and June trial settings (which, contrary to Plaintiffs' assertion, was *after* briefing and Daubert motions regarding the passengers' experience aboard the aircraft was complete), the parties were only able to conduct mediations of four non-trial cases.

Further, the parties are in discussions regarding a more streamlined approach to mediations. The parties should have an opportunity to concentrate on developing and implementing this process without the competing demands of trial preparation. Indeed, Plaintiffs' counsel has estimated that the streamlined mediation process could result in settlements of half of the remaining 68 cases, and Boeing is hopeful that it could result in even more settlements. Allowing the parties to focus on this process could therefore result in approximately 34 (or more) families obtaining compensation much more quickly than waiting for the trial process to play out with a handful of additional trial cases. It would be most efficient for the parties to work to settle the cases that can settle without a pending trial date. Once those settlements have been achieved, another round of trials can be set based on the case inventory that exists at that time.

Boeing therefore requests that the Court refrain from setting additional trial dates at this time. To the extent that the Court does set additional trial dates, as stated during the June 20 hearing, Boeing requests that trials not be set until November 2023, at the earliest, and preferably not until 2024.

### C. Proposal for Streamlined Mediations

As they told the Court they would, Plaintiffs have provided Boeing and Mediator Hon. Donald P. O'Connell (Ret.) a list of 12 cases for which Plaintiffs have asked Judge O'Connell to make a Mediator's Recommendation in order to further the efforts at expeditious resolution. Boeing has been in communication with Judge O'Connell regarding Plaintiffs' proposal and understands that Judge O'Connell will advise the parties how he wishes to proceed.

Dated: June 30, 2023

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Robert A. Clifford | Dan K. Webb |
| *rac@cliffordlaw.com* | *dwebb@winston.com* |
| Kevin P. Durkin | Christopher B. Essig |
| *kpd@cliffordlaw.com* | *cessig@winston.com* |
| Tracy A. Brammeier | Julia Mano Johnson |
| *tab@cliffordlaw.com* | *jmjohnson@winston.com* |
| John V. Kalantzis | WINSTON & STRAWN LLP |
| *jvk@cliffordlaw.com* | 35 W. Wacker Dr. |
| CLIFFORD LAW OFFICES, P C. | Chicago, Illinois 60601 |
| 120 N. LaSalle Street | (312) 588-5600 |
| 36th Floor | |
| Chicago, Illinois 60602 | Mack H. Shultz, Jr. |
| (312) 899-9090 | *MShultz@perkinscoie.com* |
| | Michael Scoville |
| Justin T. Green | *MScoville@perkinscoie.com* |
| Anthony Tarricone | Christopher M. Ledford |
| Brian J. Alexander | *CLedford@perkinscoie.com* |
| Daniel O. Rose | PERKINS COIE LLP |
| Megan W. Benett | 1201 Third Avenue Suite 4900 |
| Andrew J. Maloney III | Seattle, Washington 98101-3099 |
| Erin R. Applebaum | 206-359-8000 |
| KREINDLER & KREINDLER LLP | |
| 485 Lexington Avenue | Jonathan R. Buck |
| 28th Floor | *jbuck@perkinscoie.com* |
| New York, NY 10017-5590 | Daniel T. Burley |
| | *dburley@perkinscoie.com* |
| Steven C. Marks | PERKINS COIE LLP |
| Ricardo M. Martinez-Cid | 131 South Dearborn St. |
| Kristina M. Infante | Suite 1700 Chicago, IL 60603 |
| PODHURST ORSECK, P.A. | 312-324-8400 |
| SunTrust International Center, Suite 2300 | **Attorneys for The Boeing Company** |
| One S.E. Third Avenue | |
| Miami, Florida 33131 | |
| **On behalf of all Plaintiffs** | |

|  | Garrett Joseph Fitzpatrick<br>garrett.fitzpatrick@fitzhunt.com<br>FITZPATRICK & HUNT, PAGANO, AUBERT, LLP<br>12 E. 49th Street<br>31st Floor<br>NY, NY 10017<br>212-937-4002<br><br><br>Nicholas C. Bart<br>*nick.bart@fitzhunt.com*<br>Shane B. Nichols *Shane.nichols@fitzhunt.com*<br>FITZPATRICK & HUNT, PAGANO, AUBERT, LLP<br>20 S. Clark St.<br>Suite 2620 Chicago, IL 60603<br>312-728-4902<br>**Attorneys for Rosemount Aerospace, Inc.** |
|---|---|