**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Case No. 1:19-cv-2170 (Consolidated) <br><br> District Judge: Jorge L. Alonso <br><br> Magistrate Judge: M. David Weisman |

**SECOND AMENDED PROTECTIVE ORDER**

A party to this action has moved that the Court enter a protective order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Scope.**

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning "Confidential Information" or "Export Controlled Information" as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order applies to any action related to or consolidated with Civil Action No. 1:19-cv-02170 in the United States District Court for the Northern District of Illinois, including any such actions so consolidated after the entry of this Order.

2. **Definitions**

   2.1 **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that

falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual and as set forth in 45 C.F.R. § 160.103 (and 45 C.F.R. § 164.501) ; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

      2.2      **Export Controlled Information.** As used in this Order, "Export Controlled Information" means information, technical data and/or technology that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, et seq., and/or the International Traffic in Arms Regulations, which implement the Arms Export Control Act ("ITAR"), 22 C.F.R. §§ 120.1, et seq. Such information may be contained in documents that Defendants furnish in this case related to dual use commodities, technology, or software, or defense articles. Although Defendants shall make best efforts to designate such information as "EXPORT CONTROLLED INFORMATION" in accordance with this Order, information subject to the EAR and ITAR shall at all times remain "Export Controlled Information" regardless of whether such designation is made, in accordance with federal law.

      2.3      **Documents.** "Documents" means all writings, records, files, drawings, graphs, charts, photographs, e-mails, electronic messages, video tapes, audio tapes, compact

discs, electronically stored information, and other tangible things subject to production under the Federal Rules of Civil Procedure.

    **3.**    **Designation.**

    **(a)**    A party may designate a document as Confidential Information or Export Controlled Information for protection under this Order by placing or affixing a label that contains or includes language substantially identical to the following on the document and on all copies in a manner that will not interfere with the legibility of the document (hereinafter referred to as "CONFIDENTIAL" and/or "EXPORT CONTROLLED INFORMATION" labels or markings):

> **CONFIDENTIAL**
>
> Subject to Protective Order in Case No. 1:19-cv-02170 in the Northern District of Illinois
> DO NOT COPY OR DISCLOSE EXCEPT UNDER TERMS OF PROTECTIVE ORDER

or

> **EXPORT CONTROLLED INFORMATION**
>
> Subject to Protective Order in Case No. 1:19-cv-02170 in the Northern District of Illinois
> DO NOT COPY OR DISCLOSE EXCEPT UNDER TERMS OF PROTECTIVE ORDER

or

> **CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION**
>
> Subject to Protective Order in Case No. 1:19-cv-02170 in the Northern District of Illinois
> DO NOT COPY OR DISCLOSE EXCEPT UNDER TERMS OF PROTECTIVE ORDER

As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or Export Controlled

Information. The marking "CONFIDENTIAL" and/or "EXPORT CONTROLLED INFORMATION" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" and/or "EXPORT CONTROLLED INFORMATION" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" and/or "EXPORT CONTROLLED INFORMATION" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or Export Controlled Information are not required to be marked.

To the extent practicable, a Party shall only designate as Confidential or Export Controlled Information the portions of a document requiring such protection. A Party shall designate those portions of an integrated, multipage document as Confidential or Export Controlled Information immediately below the label on the first page of the document, and then also place the labels specified in paragraph 3.2 on each page of the document containing Confidential or Export Controlled Information.

**(b)** **Documents Not Amenable to Page-by-Page Marking.** A party producing documents that are not amenable to page-by-page marking as set forth in ¶ 3.a. above and are stored on electronic, magnetic, optical, or other non-paper media, such as compact discs, DVD's, video tapes, and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential or Export Controlled Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such

data storage devices are produced. If the receiving party, or other persons or entities to whom disclosure is authorized pursuant to § 5(b)(1)-(9), makes a copy of any data storage device designated by the producing party as containing Confidential or Export Controlled Information, the receiving party or other authorized person shall mark each such copy as containing Confidential or Export Controlled Information in the same form as the notice on the original data storage device produced.

**(c)** **Interrogatory Answers**. If a party answering an interrogatory believes that its response contains Confidential or Export Controlled Information, it shall simultaneously set forth that response in a separate document that is produced and designated as Confidential or Export Controlled Information (in the same manner that a document is produced as outlined in paragraph 3.2). The answers to interrogatories should refer to the separately produced document containing the response, but such document need not be attached to or produced with the interrogatories.

**(d)** The designation of a document as Confidential and/or Export Controlled Information is a certification by an attorney or a party appearing pro se that the document contains Confidential and/or Export Controlled Information as defined in this order.

**4.** **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information and/or Export Controlled Information. Within 45 days after the receipt of a deposition transcript, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information and/or Export Controlled Information, and thereafter

5

only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. The failure to serve a timely Notice of Designation shall not waive any designation of testimony taken in that deposition that falls within the definition of "Export Controlled Information," however, due to all parties' non-waivable and ongoing obligations to comply with the EAR and/or ITAR. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential and/or Export Controlled Information.

No person except those permitted access to Confidential or Export Controlled Information by this Order can attend depositions when Confidential or Export Controlled Information is disclosed.

Nothing in this paragraph requires parties to re-designate documents used as exhibits during a deposition; rather, those documents shall retain the designation of Confidential Information and/or Export Controlled Information assigned to them regardless of their use in a deposition.

    **5.    Protection of Confidential Material.**

        **(a)    General Protections.** Confidential Information and/or Export Controlled Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than (i) in this litigation, including any appeal thereof; or (ii) the Texas Criminal Proceedings (*United States v. The Boeing Company*, 4:21-cr-00005 (N.D. Tex.).

**(b)** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information and/or Export Controlled Information to any third person or entity except as set forth in subparagraphs (1)-(11). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information and/or Export Controlled Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties, the real parties in interest for each deceased passenger or crew member, the insurers of any corporate entity, and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel in either these proceedings or the Texas Criminal Proceedings;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts, and their staff, employed by the parties or counsel for the parties to assist in the preparation and trial

of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential and/or Export Controlled Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential and/or Export Controlled Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) Paul Cassell and Peter Reilly, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and only after Plaintiffs provide Boeing with three business days' notice of which documents they intend to disclose to these persons/entities. General relevance objections will not be entertained, but if the documents contain information that is of significant commercial interest to Boeing or Boeing has a concern that the documents contain classified information, it may seek appropriate relief from the Court within three (3) business days of receiving notice from Plaintiff;

(10) The Department of Justice, but only after Boeing is provided with notice of which documents shall be disclosed to the Department, which must be informed of the

protected nature of this information pursuant to this Order, with a copy of this Order accompanying the disclosure. If Boeing has not previously had an opportunity to object to the documents, Boeing must be provided with three business days' notice and may seek appropriate relief from the Court within three business days of receiving notice from Plaintiffs if the documents contain information that is of significant commercial interest to Boeing or Boeing has a concern that the documents contain classified information. If Boeing previously had the opportunity to object to the documents as described within this order, then notice of the documents provided to DOJ need only be provided simultaneously with production to DOJ, or within one business day thereof.

(11) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** With respect to Export Controlled Information, the persons identified in 5(b)(1)-(11) must be U.S. persons permitted to view such information under U.S. law (specifically EAR (15 C.F.R. §§ 730.1, et seq.) and/or ITAR (22 C.F.R. §§ 120.1, et seq.)). Counsel or another individual authorized to received Export Controlled Information will not in any manner disclose, export, or transfer Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency, except as expressly permitted by U.S. law. Use or access outside of the U.S. or by Non-U.S. persons within the U.S. may require a license from the U.S. Department of State in accordance with ITAR or from the U.S. Department of Commerce in accordance with the EAR. The Party

producing the documents accepts no liability on behalf of the Recipient for the procurement of or expense of such license, or in the event the Recipient discloses controlled information or violates the EAR or ITAR. Diversion of any technical data subject to the ITAR or EAR to any (i) person, (ii) entity, (iii) country or (iv) any entity located or incorporated in a country, that is on any denied party list or list of sanctioned countries, pursuant to either the EAR, ITAR or any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V) is prohibited.

In the event a party elects to produce documents for inspection, the inspecting party must be authorized to view Confidential and/or Export Controlled Information under the terms of this Order. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and/or Export Controlled Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**(d)** **Exception.** With respect to any Confidential Information and/or Export Controlled Information that a receiving party believes involves an aviation safety matter that should be disclosed to the Federal Aviation Administration (FAA), the party must send a written request to the producing party, and the parties shall meet and confer on the issue within five (5) business days. After such meet and confer, if the parties are unable to reach agreement within five (5) further business days, and if the receiving party still believes in good faith that disclosure to the FAA is warranted, that party is permitted to disclose that information to the FAA, but said party must copy the party who designated the document or information as Confidential Information and/or Export Controlled Information on the communications and must inform the

FAA of the protected nature of this information pursuant to this Order and simultaneously provide the FAA with a copy of this Order. Nothing herein shall prevent the parties from seeking expedited relief from the Court with regard to disclosure to the FAA.

**6.     Inadvertent Failure to Designate.**

An inadvertent failure to designate a document as Confidential Information and/or Export Controlled Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony solely as Confidential Information. If a party designates a document as Confidential Information and/or Export Controlled Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information and/or Export Controlled Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information and/or Export Controlled Information.

**7.     Designations by Another Party.**

**7.1     Notification of Designation.** If a Party believes that a producing Party (including a third party) has produced a document that contains or constitutes Confidential or Export Controlled Information of any non-producing Party, the Party may designate the

document as Confidential or Export Controlled Information by notifying all Parties in writing of that designation within 60 days of service of the document.

   **7.2**  **Return of Documents.** Whenever a Party other than the producing Party designates a document as Confidential or Export Controlled Information as provided for in paragraph 5.1, each Party receiving the document shall either add the Confidential or Export Controlled Information designation or substitute a copy of the document bearing such designation for each copy of the document produced by the producing Party. Each Party shall destroy all undesignated copies of the document or return those copies to the producing Party, at the direction of the producing Party.

   **7.3**  **Nondisclosure.** No Party shall disclose a produced document to any person (other than the persons authorized to receive Confidential or Export Controlled Information per paragraph 6) until after the expiration of the 60-day designation period specified in paragraph 5.1. If during the 60-day designation period a Party discloses an undesignated document to a person authorized to receive Confidential or Export Controlled Information under paragraphs 6, and that document is subsequently designated as Confidential or Export Controlled Information as provided for in paragraph 5.1, the disclosing Party shall cause all undesignated copies of the document to be destroyed or returned to the producing Party. The Party may thereafter disclose a copy of the document that has been marked as Confidential or Export Controlled Information by the designating Party.

 **8.**  **Disclosure to Competitors.**

 Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating Party, the Party wishing to make such

disclosure shall give at least 14 days' notice in writing to the designating Party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14 day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise. For purposes of this Protective Order, "competitor" is defined as Airbus, Bombardier, Embraer, Comac, Mitsubishi, United Aircraft Corporation, and Sukhoi Civil Aircraft Company (hereinafter "identified companies"), as well as any entity that supplies components or software code to the identified companies (hereinafter "related suppliers"), and consultants who are or were under agreement as of March 28, 2019 to provide consulting services to the identified companies or related suppliers.

9. **Filing of Confidential Information and/or Export Controlled Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information and/or Export Controlled Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2. Notwithstanding the foregoing, the parties acknowledge that all documents containing Export Controlled Information, regardless of whether they are designated as such, must be filed under seal.

10. **No Greater Protection of Specific Documents.**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**11. Challenges by a Party to Designation as Confidential Information and/or Export Controlled Information.**

The designation of any material or document as Confidential Information and/or Export Controlled Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information and/or Export Controlled Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within fourteen (14) business days.

(b) **Judicial Intervention**. A party that elects to challenge a designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information and/or Export Controlled Information under the terms of this Order.

(c) For documents produced 90 days or longer before trial, any challenges must be raised at least 60 days before trial. For documents produced within 90 days of trial, the

14

challenging party must file its motion to remove the Confidential Information or Export Controlled Information designation within half of the remaining time before trial, and the meet-and-confer period shall be shortened to seven (7) days. If a challenging party elects not to make such a motion with respect to documents, information or other materials to which an objection has been made, the challenge shall be deemed withdrawn.

12. **Action by the Court.**

Applications to the Court for an order relating to materials or documents designated Confidential Information and/or Export Controlled Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial.**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information and/or Export Controlled Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information and/or Export Controlled Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. **Confidential Information and/or Export Controlled Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as

15

Confidential Information and/or Export Controlled Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

        (b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

        (c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information and/or Export Controlled Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and/or Export Controlled Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information and/or Export Controlled Information by the other party to this case.

    **15.**    **Challenges by Members of the Public to Sealing Orders.**

A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will

have the burden of demonstrating the propriety of filing under seal.

      **16.    Obligations on Conclusion of Litigation.**

           (a)    Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

           (b)    Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and/or Export Controlled Information and documents marked "CONFIDENTIAL" and/or "EXPORT CONTROLLED INFORMATION" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

           (c)    Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information and/or Export Controlled Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information and/or Export Controlled Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information and/or Export Controlled Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information

and/or Export Controlled Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**17. Order Subject to Modification.**

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**18. No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information and/or Export Controlled Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19. Persons Bound.**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.
So Ordered.

**SO ORDERED.**  **ENTERED:**

**June 25, 2024**

_M. David Weisman_
**M. David Weisman**
**United States Magistrate Judge**

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Case No. 1:19-cv-2170 (Consolidated) <br><br> District Judge: Jorge L. Alonso <br><br> Magistrate Judge: M. David Weisman |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Second Amended Protective Order dated June 21, 2024 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Second Amended Protective Order and understands that the terms of the Second Amended Protective Order obligate him/her to use materials designated as Confidential Information and/or Export Controlled Information in accordance with the Order, and not to disclose any such Confidential Information and/or Export Controlled Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Signature: _____

Date: _____