**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, ARGUMENT,
AND QUESTIONING ABOUT MANNER OF DEATH THAT IS
CUMULATIVE AND UNFAIRLY PREJUDICIAL**

Boeing moves under Federal Rule of Evidence 403 to exclude overtly graphic, cumulative, and unfairly prejudicial evidence and argument—including attorney questioning—regarding the decedents' manner of death.

In previous motions, Boeing sought to exclude gratuitous and sensational evidence about passenger injuries and pain at the moment of impact. Specifically, in February 2023, Boeing moved to exclude three articles from the report of Plaintiffs' expert, Dr. Thomas Jenkyn, and his related opinions that the ET 302 passengers suffered severe injuries on impact. *See* ECF 1592. Plaintiffs then agreed not to introduce the articles, causing the Court to terminate the motion as moot. *See* ECF 1757. At the same time, Boeing also moved to exclude speculative testimony and argument about passenger pain and suffering during the milliseconds between Flight ET 302's impact with the ground and the passengers' deaths. *See* ECF 1593. Plaintiffs did not oppose that motion, and the Court granted it. *See* ECF 1749. Based on those rulings and the parties' agreements, Dr. Jenkyn's opinions about passenger injuries and pain on impact are inadmissible.

Along the same lines, the Court should also exclude any questioning, argument, or testimony that includes cumulative, gratuitous, or overtly graphic descriptions of what happened to the passengers' bodies on impact. To be sure, Boeing has consistently acknowledged that the manner of the passengers' deaths is relevant to the beneficiaries' grief and sorrow under the Wrongful Death Act. Thus, Boeing does not dispute that Dr. Jenkyn (for example) may testify generally about the nature of the passengers' deaths—that they died violently and suddenly as the airplane crashed. But under Rule 403, even relevant evidence can be excluded if it runs the risk of unfair prejudice. The rule is no different when applied to evidence about the manner of death. And here, vivid descriptions of what happened to the passengers on impact pose an immense risk of unfair prejudice, including because they may cause the jury to infer that the

passengers consciously experienced pain and suffering on impact—precisely what this Court already prohibited.

For all these reasons, Boeing moves the Court to bar overtly graphic, gratuitous, or cumulative descriptions of the effect of the impact on the passengers.

I. **Plaintiffs should not be permitted to circumvent the Court's ruling barring Dr. Jenkyn from testifying about passengers' injuries or pain during impact.**

The Court's prior rulings and the parties' prior agreements excluded evidence concerning passenger injuries and pain on impact. The Court should prohibit overtly graphic, gratuitous, and cumulative descriptions of the effect of the crash on the passengers because such descriptions would circumvent these prior rulings and agreements.

Specifically, based on three articles about so-called "blast injuries," Dr. Jenkyn opined that the ET 302 passengers would have suffered a host of injuries on impact akin to those suffered from the impact of an explosion's blast wave. Ex. 1 (Jenkyn Rep.) at 33. Those opinions are inadmissible. When Boeing previously moved to exclude the three articles—along with "any testimony about those articles or derived from them" (ECF 1592 at 10)—Plaintiffs agreed not to introduce the articles, and the Court terminated Boeing's motion as moot. ECF 1757. Lacking any basis for his opinions, Dr. Jenkyn cannot testify about "blast wave injuries." Nor can Dr. Jenkyn offer any opinion that the passengers experienced pain on impact. This Court excluded testimony regarding passenger pain and suffering during the milliseconds between when Flight ET 302 made impact with the ground and their deaths. ECF 1749. And Jenkyn admitted in any event that he was not "offering any opinion about whether the passengers had enough time to experience pain in the milliseconds" before impact. Ex. 2 (Jenkyn Dep.) at 304:25–305:6.

In a similar vein, Jenkyn should also be barred from offering other gratuitous and graphic testimony about the effect of "[s]triking the ground as a freefalling passenger at 120 mph" or a

2

car driving "into a concrete bridge abutment." Ex. 1 at 33. Dr. Jenkyn admits that these scenarios are "no analogy" for an "air crash," yet his report uses them to launch into a graphic discussion about how these events could affect a person's body. *Id.* Not only is the probative value of such testimony minimal, but its prejudicial effect is extreme; it may well cause the jury to infer that passengers experienced pain on impact, in violation of the Court's order excluding such testimony.

To be clear, just as Jenkyn can testify "generally about forces the passengers experienced" (Ex. 3 (June 5, 2023 Hr'g) at 7:18–21), he can also testify generally about the nature of the passengers' deaths—such as by describing the size of the impact site, discussing the last recorded speed of the plane (575 miles per hour), and explaining that all the passengers "would have perished" in "somewhere between seven and 10 milliseconds." Ex. 2 at 304:13–24; Ex. 1 at 32; *see* ECF 1592 (Boeing motion) at 10. But given the parties' agreements and the Court's prior rulings, Jenkyn cannot testify about injuries or pain that the passengers experienced in the milliseconds during or after impact and should not be permitted to imply the same with gratuitous, prolonged, and overtly graphic descriptions of what may have happened to the passengers' bodies on impact.

**II.  The risk of unfair prejudice caused by vivid or prolonged questioning, testimony, and argument about the decedents' manner of death outweighs its probative value.**

Boeing has previously recognized that "evidence about the manner in which the decedents died can be relevant to the quantum of damages recoverable under the Wrongful Death Act." ECF 1592 at 7 (citing *Hammond v. Sys. Transp., Inc.*, 942 F. Supp. 2d 867, 874 (C.D. Ill. 2013)). As Boeing explained previously, in addition to the unobjectionable testimony from Jenkyn outlined above:

> Plaintiffs can show the jury photographs of the crash scene itself, and they can testify about the difficulty and delay in identifying

3

>  and recovering the decedents' remains. Plaintiffs can offer testimony about the speed of the airplane and angle at impact, and they can even offer testimony about the violent nature of the passengers' deaths on impact. Boeing has already agreed that the jury will be told that "[a]ll 157 passengers and crew … were killed and the aircraft was destroyed" in the crash. ECF 1217-1 at 2, 5.

ECF 1592 at 10. But there are and always have been limits. "[U]nder Rule 403, the Court may exclude evidence of the circumstances of the decedents' deaths that is more prejudicial than probative." *Id.* (quoting *Hammond*, 942 F. Supp. 2d at 876). Indeed, on that basis, the court in *Hammond* excluded photographs of the decedents' bodies because showing them "would involve a substantial risk of unfair prejudice," "may encourage the jurors to decide the case on improper grounds," and "would unnecessarily evoke an emotional response." 2013 WL 12374878, at *2 (C.D. Ill.). The same risks flow from any other overtly graphic or gratuitous questioning, testimony, or argument about the details surrounding the passengers' deaths here.

And there is good reason to believe that Plaintiffs might cross the line of prejudice in this regard. For example, during the deposition of Boeing's expert Rawson Wood, Plaintiffs' counsel asked Wood graphic questions about the consequences of the impact on the passengers' bodies. *See, e.g.*, Ex. 4 (Wood Dep.) at 109:16–17. The Court should bar such gratuitous and clearly inflammatory questioning about the effect of the crash on the bodies of the passengers. The phrasing of such questions and statements suggests that they are designed not to elicit relevant testimony about the nature of the passengers' deaths but to "evoke an emotional response" from the jury. *Hammond*, 2013 WL 12374878, at *2. Statements like the above example from Wood's deposition—whether in opening statements, witness examinations, or closing arguments—would be far more prejudicial than probative and should be barred.

* * *

4

To emphasize, some questions regarding the decedents' manner of death would be appropriate and expected. But any questions, arguments, or testimony must be kept within reason. "Plaintiffs obviously cannot go overboard at trial and bombard the jury with a cumulative presentation of evidence on" the manner of death in a way that is likely to—or designed to—evoke the passions of the jury. *Manion v. Ameri-Can Freight Sys. Inc.*, 2019 WL 3718951, at *5 (D. Ariz.). So while Boeing does not plan to object to limited questioning about manner of death, the Court should ensure that the questioning does not "involve a substantial risk of unfair prejudice" or "encourage the jurors to decide the case on improper grounds." *Hammond*, 2013 WL 12374878 at *2. The Court should thus bar overtly graphic, gratuitous, or cumulative questions, testimony, or arguments about the effect of the crash on the bodies of the passengers. At minimum, the Court should caution Plaintiffs' counsel to be mindful of cumulativeness and prejudice concerns in their presentation of this issue, and if Boeing believes that Plaintiffs' counsel cross the line in this regard, it will object at sidebar and request appropriate relief.

| | |
|---|---|
| DATED March 3, 2025 | **THE BOEING COMPANY** |
| | |
| | By: /s/ *Dan K. Webb*<br>*One of Its Attorneys* |

                                                  Dan K. Webb
dwebb@winston.com
Linda T. Coberly
lcoberly@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
Samuel M. Zuidema
szuidema@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

Sandra A. Edwards
sedwards@winston.com
**Winston & Strawn LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Christopher M. Ledford
CLedford@perkinscoie.com
Mack H. Shultz
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                  /s/ *Dan K. Webb*
                                                  **WINSTON & STRAWN LLP**
                                                  35 West Wacker Drive
                                                  Chicago, Illinois 60601-9703
                                                  Phone: (312) 558-5600