# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH<br><br>This Document Relates To:<br><br>BONITA PARKER, as Independent Representative of the Estate of ANTOINE MARVIN LEWIS, deceased,<br><br>Case No. 19-cv-04964 | Civil No. 1:19-cv-02170 (Consolidated)<br><br>District Judge: Hon. Jorge L. Alonso<br><br>Magistrate Judge: Hon. M. David Weisman |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO BAR EVIDENCE OF STATEMENTS MADE BY DECEDENT'S WIFE REGARDING HER INTEREST IN DATING**

Plaintiff, through undersigned counsel, moves this Court to enter an order barring, *in limine*, any and all *voir dire*, statements, testimony, questioning, impeachment, cross-examination, expert testimony, argument, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, before any member of the venire, a panel, or the jury, related to **Yalena Lopez Lewis' interest in dating or romantic encounters**. In support thereof, Plaintiff states as follows:

1. Any and all *voir dire*, statement, testimony, questioning, impeachment, cross-examination, expert testimony, argument, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, before any member of the venire, a panel, or the jury regarding **Yalena Lopez Lewis' interests or romantic encounters** should be barred on the basis that such evidence is irrelevant, immaterial, collateral, unfairly prejudicial, or because any probative value is substantially outweighed by the danger of unfair prejudice.

1

2. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R Evid 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R Evid Rule 403.

3. Illinois have routinely excluded evidence of a surviving spouse's dating interests and cohabitation in wrongful death claims. *See McClain v. Owens-Corning Fiberglas Corp.*, 139 F.3d 1124 (7th Cir. 1998); *see also Martin v. Illinois Cent. Gulf R.R.*, 237 Ill. App. 3d 910 (1st Dist. 1991).

4. In *McClain*, 139 F.3d 1124, 1130 (7th Cir. 1998), the Seventh Circuit upheld the trial court's decision to exclude evidence of the plaintiff's cohabitation with her deceased husband's cousin in her wrongful death case. The trial court ruled that such evidence was more prejudicial than probative. *Id.* The defendant argued that the plaintiff's relationship with the decedent's cousin was relevant to her loss of consortium claim, but the court found that Illinois law does not support reducing damages based on post-loss cohabitation. *Id.* at 1129. Illinois courts have established that loss of consortium damages reflect the unique relationship between spouses and terminate upon remarriage, but have not extended this rule to cohabitation. *Id.* The court rejected the defendant's argument that the plaintiff's companionship with the decedent's cousin mitigated her loss, affirming the district court's judgment. *Id.* at 1130.

5. Moreover, in *Martin*, 237 Ill. App. 3d 910, 922 (1st Dist. 1991), the First District Appellate Court considered whether the trial court erred in restricting the defendant's evidence on damages. Specifically, the defendant argued that it should have been allowed to introduce evidence that the plaintiff cohabited with another man on and off for a period of approximately 3 years before she married him. *Id.* The court rejected the defendant's argument that evidence of the plaintiff's prior cohabitation should be admitted to limit her loss of consortium damages. *Id.* The court declined to extend this rule that loss of consortium damages terminate upon remarriage to cohabitation. *Id.* The Appellate court upheld the trial court's decision to restrict the defendant's evidence on damages and found no error in excluding evidence of the plaintiff's relationship. *Id.*

6. Like *McClain* and *Martin*, the introduction of evidence regarding statements made by Yalena Lopez Lewis about her mere interest in dating since her husband's passing are entirely irrelevant to her wrongful death case. There is no evidence in the record that Yalena Lopez Lewis even acted on this mere dating interest. There is no testimony that Yalena cohabitated with another man, let alone actually went on a date or sought a romantic encounter.

7. The jury is required to consider damages that should be awarded to the Plaintiffs for the admitted wrongful death and survival action of the decedent Antoine Lewis. Any statements made by Yalena Lopez Lewis concerning her mere interest in dating since her husband's death are unrelated and irrelevant to any proper damages considerations and must be barred on the basis that such evidence is immaterial to any issue in this case.

8. Moreover, any slight probative value, if any, is substantially outweighed by the danger of unfair prejudice and confusion of the issues. "Unfair prejudice" within this context "means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee's Note to 2011 amendment.

9. The introduction of such evidence would serve only to suggest that Yalena is indifferent to her husband's passing, inflame the jury, and distract from the merits of the case. Evidence of statements made by Yalena Lewis regarding her dating interest should be excluded as such testimony serves no legitimate purpose other than to cast Yalena in a negative light before the jury.

10. Any statements made by Yalena Lopez Lewis regarding her interest in dating or romantic encounters are irrelevant pursuant to Federal Rule of Evidence 401. Injecting any evidence into the trial related to Yalena's dating interests will only serve to unfairly prejudice the Plaintiff and confuse the issues in this case. Reference to such information is immaterial, irrelevant, and the danger of unfair prejudice substantially outweighs any slight probative value. Fed R Evid 401, 403.

WHEREFORE, Plaintiff prays for entry of an order barring all of the aforesaid through any statement, testimony, questioning, impeachment, cross-examination, argument, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, before any member of the venire, a panel, or the jury, and that the Defendant, its witnesses, and its counsel be instructed to refrain from mentioning before the jury that this motion was brought or the Court's ruling thereon.

(*Signature on following page*)

DATED: March 3, 2025                  RESPECTFULLY SUBMITTED,

                                                s/Antonio M. Romanucci
                                                *One of Plaintiff's Attorneys*

| | |
|---|---|
| Andrew Kryder<br>**THE KRYDER LAW GROUP**<br>134 N. LaSalle Street, Suite 1515<br>Chicago, IL 60602<br>Tel: (312) 223-1700<br>Fax: (312) 377-1771<br>kryderlaw@gmail.com<br><br>Steven A. Hart<br>John S. Marrese<br>**HART MCLAUGHLIN & ELDRIDGE**<br>1 S. Dearborn St., Unit 1400<br>Tel: (312) 955-0545<br>shart@hmelegal.com<br>jmarrese@hmelegal.com<br><br>***Attorneys for Plaintiff*** | Antonio M. Romanucci<br>Patrick J. Driscoll<br>Michelle R. DiSilvestro<br>**ROMANUCCI & BLANDIN, LLC**<br>321 N. Clark St., Suite 900<br>Chicago, IL 60654<br>Tel: (312) 458-1000<br>Fax: (312) 438-1004<br>aromanucci@rblaw.net<br>pdriscoll@rblaw.net<br>mdisilvestro@rblaw.net |