# EXHIBIT 7

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3                                        ) Lead Case No. 19 CV 2170
                                          )
 4   IN RE:   ETHIOPIAN AIRLINES           )
     FLIGHT ET 302 CRASH                   ) PRETRIAL CONFERENCE
 5                                         )
                                           ) Chicago, Illinois
 6                                         ) Date: October 16, 2023
                                           ) Time: 11:00 a.m.
 7   _____

 8               TRANSCRIPT OF PRETRIAL CONFERENCE
                          HELD BEFORE
 9              THE HONORABLE JUDGE JORGE L. ALONSO
                   UNITED STATES DISTRICT JUDGE
10   _____

11                      A P P E A R A N C E S

12   For the Plaintiffs:    Robert A. Clifford, Esq.
                            Kevin P. Durkin, Esq.
13                          Tracy A. Brammeier, Esq.
                            Yvette C. Loizon, Esq.
14                          John V. Kalantzis, Esq.
                            Clifford Law Offices PC
15                          120 North LaSalle Street, Suite 3600
                            Chicago, Illinois  60602
16                          312-899-9090

17
     For Certain            Justin T. Green, Esq.
18   Plaintiffs:            Kreindler & Kreindler LLP
                            485 Lexington Avenue, 28th Floor
19                          New York, New York  10017
                            212-973-3414
20


21   (Appearances continued on the next page.)

22


23   COURT REPORTER:        Annette M. Montalvo, CSR, RDR, CRR
                            Official Court Reporter
24                          United States Courthouse, Room 1902
                            219 South Dearborn Street
25                          Chicago, Illinois  60604
                            312-818-6683
```

```
 1   APPEARANCES:   (Cont'd)

 2

 3   For Certain              Steven C. Marks, Esq.
     Plaintiffs:              Podhurst Orseck, PA
 4                            One SE Third Avenue, Suite 2300
                              Miami, Florida  33131
 5                            305-358-2800

 6

 7   For Certain              Zhidong Wang, Esq.
     Plaintiffs:              Z Wang & Associates, PC
 8                            20 South Clark Street, Suite 750
                              Chicago, Illinois  60603
 9                            312-782-1668

10

11   For Certain              Frank M. Pitre, Esq.
     Plaintiffs:              John Thyken, Esq.
12                            Nabilah Hossain, Esq.
                              Cotchett, Pitre & McCarthy, LLP
13                            840 Malcolm Road, Suite 200
                              Burlingame, California  94010
14                            650-697-6000

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   APPEARANCES:   (Cont'd)

 2


 3   For Defendant        Dan Webb, Esq.
     The Boeing Company:  Christopher Essig, Esq.
 4                        Julia Johnson, Esq.
                          Samuel M. Zuidema, Esq.
 5                        Sandra Edwards, Esq.
                          Nathan Gilbert, Esq.
 6                        Winston & Strawn LLP
                          35 West Wacker Drive
 7                        Chicago, Illinois  60601
                          312-588-5600
 8                             -and-
                          Christopher Ledford, Esq.
 9                        Perkins Coie LLP
                          1201 Third Avenue
10                        Seattle, Washington  98101
                          206-359-6642
11

12   For Defendants       Nicholas Bart, Esq.
     Rosemount            Fitzpatrick & Hunt Pagano Aubert LLP
13   Aerospace, Inc.      20 South Clark Street
     and Rockwell         Chicago, Illinois  60603
14   Collins:             312-728-4902

15

16

17

18

19   _____
20   Proceedings reported by machine shorthand, transcript produced
     by computer-aided transcription.
21

22   Court Reporter:  Annette M. Montalvo, CSR, RDR, CRR

23

24

25
```

1    MR. WEBB:  The rest of the statement, I thought, was
2 she was angry at Boeing because we had not --
3    THE COURT:  Adequately.
4    MR. WEBB:  -- adequately protected -- we had
5 inadequately protected her loved ones.  And that part would
6 violate, I think, the order you entered earlier on this same
7 motion.
8    THE COURT:  I agree.
9    Mr. Pitre, anything regarding that?
10   MR. CLIFFORD:  As long as it is okay to talk about
11 wrongdoing by Boeing, and anger because of the wrongdoing, I'm
12 comfortable, and I can go forward.
13   THE COURT:  Thank you for seeking further
14 clarification.  Thank you.
15   That gets us to Dr. Schuurman.  Boeing's motion to
16 exclude the testimony of grief expert Dr. Schuurman, Donna
17 Schuurman.
18   Plaintiffs propose to offer expert testimony about
19 the grief suffered by -- I should say at the outset this is
20 related to 19-6079, that's my understanding.  This relates to
21 the case of Ama, A-m-a, Tesfamariam.  T-e-s-f-a-m-a-r-i-a-m.
22 Not one of the lead cases.  And this is testimony -- expert
23 testimony about the grief suffered by the six-year-old
24 daughter of the decedent, Ruth.
25   Dr. Schuurman has a Ph.D. in education.

1  Dr. Schuurman spoke to Ruth's father about her in a video
2  call, my understanding a 90-minute video call, but she has
3  never spoken to Ruth directly.  Plaintiffs propose to
4  introduce testimony that Ruth is at increased risk of anxiety,
5  depression, and other mental health or behavioral issues.
6          Boeing seeks to exclude this testimony under
7  Rule 702.  Boeing argues that this testimony is not based on
8  sufficient facts or data and is not the product of reliable
9  principles and methods.  According to Boeing, Dr. Schuurman
10 never explained how the data she obtained about Ruth from her
11 father leads reliably to the conclusion that Ruth is at an
12 increased risk of suffering certain behavior or mental health
13 problems.
14         Again, Boeing points out that Dr. Schuurman spent no
15 time with Ruth and did not sufficiently explain how the data
16 established that the loss of a parent alone reliably leads to
17 the quantifiable increased risk of behavioral problems, and
18 she did not sufficiently explain how any information about
19 Ruth specifically lead to any such increased risk either.
20         All right.  After reviewing the briefing on this
21 motion, I agree with Boeing.  Dr. Schuurman conceded that no
22 one can know for certain whether Ruth will suffer mental
23 health or behavioral problems as a result of her mother's
24 death.
25         Plaintiffs correctly point out that an expert does

1  not need to testify with complete certainty, *Gayton v. McCoy*,
2  Seventh Circuit case from 2010, because evidence of potential
3  future harm is admissible and not speculative so long as the
4  increased risk as opposed to the actual harm is likely to
5  occur.  *Brown v. City of Chicago*, Northern District case from
6  this year, 18-CV-7064.
7            However, if Dr. Schuurman proposes to testify that
8  Ruth is at increased risk, she must connect that conclusion to
9  her expertise, and/or her experience by explaining how the
10 conclusion derives from a reliable professional or scientific
11 methodology.  *Zenith v. WH-TV Broadcast Corporation*, Seventh
12 Circuit case from '05.  ==Seventh Circuit held that nothing in==
13 ==*Daubert* or the Federal Rules of Evidence require a district==
14 ==court to admit opinion evidence which is connected to existing==
15 ==data only by the *ipse dixit* of the expert.==  That case quoted
16 *General Electric Company v. Joiner*, 1997 Supreme Court case.
17 Also, *Bielskis v. Louisville Ladder, Inc*., Seventh Circuit
18 case from 2011.  Also, *Potts v. Manos*, Northern District case
19 from 2017, citing *Crawford Supply Group, Inc., v. Bank of*
20 *America*, a Northern District case from October of 2011.
21           I'll also note that 702 advisory committee notes
22 state that if the witness is relying solely or primarily on
23 experience, then the witness must explain how that experience
24 leads to the conclusion reached, why that experience is a
25 sufficient basis for the opinion, and how that experience is

1  reliably applied to the facts.

2  Moreover, in the case plaintiffs cite as support for
3  their position, the court concluded that the proffered expert
4  testimony should be excluded because the expert did not
5  explain how his expertise or experience lead to his conclusion
6  that the plaintiff suffered an increased risk of future
7  depression.  The court held Dr. Kavanaugh did not explain what
8  the comorbidity rate is or how likely it is that Mr. Brown
9  specifically faces the risk of a future depression diagnosis.
10 Based on Dr. Kavanaugh's expert report and deposition
11 testimony, the court does not find that Dr. Kavanaugh's
12 opinion is based on a reasonable degree of medical certainty.
13 Without such a foundation, Dr. Kavanaugh's opinion that
14 Mr. Brown may suffer depression in the future is inadmissible
15 speculation.

16 So while it is true that Dr. Schuurman need not
17 testify with complete certainty, she must explain how her
18 conclusion that there is at least a reasonable certainty of an
19 increased risk of future mental health or behavioral problems
20 is reliably derived from scientific or professional methods or
21 specialized experience.

22 As was the case in *Brown*, she does not do so except
23 by way of *ipse dixit*.  So Boeing's motion is granted.  That is
24 number 1872.

25 All right.  So I will enter an order reflecting those