**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S OMNIBUS RESPONSE TO
*LEWIS* MOTIONS IN LIMINE 1–6 AND 8**

## TABLE OF CONTENTS

**Page**

No. 1: Evidence of statements made by decedent's wife regarding her interest in dating (ECF 2412) ................................................................................................................ 1

Nos. 2, 3 & 4: Evidence of prior incidents of self-harm (ECF 2413), evidence of prior traumatic events (ECF 2414), and evidence that some other cause was the sole proximate cause (ECF 2415) .................................................................................. 3

    A.    The evidence is relevant. ........................................................................ 3

    B.    The evidence is not unfairly prejudicial .............................................. 5

    C.    Plaintiff's remaining arguments have no merit .................................. 6

No. 5: Insinuations that the decedent's trucking business had failed (ECF 2417) ....................... 7

No. 6: Mention of the decedent's wife owning racehorses (ECF 2418) ...................................... 8

No. 8: Plaintiff's unopposed motion in limine to bar certain evidence (ECF 2420) .................. 10

"The purpose of a motion in limine is to prevent the jury from hearing evidence that is 'clearly inadmissible on all possible grounds.'" *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011) (quoting *Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 917 (N.D. Ill. 2001)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff's motions in limine[1] seek to exclude evidence that is relevant and admissible. Subject to the narrow exceptions explained below, the Court should deny these motions.

## No. 1: Evidence of statements made by decedent's wife regarding her interest in dating (ECF 2412)

Plaintiff's first motion seeks to exclude all evidence or argument about Yalena Lopez-Lewis's "interest in dating or romantic encounters" since the death of her husband, Capt. Antoine Lewis. ECF 2412 at 1. The Court should deny this motion for reasons explained in Boeing's response to the *Belanger* Plaintiff's motion to exclude similar evidence. *See* ECF 2444.

Ms. Lopez-Lewis was interviewed once by Plaintiff's expert psychiatrist, Dr. Richard Cockerill. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 (Cockerill notes) at 2. In his deposition, Dr. Cockerill explained that Ms. Lopez-Lewis told him:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Plaintiff's seventh "motion in limine" (ECF 2419) is actually a motion to exclude Boeing's expert Dr. Jonathan Guryan under Rule 702 and *Daubert*. As that motion presents unique issues and warrants a lengthier response, Boeing responds to it separately.

1

███████████████████████████████████████
███████████████████████████████████████
████

Ex. 2 (Cockerill Dep.) at 176:3–9. Boeing does not dispute that the loss of her spouse in the accident was a traumatic event that had a significant effect on Ms. Lopez-Lewis's life. But as explained in Boeing's response to the *Belanger* motion, evidence like this is relevant to damages for grief, sorrow, and mental suffering because it bears on the beneficiary's emotional and mental state. The ability or willingness of a decedent's spouse to resume dating and search for a new partner is highly probative of her mental stability and wellbeing. That is presumably why Dr. Cockerill discussed it in his interview of Ms. Lopez-Lewis.

Plaintiff is thus incorrect to argue that this evidence "serves no legitimate purpose other than to cast [Ms. Lopez-Lewis] in a negative light." ECF 2412 at 4. It does serve a legitimate purpose, and Boeing will in no way use this evidence to cast Ms. Lopez-Lewis in a bad light. To the contrary, the implication from this evidence is not that Ms. Lopez-Lewis "is indifferent to her husband's passing" (*id.*), as Plaintiff suggests, but that she has made healthy progress in terms of her mental and emotional health. A jury will no doubt appreciate that, especially since no party—neither Boeing nor Plaintiff—will suggest that Ms. Lopez-Lewis is somehow indifferent to the loss of her husband. Indeed, Boeing will not argue or imply that Ms. Lopez-Lewis has not suffered significant grief from the loss of her husband, and it will request that the jury award her substantial damages to compensate for that grief. And to the extent there is any risk of unfair prejudice (there is not), it could easily be eliminated by a limiting instruction clarifying that the evidence cannot be considered for purposes of damages for loss of society.

Plaintiff's case law does not support exclusion. As in the *Belanger* motion, Plaintiff here relies on *McClain v. Owens-Corning Fiberglas Corp.*, 139 F.3d 1124 (7th Cir. 1998). That case

concerned only damages for loss of society (*id.* at 1129) and predates the 2007 amendments allowing wrongful-death plaintiffs to recover damages for grief, sorrow, and mental suffering. *See Hammond v. Sys. Transp., Inc.*, 942 F. Supp. 2d 867, 874 (C.D. Ill. 2013). Plaintiff's reliance on *Martin v. Illinois Central Gulf Railroad* is misplaced for the same reasons. 606 N.E.2d 9, 17 (Ill. App. Ct. 1991). Neither case has anything to do with damages for grief, sorrow, or mental suffering. And no Illinois case holds that a beneficiary's interest in dating is irrelevant to these damages.

For these reasons and those explained in ECF 2444, the Court should deny this motion.

**Nos. 2, 3 & 4: Evidence of prior incidents of self-harm (ECF 2413), evidence of prior traumatic events (ECF 2414), and evidence that some other cause was the sole proximate cause (ECF 2415)**

Plaintiff's second, third, and fourth motions in limine all seek to exclude evidence of prior traumatic events that Ms. Lopez-Lewis experienced on the grounds that it is irrelevant and unfairly prejudicial. To be clear, Boeing has no intention of cross-examining Ms. Lopez-Lewis on this evidence. But to the extent her expert Dr. Cockerill is permitted to testify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Court should deny these motions.

A. **The evidence is relevant.**

Plaintiff's expert Dr. Richard Cockerill ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiff now argues that other traumatic events in Ms. Lopez-Lewis's life are irrelevant and should be excluded because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and thus "they have no bearing on any consideration for damages in this case." *See* ECF 2414 at 3; ECF 2413 at 2. But Boeing has moved to exclude Dr. Cockerill's opinion precisely because he failed to reliably rule out these ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* ECF 2426. Therefore, to the extent Dr. Cockerill is

3

permitted to testify about his opinion at all, evidence of Ms. Lopez-Lewis's prior traumatic experiences is highly relevant, and Boeing is entitled to cross-examine Dr. Cockerill with reference to these events. *See, e.g.*, *Teresko v. The 3M Co.*, 2024 WL 2864402, at *22 (E.D. Wis.) (a defendant "is entitled to cross-examine [an expert] 'regarding other possible medical causes of [plaintiff's] injur[ies]'" (collecting cases)); *see also In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 2021 WL 2643114, at *4 (S.D. Ohio) ("Plaintiff may cross-examine [expert] about whether he sufficiently considered other causes of injury.").

Nothing in Plaintiff's cited case says otherwise. The court in *H.B. by Bartolini v. Abbott Laboratories* gave no context for its ruling that "statements in medical records" about a prior traumatic event were "irrelevant and immaterial to the claims and defenses" in that case. 2017 WL 11435484, at *4 (S.D. Ill.). And there is no indication that the cause of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as it is here. That case does not support Plaintiff's position that Boeing should be precluded from cross-examining Dr. Cockerill about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

And Plaintiff is incorrect in suggesting that it is Boeing's burden to put forward evidence about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, such as an "expert psychiatrist." ECF 2415 at 6. That is *Plaintiff's* burden—as Plaintiff's own case makes clear. *See Leonardi v. Loyola Univ. of Chicago*, 658 N.E.2d 450, 455 (Ill. 1995) ("[T]he plaintiff bears the burden of proving . . . that the defendant proximately caused plaintiff's injury," and "the law in no way shifts to the defendant the burden of proof."). And both *Leonardi* and Plaintiff's other case, *McDonnell v. McPartlin*, 736 N.E.2d 1074 (Ill. 2000), address a situation where a defendant claimed that a non-party was the "sole proximate cause" of a legal injury—the "empty chair defense." Boeing

4

is not affirmatively claiming that ███████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████ Boeing is entitled to challenge Plaintiff's evidence about ████████

██████████████████████, whether by seeking to exclude Dr. Cockerill or, if that fails, by cross-examining him at trial.

### B. The evidence is not unfairly prejudicial.

Plaintiff is also incorrect that this evidence poses a risk of unfair prejudice to Ms. Lopez-Lewis because it "████████████████████████████████████████████████████████

████████████████████████████████████ even though there is no evidence to the contrary." ECF 2414 at 3–4; ECF 2413 at 3–4; ECF 2415 at 6. Plaintiff's arguments here are simply a defense of Dr. Cockerill's conclusions; for example, Plaintiff contends that ████████████

███████████████████████████████████████████████████████ ECF 2414 at 4. But Boeing is entitled to cross-examine Dr. Cockerill about these events because his analysis assumed that ████████████████████████████████████ and he did not conduct a reliable differential etiology to systematically rule in and rule out other possible causes, █████

████████████████████████ If Dr. Cockerill is allowed to testify, it is not unfairly prejudicial for Boeing to question him about the weaknesses in his opinion. To the contrary, it would be highly prejudicial to limit Boeing's ability to fully cross-examine Dr. Cockerill about his opinions and the way he reached them.

Nor will this evidence lead to a "mini trial" or lead jurors to "assume ██████████████

████████████████████████████████████████ as Plaintiff contends. ECF 2413 at 4; ECF 2414 at 4. Boeing will not create a "mini trial" on these events, nor would it have any reason to do so. Indeed, Boeing will not even question Ms. Lopez-Lewis about these events directly, including because Boeing appreciates that these are difficult events in her life and that she has suffered

5

tremendous grief from the loss of her husband. Boeing will simply question Dr. Cockerill about whether and how he considered these events in forming his opinion. And in doing so, Boeing will refer to the events only as much as is necessary—and in only as much detail as is required—for an effective cross-examination. To the extent there could be any risk of unfair prejudice to Ms. Lopez-Lewis from this evidence, this approach eliminates it while preserving Boeing's right to examine Dr. Cockerill on his opinions. None of Plaintiff's arguments on prejudice support limiting Boeing's ability to cross-examine Plaintiff's expert.

### C. Plaintiff's remaining arguments have no merit.

There is no basis to exclude evidence of Ms. Lopez-Lewis's traumatic events as a matter of public policy under Illinois law, as Plaintiff contends. ECF 2413 at 4. The Illinois Mental Health and Developmental Disabilities Confidentiality Act says nothing about the admissibility of evidence under the federal rules—and in any event, it was Dr. Cockerill who disclosed some of Ms. Lopez-Lewis's traumatic events in the course of rendering his opinion.

Plaintiff also argues that Boeing should be barred from challenging Dr. Cockerill's causation opinion because Boeing stipulated to liability. ECF 2415 at 1–2. This Court already rejected this very argument nearly two years ago, when Plaintiffs moved to "enforce the stipulation" after Boeing challenged the recovery of damages for conscious pain and suffering. As the Court explained then, "[t]he Court does not read the stipulation to prevent Boeing from making any argument about what damages are or are not available." ECF 1749 at 2. The Court was correct. Nothing in the stipulation prevents Boeing from challenging the scope of Plaintiff's recoverable damages generally or ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The stipulation resolved only whether Boeing was liable for the crash, not whether the crash caused any particular damages as to the beneficiaries. Indeed, the stipulation specifically provides that the jury's task is to "decid[e] *whether* Plaintiff has been damaged as alleged and, *if so*, the

6

amount of fair and reasonable compensation for such damages based on the evidence presented." ECF 1217-1 ¶ A.2 (emphases added). And in accepting the stipulation, the Court entered an order—which the parties jointly proposed—providing that "Boeing has agreed to be liable . . . for all *duly proven* compensatory damages." ECF 1220 at 1 (emphasis added).

* * *

"[T]he right to cross-examine is a fundamental right." *Ransdell v. Berrie*, 1996 WL 242961, at *9 (N.D. Ill.). Boeing is entitled to question Dr. Cockerill about his causation opinion and methodology if he testifies at trial, and Ms. Lopez-Lewis's prior traumatic events are highly relevant for that purpose. Again, Boeing understands that these events were traumatic for Ms. Lopez-Lewis, will not question her about them directly, and will address them only to the extent necessary to effectively cross-examine Dr. Cockerill. And if the Court grants Boeing's motion to exclude Dr. Cockerill's opinions, then the evidence loses relevance, and Boeing will not present it unless Plaintiff opens the door to it at trial.

The Court should deny Plaintiff's second, third, and fourth motions in limine.

**No. 5: Insinuations that the decedent's trucking business had failed (ECF 2417)**

Between extended stints in the military, Capt. Lewis "started a logistics trucking company" that he operated for "[a]bout a year and a half." Ex. 3 (Y. Lopez-Lewis Dep.) at 74:14–75:8; Ex. 4 (R. Lewis Dep.) at 12:7–8. After he decided to re-enlist, he "wasn't as actively engaged" in the business and ultimately "stopped with the company" when he was deployed overseas. Ex. 3 at 75:9–76:2.

As Boeing understands it, Plaintiff's motion does *not* seek to exclude that evidence. It seeks only to bar "insinuations" or "suggestion[s]" that Capt. Lewis's trucking business "failed." ECF 2417 at 1, 3. Boeing will not insinuate or suggest that the company "failed" and thus does not oppose this motion.

7

But to be clear, Capt. Lewis's trucking business *is* relevant to economic damages because it sheds light on the career path he would have chosen had he lived. That is because, as Plaintiff puts it, "the evidence suggests that [Capt. Lewis] voluntarily stopped operating the business due to his military service and personal life decisions." *Id.* at 2. Yet despite that undisputed evidence—and even though Capt. Lewis would not have been eligible for his Army retirement pension until 2025 (*see* ECF 2402 at 3 n.2)—both of Plaintiff's economic damages experts assume that he would have retired from the Army in 2022 and worked in the private sector as either a "Logistics VP/Director" or "Logistics Executive." *See* ECF 2402-2 (Longnecker Rep.) at 6–7; ECF 2403-2 (Johnson Rep.) at 28–29. Capt. Lewis's prior decision to voluntarily stop operating his business in the private sector and re-enlist in the Army undercuts these assumptions and suggests that Johnson and Longnecker's calculations rest on a speculative and unsupported foundation.

Boeing therefore reserves the right to cross-examine Johnson and Longnecker about Mr. Lewis's trucking business.

**No. 6: Mention of the decedent's wife owning racehorses (ECF 2418)**

Ms. Lopez-Lewis "own[s] three race horses along with five other women." Ex. 3 at 25:14–17. While she had no previous background with horses, she decided to get involved in "2020ish" when "[a] good friend . . . wanted to start a women's syndicate because women don't really have much of a presence in the industry[,] let alone African-American women[,] so it was an opportunity to have a seat at the table honestly in the industry." *Id.* at 25:24, 26:11–20. She still attends races when she can, and one of their "popular horses . . . won a low-grade race at the Kentucky Derby in 2020." *Id.* at 25:25–26:11.

Plaintiff moved to bar any mention of this evidence on the basis that it "is irrelevant to the damages in this case and is highly prejudicial" because Boeing will allegedly use the

8

evidence to "suggest[] that [Ms. Lopez-Lewis] has significant wealth and financial resources independent of the loss she has suffered" and "does not need or deserve compensation." ECF 2418 at 2–3. Boeing will do no such thing, this evidence is highly relevant to non-economic damages, and the risk of unfair prejudice is absent. The Court should deny the motion.

Plaintiff's entire argument assumes that this evidence could only be relevant to showing Ms. Lewis-Lopez's "financial condition." The motion argues, for example, that "the financial condition of the parties is irrelevant and often prejudicial." ECF 2418 at 2–3 (quoting *Rush v. Hamdy*, 255 Ill. App. 3d 352, 361–62 (4th Dist. 1993)). Setting aside the fact that Ms. Lopez-Lewis's co-ownership of three racehorses with five other women says little about her financial condition, this evidence is admissible for a separate and entirely proper purpose: it is relevant to damages for grief, sorrow, and mental suffering and to the opinions of Plaintiff's expert, Dr. Cockerill. *See Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) ("[E]vidence may be excluded on a motion *in limine* only when it is inadmissible on all potential grounds.").

Dr. Cockerill opined that Ms. Lewis-Lopez experiences "moderate functional impairment, primarily in social and occupational domains." Ex. 5 (Cockerill Rep.) at 8. In reaching this opinion, he focused on Ms. Lopez-Lewis's feelings of social isolation and struggles at work—but failed to mention any social or professional activities in which she has found success or enjoyment. As Ms. Lopez-Lewis described it, her "invest[ment] in horses" is no doubt both a professional and social endeavor. Ex. 3 at 25:14–20. Boeing is therefore entitled to introduce evidence of Ms. Lopez-Lewis's involvement with racehorses, including her decision to get involved following her husband's death. This evidence is highly relevant to cross-examining Dr. Cockerill about the basis for his opinion, provides a more complete picture of Ms. Lopez-

9

Lewis's social and professional pursuits since her husband's death, and will help the jury reach an informed decision about the amount of money that will properly compensate for her grief, sorrow, and mental suffering. *See Ye v. Cliff Veissman, Inc.*, 2016 WL 950948, at *3 (N.D. Ill.) (seeking damages for "grief, sorrow, and mental suffering" puts the beneficiary's "emotional state at issue").

As for prejudice, Plaintiff's concerns are unfounded. Boeing has proposed a pattern jury instruction reminding the jury that it "may not consider" "[t]he poverty or wealth of the next of kin" "[w]hen determining damages under the Wrongful Death Act." IPI § 31.07. So to the extent this evidence could create any risk of unfair prejudice by suggesting that Ms. Lopez-Lewis has financial means—and that is anything but clear—the jury instructions can eliminate that risk. *See Doornbos v. City of Chicago*, 868 F.3d 572, 580 (7th Cir. 2017) (holding that "a limiting instruction to assure the jury considered the evidence only for its narrow permissible purpose" eliminated any "potential for unfair prejudice"). And Boeing will *not* suggest that Ms. Lopez-Lewis "does not need compensation for her economic losses" because she owns racehorses, as Plaintiff claims. ECF 2418 at 3. Far from it. Boeing understands that Ms. Lopez-Lewis suffered a devastating loss with the death of her husband and will request that the jury award substantial damages to compensate her for her grief, sorrow, and mental suffering. Boeing will simply use this evidence to shed light on Ms. Lopez-Lewis's social and professional pursuits that went unaddressed by Dr. Cockerill.

This motion should be denied.

**No. 8: Plaintiff's unopposed motion in limine to bar certain evidence (ECF 2420)**

As Boeing explained in the parties' meet and confer, Boeing does not oppose this motion but reserves the right to introduce this evidence if Plaintiff opens the door to it at trial.

| | |
|---|---|
| DATED March 17, 2025 | **THE BOEING COMPANY** |

By: /s/ *Dan K. Webb*
*One of Its Attorneys*

Dan K. Webb
dwebb@winston.com
Linda T. Coberly
lcoberly@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
Samuel M. Zuidema
szuidema@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

Sandra A. Edwards
sedwards@winston.com
**Winston & Strawn LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Christopher M. Ledford
CLedford@perkinscoie.com
Mack H. Shultz
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Dan K. Webb*
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600