**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) <br><br> Honorable Jorge L. Alonso <br><br> Magistrate Judge Weisman |

**BOEING'S REQUEST FOR JUDICIAL NOTICE**

Boeing requests under Federal Rule of Evidence 201 that this Court take judicial notice of the following five documents:

1. **Exhibit 1**: Data tables published on July 11, 2024, by the U.S. Census Bureau, entitled "Wealth and Asset Ownership for Households, by Type of Asset and Selected Characteristics: 2022," as part of the 2023 Survey of Income and Program Participation.[1] This document contains facts showing, among other things, the median and average net worth of U.S. households.

2. **Exhibit 2**: A report published on September 10, 2024, by the U.S. Census Bureau, entitled "Income in the United States: 2023," based on data collected in the 2024 and earlier Current Population Survey Annual Social and Economic Supplements.[2] This document contains facts showing, among other things, the median and average income and earnings of U.S. households.

3. **Exhibit 3**: A statistical table published by the U.S. Census Bureau entitled "Table A-1, Income Summary Measures by Selected Characteristics: 2022 and 2023," as part of the 2023 and 2024 Current Population Survey Annual Social and Economic Supplements.[3] This document contains facts showing, among other things, the median income of U.S. households in 2022 and 2023.

4. **Exhibit 4**: A statistical report published on January 22, 2025, by the United States Bureau of Labor Statistics entitled "Usual Weekly Earnings of Wage and Salary Workers Fourth Quarter 2024."[4] This document contains facts showing, among other things, the median weekly earnings of U.S. wage and salary workers in the fourth quarter of 2024.

5. **Exhibit 5**: A report published in October 2023 by the Board of Governors of the Federal Reserve System entitled "Changes in U.S. Family Finances from 2019 to 2022: Evidence from the Survey of Consumer Finances."[5] This document contains facts showing, among other things, the median and average net worth of U.S. households.

---

[1] Exhibit 1 can be publicly accessed: https://www2.census.gov/programs-surveys/demo/tables/wealth/2022/wealth-asset-ownership/wealth_tables_dy2022.xlsx.

[2] Exhibit 2 can be publicly accessed: https://www2.census.gov/library/publications/2024/demo/p60-282.pdf.

[3] Exhibit 3 can be publicly accessed: https://www2.census.gov/programs-surveys/demo/tables/p60/282/tableA1.xlsx.

[4] Exhibit 4 can be publicly accessed: https://www.bls.gov/news.release/pdf/wkyeng.pdf.

[5] Exhibit 5 can be publicly accessed: https://www.federalreserve.gov/publications/files/scf23.pdf.

These documents comprise statistical tables and reports that have been prepared and published by the three agencies of the federal government: the U.S. Census Bureau (Exs. 1–3), the Bureau of Labor Statistics (Ex. 4), and the Federal Reserve Board (Ex. 5).

The facts reflected in these documents are not subject to reasonable dispute because they are from sources whose accuracy cannot reasonably be questioned. And each contains neutral and unbiased facts about such things as average and median wages, income, and wealth in the United States. Those facts will help the jury determine what amount is appropriate to compensate the beneficiaries for their losses. *See* Ex. 6 (June 5, 2023 Hr'g Tr.) at 30:5–10; Ex. 7 (Oct. 16, 2023 Hr'g Tr.) at 20:14–23. The Court should therefore take judicial notice of these documents.

**ARGUMENT**

This Court may take judicial notice of relevant facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

"Documents that are part of the public record and reports by administrative bodies often fit this bill." *REM Properties v. ExxonMobil Oil*, 2023 WL 5152665, at *5 (N.D. Ill.); *see also Menominee Indian v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) ("Judicial notice of . . . documents contained in the public record, and reports of administrative bodies is proper."). So does "information on official government websites," of which courts routinely take judicial notice. *Richburg v. Conagra Brands*, 2023 WL 1818561, at *3 (N.D. Ill.) (citing *Denius v. Dunlap*, 330 F.3d 919, 926–27 (7th Cir. 2003)). Courts also routinely take judicial notice of statistics reported in official government publications. *See Newman v. Village of Hinsdale*, 592 F. Supp. 1307, 1309 n.8 (N.D. Ill. 1984), *aff'd*, 767 F.2d 925 (7th Cir. 1985) (taking judicial notice of "federal statistics"); *see also U.S. v. Chaparro*, 956 F.3d 462, 475 n.3 (7th Cir. 2020) (same);

*Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011) (same); *Indianapolis Airport Auth. v. Am. Airlines*, 733 F.2d 1262, 1266–67 (7th Cir. 1984) (same).

As explained below, Exhibits 1 through 5 are appropriate for judicial notice.

I.     **Each exhibit's accuracy cannot reasonably be questioned.**

Each of these exhibits was published by a source whose accuracy cannot reasonably be questioned, and thus the facts within them are not subject to reasonable dispute.

Exhibits 1, 2 and 3 were published by the U.S. Census Bureau, an agency within the U.S. Department of Commerce. The Seventh Circuit and "[o]ther federal courts frequently have judicially noticed federal census data." *Skolnick v. Bd. of Comm'rs of Cook Cnty.*, 435 F.2d 361, 363 (7th Cir. 1970); *see also U.S. v. Bailey*, 97 F.3d 982, 985 (7th Cir. 1996) (taking judicial notice of statistics issued by the U.S. Census Bureau); *Martin v. F.E. Moran*, 2017 WL 11893225, at *1 (N.D. Ill.) (stating that U.S. census data "cannot reasonably be questioned").

Exhibit 4 was published by the Bureau of Labor Statistics, an agency within the U.S. Department of Labor. Like census data, statistics issued by the Department of Labor are proper subjects of judicial notice. *See Pickett*, 664 F.3d at 648 (taking judicial notice of Bureau of Labor Statistics); *cf. Guzman v. Laredo Sys.*, 2022 WL 971564, at *11 & n.9 (N.D. Ill.) (taking judicial notice of statistics issued by the Illinois Department of Labor).

Exhibit 5 is a report published by the Board of Governors of the Federal Reserve System, an independent agency of the federal government. The report's analysis is based on data from the Survey of Consumer Finances—a triennial survey of U.S. families sponsored by the Federal Reserve Board in cooperation with the U.S. Department of Treasury. Information "published by the Federal Reserve . . . is an appropriate subject of judicial notice." *Reed v. NDC Megamarts*, 73 F.3d 364, at *2 (7th Cir. 1996); *see Guardian Pipeline v. 950.80 Acres of Land*, 486 F. Supp. 2d

741, 765–66 (N.D. Ill. 2007), *aff'd*, 525 F.3d 554 (7th Cir. 2008) (taking judicial notice of information announced in the Federal Reserve Statistical Release).

These exhibits are all publicly available on official government websites, so there is no reason to doubt their accuracy. *Richburg*, 2023 WL 1818561, at *3.

**II.     These documents are relevant to the parties' claims and defenses.**

As this Court has made clear, evidence is relevant when it would help the jury determine fair and reasonable compensation for the families. *See* Exs. 6, 7.

In the lead-up to the June 2023 trial, for example, Plaintiffs moved to exclude (among other things) the argument that "the jury's award of damages should be less than what Plaintiff recommends because of the socio-economic status of the decedents or their heirs by arguing, for instance, the cost of living in their homelands is less than in the United States." ECF 1601 at 4. Boeing "oppose[d] Plaintiffs' request to prohibit it from referring to cost of living" because evidence of the cost of living can "help the jury . . . understand the true value of a damages award." ECF 1610 at 4–5. The Court agreed with Boeing and held that Boeing is permitted to present evidence, assuming a proper foundation, that would "help[] the jury understand what amount is appropriate to compensate the beneficiaries for their loss." Ex. 6 at 30:5–10.

A similar issue arose in connection with the November 2023 trial, when Plaintiffs moved to "bar consideration of damages based on nationality, citizenship, domicile or residency of Plaintiffs or decedents." ECF 1859. Boeing opposed the motion to the extent it would prohibit Boeing from presenting evidence on the cost of living in a decedent's or beneficiary's home country to aid the jury in evaluating fair and reasonable compensation. ECF 1880 at 2. Again, the Court agreed, reiterating its prior holding that "the cost of living in the place where the plaintiffs and decedents live or lived is relevant to the calculation of damages" and that "cost of living is

likely to be a relevant consideration in understanding what amount is appropriate as compensation." Ex. 7 at 20:21–23, 21:13–15.

The Court's rulings were correct. *See Arpin v. United States*, 521 F.3d 769, 775 (7th Cir. 2008) (noting with approval reference to objective benchmarks such as "hourly wage rates" to value "noneconomic losses"). And Exhibits 1 through 5 are likewise relevant to the parties' claims or defenses because they too will "help[] the jury understand what amount is appropriate to compensate the beneficiaries for their loss." Ex. 6 at 30:5–10. Because Boeing has stipulated to liability (ECF 1217-1), it intends to recommend that the jury award substantial damages to the families of the ET 302 passengers who tragically lost their lives. Boeing expects that the damages it recommends will be sums that most jury members are unaccustomed to considering in their everyday lives. Thus, neutral and unbiased datapoints about average and median wages, income, and wealth, for example, will give the jury objective benchmarks against which to weigh these sums and determine appropriate awards to compensate the families for their losses. The information set forth in Exhibits 1 through 5 is relevant within the meaning of Rule 401 and is appropriate for judicial notice.

## CONCLUSION

For these reasons, the Court should take judicial notice of Exhibits 1 through 5.[6]

---

[6] If the Court grants this request, Boeing will propose an appropriate jury instruction based on the Seventh Circuit's pattern civil jury instructions. For instance, instruction 1.04 provides, "I have taken judicial notice of certain facts. You must accept those facts as proved." Similarly, instruction 2.06 provides, "I have decided to accept as proved the fact that [*e.g., the city of Milwaukee is north of the city of Chicago*]. You must now treat this fact as having been proved for the purpose of this case."

5

| | |
|---|---|
| Dated: March 18, 2025 | **THE BOEING COMPANY**<br>*/s/ Dan K. Webb*<br>**One of Its Attorneys**<br><br>Dan K. Webb<br>dwebb@winston.com<br>Linda T. Coberly<br>lcoberly@winston.com<br>Christopher B. Essig<br>cessig@winston.com<br>Julia M. Johnson<br>jmjohnson@winston.com<br>Samuel M. Zuidema<br>szuidema@winston.com<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, Illinois 60601-9703<br>Phone: (312) 558-5600<br><br>Sandra A. Edwards<br>sedwards@winston.com<br>**Winston & Strawn LLP**<br>101 California Street<br>35th Floor<br>San Francisco, CA 94111-5840<br>Phone: (415) 591-1000<br><br>Christopher M. Ledford<br>CLedford@perkinscoie.com<br>Mack H. Shultz<br>MShultz@perkinscoie.com<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Phone: (206) 359-8000<br>Fax: (206) 359-9000<br><br>Jon R. Buck<br>JBuck@perkinscoie.com<br>**Perkins Coie LLP**<br>131 S. Dearborn, Suite 1700<br>Chicago, Illinois 60603-5559<br>Phone: (312) 324-8400<br>Fax: (312) 324-9400 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Dan K. Webb*
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600