# EXHIBIT 7

```
 1            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3                                    ) Lead Case No. 19 CV 2170
                                      )
 4   IN RE:  ETHIOPIAN AIRLINES        )
     FLIGHT ET 302 CRASH               ) PRETRIAL CONFERENCE
 5                                    )
                                      ) Chicago, Illinois
 6                                    ) Date: October 16, 2023
                                      ) Time: 11:00 a.m.
 7   _____

 8            TRANSCRIPT OF PRETRIAL CONFERENCE
                       HELD BEFORE
 9          THE HONORABLE JUDGE JORGE L. ALONSO
               UNITED STATES DISTRICT JUDGE
10   _____

11                     A P P E A R A N C E S

12   For the Plaintiffs:    Robert A. Clifford, Esq.
                            Kevin P. Durkin, Esq.
13                          Tracy A. Brammeier, Esq.
                            Yvette C. Loizon, Esq.
14                          John V. Kalantzis, Esq.
                            Clifford Law Offices PC
15                          120 North LaSalle Street, Suite 3600
                            Chicago, Illinois  60602
16                          312-899-9090

17
     For Certain            Justin T. Green, Esq.
18   Plaintiffs:            Kreindler & Kreindler LLP
                            485 Lexington Avenue, 28th Floor
19                          New York, New York  10017
                            212-973-3414
20

21   (Appearances continued on the next page.)

22

23   COURT REPORTER:        Annette M. Montalvo, CSR, RDR, CRR
                            Official Court Reporter
24                          United States Courthouse, Room 1902
                            219 South Dearborn Street
25                          Chicago, Illinois  60604
                            312-818-6683
```

1 of any plaintiff or decedent in assessing damages.

2 As background, five of the six cases that are set for
3 trial involve plaintiffs and decedents who do not reside and
4 have never resided in the United States.  The other -- the
5 sixth case is the second backup case involving the decedent
6 who lived in Ethiopia, but plaintiffs who have since moved to
7 the United States.  They have moved to the state of Florida.
8 So that's the background.

9 Defendant Boeing objects.  Boeing argues -- I should
10 say plaintiffs first argue that Boeing has stipulated that its
11 damages will be calculated according to Illinois law, quote,
12 regardless of the citizenship, residency, domicile, or
13 nationality of any plaintiff or decedent.

14 Boeing objects.  It argues that this motion is an
15 attempt to relitigate the motion in limine to exclude improper
16 damages arguments.  That's 1601 on the docket that I decided
17 back in June about the wealth windfalls, et cetera.  I granted
18 that motion except as to arguments about cost of living in the
19 places in which the plaintiffs and decedents are from.

20 I agree with Boeing that that ruling is applicable
21 here, and that under that ruling Boeing may argue that the
22 cost of living in the place where the plaintiffs and decedents
23 live or lived is relevant to the calculation of damages.

24 Plaintiffs have made a new argument here.  They are
25 relying on the choice of law provisions in the stipulation.

1  That's at 1217-1 on the docket.  I believe that that is a
2  different approach, a new argument, but I find that that
3  argument is not convincing because plaintiffs, I believe, are
4  overreading that stipulation.  That is not the first time that
5  that has happened, but I find that that stipulation has no
6  bearing on this issue.
7        The fact that Boeing stipulated to paying the full
8  measure of damages permitted by Illinois law, quote,
9  regardless of the citizenship, residency, domicile, or
10 nationality of any plaintiff or decedent, I find does not mean
11 that we have to proceed as if every plaintiff and decedent
12 lived or lives or will live in Illinois.
13        So I still agree with Boeing that cost of living is
14 likely to be a relevant consideration in understanding what
15 amount is appropriate as compensation, as I previously ruled.
16 So I am going to deny plaintiffs' motion to --
17        MR. DURKIN:  Judge, may I -- oh, sorry.
18        THE COURT:  -- the extent they are seeking a
19 different ruling today.  That is 1859.
20        MR. DURKIN:  My apologies, Judge.
21        We are not seeking a different ruling, Judge, okay.
22 This was misinterpreted.  Our argument goes to we have folks
23 from all over the world in this case.  There's 35-plus
24 countries.
25        Our motion didn't even bring up cost of living.  That