**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S MOTION UNDER LOCAL RULE 78.3 TO GRANT ITS MOTIONS
TO EXCLUDE EXPERT TESTIMONY OF LONGNECKER (ECF 2402),
JOHNSON (ECF 2403), AND COCKERILL (ECF 2426) IN *LEWIS***

Pursuant to Local Rule 78.3, Defendant Boeing, by and through its attorneys, respectfully moves for the Court to grant its motions to exclude the testimony of three experts proffered by Plaintiff in the *Lewis* case: Brent Longnecker (ECF 2404), Robert Johnson (ECF 2403), and Dr. Richard Cockerill (ECF 2426).

1. Boeing filed its motions to exclude these experts on March 3, 2025. Before doing so, Boeing met and conferred with Plaintiff's counsel, who confirmed that they would oppose these motions.

2. Per the parties' agreed briefing schedule, Plaintiff's oppositions were due to be filed on March 17, 2025. ECF 2369 ("responses shall be filed by 3/17/25"). On that date, Boeing filed its responses to all eleven of plaintiffs' pretrial motions, including the eight filed by the *Lewis* Plaintiff. Counsel for the other plaintiffs in the trial cases also timely responded to Boeing's other five pretrial motions. At the time of this writing, however, the *Lewis* Plaintiff has not filed any responses to Boeing's motions to exclude Longnecker, Johnson, or Dr. Cockerill.

1

3.     The *Lewis* Plaintiff did not move for an extension, did not notify Boeing that its responses would not be filed by the deadline, and did not offer any explanation or excuse for missing the deadline.

4.     Local Rule 78.3 allows the Court to grant a motion without hearing from the opposing party if that party misses its deadline to file an opposition:

> Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing. Failure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file.

*See also Bonvolanta v. Delnor Cmty. Hosp.*, 413 F. Supp. 2d 906, 908 (N.D. Ill. 2005) ("The power of the court to grant motions as unopposed when the non-movant fails to meet a briefing schedule is established by Local Rule 78.3 of this court and decisions of the Seventh Circuit.").

5.     The purpose of the rule is to give meaning to the Court's deadlines. After all, "district courts must manage a burgeoning caseload . . . efficiently and speedily," and "[p]art of that job means that they are entitled—indeed they must—enforce deadlines." *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) (rejecting a response filed one day late due to "mechanical problems with the copying machine"). And "at some point the [Court's] deadlines are essential for effective preparation, especially as trial rapidly approaches," and it becomes appropriate to grant a party's *Daubert* motion when the opposing party failed to file a timely response. *United States v. Redwood*, 216 F. Supp. 3d 890, 900 (N.D. Ill. 2016) (St. Eve, J.); *see also Oasis Leg. Fin. Operating Co., LLC v. Chodes*, 2020 WL 11629278, at *2 (N.D. Ill.) (striking defendants' late-filed motion because they "'utterly failed' to comply with this court's briefing schedule" and "did not move for an extension of time" (brackets omitted)).

6. This is not a case of excusable neglect. "The excusable-neglect standard 'refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules.'" *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 706 (7th Cir. 2014) (quoting *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133–34 (7th Cir. 1996)). If the "party fails to demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' she cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp v. Evgeros, Inc.*, 205 F. Supp. 3d 946, 951 (N.D. Ill. 2016) (quoting *Satkar Hosp., Inc.*, 767 F.3d at 707). And "attorney inattentiveness to litigation is not excusable." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004).

7. There was nothing ambiguous or confusing about the March 17, 2025 deadline to respond to pretrial motions. Counsel for Boeing and for the other plaintiffs filed their oppositions on time. And in any event, the Court should also consider the prejudice to Boeing and the "potential impact on judicial proceedings." *Knapp*, 205 F. Supp. 3d at 952. Here, the delay *is* prejudicial—to Boeing and to the Court—even if it is only for a day or two. The Court has previously made clear that it "need[s] time to consider fully briefed motions." Dec. 16, 2022 Hr'g Tr. at 8:6. Likewise, Boeing needs time to review Plaintiff's opposition briefs and draft replies. But even if the *Lewis* Plaintiff filed her three oppositions now, Boeing already has less than one week before the March 24 deadline to file its replies in support of these motions, in addition to its other reply briefs. Extending Boeing's reply deadline at this point would give the Court less than one week to consider these fully briefed motions before the final pretrial conference on March 31. And these motions—if opposed—would require time to consider. The Longnecker and Cockerill motions are each 15 pages and involve serious arguments regarding

3

those experts' methodologies. Simply put, an extension of time for Boeing to reply is not a sufficient remedy.

8. In weighing excusable neglect, courts also consider whether the party has missed deadlines in the past. *See Knapp*, 205 F. Supp. 3d at 952 ("Inattention is not a new problem for Knapp and her counsel in this case."). Here, Plaintiff's failure to respond by the deadline was not an isolated event. The *Lewis* case had been set for trial in November 2024, but Plaintiff's same counsel failed to disclose her experts by the July 1, 2024 deadline agreed by the parties and entered by the Court. *See* ECF 2213 ("The confusion of the [Court's] Minute Entry paired with a clerical error by a legal secretary no longer employed at the firm led counsel for Plaintiff to incorrectly believe August 1, 2024, was the due date for case specific experts to be disclosed."). As a result of Plaintiff's failure to timely disclose experts, the *Lewis* case was continued from the November 2024 trial setting to the April 2024 trial setting.

9. Now, Plaintiff's counsel have missed another expert-related deadline. Boeing should not be prejudiced by this mistake with a shortened window to reply, and the Court should not have a shortened window to consider the issues raised in Boeing's motions.

WHEREFORE, for the foregoing reasons, Boeing respectfully requests that an order be issued granting Boeing's motions to exclude Brent Longnecker (ECF 2404), Robert Johnson (ECF 2403), and Dr. Richard Cockerill (ECF 2426).

| | |
|---|---|
| DATED: March 18, 2025 | **THE BOEING COMPANY**<br><br>By: /s/ *Dan K. Webb*<br>*One of Its Attorneys*<br><br>Dan K. Webb<br>dwebb@winston.com<br>Linda T. Coberly<br>lcoberly@winston.com<br>Christopher B. Essig<br>cessig@winston.com<br>Julia M. Johnson<br>jmjohnson@winston.com<br>Samuel M. Zuidema<br>szuidema@winston.com<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, Illinois 60601-9703<br>Phone: (312) 558-5600<br><br>Sandra A. Edwards<br>sedwards@winston.com<br>**Winston & Strawn LLP**<br>101 California Street<br>35th Floor<br>San Francisco, CA 94111-5840<br>Phone: (415) 591-1000<br><br>Christopher M. Ledford<br>CLedford@perkinscoie.com<br>Mack H. Shultz<br>MShultz@perkinscoie.com<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Phone: (206) 359-8000<br>Fax: (206) 359-9000<br><br>Jon R. Buck<br>JBuck@perkinscoie.com<br>**Perkins Coie LLP**<br>131 S. Dearborn, Suite 1700<br>Chicago, Illinois 60603-5559<br>Phone: (312) 324-8400<br>Fax: (312) 324-9400 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Dan K. Webb*
Dan. K. Webb
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600