**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

The Court should hold Plaintiff's motion for an extension of time in abeyance until it rules on Boeing's motion brought under Local Rule 78.3. *See* ECF 2464. At a minimum, if the Court denies Boeing's motion, then it should reset the *Lewis* case—which is currently a backup case for the April 7, 2025 trial setting—to the November 2025 trial setting. What the Court should *not* do is give Plaintiff a free pass for yet another failure to meet the Court's deadlines, to the detriment of Boeing *and* the Court.

Oppositions to pretrial motions were due on March 17. *See* ECF 2369 ("responses shall be filed by 3/17/25"). On that day, Plaintiff's counsel in *Lewis* surely received the twenty ECF notifications for the various oppositions and related papers timely filed by Boeing and all the other plaintiffs in the April trial group. But without any notice or explanation, the *Lewis* Plaintiff filed nothing. At the close of business the following day—having heard nothing at all from the *Lewis* Plaintiff, and with less than a week left for Boeing to draft and file all its reply briefs by the March 24 deadline—Boeing moved under Local Rule 78.3 for the Court to grant Boeing's motions to exclude the *Lewis* experts (Mr. Longnecker, Mr. Johnson, and Dr. Cockerill). Only *then* did Boeing hear from Plaintiff's counsel in *Lewis*, who until that moment purported to be

1

completely unaware of the March 17 deadline. Plaintiff's counsel said that there had been a "docketing error" and asked that Boeing withdraw its motion. Boeing respectfully declined.

Plaintiff then filed an opposition to Boeing's motion to exclude Mr. Longnecker at 11:48 PM that night (March 18). ECF 2467. The opposition was clearly put together in a hurry, as portions of it are hard to comprehend and contain objectively incorrect statements about the facts.[1] Then, at 12:02 AM on March 19, Plaintiff requested an extension to March 18 (the day that had just ended). ECF 2468. Plaintiff then proceeded to file her two other oppositions on March 19 (ECFs 2469, 2470), so those are untimely even if the Court grants Plaintiff's motion. And Plaintiff's opposition to Boeing's motion to exclude Dr. Cockerill is well over the Court's 15-page limit. ECF 2469.

At any rate, Plaintiff's "docketing error" has upset the carefully coordinated and agreed briefing schedule that was meant to allow the parties one full week to draft replies and allow the Court one full week to consider them before the final pretrial conference on March 31. And this is not the *Lewis* Plaintiff's first "docketing error" to disrupt this case. The entire reason the *Lewis* case is scheduled for trial this April, rather than last November, is because Plaintiff's counsel missed the deadline to disclose experts in July 2024. Back then, Plaintiff's counsel blamed the Court's unambiguous minute entry setting the schedule and "a clerical error by a legal secretary no longer employed at the firm." ECF 2213. Still, Boeing worked to accommodate Plaintiff's

---

[1] The brief includes many incomplete sentences, such as "Boeing alleges that Mr. Longnecker's opinions and testimony under Federal Rule of Evidence 702, based on an alleged lack of factual support and an alleged unreliable methodology." ECF 2467 at 1. Others are equal parts confusing and flatly inconsistent with the record, such as: "Mr. Longnecker, who relies on the testimony of the people who knew Mr. Lewis best, in addition to his military records and work history to determine what is was the Mr. Lewis was planning to do after he left the military, and what level he was likely to reach in that industry." *Id.* (Mr. Longnecker explicitly testified that he did *not* consider Mr. Lewis's military records. *See* ECF 2402-3 at 96:2–15, 135:15–136:13.)

2

error by agreeing to reset the *Lewis* case from the November 2024 trial setting to the April 2025 trial setting.

Boeing has accommodated Plaintiff's inability to meet deadlines in other contexts, too. For example, forty-two days after deposition designations were due, Plaintiff submitted designations for the decedent's son, a key witness in the case. Plaintiff provided no explanation until Boeing requested one, at which point Plaintiff vaguely responded that the witness "may be unavailable due to unforeseen circumstances." Even so, Boeing agreed to respond to the belated designations (while reserving its rights).

Plaintiff now offers to give Boeing "one or two extra days" to file its replies. But that would leave the Court with one or two fewer days to consider Boeing's fully briefed and critically important motions to exclude the testimony of Plaintiff's experts before the final pretrial conference on March 31. It would also leave Boeing with less time to focus on its preparations for the conference, which will involve sixteen pretrial motions (apart from the three *Daubert* motions at issue), not to mention other trial-related issues. And "trial rapidly approaches." *United States v. Redwood*, 216 F. Supp. 3d 890, 900 (N.D. Ill. 2016) (St. Eve, J.) (excluding experts when party "consistently failed to meet Court-mandated guidelines" and failed to timely respond to *Daubert* motions).

Plaintiff does not even attempt to establish excusable neglect, which "refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 706 (7th Cir. 2014) (quoting *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133–34 (7th Cir. 1996)). Numerous courts have found the type of "docketing errors" repeatedly blamed by Plaintiff's counsel to be inexcusable. *See, e.g.*, *Balcar v. Lincoln Nat. Bank*

3

*& Tr. Co. of Ft. Wayne*, 983 F.2d 1072 (7th Cir. 1992) ("administrative or clerical errors by an attorney or his staff" are "inexcusable"); *Hart v. United States*, 817 F.2d 78, 81 (9th Cir.1987) ("[s]ecretarial negligence . . . is chargeable to counsel"); *Cromartie v. D.C.*, 806 F. Supp. 2d 222, 228 (D.D.C. 2011) ("Plaintiff's counsel attempts to pass the blame to his calendaring assistant, but he truly has no one to blame but himself.").

So, far from establishing excusable neglect, Plaintiff has established only chronic "attorney inattentiveness to litigation," which "is not excusable." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). And as Boeing's Rule 78.3 motion explains, an inexcusable error remains inexcusable "regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp v. Evgeros, Inc.*, 205 F. Supp. 3d 946, 951 (N.D. Ill. 2016) (quoting *Satkar Hosp., Inc.*, 767 F.3d at 707). Though, to be clear, the prejudice is palpable here, as Boeing has now been forced to spend two days dealing with Plaintiff's "docketing error" that it could have spent drafting its replies in support of all its motions. The delay has affected not just Boeing's ability to reply by the March 24 deadline but its ability to prepare for the pretrial conference and trial itself.

The Court should hold Plaintiff's motion for an extension in abeyance until it rules on Boeing's Rule 78.3 motion. If the Court is not inclined to grant Boeing's motion, then it should reset the *Lewis* case to the November 2025 trial setting.

| | |
|---|---|
| DATED: March 19, 2025 | **THE BOEING COMPANY** |

By: /s/ *Dan K. Webb*
*One of Its Attorneys*

Dan K. Webb
dwebb@winston.com
Linda T. Coberly
lcoberly@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
Samuel M. Zuidema
szuidema@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

Sandra A. Edwards
sedwards@winston.com
**Winston & Strawn LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Christopher M. Ledford
CLedford@perkinscoie.com
Mack H. Shultz
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

      I hereby certify that on March 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

                                                              /s/ *Dan K. Webb*
                                                               Dan. K. Webb
                                                               **Winston & Strawn LLP**
                                                               35 West Wacker Drive
                                                               Chicago, Illinois 60601-9703
                                                               Phone: (312) 558-5600