## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) |
| | Honorable Jorge L. Alonso |
| | Magistrate Judge Weisman |

**PLAINTIFF LEWIS' RESPONSE TO BOEING'S MOTION UNDER LOCAL RULE 78.3 TO GRANT ITS MOTIONS TO EXCLUDE EXPERT TESTIMONY OF LONGNECKER (ECF 2402), JOHNSON (ECF 2403), AND COCKERILL (ECF 2426)**

Plaintiff, by and through undersigned counsel, respectfully submits this response in opposition to Defendant Boeing's Motion Under Local Rule 78.3 to Grant Its Motions to Exclude Expert Testimony of Longnecker (ECF 2402), Johnson (ECF 2403), and Cockerill (ECF 2426). In support thereof, Plaintiff states as follows:

### INTRODUCTION

Defendant Boeing's motion seeks an extreme remedy—exclusion of Plaintiff's expert witnesses—based solely on Plaintiff's response briefs being filed approximately twenty-four hours late. However, such a sanction is extreme and unwarranted as any delay was minimal and Defendant has suffered no prejudice. After 6 years of litigation, this case, and the qualifications of Plaintiff's experts deserve to be determined on its merits and not a minor and inadvertent violation of a deadline. As such, Plaintiff respectfully requests the Court to deny Defendant's motion and to consider the merits of Plaintiff's opposition to Defendant's Rule 78.3 motion to exclude.

1

## ARGUMENT

I.  **Boeing's Motion Should Be Denied Because Any Delay in Filing Was Minimal and Exclusion is an Extreme Sanction Considering the Lack of Prejudice to Boeing**

While Plaintiff acknowledges that her responses to Defendant's motions were not filed by the March 17, 2025 deadline, this was due to inadvertent misinterpretation of an internal docket entry and a clerical error. Plaintiff's counsel mistakenly believed that *Daubert* responses, rather than replies, were due on March 24, 2025. Upon the realization of the error, Plaintiff's counsel immediately remediated the mishap by attempting to confer with Defense counsel, filing all three responses before or just after midnight that night, and filing a motion for an extension in good faith. Nonetheless, Defendant is seeking entirely unproportional relief.

Plaintiff recognizes, does not undermine, has respect for, and realizes the importance of the Local Rules and this Court's scheduling orders. However, district courts can exercise their discretion in a more lenient direction. *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (citing *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir.2011). The Seventh Circuit does not endorse the "very different proposition that litigants are entitled to expect strict enforcement by district judges." *See Stevo*, 662 F.3d at 887; *see also Modrowski*, 712 F.3d at 1169; *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). Rather, a district court's decision "to overlook any transgression [of deadlines] is left to the district court's discretion." *Modrowski*, 712 F.3d at 1169 (citing *Stevo*, 662 F.3d at 887). Plaintiff certainly understands the importance of deadlines, but, as stated in *Mayle v. State of Illinois*, "if every missed deadline were fatal, federal courts would decide a lot fewer civil cases on their merits." 956 F.3d 966, 969 (7th Cir. 2020).

This Court regularly exercises its discretion to deny motions similar to the one before it. *See Schnur v. Kohl's Dep't Stores, Inc.*, No. 06 C 3040, 2010 WL 4930687, at *3 (N.D. Ill. Nov. 29, 2010); *see also Hanover Ins. Grp. v. Singles Roofing Co.,* No. 10 C 611, 2012 WL 2368328, at

*9–10 (N.D. Ill. June 21, 2012) (considering defendant's response to a motion to strike despite repeatedly disregarding court orders and deadlines); *Teamsters Loc. Union No. 727 v. Chicago Parking Valet*, No. 16-CV-06443, 2019 WL 13258889, at *1 (N.D. Ill. Oct. 25, 2019) (declining to strike defendant's response under Local Rule 78.3 despite filing two days late as no party was prejudiced); *United States v. Dicosola*, No. 12 CR 446, 2013 WL 505223, at *3 (N.D. Ill. Feb. 12, 2013) (considering defendant's reply brief despite being filed 7 days late).

### A. Defendant Has Not Demonstrated Prejudice

Defendant argues that it will be prejudiced by having a shortened window to reply to Plaintiff's responses. However, Defendant fails to establish how a brief delay in Plaintiff's filings would impair its ability to respond. This lack of prejudice is even more apparent given that Plaintiff explicitly offered Defendant a reciprocal extension of up to 2 days, 24 hours longer than Plaintiff's delay. Courts in the Northern District of Illinois have recognized that mere inconvenience does not equate to prejudice. In *Schnur*, the court denied the defendant's motion to strike the plaintiffs' filings related to the cross-motions for summary judgment and the motion to bar expert testimony. *Schnur*, No. 06 C 3040, 2010 WL 4930687, at *3. The plaintiffs served their motion for summary judgment eighteen days late, failed to timely serve their responses to the defendant's motions, and requested an extension and leave to file their pleadings twenty-seven days after the deadline. *Id.* The court in *Shunur* acknowledged that while Local Rule 78.3 allows the Court to strike untimely filings but found that the defendant had not shown any prejudice from the delays, and the plaintiffs did not gain a meaningful advantage. *Id.*

Further, in *Teamsters Loc. Union No. 727*, the plaintiff moved to strike the defendant's response because he filed it two days late without showing excusable neglect. *Teamsters Loc. Union No. 727 v. Chicago Parking Valet*, No. 16-CV-06443, 2019 WL 13258889, at *1. This Court

declined to strike it because no party was prejudiced. *Id.* This Court recognized its discretion to strike the motion under Local Rule 78.3, but rather cautioned counsel against disregarding deadlines. *Id.*

Here, Plaintiff attempted to remedy the untimeliness *immediately* upon realization of the mistake by filing all three *Daubert* responses just over 24 hours past the deadline. Plaintiff also made a good-faith effort to confer with Defense counsel and offered Defendant an additional 24–48 for their replies. In conferring with Defense counsel, Defendant's position was that they would oppose any extension and/or late filing unless Plaintiff agreed to continues the trial to November of 2025. Plaintiff's counsel rejected that position as it felt (and continues to feel) that the 1-day delay created by its inadvertent mistake did not warrant a 7 month delay in the trial where there is no substantial prejudice to the defendant. Plaintiff does not take the court's warning in *Teamsters* lightly and respects the significance of deadlines and the local rules. Further, Plaintiff has disclosed three expert witnesses in this case: Dr. Richard Cockerill, Brent Longnecker, and Robert Johnson. Notably, two of these experts—Longenecker and Johnson—have already been disclosed in prior cases within this litigation. Their testimony has been the subject of full *Daubert* briefing in those cases, meaning Defendant has had prior opportunities to challenge their opinions and is well-aware of the scope and substance of their testimony, and well-aware of the arguments put forth in defending their qualifications under *Daubert*. Given this procedural history, any claim of prejudice by the Defense is further minimized, as Defendant is not encountering these expert opinions for the first time and has previously litigated their admissibility in detail.

Given Plaintiff's prompt action in correcting the delay, good-faith effort to communicate with Defense counsel, and willingness to allow additional time for replies, the slight untimeliness should not warrant the extreme sanction of striking the responses without a showing of substantial

prejudice by the Defendant. Simply put, Defendant can show no such prejudice created by the 1-day delay. Plaintiff's responses have now been filed, and Defendant has ample opportunity to address the merits of the arguments raised therein. Plaintiff is willing to agree to a reasonable extension of Defendant's reply deadline to mitigate any purported prejudice. After 6 years of litigation, this case deserves and warrants that Plaintiff's experts be vetted on the merits and not determined by a minor error. As such, Plaintiff asks that this Court consider ruling on the merits of the case rather than the speculative harm to Defendant.

**B. Exclusion is an Extreme and Unwarranted Sanction Which Severely Prejudices Plaintiff and Consideration of Plaintiff's Experts are Critical to the Just Adjudication of this Case**

Defendant seeks to exclude Plaintiff's experts whose testimony is central to the issues in this litigation. Courts have a strong preference for resolving cases on their merits rather than through procedural technicalities. *See Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007). Further, the exclusion of expert testimony is a severe sanction, is disfavored, and should only be imposed after the consideration of less severe sanctions. *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 751–52 (7th Cir. 2005).

In this case, Plaintiff has disclosed three experts—Dr. Richard Cockerill, Robert Johnson, and Brent Longnecker—each of whom provides essential testimony regarding damages. If Plaintiff's *Daubert* responses are disregarded due to an inadvertent delay, Plaintiff will face significant prejudice. Yalena Lopez Lewis has endured the devastating loss of her husband, and Dr. Cockerill's testimony regarding her PTSD diagnosis and resulting functional impairments is crucial to her claims. Fundamental fairness requires that this Court consider Plaintiff's responses to Defendant's *Daubert* motions to ensure a just resolution of this case. Granting Defendant's motion would unfairly deprive Plaintiff of a full and fair opportunity to present her case, especially

5

when the untimeliness was harmless, there is no indication of bad faith, no bad faith was intended, and Defendant has not identified any meaningful prejudice resulting from the brief delay. The number and scope of the motions that Boeing must reply to does not change given their March 24, 2025 deadline currently pending. What would change is that Boeing would have an additional 24 to 48 hours to reply specifically to the motions impacted by Plaintiff's inadvertent delay.

## II.   Boeing Relies on Misplaced and Inapplicable Caselaw

Repeatedly disregarding court deadlines can justify barring a party's opposition to a motion. However, that is not the situation here. The cases that Boeing relies on involve extreme circumstances where courts exercised their discretion to enforce sanctions against parties who repeatedly ignored deadlines. Boeing mischaracterizes these cases by omitting key details that distinguish them from the present situation.

For instance, Boeing cites *Reales v. Consolidated Rail Corp.,* 84 F.3d 993 (7th Cir. 1996), to suggest that a response filed one day late was barred due to mechanical issues with a copying machine. Boeing, however, fails to mention that the court's decision was based on the fact that the party had already missed the same deadline three previous times. Similarly, in *Redwood*, 216 F. Supp. 3d 890 (N.D. Ill. 2016), the court barred a *Daubert* response filed three days late—but only after the plaintiff had already disregarded four other court deadlines or orders. Finally, in *Oasis*, 2020 WL 11629278 (N.D. Ill.), the court barred a lately filed motion because the defendants had repeatedly failed to comply with the briefing schedule and had not attempted to seek an extension.

Here, the circumstances are entirely different. Upon realizing the mistake, Plaintiff immediately took corrective action by filing the three responses before or near 11:59 PM on March 18, 2025—only approximately 24 hours past the deadline. In addition, Plaintiff promptly filed a motion to extend within the same timeframe, demonstrating good faith and diligence in remedying

6

the oversight. This was not an instance of ignoring or disregarding the Court's order but rather an inadvertent error that Plaintiff immediately sought to correct to avoid any potential prejudice to either the Court or Boeing.

Here, in the 6 years that this litigation has been pending, Plaintiff has not shown a tendency to repeatedly violate this Court's deadlines – this was an isolated occurrence, not a continuing pattern of non-compliance. As the Seventh Circuit has recognized, "in the human system of federal civil litigation, people make mistakes," and "many parties miss deadlines." *Mayle v. State of Illinois*, 956 F.3d 966, 969 (7th Cir. 2020). The 7th Circuit that minor delays are not uncommon, and the cases Boeing cites—each involving repeated or egregious failures to comply—simply do not apply here.

Boeing seeks to impose an extreme sanction for a routine and readily correctable issue. Given the lack of prejudice and the immediate steps Plaintiff took to cure the mistake, such a severe penalty is unwarranted. Plaintiff respectfully requests that the Court reject Boeing's attempt to equate this isolated oversight with the type of persistent noncompliance seen in the cases it cites and instead consider Plaintiff's response on the merits.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court to deny Defendant's motion and to consider the merits of Plaintiff's opposition to Defendant's Rule 78.3 motion to exclude.

DATED: March 19, 2025                    /s/ *Antonio M. Romanucci*

Andrew Kryder                                Antonio M. Romanucci
**THE KRYDER LAW GROUP**            Patrick J. Driscoll
134 N. LaSalle Street, Suite 1515          Michelle R. DiSilvestro
Chicago, IL 60602                            **ROMANUCCI & BLANDIN, LLC**
Tel: (312) 223-1700                          321 N. Clark St., Suite 900

7

Fax: (312) 377-1771
kryderlaw@gmail.com

Steven A. Hart
John S. Marrese
**HART MCLAUGHLIN & ELDRIDGE**
1 S. Dearborn St., Unit 1400
Tel: (312) 955-0545
shart@hmelegal.com
jmarrese@hmelegal.com

Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 438-1004
aromanucci@rblaw.net
pdriscoll@rblaw.net
mdisilvestro@rblaw.net

*Attorneys for Plaintiff*