# EXHIBIT 1

```
                                                            1
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3                              ) Lead Case No. 19 CV 2170
                                )
 4   IN RE:  ETHIOPIAN AIRLINES  )
     FLIGHT ET 302 CRASH         ) PRETRIAL CONFERENCE
 5                               )
                                 ) Chicago, Illinois
 6                               ) Date: October 16, 2023
                                 ) Time: 11:00 a.m.
 7   _____

 8             TRANSCRIPT OF PRETRIAL CONFERENCE
                          HELD BEFORE
 9              THE HONORABLE JUDGE JORGE L. ALONSO
                    UNITED STATES DISTRICT JUDGE
10   _____

11              A P P E A R A N C E S

12   For the Plaintiffs:   Robert A. Clifford, Esq.
                           Kevin P. Durkin, Esq.
13                         Tracy A. Brammeier, Esq.
                           Yvette C. Loizon, Esq.
14                         John V. Kalantzis, Esq.
                           Clifford Law Offices PC
15                         120 North LaSalle Street, Suite 3600
                           Chicago, Illinois  60602
16                         312-899-9090

17
     For Certain           Justin T. Green, Esq.
18   Plaintiffs:           Kreindler & Kreindler LLP
                           485 Lexington Avenue, 28th Floor
19                         New York, New York  10017
                           212-973-3414
20

21   (Appearances continued on the next page.)

22

23   COURT REPORTER:       Annette M. Montalvo, CSR, RDR, CRR
                           Official Court Reporter
24                         United States Courthouse, Room 1902
                           219 South Dearborn Street
25                         Chicago, Illinois  60604
                           312-818-6683
```

```
                                                            2
 1   APPEARANCES:  (Cont'd)

 2

 3   For Certain           Steven C. Marks, Esq.
     Plaintiffs:           Podhurst Orseck, PA
 4                         One SE Third Avenue, Suite 2300
                           Miami, Florida  33131
 5                         305-358-2800

 6

 7   For Certain           Zhidong Wang, Esq.
     Plaintiffs:           Z Wang & Associates, PC
 8                         20 South Clark Street, Suite 750
                           Chicago, Illinois  60603
 9                         312-782-1668

10

11   For Certain           Frank M. Pitre, Esq.
     Plaintiffs:           John Thyken, Esq.
12                         Nabilah Hossain, Esq.
                           Cotchett, Pitre & McCarthy, LLP
13                         840 Malcolm Road, Suite 200
                           Burlingame, California  94010
14                         650-697-6000
```

```
                                                            3
 1   APPEARANCES:  (Cont'd)

 2

 3   For Defendant         Dan Webb, Esq.
     The Boeing Company:   Christopher Essig, Esq.
 4                         Julia Johnson, Esq.
                           Samuel M. Zuidema, Esq.
 5                         Sandra Edwards, Esq.
                           Nathan Gilbert, Esq.
 6                         Winston & Strawn LLP
                           35 West Wacker Drive
 7                         Chicago, Illinois  60601
                           312-588-5600
 8                             -and-
                           Christopher Ledford, Esq.
 9                         Perkins Coie LLP
                           1201 Third Avenue
10                         Seattle, Washington  98101
                           206-359-6642
11

12   For Defendants        Nicholas Bart, Esq.
     Rosemount             Fitzpatrick & Hunt Pagano Aubert LLP
13   Aerospace, Inc.       20 South Clark Street
     and Rockwell          Chicago, Illinois  60603
14   Collins:              312-728-4902
```

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

Court Reporter:  Annette M. Montalvo, CSR, RDR, CRR

```
                                                            4
```

(Proceedings commenced at 11:02 a.m., in open court, with some participants' appearances not stated on the record, attending via teleconference, to wit:)

THE COURTROOM DEPUTY:  Calling case 19-CV-2170.

THE COURT:  Let's have the attorneys identify themselves for the record.  Let's begin with Mr. Clifford.

MR. CLIFFORD:  Thank you, Your Honor, and good morning.

Robert Clifford on behalf of plaintiff, from Clifford Law.  We're joined by my partners and liaison counsel, Tracy Brammeier.  Also partner, Kevin Durkin.

And if I may, Judge, if Mr. Durkin gets called upon today, there's a little walker behind him.  He had a little incident, and he injured his leg, so he's the walking wounded.

Then we have also partners from Clifford Law, Yvette Loizon at the table, and then I'll let the others identify themselves.

MR. PITRE:  Good morning, Your Honor.  Frank Pitre, on behalf of the plaintiffs, along with John Thyken and Nabilah Hossain.

MR. MARKS:  Good morning, Your Honor.  My name is Steven Marks with Podhurst Orseck on behalf of the plaintiffs.

MR. GREEN:  Good morning, Your Honor.  Justin Green from Kreindler & Kreindler on behalf of the plaintiffs.

THE COURT:  And on behalf of Boeing?

17

1  fill the work that is allotted to it.
2      The urgency is there, and an earlier date will compel
3  people to get serious. Judge O'Connell has always been there
4  for everybody. And I do urge this Court that earlier is
5  better than late.
6      MR. WEBB: I would add to that, though, Mr. Pitre,
7  Judge O'Connell, who works incredibly hard for all of us in
8  this case and has for years, and when I just look at the
9  calendar right now and know where things are with the
10 discussions we are having right now, as of this weekend, that
11 to say that it is going to be easy for Judge O'Connell to do
12 what we want him to get done on these cases, I don't want to
13 speak for him, because I haven't talked to him, obviously, but
14 I believe moving this trial date up to November 2, which just
15 came up this morning, is presenting -- going to present
16 challenges to get these case fully mediated in front of Judge
17 O'Connell, based on what I'll call a new process that we're
18 talking about over the weekend of implementing starting this
19 week with Judge O'Connell. And I am concerned that November 2
20 is going to be a problem. That's what I believe.
21     THE COURT: Right. And Mr. Pitre's point, we've got
22 urgency one way or the other. We are talking about a couple
23 of days, moving the case a couple of days forward or back.
24 I'm concerned about, again, not having any input from the
25 mediator in the case. And, again, if history has taught us

18

1  anything, it is that if there's going to be a settlement, and,
2  of course, there doesn't have to be a settlement, it is going
3  to happen at the last second.
4      And, also, quite frankly, I had conversations with --
5  I waited to tell the parties because I was hoping the issues
6  related to November 6 and the week of November 6 would work
7  themselves out, and I was right about that. Because
8  previously the 7th wasn't an issue. So, quite frankly, I told
9  the jury room that that's what we were going to do. So I am
10 going to proceed that way. We will do jury selection on the
11 7th, and the parties will do the best that they can to make
12 sure the case is moving along, I'm sure.
13     And we will set November 6 as a status hearing at
14 10:00 on November 6. Jury selection will start at 9:00 on the
15 7th.
16     And before I move on, Mr. Clifford, the order that I
17 entered, both parties have alluded to the order. It is an
18 unusual order, but it was an agreed order. In essence, it was
19 an order directing the parties to attend mediation at the
20 earliest agreed opportunity, for all lead and backup cases
21 currently scheduled for trial. That's the order that I
22 entered back in June. I may have entered the same order in
23 March, but in any case, the orders were tied to the previous
24 numbers, not to these cases, and the language also refers to
25 the cases that are currently scheduled.

19

1  So unusual motion, but the parties have asked that I
2  enter it, that I enter it in the past, and I did that. Are
3  the parties asking that I enter it?
4      MR. CLIFFORD: Boeing is, and I think it is
5  redundant. But if --
6      MR. WEBB: I'm asking --
7      MR. CLIFFORD: We're fine.
8      MR. WEBB: -- that it be entered, to make sure that
9  it is on the record that Judge O'Connell knows there's an
10 order to get these six cases settled, if possible.
11     THE COURT: Okay. I would ask that -- you don't have
12 to motion it up, but if you submit a proposed order that
13 reflects the correct cases, I will assume if it is submitted,
14 that it is agreed. And if it is agreed, I will enter it.
15     MR. WEBB: Yes, Your Honor.
16     THE COURT: All right. Now that gets us to the
17 pending motions.
18     And we have another tragedy. I neglected to bring
19 out readers. So I will be right back.
20   (Short pause.)
21     THE COURT: The first motion is plaintiffs' motion
22 number 13. It is the motion to bar arguments based on
23 nationality, residency, et cetera.
24     Plaintiffs move to bar arguments that the jury should
25 consider the nationality, citizenship, residency, or domicile

20

1  of any plaintiff or decedent in assessing damages.
2      As background, five of the six cases that are set for
3  trial involve plaintiffs and decedents who do not reside and
4  have never resided in the United States. The other -- the
5  sixth case is the second backup case involving the decedent
6  who lived in Ethiopia, but plaintiffs who have since moved to
7  the United States. They have moved to the state of Florida.
8  So that's the background.
9      Defendant Boeing objects. Boeing argues -- I should
10 say plaintiffs first argue that Boeing has stipulated that its
11 damages will be calculated according to Illinois law, quote,
12 regardless of the citizenship, residency, domicile, or
13 nationality of any plaintiff or decedent.
14     Boeing objects. It argues that this motion is an
15 attempt to relitigate the motion in limine to exclude improper
16 damages arguments. That's 1601 on the docket that I decided
17 back in June about the wealth windfalls, et cetera. I granted
18 that motion except as to arguments about cost of living in the
19 places in which the plaintiffs and decedents are from.
20     ==I agree with Boeing that that ruling is applicable==
21 ==here, and that under that ruling Boeing may argue that the==
22 ==cost of living in the place where the plaintiffs and decedents==
23 ==live or lived is relevant to the calculation of damages.==
24     Plaintiffs have made a new argument here. They are
25 relying on the choice of law provisions in the stipulation.

21

1  That's at 1217-1 on the docket. I believe that that is a
2  different approach, a new argument, but I find that that
3  argument is not convincing because plaintiffs, I believe, are
4  overreading that stipulation. That is not the first time that
5  that has happened, but I find that that stipulation has no
6  bearing on this issue.
7      The fact that Boeing stipulated to paying the full
8  measure of damages permitted by Illinois law, quote,
9  regardless of the citizenship, residency, domicile, or
10 nationality of any plaintiff or decedent, I find does not mean
11 that we have to proceed as if every plaintiff and decedent
12 lived or lives or will live in Illinois.
13     So I still agree with Boeing that cost of living is
14 likely to be a relevant consideration in understanding what
15 amount is appropriate as compensation, as I previously ruled.
16 So I am going to deny plaintiffs' motion to --
17     MR. DURKIN: Judge, may I -- oh, sorry.
18     THE COURT: -- the extent they are seeking a
19 different ruling today. That is 1859.
20     MR. DURKIN: My apologies, Judge.
21     We are not seeking a different ruling, Judge, okay.
22 This was misinterpreted. Our argument goes to we have folks
23 from all over the world in this case. There's 35-plus
24 countries.
25     Our motion didn't even bring up cost of living. That

22

1  came from the defense. We just want, at any trial, no
2  argument, insinuation, that the damages, the measure and
3  elements of damages should be any different based on where
4  folks are from.
5      The first six cases, Judge, I don't agree,
6  respectfully, about the cost of living ruling, but I would
7  tell you that it is not relevant for the first six cases so we
8  are not wasting our time, okay.
9      The first two cases, the cost of living, the cities
10 these folks are from, is higher than here. And we haven't
11 heard about a premium or anything like that or additur from
12 Boeing. The other four, one is the United States, one is from
13 Canada, which has a similar cost of living, there's one from
14 Kenya, and one from Uganda. And there's no expert witness to
15 talk about cost of living in either of those cases, okay? So
16 the only way they can do it is if they Google it and tell the
17 jury without a foundation.
18     So I am asking -- that wasn't the point of the
19 motion, but now that it has been brought up by Boeing, I am
20 asking that for these six cases, it not be brought up.
21     MR. CLIFFORD: And if I may supplement, Your Honor,
22 as Kevin mentioned, there's no foundation. That's something
23 that runs through a lot of what Boeing has said, even whether
24 it is on this cost of living, okay, how are they going to
25 prove it, how are they going to tell the jury about that.

23

1  Who's their expert? They don't have one. What's their
2  foundation? Are they just going to say it? It is just like
3  we will get to eventually what can be told to the jury about
4  The Boeing Company, and yet they have no one coming in to
5  testify about The Boeing Company.
6      So these are things that we think are very important.
7  But take Paris, I think everybody knows, Paris costs more
8  money than it does in Illinois. Is there going to be an
9  additur --
10     THE COURT: For the lead cases, we have the family
11 living in Canada, and we have the Geoffroy family --
12     MR. CLIFFORD: Two cases.
13     THE COURT: -- living in France.
14     MR. CLIFFORD: Yes.
15     MR. DURKIN: That's correct, Your Honor.
16     THE COURT: Okay. So, obviously, I am not making a
17 ruling as to any evidence that is or isn't coming in.
18     Mr. Webb --
19     MR. WEBB: Mr. Zuidema will respond to Mr. Durkin's
20 argument.
21     MR. ZUIDEMA: Yes. Thank you, Your Honor.
22     I think everything you said in your order hit the
23 nail on the head. One thing I want to point out is that this
24 actually is not a new argument. They actually made the same
25 argument pointing to the same language from the stipulation.

24

1  They didn't brief it last time, but it came up during the
2  somewhat lengthy argument we had on their improper damages
3  arguments motion.
4      And as Your Honor stated, the stipulation, it's a
5  choice of law provision that doesn't bear on what evidence may
6  or may not be relevant to what damages are recoverable under
7  Illinois law.
8      So I don't think I have much else to add other than
9  we will stand on the briefing.
10     THE COURT: And, Mr. Zuidema, you don't take my
11 ruling to mean you don't have to have some basis to make
12 whatever argument you are going to make, right? You need
13 to --
14     MR. ZUIDEMA: That's correct.
15     THE COURT: If they don't hear anything about the
16 cost of living, then you can't argue anything about the cost
17 of living, right?
18     MR. ZUIDEMA: That's exactly correct.
19     THE COURT: All right. So, yes, this was argued
20 before, it was argued with great passion. I understand the
21 concern. The ruling is limited. It goes to cost of living.
22     Mr. Durkin used broader language, but the ruling does
23 not go beyond what I just ruled, and that is it relates to
24 cost of living as opposed to broader issues with the elements
25 or the measures related to damages.