# EXHIBIT 2

Page 1

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

                              ) Lead Case No. 19 CV 2170
                              )
IN RE:  ETHIOPIAN AIRLINES    ) FINAL PRETRIAL
FLIGHT ET 302 CRASH           ) CONFERENCE
                              )
                              ) Chicago, Illinois
                              ) Date: June 5, 2023
                              ) Time: 11:00 a.m.

            TRANSCRIPT OF FINAL PRETRIAL CONFERENCE
                         HELD BEFORE
             THE HONORABLE JUDGE JORGE L. ALONSO
                  UNITED STATES DISTRICT JUDGE

                       A P P E A R A N C E S

For the Plaintiffs:     Robert A. Clifford, Esq.
                        Kevin P. Durkin, Esq.
                        Tracy A. Brammeier, Esq.
                        Yvette C. Loizon, Esq.
                        John V. Kalantzis, Esq.
                        Clifford Law Offices PC
                        120 North LaSalle Street, Suite 3600
                        Chicago, Illinois  60602
                        312-899-9090
For Certain             Steven C. Marks, Esq.
Plaintiffs:             Ricardo Martinez-Cid
                        Kristina Infante, Esq.
                        Podhurst Orseck, PA
                        One SE Third Avenue, Suite 2300
                        Miami, Florida  33131
                        305-358-2800

(Appearances continued on the next page.)

COURT REPORTER:         Annette M. Montalvo, CSR, RDR, CRR
                        Official Court Reporter
                        United States Courthouse, Room 1902
                        219 South Dearborn Street
                        Chicago, Illinois  60604
                        312-818-6683
```

Page 2

```
APPEARANCES: (Cont'd)

For Certain       Justin T. Green, Esq.
Plaintiffs:       Kreindler & Kreindler LLP
                  485 Lexington Avenue, 28th Floor
                  New York, New York  10017
                  212-973-3414


For Certain       Frank M. Pitre, Esq.
Plaintiffs:       John P. Thyken, Esq.
                  Nabilah A. Hossain, Esq.
                  Cotchett, Pitre & McCarthy, LLP
                  840 Malcolm Road, Suite 200
                  Burlingame, California  94010
                  650-697-6000


For Certain       Zhidong Wang, Esq.
Plaintiffs:       Z Wang & Associates, PC
                  20 South Clark Street, Suite 750
                  Chicago, Illinois  60603
                  312-782-1668
```

Page 3

```
APPEARANCES: (Cont'd)

For Defendant        Dan Webb, Esq.
The Boeing Company:  Christopher Essig, Esq.
                     Julia Johnson, Esq.
                     Samuel M. Zuidema, Esq.
                     Linda Coberly, Esq.
                     Winston & Strawn LLP
                     35 West Wacker Drive
                     Chicago, Illinois  60601
                     312-588-5600
                       -and-
                     Christopher Ledford, Esq.
                     Perkins Coie LLP
                     1201 Third Avenue
                     Seattle, Washington  98101
                     206-359-6642


For Defendants       (No appearance)
Rosemount
Aerospace, Inc.
and Rockwell
Collins:




_____
Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.



Court Reporter:  Annette M. Montalvo, CSR, RDR, CRR
```

Page 4

(Proceedings commenced at 11:00 a.m., in open court, with some participants' appearances not stated on the record, attending via teleconference, to wit:)

   THE COURTROOM DEPUTY: 19-CV-2170, *In Re: Ethiopian Airlines Flight ET302*.

   THE COURT: All right. Good morning, everyone. We are here in court, in person. Let's have the attorneys identify themselves for the record.

   Mr. Clifford.

   MR. CLIFFORD: Thank you, Your Honor. Good morning. Robert Clifford, Tracy Brammeier, Kevin Durkin, from the Clifford law firm, along with Yvette Loizon from Clifford law.

   And then we have Frank Pitre from the Cotchett Pitre firm in San Francisco.

   And then Mr. Steve Marks and Ricardo Martinez-Cid from the Podhurst law firm in Miami.

   And last, but not least, Mr. Justin Green from Kreindler & Kreindler in New York.

   THE COURT: Welcome.

   And for the defendants.

   MR. WEBB: Yes, Your Honor. Dan Webb on behalf of Boeing from the firm of Winston & Strawn. With me at counsel table is Julia Johnson from Winston, Linda Coberly, Chris Essig, Sam Zuidema. And then Chris Ledford from the Perkins Coie law firm.

29

1 motion to bar improper damages arguments. My reading of the
2 briefing here is that the motion is only opposed on a limited
3 basis. Specifically on two grounds, what I'll call and what
4 the parties have referenced as the lottery, winning the
5 lottery, windfall type arguments. And, secondly, cost of
6 living arguments.
7 Regarding the former arguments regarding lottery or
8 windfall, Boeing tells us it has no intent to use those terms.
9 So it does not oppose the motion in that regard. It wants to
10 make clear that it is not barred from arguing that any award
11 would be improper for other reasons, for other reasons, such
12 as because the amount is unreasonable or unrecoverable as a
13 matter of law. So I do not read this motion to prevent all
14 arguments that an award is improper. I do not read the motion
15 as being that broad. So the motion is going to be granted as
16 to lottery and windfall arguments without objection. But,
17 again, Boeing is not conceding arguments such as generational
18 wealth arguments.
19 That gets us to the second category, cost of living
20 arguments. And, again, this is somewhat nuanced. Boeing is
21 not opposed to the motion with respect to arguments about
22 socioeconomic status or wealth, health, poverty, or
23 helplessness arguments. So that is not an issue. But Boeing
24 does oppose plaintiffs' motion to the extent that plaintiff
25 would bar Boeing from referencing cost of living at all.

30

1 And, here, I agree with Boeing that cost of living is
2 an important or likely to be an important consideration in
3 understanding what amount is appropriate or reasonable as
4 compensation. So I will grant the motion except as to
5 Boeing's caveats about cost of living. Boeing can make
6 arguments about cost of living and whether an amount is,
7 quote-unquote, generational wealth in a particular country, to
8 the extent that these arguments are limited, to helping the
9 jury understand what amount is appropriate to compensate the
10 beneficiaries for their loss.
11 MR. PITRE: Your Honor, if I may. Frank Pitre,
12 Your Honor.
13 If I can just speak to the latter, the cost of living
14 argument.
15 THE COURT: Sure.
16 MR. PITRE: The concern that raises with me really
17 appears at the opposition brief that was filed by Boeing,
18 where they say that the jury won't understand the true value
19 of the amounts they hear during the trial as a suggestion for
20 any award of damages.
21 And it goes on in the next paragraph to talk about
22 how in Ethiopia the cost of living for restaurants, groceries,
23 is 50 to 32 percent less. And, therefore, they conclude that
24 it is a fair argument to be able to say that a jury should be
25 able to understand the true value of damages. This is, again,

31

1 page 4, particularly noneconomic damages by having evidence of
2 the cost of living.
3 Well, to me, Your Honor, that suggests that somebody
4 who's killed who's on this plane that lived in Ethiopia, the
5 value of their life is worth less because the cost of living
6 in Ethiopia is less. But if you had a US citizen that died,
7 should we then apply the opposite logic, that there should be
8 an addition to any award because in the United States, the
9 amount of money, if you live in an affluent area doesn't
10 really get you that far? Because if I go to a restaurant in
11 New York, as opposed to going to Redding, California, it is
12 going to cost me three, four hundred dollars to eat at that
13 restaurant, but if I'm in Redding, I'm going to pay a hundred
14 dollars.
15 So this is a back door, a direct back door to valuing
16 the lives of people on this plane, for noneconomic damages.
17 This does not apply to economic damages. The economic damages
18 have been stipulated to. So not that we're talking about a
19 value of a dollar when we are projecting wage loss or growth.
20 They want to argue that the life of an individual who comes
21 from a foreign country, who has a lower standard of living, is
22 worth less.
23 I find that distasteful, I find that it violates the
24 very jury instruction that says a jury cannot consider the
25 socioeconomic status of individuals in rendering an award.

32

1 And I don't think it's what our American system of justice
2 wants to condone as fair argument.
3 That's it, Your Honor.
4 MR. CLIFFORD: But there's more, if we may,
5 Your Honor.
6 THE COURT: Sure.
7 MS. BRAMMEIER: It also violates the stipulation
8 which says that the measure and elements of plaintiff's
9 damages are to be determined without regard to nationality,
10 citizenship, domicile, or residency.
11 MR. CLIFFORD: And so you have the stipulation, which
12 talks about the Illinois compensatory damages. And,
13 historically, any cost of living discussion that I've ever
14 participated in at trial has often times been in connection
15 with the proof of money, goods, and services in a case like a
16 wrongful death case, or an injury case, where there's
17 permanent disability, and you have an economist who comes in
18 and places a value on the household services or those kind of
19 things and like in the Chicago market, this is what you pay
20 for caretakers versus being in San Francisco or New York.
21 And so, but first and foremost, the idea of -- to
22 follow-up on what Mr. Pitre says, they want to come in and
23 argue there's been -- something's been coming up, Judge,
24 regarding how Boeing is looking at some of these cases in
25 terms of nationality. Boeing does business around the world.

33

1  We looked today. Boeing has over 300 of its planes currently
2  in use in China, with China Airlines. Is that to say that all
3  the sudden we should be talking about the Chinese differently?
4  The idea that Boeing can stand up and say to the jury, you
5  know, if you give these people a million dollars or a hundred
6  million dollars, they're going to go down to Ethiopia and be
7  the next Bill Gates of the world down there.
8         That would be improper argument, from our
9  perspective. So even this motion of generational wealth, you
10 know, there's an instruction oftentimes that it's not the
11 jury's concern about where the money comes from or where it
12 goes to. And that argument would violate that tenent of law,
13 that the jury should not speculate. If a family got the money
14 it wanted, and it wanted to donate that money tomorrow to some
15 do good organization for airline passenger safety, that's
16 their business, and Boeing shouldn't be permitted to interfere
17 with that.
18         So we think and would move to bar any arguments about
19 cost of living, any arguments about generational wealth, or
20 any arguments about what these people can do with the money
21 once it's awarded under Illinois law, and fair and reasonable
22 compensation is determined by the jury in this box.
23         Thank you.
24         MR. MARTINEZ-CID: Sorry. Very briefly, Your Honor,
25 because I know we've gone a little bit on this. There's just

34

1  a practical consideration as well, which there's not been a
2  single expert witness disclosed as to the cost of living
3  arguments that they intend to raise, and I wouldn't even know
4  how to go about that.
5         If they claim the cost of living is 40 percent less
6  in a country, what am I to do with that information, if they
7  tell that to the jury. And as we know, as Mr. Pitre ably
8  reminded us, cost of living in New York is very different than
9  cost of living even in Miami, though they can be similar, and
10 there are places in this country where they are worlds apart,
11 and maybe it's the same as where they are there, and so we
12 would have to go plaintiff by plaintiff, city by city,
13 neighborhood by neighborhood, street by street, to talk about
14 cost of living.
15         Thank you, Your Honor.
16         MR. WEBB: Your Honor, Mr. Zuidema will talk about --
17 respond to all four.
18         THE COURT: All four lawyers.
19         Mr. Zuidema.
20         MR. CLIFFORD: He's up for the task.
21         MR. ZUIDEMA: Thank you, Your Honor.
22         That was a lot to swallow. I don't know if I'll hit
23 every point they made, and I'll try and keep it --
24         THE COURT: What about the last point? What about
25 the evidentiary basis for making such an argument?

35

1         MR. ZUIDEMA: Yes, Your Honor.
2         THE COURT: And, granted, I'm not telling Boeing to
3  make this argument. Boeing has not heard the response. The
4  question is whether Boeing is barred from making such
5  arguments.
6         MR. ZUIDEMA: Your Honor, first I'd like to correct
7  something that was said over there, which is that there's no
8  economic damages in any of these cases at issue because we
9  stipulated. But we did not stipulate to economic damages in
10 the *Musoni* case. And with respect to that case in particular,
11 our expert, Dr. Scarbrough, to the best of my understanding,
12 does factor in the cost of goods and services where the
13 decedent lived in his analysis of the decedent's consumption,
14 and that is a part of the equation he performs. He subtracts
15 that from projected future earnings to provide total economic
16 loss. So to that extent, at least, this evidence is relevant
17 to expert testimony in one of these cases.
18         In addition to that point, another thing I would like
19 to correct is that this is not barred by the stipulation.
20 Like some other arguments we've discussed, we think they are
21 misreading the stipulation here. What they're pointing to is
22 section B1, and they quoted the language regardless of
23 citizenship, residency, domicile, or nationality. The
24 stipulation does not say any of those things are irrelevant to
25 damages. That's in the choice of law provision, and it's

36

1  simply saying that plaintiffs are not barred from recovery on
2  the basis of citizenship, residency, domicile, or nationality.
3  Of course, we are not arguing otherwise. So this is not,
4  again, in violation of the stipulation.
5         And, finally, I think I would just like to circle
6  back to what we argued in our brief which is that, to me, it
7  seems to be common sense that this will be helpful to the
8  jury. When they are hearing any discussion of a foreign
9  currency, frankly, that means very little to somebody who's
10 not familiar with that currency and who has nothing to compare
11 it to, has nothing to compare it to in terms of value of a
12 dollar and what it can -- you know, we refer to the true value
13 in our brief, what it can purchase, where you are from, and
14 would actually use the currency compared to US dollars. None
15 of this, we think, is prejudicial. Plaintiffs never cited a
16 single case that talked about this issue. They seem to
17 conflate it with the wealth and poverty, and that issue we
18 agree with, but we don't see any precedent to preclude this
19 type of evidence. It would be helpful for the jury to
20 understand the evidence in this case, and so we rest on our
21 brief.
22         THE COURT: All right. Over objection, the
23 plaintiffs' motion is granted with the exception of the caveat
24 that I have discussed, the exception regarding cost of living
25 arguments that Boeing is free to make, if it chooses to make