**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
PLAINTIFF'S EXPERT DR. RICHARD COCKERILL IN *LEWIS***

**TABLE OF CONTENTS**

I. Plaintiff's response brief exceeds the Court's 15-page limit and should be stricken. ......... 2

II. If Plaintiff's response is not stricken, it still fails on the merits. ....................................... 3

    A. Dr. Cockerill's opinion that ███████████████████████████████ is unreliable, and Plaintiff does not show otherwise. ....................................................... 3

    B. Plaintiff confirms that Dr. Cockerill's ███████████ opinion is speculative and unreliable. ............................................................................................................................... 10

    C. Plaintiff confirms that Dr. Cockerill's opinion about ███████████ is unfounded speculation relying on a single misinterpreted study. ..................................................... 11

    D. Dr. Cockerill's new opinion that ████████████████████████ was improperly disclosed and must be excluded under this Court's prior order. ................. 12

The Court should exclude Dr. Cockerill's testimony, and Plaintiff's response does not show otherwise. As an initial matter, Plaintiff's brief exceeds the 15-page limit set by local rule and this Court. *See* L.R. 7.1. It should therefore be stricken.

Plaintiff's response fails on the merits, too. While Boeing understands that Ms. Lopez-Lewis has suffered tremendous grief due to the loss of her husband, Plaintiff's brief confirms that Dr. Cockerill's opinions are either unreliable or were improperly disclosed, so they must be excluded under Rule 702, Rule 26, and this Court's prior orders.

First, Plaintiff's response makes clear that while Dr. Cockerill claims to have performed a differential diagnosis in forming his ▇▇▇▇, he did not perform a proper differential etiology in reaching his opinion of the ▇▇▇▇. Those are two very different things. Plaintiff also emphasizes Dr. Cockerill's use of ▇▇▇ but ignores his failure to follow key steps to assess relevant traumatic events. Similarly, Plaintiff admits that Dr. Cockerill's assessment ▇▇▇▇ but ignores his own admission that doing so would bias his assessment. And while Plaintiff reiterates that ▇▇▇▇▇▇▇▇▇▇▇▇. Nor should he be allowed to opine that these prior events ▇▇▇▇ ▇▇▇▇—an opinion at odds with those set forth in his report and raised for the first time in his deposition. And contrary to Plaintiff's arguments, Dr. Cockerill should have performed symptom or performance validity testing since his diagnosis was made in the context of litigation and raises complex issues about mental health and causation. He did not. For all these reasons, the opinion that ▇▇▇▇▇▇ should be excluded.

1

Second, it is unreliable for Dr. Cockerill to opine on ███████████████ without ever speaking to those who work and socialize with Ms. Lopez-Lewis. Those individuals would be best positioned to say whether ████████████ Nor is there any support for Plaintiff's claim that Dr. Cockerill used the DSM-5 in reaching this opinion. And Plaintiff provides no support for her arguments. This opinion should therefore be excluded too.

Third, Plaintiff effectively concedes that Dr. Cockerill's ████████████ opinion is an impermissible opinion about a future, unknown risk of harm that might never materialize. Plaintiff also misunderstands the only paper Dr. Cockerill relies on to support this opinion, which, at best, suggests that ████████████████████████████████ His reliance on that paper is unreliable, and his ████████████ opinion must also be excluded.

Fourth, Plaintiff says that Dr. Cockerill's *new* opinions—that Ms. Lopez-Lewis will have ████████████████████████████████████████—were not improperly disclosed because they are mere "extension[s]" of his report. But that just admits that they appear nowhere *in* his report. Forcing Boeing to anticipate and prepare for such "extension" opinions would undermine the entire purpose of disclosure underlying Rule 26.

The Court should strike Plaintiff's response and grant Boeing's motion.

I. **Plaintiff's response brief exceeds the Court's 15-page limit and should be stricken.**

Plaintiff's response was filed on March 19—two days after the March 17 deadline. The Court granted Plaintiff's belated motion for an extension of time and allowed Boeing additional time to reply, so that issue is resolved. ECF 2475. But there is another issue with Plaintiff's response: Plaintiff's brief exceeds the 15-page limit. Under Local Rule 7.1, "[a]ny brief . . . that does not comply with" the page limit "shall be filed subject to being stricken by the court." And this Court's "[p]rocedures to be followed" warn that "[t]he 15-page limitation on all memoranda contained in Local Rule 7.1 will be strictly enforced" and "[a] motion for leave to exceed that

limit will not be granted unless warranted." Judge Alonso's Case Procedures, *Memoranda of Law and Citations*.

Plaintiff's counsel have not moved for leave to file an overlength brief, provided any reason why they failed to comply with the page limit (on top of the filing deadline), or shown that a page extension is warranted. The Court should thus strike Plaintiff's brief "because it exceeds the page limit under Local Rule 7.1." *Nance v. United States*, 2023 WL 5211606, at *9 (N.D. Ill.) (striking overlength brief); *see also Transam. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 143 F.R.D. 189, 191 (N.D. Ill. 1992) (striking "plaintiffs' memorandum in opposition to defendant's motion" when it was "in excess of 15 pages long").

**II.      If Plaintiff's response is not stricken, it still fails on the merits.**

Even taking Plaintiff's response brief on its merits, it fails to show that Dr. Cockerill's opinions are reliable or that they were properly disclosed.

**A.      Dr. Cockerill's opinion that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is unreliable, and Plaintiff does not show otherwise.**

Plaintiff does not dispute that Dr. Cockerill was required to perform a differential etiology in reaching his causation opinion. In fact, Plaintiff claims he did and insists that his methodology is therefore reliable. Opp. at 7–8. But Dr. Cockerill confirmed that he performed a differential diagnosis only in forming his ▉▉▉▉▉▉▉▉▉▉▉ Ex. 2 at 98:11–99:4. When claiming he had performed a differential diagnosis, he explained he ruled out ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* But he did not state that he performed a differential etiology in reaching his *causation* opinion, nor did he explain any methodology that would include a differential diagnosis of causation.

In any event, it is not enough for an expert simply to say he used a reliable methodology; he "still must 'faithfully apply the method to the facts at hand,' and 'rely on facts or data, as

3

opposed to subjective impressions.'" *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, 2015 WL 5050214, at *2 (N.D. Ill.) (citation omitted); *see also Crawford Supply Grp., Inc. v. Bank of Am.*, 2011 WL 4840965, at *3 (N.D. Ill.) (a court must assess an expert's "application of that reasoning or methodology to the facts at issue"). And Plaintiff does not show that Dr. Cockerill reliably performed a differential etiology.

To start, Plaintiff makes much of Dr. Cockerill's use of ▮▮▮▮ but ignores his failure to follow key parts of it. Opp. at 7–8, 11. Plaintiff does not address Dr. Cockerill's failure to use



Mot. at 7. By failing to use these tools to account for ▮▮▮▮

▮▮▮▮—as Plaintiff admits. *Id.*; *see* Opp. at 8.

It is no answer to say that it was proper to ▮▮▮▮

▮▮▮▮ Opp. at 8. This does not address Dr. Cockerill's admission that ▮▮▮▮

▮▮▮▮ *See* Mot. at 7 ▮▮▮▮

▮▮▮▮ That is not a proper differential etiology.

Plaintiff's case *Willis v. BNSF Railway Co.* is no help either. Opp. at 9. In *Willis*, the issue was simply whether a treating physician must "understand every detail—perhaps even have personal knowledge—about the work Plaintiff was doing when" he felt pain in his shoulder to opine on the cause of his pain. 2013 WL 869952, at *5 (C.D. Ill.). The court said the physician did not need to have such "immaterial" and "detailed non-medical information in order to opine

4

on medical causation" when there was "single discrete event." *Id.* In contrast, Dr. Cockerill admitted that Ms. Lopez-Lewis ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 2 at 111:23–112:6. So unlike *Willis*, this is a case where there are "multiple potential etiologies," not just "a single, discrete event." *Id.* at *4. Nothing in *Willis* rescues Dr. Cockerill's causation opinion.

To save his opinion, Plaintiff claims that Dr. Cockerill ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 9–10. But even if he did, Plaintiff does not explain how he systematically ruled in or ruled out these events. All Plaintiff offers is a host of conclusory statements in this regard. *See, e.g., id.* (Dr. Cockerill ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



▮▮▮▮). Plaintiff's argument boils down to this: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 10. But that is not enough. An expert must "explain why he reached [his] conclusion on the basis of a reasoned application of scientific, technical, or other specialized knowledge." *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 685 (N.D. Ill. 2009).

Dr. Cockerill offered no such explanation. He offers an opinion "connected to existing data only by the *ipse dixit* of the expert," which is inadmissible under Rule 702. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 581 F. Supp. 3d 1029, 1083 (N.D. Ill. 2022) (excluding expert opinion on that basis). And that problem is compounded by his incomplete knowledge of Ms. Lopez-Lewis's military background. It is in no way "misleading" for Boeing to argue "that Dr. Cockerill was unaware of Yalena's military service," as Plaintiff claims. Opp. at 10. Plaintiff does not dispute that Dr. Cockerill did not know Ms. Lopez-Lewis had combat experience, for

5

example. That lack of knowledge underscores the unreliability of his purported differential etiology: an expert cannot rule out alternative potential causes that he didn't know exist. *See, e.g.*, *Harris v. Stryker Spine*, 39 F. Supp. 3d 846, 854 (S.D. Miss. 2014) (finding expert did not perform a reliable differential etiology where he was "unaware" of the details of a potential cause).

And to be clear, Dr. Cockerill's report did not disclose any differential etiology either—as it should have, if that was really his methodology. *See* Fed. R. Civ. P. 26(a)(2)(B) (an expert's "report must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them"). At best, his report indicates that he and Ms. Lopez-Lewis ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ but it does not discuss or explain if he ruled in and ruled out those events. And courts exclude expert testimony when the expert failed to disclose the "basis and reasons" for his conclusions, as Dr. Cockerill did here. *See Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 735 (7th Cir. 2010).

Plaintiff also suggests, with no support, that this is acceptable because Dr. Cockerill ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Opp. at 7, 10. But as Boeing explained, this is a new opinion that was not disclosed in Dr. Cockerill's report, so it must be excluded. Mot. at 9–10. Indeed, like his assessment, his report ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. As it relates to causation, the purpose of the report was to determine ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1 at 1. The report emphasizes that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

6

███████████████████████ *Id.* at 7–8 (emphasis added). Nothing in the report suggests that Dr. Cockerill was offering an opinion that ████████████████████████

Plaintiff does not dispute or respond to this argument, so she "waives any opposition" to and "concedes" this point. *Hodges v. Archer Daniels Midland Co.*, 474 F. Supp. 3d 956, 967 (C.D. Ill. 2020) (cleaned up); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("[f]ailure to respond to an argument . . . results in waiver," and "silence" on an argument means it is "conceded"). And in any event, Plaintiff does not explain why or how this new opinion could cure Dr. Cockerill's failure to systematically rule in and rule out other traumatic events. In short, Dr. Cockerill's inconsistent and improperly disclosed opinion that ████ ████████████████████████████████████ cannot save his causation opinion.

Plaintiff also reiterates that ████████████████████████████████████████ ████████████████ Opp. at 10. Yet despite the importance of timing to Dr. Cockerill's opinion, Plaintiff does not address Boeing's argument that a temporal relationship is insufficient to establish cause (Mot. at 10), which means they waive that issue too. And again, Plaintiff makes no attempt to explain how Dr. Cockerill can rely on timing to opine that ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ *Id.* at 6. If symptoms can appear well after the triggering event, then Dr. Cockerill cannot reliably rule out earlier traumas as potential causes just because they happened further back in time. More would be needed to make the opinion reliable.

Finally, as for Dr. Cockerill's lack of any symptom or performance validity testing, Plaintiff is wrong to argue that this does not render his opinion unreliable. To be sure, a physician may rely, in part, on a patient's self-reported history. Opp. at 11–12 (citing *Cooper v. Carl A.*

7

*Nelson & Co.*, 211 F.3d 1008 (7th Cir. 2000); *Stapleton v. Union Pac. R.R. Co.*, 2020 WL 2796707 (N.D. Ill.)). But courts routinely find that "a physician who evaluates a patient in preparation for litigation"—like Dr. Cockerill—"should seek more than a patient's self-report of symptoms." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 762 (3d Cir. 1994); *see also Amerson v. Stechly*, 2015 WL 6436341, at *2 (E.D. Mich.) (excluding expert's causation opinion when he "automatically" credited patients' self-reports and "did not review any preexisting medical records"). Indeed, Dr. Cockerill admitted to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 at 47:4–11. Again, Boeing does not doubt that Ms. Lopez-Lewis has experienced intense grief due to the crash. But to ensure the reliability of her reported symptoms, and to ensure Dr. Cockerill was considering the full range of her symptoms, Dr. Cockerill needed to perform validity testing here.

Plaintiff's attempt to distinguish *Paoli* also fails. *Paoli* warned that a physician should do more to confirm a patient's self-reported symptoms when forming an opinion for purposes of litigation. 35 F.3d at 762. That warning did not turn on whether the opinion was about "toxic exposure" as opposed to a "psychiatric diagnosis," as Plaintiff suggests. *See id.* Nor is it enough to say that unlike one of the doctors in *Paoli*, Dr. Cockerill reviewed medical records. *See id.* at 765. As Boeing noted, he did not review any pre-accident records even though Ms. Lopez-Lewis had previous traumatic experiences. *See* Mot. at 11. And a mere examination alone is insufficient. *See Amerson*, 2015 WL 6436341, at *2 (excluding causation opinion based on symptoms reported during an examination when expert did not testify "that he considered alternative causes" or show "that he employed any method to determine that alternative causes were less likely."). Plaintiff's other cited case, *United States v. Finley*, does not say otherwise. In

8

fact, it supports the need for validity testing and other forms of confirmation because there—unlike here—the expert's diagnosis "incorporate[d] testing, case history, interviews with the patient and family, [and] medical factors." 301 F.3d 1000, 1012 (9th Cir. 2002).

And unlike *Cooper* and *Stapleton*, Dr. Cockerill's opinion touches on complex issues regarding mental health and causation. Indeed, Dr. Cockerill and one of Ms. Lopez-Lewis's treating physicians, Dr. Tonya Phillips, both recognized that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 9 (Phillips Dep.) at 72:15–23 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And Dr. Phillips ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 61:16–20. The fact that Plaintiff's two experts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ that these issues are more complex than (and very different from) the issues in *Cooper* and *Stapleton*, which respectively addressed whether a fall caused the plaintiff's pain and whether injuries caused by a train accident necessitated work restrictions. Neither case supports the reliability of Dr. Cockerill's methodology.

\* \* \*

If the Court excludes Dr. Cockerill's causation opinion, then his other opinions based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—should also be excluded because they are irrelevant under Rule 401. This is consistent with the Court's prior rulings. *See* Ex. 5 at 42:19–21. Dr. Cockerill's other opinions would also unfairly prejudice Boeing because they would invite the jury to speculate that Ms. Lopez-Lewis's mental health issues were ▮▮▮▮▮▮▮▮▮▮▮ without any evidence to that effect. *See* Fed. R. Evid. 403.

9

But in any event, these other opinions are independently inadmissible for the reasons discussed below.

> **B. Plaintiff confirms that Dr. Cockerill's ▮▮▮▮▮▮▮▮▮▮ opinion is speculative and unreliable.**

Plaintiff's response confirms that Dr. Cockerill failed to substantiate or verify his ▮▮▮▮▮▮▮▮▮▮ opinion. Plaintiff insists that Dr. Cockerill did ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ but Plaintiff does not provide any support for these propositions. Opp. at 14. And it makes little sense for an expert to opine on ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ *See* Mot. at 12. The same is true for her purported ▮▮▮ ▮▮▮ And while Plaintiff tries to rescue Dr. Cockerill's ▮▮▮▮▮▮▮▮▮▮ opinion by claiming that it is grounded in "established psychiatric methodology, including DSM-5 criteria" (Opp. at 14), nothing in his report or deposition indicates that he ever used the DSM, or how he used it, in reaching his ▮▮▮▮▮▮▮▮▮▮ opinion. In short, his opinion is "connected to existing data only by . . . *ipse dixit*," which makes it inadmissible under Rule 702. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 581 F. Supp. 3d at 1083.

Plaintiff is also wrong that Dr. Cockerill properly disclosed his opinion that Ms. Lopez-Lewis will have ▮▮▮▮▮▮▮▮▮▮. *See* Mot. at 12. Plaintiff's argument that this prognosis was "not a 'new' opinion but an *extension* of his report" underscores that it appears nowhere *in* his report. Opp. at 14 (emphasis added). And Plaintiff simply ignores that Dr. Cockerill admitted that his report did not discuss this prognosis. *See* Mot. at 12. It is ultimately irrelevant whether this opinion is "new" or just an "extension" of a properly disclosed opinion. A

10

party should not be obligated to prepare for any unknown number of "extension" opinions flowing from an expert's report. As this Court has previously held, an expert cannot disclose new opinions in a deposition because that would undermine the entire purpose of Rule 26(a)(2), which "is to provide notice to opposing counsel—*before the deposition*—as to what the expert witness will testify." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008) (emphasis added); Ex. 5 at 10:14–19. Thus, this new, improperly disclosed prognosis must also be excluded.

    **C.    Plaintiff confirms that Dr. Cockerill's opinion about ▓▓▓▓▓ is unfounded speculation relying on a single misinterpreted study.**

As for Dr. Cockerill's opinion related to ▓▓▓▓▓, Plaintiff concedes that this is speculation about a future harm that might never materialize. Plaintiff confirms that Dr. Cockerill is not opining that Ms. Lopez-Lewis ▓▓▓▓▓ Opp. at 15. Instead, his opinion is only that ▓▓▓▓▓

▓▓▓▓▓

▓▓▓▓▓ *Id.* (emphases added). This unfounded speculation regarding a theoretical future injury is inadmissible. *See, e.g.*, *Kirschner v. Broadhead*, 671 F.2d 1034, 1040 (7th Cir. 1982) (an opinion suggesting what is "merely possible" is inadmissible as evidence of that fact); *Jarrett v. Wright Med. Tech., Inc.*, 2021 WL 1165178, at *2, 4 (S.D. Ind.) (excluding opinion regarding "potential future injuries" because they "are too speculative to be considered reliable").

Plaintiff also misunderstands the only paper Dr. Cockerill relies on to support his opinion. Plaintiff claims that the study supports his opinion because it ▓▓▓▓▓ ▓▓▓▓▓ Opp. at 15 (emphasis added). But "association" does not equal causation. Just because ▓▓▓▓▓

11

▬▬▬▬▬▬▬▬▬▬ As *Rodman* pointed out, "experts are properly disqualified if the studies on which they rely merely suggest, without definitely concluding, the truth of a particular assertion." 564 F. Supp. 3d 879, 889 (N.D. Cal. 2020) (quoting *Haynes ex rel. Haynes v. Nat'l R.R. Passenger Corp.*, 319 F. App'x 541, 543 (9th Cir. 2009)). Dr. Cockerill's study, at best, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.*

Plaintiff also says that *In re Accutane Products Liability* is inapplicable. To be clear, Plaintiff cites the wrong *Accutane*. In the *Accutane* Boeing cites, the court underscored that an expert "must not draw overreaching conclusions" from the studies they rely on—which is what Dr. Cockerill did here. 2009 WL 2496444, at *2 (M.D. Fla.). In any event, Plaintiff's *Accutane* citation also supports Boeing. That case excluded a different expert's opinion because it was "merely plausible and not proven, making his opinion unreliable." Opp. at 16. But that is exactly the case here: Plaintiff concedes that Boeing's cited passages "reflect the complexity of ongoing research in this area" and that "scientific inquiry is ongoing." Opp. at 15–16. Dr. Cockerill's opinions regarding ▬▬▬▬▬▬▬▬ must be excluded.

**D. Dr. Cockerill's new opinion that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ was improperly disclosed and must be excluded under this Court's prior order.**

Plaintiff also fails to show that Dr. Cockerill properly disclosed his opinion that ▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiff admits that Dr. Cockerill's report says only that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬ Opp. at 17 (emphasis added); *see* Mot. at 15. Put another way, ▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬—and they are not—his report did not say that ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬ like he did at his deposition. Plaintiff again claims that Dr.

12

Cockerill's ▇▇▇▇ opinion is a "natural and logical implication" of his report and that there is nothing improper about "[c]larifying" his report. Opp. at 17. Again, this confirms that this opinion does not appear in his report, and it should be excluded on that basis alone.

Plaintiff also does not respond to Boeing's argument that Dr. Cockerill has no reasonable basis to opine that ▇▇▇▇ As Dr. Cockerill conceded, ▇▇▇▇ ▇▇▇▇ ▇▇▇▇ Mot. at 14–15. Nor does Plaintiff address Boeing's other arguments: that Dr. Cockerill cannot opine that ▇▇▇▇, as it was also improperly disclosed; and that he may not testify about Ms. Lopez-Lewis's grief and litigation-induced stress under the Court's prior orders. *See id*. at 15. So here again, Plaintiff concedes these arguments. *Hodges*, 474 F. Supp. 3d at 967; *Baker*, 2024 WL 5114168, at *10.

For all these reasons and those in Boeing's motion, the Court should exclude Dr. Cockerill's testimony.

13

DATED March 26, 2025                                      **THE BOEING COMPANY**

By: /s/ *Dan K. Webb*
*One of Its Attorneys*

Dan K. Webb
dwebb@winston.com
Linda T. Coberly
lcoberly@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
Samuel M. Zuidema
szuidema@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

Sandra A. Edwards
sedwards@winston.com
**Winston & Strawn LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Christopher M. Ledford
CLedford@perkinscoie.com
Mack H. Shultz
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Dan K. Webb*
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600