IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH** | Civil No. 1:19-cv-02170 |
| This Document Relates To: | District Judge: Hon. Jorge L. Alonso |
| HASSAN HUSSEIN ABDI, as Personal Representative of the heirs of MUCAAD HUSSEIN ABDALLA, deceased, Case No. 1:19-cv-02348 | Magistrate Judge: Hon. M. David Weisman |
| *Plaintiff* |  |
| v. |  |
| THE BOEING COMPANY, a Delaware corporation, |  |
| *Defendants,* |  |
| *v.* |  |
| NISRINE CHAFI, as Special Administrator of the Estate of MUCAAD HUSSEIN ABDALLA, deceased Case No.: 1:19-cv-03677 |  |
| *Intervenor.* |  |

**PLAINTIFF, NISRINE CHAFI'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF CAPACITY TO SUE, OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

PLAINTIFF, NISRINE CHAFI, as Special Administrator of the Estate of Mucaad Hussein Abdalla, hereby files this Reply in support of its Motion to Dismiss for lack of capacity to sue, or, in the alternative, for Summary Judgment (DKT #2430), and in support thereof states as follows:

1.     Plaintiff stands on her initial brief, which set forth the undisputed fact that she is the only lawfully appointed representative of Mr. Abdalla's estate and thus the competing case must be dismissed.  She submits this reply to point out the extent to which Mr. Abdi's filings in

1

this Court obfuscate and, at times, misrepresent facts that Mr. Abdi and/or his counsel know to be untrue.

2.     In Plaintiff Abdi's response of March 25, 2025, Mr. Abdi argues that Plaintiff Nisrine Chafi's marriage certificate contains "important false statements which render it invalid." ECF No. 2488.  Specifically, he argues that the purported false statement concerns the identities of decedent's parents:

> The marriage certificate identifies the decedent's father as Abdulle Sulleman and his mother as Anna Jama Yusuf.  In fact, the decedent's father was deceased at the time of this alleged marriage and his mother is Faturmo Osman Abdullahi of Kabele 10, Badcas, Jiagiga, Ethiopia.  This false statement was made for the purpose of obtaining a marriage certificate and invalidates this marriage certificate.  The decedent and Nisrine Chafi therefore were never married.

*Id*. (internal record citations omitted).  Plaintiff Abdi cites no authority for the proposition that misidentifying a parent on a marriage certificate renders it void under Moroccan law, and no court has ruled in favor of this position.

3.     But perhaps the greater concern for the Court's purposes on this motion is that Plaintiff Abdi's arguments are inconsistent with positions his own counsel of record has taken in communications with the federal government.  Mr. Abdi is represented by several attorneys, including Omar Khawaya, who appears as counsel of record on the Court's docket and entered an appearance at the latest hearing on this matter on February 18, 2025.  *See* Hearing Transcript of February 18, 2025 (attached as Exhibit A).

4.     On May 20, 2019, the parents listed on the marriage certificate uniting Ms. Chafi and decedent—Abdulle Sulleiman and Anab Jama Yusuf—sent a letter to Mr. Robert Gatehouse of the U.S. Embassy in Ethiopia identifying themselves as the parents of the decedent and requesting that the U.S. Embassy send their son's death certificate to their attorney, Omar Khawaya.  This letter was provided to the Boeing Fund Administrators by Omar Khawaya.  *See* Letter to U.S. Embassy dated May 20, 2019 (attached as Exhibit B).  In other words, Mr. Abdi,

through his attorneys, have now represented to the Court that the individuals listed on Ms. Chafi's marriage certificate—the same people that Mr. Khawaya purported to represent in communications with U.S. Embassy officials—are *not* decedent's parents. Indeed, Mr. Abdi goes so far as to claim that decedent's father, Abdulle Sulleiman, was deceased at the time that decedent married Ms. Chafi. But somehow apparently these two individuals became decedent's parents—and, in the case of his father, resurrected from the dead—in order to pen a letter to the U.S. Embassy in May 2019. Ms. Chafi struggles to understand how Mr. Abdi's attorneys simultaneously represent individuals who identified themselves as the decedent's parents in the May 20, 2019, letter—while now claiming that these individuals are not, in fact, the parents (and that one of them was long dead by the time the letter was sent).

5. For the foregoing reasons, Ms. Chafi respectfully requests that the Court dismiss the competing case improperly filed by Mr. Abdi, or, in the alternative, grant summary judgment on his claim for lack of capacity or standing to sue.

Respectfully Submitted,

**PODHURST ORSECK, P.A.**
SunTrust International Center, Suite 2300
One S.E. Third Avenue
Miami, Florida 33131
(305) 358-2800 / Fax (305) 358-2382

/s/ Steven C. Marks
Steven C. Marks
Fla. Bar No. 516414
Kristina M. Infante
Fla. Bar. No. 112557
*Admitted Pro Hac Vice*

Andrew T. Hays
Sarah Buck
**HAYS FIRM LLC**
200 N. LaSalle Street, Suite 2150
Chicago, IL 60601
(312) 626-2537
ahays@haysfirm.com

Atty No.: 46467
*Local Counsel*

**ATTORNEYS FOR THE PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 2nd of April, 2025 a true and correct copy of the foregoing was served electronically to the attorneys of record.

<u>/s/   Steven C. Marks</u>
Steven C. Marks
Attorney for Plaintiff

```
 1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3    IN RE:  ETHIOPIAN AIRLINES      ) Lead Case No. 19 CV 2170
      FLIGHT ET 302 CRASH,            )
 4                                    )
                                      ) Chicago, Illinois
 5    This document relates to all    ) February 18, 2025
      cases.                          ) 9:00 a.m.
 6

 7            TRANSCRIPT OF PROCEEDINGS - MOTION HEARING
               BEFORE THE HONORABLE JORGE L. ALONSO
 8                 UNITED STATES DISTRICT COURT

 9
      APPEARANCES:
10

11    For Nisrine            PODHURST ORSECK, PA
      Chafi:                 BY: MS. KRISTINA INFANTE (Telephonic)
12                           One SE Third Avenue, Suite 2300
                             Miami, Florida 33131
13
                             PODHURST ORSECK, PA
14                           BY: MR. STEVEN C. MARKS (Telephonic)
                             2525 Ponce de Leon, Suite 500
15                           Coral Gables, Florida 33134

16    For Rabia Labyad:      WISNER LAW FIRM
                             BY:  MR. FLOYD WISNER (Telephonic)
17                           161 North Clark Street, Suite 1600
                             Chicago, Illinois 60601
18

19                           HUSAIN LAW AND ASSOCIATES
                             BY:  MR. NOMAAN HUSAIN (Telephonic)
20                           5916 Winsome Lane, Suite 400
                             Houston, Texas 77057
21
                             THE LAW OFFICES OF OMAR KHAWAJA, PLLC
22                           BY: MR. OMAR KHAWAJA (Telephonic)
                             5177 Richmond Avenue, Suite 1065
23                           Houston, Texas 77056

24

25
```

EXHIBIT "A"

1    APPEARANCES (Continued):

2

     For Defendant Boeing:    WINSTON & STRAWN LLP
3                             BY: MR. NATHAN R. GILBERT (In person)
                              35 West Wacker Drive
4                             Chicago, Illinois 60601

5

6

7

8    Court Reporter:         ANGIE PHIPPS, RMR, CRR, FCRR
                              Official Court Reporter
9                             219 S. Dearborn Street, Room 1902
                              Chicago, Illinois 60604
10                            312.818.6683

11

12

13

14

15

16

17

18

19

20

21

22                           *  *  *  *  *
                   PROCEEDINGS REPORTED BY STENOTYPE
23       TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

24

25

1      (Proceedings had in open court:)

2           COURTROOM DEPUTY:  United States District Court for

3      the Northern District of Illinois is now in session.  The

4      Honorable Jorge Alonso presiding.

5           Case 19 CV 2348, Hassan Abdi vs. Boeing, and

6      19 CV 3677, Chafi vs. Boeing.

7           THE COURT:  All right.  Good morning.  This is

8      Judge Alonso.  I am here in the courthouse.

9           And also present in the courthouse.

10          MR. GILBERT:  Nathan Gilbert for Defendant Boeing

11     Company.

12          THE COURT:  Okay.  So Boeing is present.

13          MR. KHAWAJA:  Good morning, Your Honor.

14          THE COURT:  Yes.

15          MR. KHAWAJA:  Good morning, Your Honor.  This is Omar

16     Khawaja.  I am one of the attorneys for the plaintiffs along

17     with Floyd Wisner and Nomaan Husain representing Ms. Rabia

18     Labyad.

19          THE COURT:  Okay.  Counsel, if you --

20          MR. WISNER:  Good morning, Your Honor.

21          THE COURT:  Go ahead.

22          MR. WISNER:  Floyd Wisner is also present, Your Honor.

23          THE COURT:  All right.  Let's have the --

24     (Simultaneous speakers.)

25          THE COURT:  Hold on one second.  One second, please.

1    One second, please.  All right.  The first counsel that

2    introduced himself, what is his name?  Spell your name for us,

3    please.

4            MR. KHAWAJA:  First name is spelled O-M-A-R.  My last

5    name is spelled K-H-A-W-A-J-A.

6            THE COURT:  Okay.  And for the other plaintiff.

7            MR. WISNER:  It's Floyd, F-L-O-Y-D, Wisner.

8        (Simultaneous speakers.)

9            MR. WISNER:  I'm so sorry.  I'm additional counsel

10   with Mr. Khawaja.

11           THE COURT:  From Podhurst.

12           MS. INFANTE:  From Podhurst, this is Kristina Infante,

13   and Steven Marks is with me as well.

14           THE COURT:  All right.  I thought we were set in

15   person.  In any case, Boeing is present.

16           Boeing, anything that you want to add in this dispute?

17           MR. GILBERT:  No, Your Honor.

18           THE COURT:  All right.  So, Mr. Khawaja, Mr. Wisner,

19   I've got a joint status report, and in that joint status

20   report, attorneys for Chafi write that they have requested

21   documents evidencing any pending proceeding in Morocco on these

22   issues, and they write that counsel has not responded.

23           MR. WISNER:  That's actually correct, Your Honor.

24   Floyd Wisner.  There is a pending proceeding in Morocco --

25           THE COURT:  Did you say that's correct --

1        MR. WISNER:  -- before the Supreme Court.  We've gone

2    over that with --

3        THE COURT:  Did you say that's correct or that's not

4    correct?

5        MR. WISNER:  Not correct, Your Honor.

6        THE COURT:  Okay.  So you're --

7        MR. WISNER:  There's a pending --

8        THE COURT:  So you're telling me --

9        MR. WISNER:  -- proceeding before the Moroccan Supreme

10   Court --

11       THE COURT:  You're telling that me that you did

12   provide something.  The question was, requested documents

13   evidencing any proceeding, any pending proceeding, and you have

14   not responded.  Have you responded?  Did you provide

15   documents --

16       MR. WISNER:  That's not correct.

17       THE COURT:  -- to counsel for Chafi?  Did you provide

18   documents?

19       MR. WISNER:  Yes, but months ago, months ago.

20       THE COURT:  So you have not provided --

21       MR. WISNER:  Now they've made another request, and I

22   think they're confusing --

23       THE COURT:  So you have not provided documents from

24   before December 26th of last year -- from after December 26th

25   of last year?

1          MR. WISNER:  That's correct.

2          THE COURT:  Why is that?

3          MR. WISNER:  Because, honestly, Your Honor, I thought

4     they had them.  We have produced something to them, those

5     documents citing a case number, case name, months before

6     December 2024.  So I was surprised to see them ask for

7     additional documents.  I would be giving them the same thing.

8     I'm happy to give them the same thing, but I've done it

9     already.

10          So it's not an intent to try to hide anything or to

11     stall or anything like that.  I can give them the documents.

12     I've done it before.  I'm happy to do it again.

13          THE COURT:  All right.  Mr. Wisner, obviously, the

14     issue is whether something is pending, right?  So giving

15     something 10 years ago doesn't answer the question --

16          MR. WISNER:  Correct.

17          THE COURT:  -- of whether something is pending now,

18     does it?

19          MR. WISNER:  No.  You're right.

20          THE COURT:  Okay.  So was that an unreasonable --

21          MR. WISNER:  And I'm representing -- I'm

22     representing --

23          THE COURT:  -- request to provide documents?  Was that

24     an unreasonable request?

25          MR. WISNER:  No.  I can do it, Judge.

1      THE COURT:  Okay.  So what would you do?  What would

2  you provide?  What is pending, sir?

3      MR. WISNER:  It's pending an appeal.  Frankly, Judge,

4  we lost at the trial level.  We lost at the Court of Appeals.

5  We took it up to the Moroccan Supreme Court.  It's pending

6  there.  I can get them through our local counsel in Morocco,

7  case name, case number, hopefully a citation like we have in

8  our court system, where we keep, you know, a current log of

9  everything going on.  I will get them whatever is available

10  immediately, like this week.

11      THE COURT:  Ms. Infante, Mr. Marks, I have seen

12  attorneys disagree about many, many things.  I've seen many

13  facts in dispute.  I've never seen a dispute about whether a

14  case is pending.  What is Ms. Chafi's position?

15      MS. INFANTE:  Yes, Your Honor.  Good morning.  So a

16  couple of things.

17      One is, Mr. Wisner told us that there's not only the

18  lawsuit that was lost at the trial level that she lost at the

19  Court of Appeals in 2022 -- and it's now pending in the

20  Moroccan Supreme Court, he told us -- he also says there's a

21  whole second, parallel proceeding where there's been

22  notification to heirs, and in that second proceeding Ms. Labyad

23  is also attempting essentially to get the same relief, which is

24  a recognition of some marriage she claims.

25      And we have no evidence that that has been filed or,

1   you know -- we just have no information about that.

2          We know that she, in the meantime, did file that.  She

3   lost that at every level.  We know that she didn't appear at

4   multiple hearings in Morocco and that that case -- that second,

5   parallel proceeding -- was closed.

6          He seemed to suggest to me in recent communications

7   that she's now reinstituting that second proceeding.

8          So one of the things we'd like to clarify hopefully on

9   the record today is that we don't need to worry about a bunch

10  of other second and third and fourth parallel proceedings, that

11  what Mr. Wisner is saying to this Court is that the Moroccan

12  Supreme -- all he's suggesting we wait for is the Moroccan

13  Supreme Court decision on that first proceeding, and that would

14  help us clarify matters.

15         And the second thing, Your Honor, is that this Court

16  of Appeals in Morocco, which was the latest court to reject

17  that claim that's now up in -- you know, in front of the

18  Moroccan Supreme Court and pending there, according to

19  Mr. Wisner, that was decided in 2022, and we're now in 2025,

20  and we seem to have no end in sight.

21         In August when we came before the Court on our motion

22  for summary judgment, Mr. Wisner said it was -- he expected a

23  month or two for the resolution of this, and obviously much

24  more time has passed since then.  And so part of this was

25  trying to chart a way forward.

1          Now, we attached a motion to dismiss to our motion to

2    intervene in the Abdi case.  By the way, in the Abdi case, the

3    purported personal representative is a Mr. Abdi, and the civil

4    cover sheet in the complaint does not list Ms. Labyad as an

5    heir or beneficiary.  She's not a party in any case pending

6    before this Court.

7          But in any event, we -- Mr. Abdi has never been

8    appointed as special administrator.  Ms. Chafi, our

9    client, has.

10          And our contention -- well, previously in our motion

11   to dismiss is -- it's a motion to dismiss for lack of capacity

12   to sue, and we believe that the cases strongly support that

13   there should only be one pending action here and that it should

14   be the Chafi case.  And I think that the Court's consideration

15   of that motion to dismiss would simplify matters.

16          Now, of course, we expect Ms. Labyad to continue to

17   claim status as a beneficiary, but that would be, sort of, our

18   problem and something she would raise, you know, as, you

19   know -- as we proceed as special administrator and we bring our

20   case, and she could, you know, claim status as a beneficiary

21   vis-a-vis, you know, our client as special administrator, but

22   we wouldn't have two duplicative pending cases before this

23   Court and overcomplicating matters.

24          And, essentially, Your Honor, we're six years down the

25   line here, and we want to chart a way forward that doesn't

1    result in unlimited stall.

2         THE COURT:  Ms. Infante, of course -- Well, I

3    shouldn't say "of course."  I assume these are public

4    proceedings in Morocco, but it sounds like you are reliant on

5    counsel to tell you whether something is pending?  Why is that

6    the case, or am I wrong?

7         MS. INFANTE:  Well, they are public proceedings,

8    not -- not as available as, you know, the American court system

9    is.  But we have Moroccan counsel; and as recently as

10   February 13th, so just five days ago, she went to the court

11   system and checked the dockets, and we have found no evidence

12   of that purported second, parallel proceeding that Mr. Wisner

13   told me, via email, exists.

14        So we do, you know, generally think that there is that

15   first case in the Moroccan Supreme Court that -- that there is

16   some pending case out there; but with respect to these other

17   parallel or second or third proceedings Mr. Wisner says exists

18   and are pending as well, we just don't have any evidence that

19   there's been a filing.

20        I don't know if it's in some other court that we

21   haven't checked, but she went in person last week, and we just

22   have no documents evidencing that.

23        And like I said earlier, with respect to this issue,

24   we'd like just some clarity what is the end point that at least

25   Mr. Wisner is saying this is when -- this is the finality

1    moment; is it the resolution in the Moroccan Supreme Court on

2    this first proceeding that he claims is still pending?

3         That would help clarify matters if that's when he

4    claims we'll have finality on this question of the beneficiary

5    so we can all move on.  Or are we going to show up in three or

6    four or five months and say she instituted another action and

7    there's this other pending proceeding?

8         And I think that's where we -- we would like some

9    clarity.  And if there are other pending proceedings where this

10   woman is seeking recognition of the marriage or clarity from

11   the Moroccan courts on this issue, we want to know about them

12   because we have no evidence from the dockets or from the court

13   system from our sources that evidence it.

14        THE COURT:  All right.  Ms. Infante, now I'm hearing

15   from you --

16        MR. WISNER:  Your Honor --

17        THE COURT:  -- Ms. Infante, that there is a pending

18   case, that the case is still pending before the Moroccan

19   Supreme Court.  Now that's what I'm hearing from you.  True --

20        MS. INFANTE:  Well, that's what Mr. Wisner has --

21        THE COURT:  -- or false?

22        MS. INFANTE -- represented -- and I --

23        THE COURT:  Ms. Infante, true or false?  The first

24   matter, not a parallel proceeding, the case, the first case,

25   the initial case, is still pending before the Moroccan Supreme

1    Court; true or false?

2          MS. INFANTE:  I'm just taking Mr. Wisner's word for it

3    and -- on that case then -- you know, I think that -- that is

4    likely true.  But, again, I don't have documents evidencing the

5    present status, but that's what he's represented to the Court

6    as to that first case, and so, you know, he's a counselor of

7    the Court, and I'll accept that representation as to the first

8    case.

9          THE COURT:  I don't understand why you are reliant on

10   him, especially if you're reporting that you have local counsel

11   in Morocco.

12          Okay.  All right.  That's the case.  So you are taking

13   his word that, in fact, the case, not some secretive case that

14   you're not aware of, not some parallel case or cases, but the

15   case that we have been waiting for is still before the Moroccan

16   Supreme Court, which is not consistent with your reporting in

17   the joint status report.

18          So I have no interest in wasting my time, my staff's

19   time addressing a motion to dismiss when both sides are

20   reporting that the matter is still pending before the Moroccan

21   Supreme Court.

22          Mr. Wisner, is there a parallel proceeding?  You state

23   you're not hiding anything --

24          MR. WISNER:  Yes, Your Honor.

25          THE COURT:  Is there a parallel proceeding that you

1    are not hiding, no interest in hiding?

2            MR. WISNER:  Yeah.  There is, Your Honor, but I'm not

3    relying on it.  It was an estate matter.  That's not the point.

4    We're confused over that.

5            The only one that I'm relying on is this one before

6    the Moroccan Supreme Court which is still pending.  They can

7    forget about these others.

8            THE COURT:  Okay, and you told --

9            MR. WISNER:  Or that other.  There's only one other.

10           THE COURT:  And you told me for --

11           MR. WISNER:  It was in an estate proceeding.  They --

12   not important.

13           THE COURT:  You told me six months ago if you lose

14   before the Supreme Court of Morocco, the case is over for you.

15   Let me quote you:  "If I lose before the Moroccan Supreme

16   Court, the case is over for me."  That's what you told me back

17   in August, right?

18           MR. WISNER:  I stand by that, Judge.

19           THE COURT:  And what is your estimation of the

20   timetable, Mr. Wisner?

21           MR. WISNER:  Boy, Judge.  You know, it's hard to press

22   at our court, particularly a supreme court in a foreign

23   country.  I thought they would have a decision by now.

24           We are gently trying to nudge the court through local

25   counsel and through other people there.

1      You know, I think I told Your Honor a couple months

2  ago we would have a decision by now, and we don't.

3      So I would ask the Court's indulgence that we just --

4  all of us just hang in there a little longer.  We need to make

5  -- have a final decision from the highest court in Morocco

6  before Your Honor steps into this dispute in my opinion.

7      THE COURT:  All right.  And, Mr. Wisner, since I've

8  got us all together, that motion to dismiss which was

9  attached -- in that motion in the arguments section, they write

10 that Mr. Abdi does not define his relationship to Mr. Abdalla.

11      Mr. Wisner, what's your understanding of the

12 relationship between Mr. Abdi and Mr. Abdalla?

13      MR. WISNER:  Right.  Mr. Abdi is the brother of the

14 deceased, Your Honor.  He's the court-appointed administrator

15 of the estate.  He represents the heir, which is Labyad, the --

16 the wife.

17      Our position is that the decedent divorced the

18 Podhurst's wife and our -- and married our lady.  That's our

19 position.

20      So that's the dispute.  And I hope I've answered that

21 question, Your Honor.

22      THE COURT:  And the second part of that sentence says

23 that, "Nor does he make any allegation that he was appointed

24 personal representative by a court of competent jurisdiction."

25 You just told me that he was court-appointed?

1     MR. WISNER:  Yeah, that's my understanding.  Excuse

2  me.  Yes, that's my understanding, Judge, but I will make sure

3  we didn't make a mistake on that and take care of that --

4  that --

5     THE COURT:  So what was this appointing court?  Which

6  Court was that?

7     MR. WISNER:  I believe it was from the Circuit Court

8  of Cook County, Judge, the special administrator, but I'm going

9  to go back and look at that.

10     The point is that -- that he represents the true wife,

11  and he's the brother of the decedent.  He has the capacity.

12     THE COURT:  Ms. Infante, Mr. Marks.

13     MS. INFANTE:  Your Honor, I have no evidence that he

14  was court-appointed by any court.  We've checked the docket.

15  Ms. Chafi is the court-appointed special administrator by the

16  courts of Cook County that has been attached to our briefing.

17  It was attached to our initial civil cover sheet.  And under

18  Illinois law, she's the only person with capacity to bring the

19  claim on behalf of the estate.  And so that's number one.

20     And I will mention the -- the word "divorce," which

21  I'll put in quotes, that Mr. Wisner alleges is based on a

22  letter written by a religious figure online in an Islamic

23  center of Minnesota who alleges that there was some divorce.

24     There is absolutely no record of a divorce here.  Our

25  client was lawfully married.  There is a marriage certificate

1    issued by the Moroccan legal system and no divorce ever

2    recorded in any kind of governmental agency or otherwise.

3           So just since there's some representations on the

4    record in that respect, I wanted to mention that.

5           THE COURT:  Mr. Wisner, you have documents that a

6    court, a court three blocks from my court, appointed Mr. Abdi

7    as a representative, and you have not shared that with counsel?

8           MR. WISNER:  Your Honor, I don't know.  I'm going to

9    go back and check my file.  And if he for some reason has never

10   been appointed, I'm going to file a motion for appointment of

11   special administrator nunc pro tunc, which identity -- get

12   appointment of special administrator and give proper notice to

13   the Podhurst firm.  If I haven't done that --

14          THE COURT:  Mr. Wisner, we are in year six.  You

15   don't know if the Circuit Court of Cook County appointed

16   Mr. Abdi as a representative in this case?  You filed this case

17   six years ago.

18          MR. WISNER:  Your Honor, I should know.  I just don't

19   have it in front of me.  I'm going to look at it right now and

20   take care of it and advise counsel.

21          THE COURT:  Ms. Infante, Mr. Marks, what do you

22   suggest in terms of an order that I can enter right now

23   regarding disclosure of documents as it relates to Mr. Wisner?

24          MR. MARKS:  Your Honor, this is Steven Marks.  I had a

25   conversation with Mr. Wisner more than a year ago where he

1    said:  Well, he's not appointed, but why are you going to make

2    me go through this?  I can easily get him appointed.  So why do

3    I need to do this?

4            This has been going for on six years.  There's no

5    evidence that there's an existing competing order of special

6    appointment for the brother, and it couldn't have occurred

7    because there is a wife who has priority.

8            So whatever documents he has to support a contention

9    that there's an action pending in Morocco or that the brother

10   is duly appointed should be provided to us within 48 hours or

11   so.  If not, then that case should be dismissed.

12           THE COURT:  Mr. Wisner.

13           MR. WISNER:  Your Honor, Ms. Infante mentioned

14   something a few moments ago.  She said we could just include my

15   client as an heir under the case name and number of the Chafi

16   case.  I don't have a problem doing that as long as we have

17   still a contention out there about who's the proper heir.

18           If I have not -- if I have made an error and have not

19   properly named my client a special administrator, I'm okay with

20   folding my case into theirs and have the special administrator

21   be their client as long as my client, the true, in my view,

22   widow, is still an heir and still has the right to claim an

23   heir pending the decision from the Moroccan Supreme Court.

24   That would solve the capacity issue we're talking about now.

25           THE COURT:  Ms. Infante.

1    MR. MARKS:  I would not necessarily disagree --

2    Your Honor, we would not disagree with that outcome, the

3    dismissal of the brother's case.  They can assert whatever

4    claim they want in our case.  It doesn't get folded in, but

5    they would be asserting a claim against our special

6    administrator, which could be resolved in our case, and that

7    would be a fine result.

8    THE COURT:  Right.  That's not what Mr. Wisner is

9    suggesting at this point, right?

10   MR. WISNER:  That's right.

11   THE COURT:  Mr. Wisner, you understand that --

12   MR. WISNER:  I'm suggesting --

13   THE COURT:  -- we need to move forward with the case,

14   right?

15   MR. WISNER:  I sure do.

16   THE COURT:  Okay.  And you understand this is not a

17   negotiation that we're having right now?  The parties have been

18   in negotiation for years, I assume, including recent

19   negotiations that were reported in the last joint status

20   report.

21   MR. WISNER:  That's correct.

22   THE COURT:  All right.  Mr. Wisner, why should I not

23   proceed the way that Mr. Marks suggests, direct you to provide

24   those documents or dismiss the case, provide those documents in

25   the next 48 hours or dismiss the case?

1    MR. WISNER:  I don't have a problem with that, Judge.

2    THE COURT:  You don't have a problem with the case

3  being dismissed in 48 hours if you don't?

4    MR. WISNER:  Well, because -- the reason why I'm

5  saying that, Judge, my client is always going to have a claim;

6  it's just a matter of what capacity she brings it.  She's

7  always going to have a claim for the decedent's death, and that

8  could be in the Chafi plaintiffs case or could be in my

9  separate action.

10    I'm saying that I'm willing to forego the separate

11  action that I brought and have it -- used the term "folded

12  into" their case.  They can't just ignore my client.  It has to

13  be decided finally by the Moroccan Supreme Court.

14    THE COURT:  But you are not moving to dismiss your

15  case without prejudice right now?

16    MR. WISNER:  No.  I'm afraid I would have statute of

17  limitations problems without -- even with or without prejudice

18  dismissal.

19    THE COURT:  Okay.  So what's going to change in

20  48 hours?  What are you going to provide?

21    MR. WISNER:  I'm going to -- well, if I'm wrong and I

22  haven't done this correctly, I'm going to immediately file a

23  petition for appointment of special administrator nunc pro tunc

24  in the Circuit Court of Cook County.  I'm going to give the

25  other side -- I'm going to give Ms. Chafi's attorneys at the --

1    notice, and, therefore, they will have their documents in front

2    of them.  We'll let the Circuit Court of Cook County decide

3    whether my client can also be a special administrator.

4         MR. MARKS:  Your Honor, it's been six years this

5    action has been pending without a proper appointment, and

6    Mr. Wisner told me that over a year ago.

7         The action has no right to remain pending.  If he

8    wants to assert a claim in our case, that's fine.  The statute

9    is protected because we timely filed.

10        MR. WISNER:  Really, Judge, that's all I want.  I just

11   want the ability to assert a claim in whatever case, my case or

12   their case.  But I don't want a dismissal and have them come

13   back and say, "You've dismissed the merits of your case."  I

14   want to get a decision from the Moroccan Supreme Court and

15   proceed from there, yes or no.

16        THE COURT:  Okay.  I'm going to set a status.  It

17   sounds like the case may be pending before the Moroccan Supreme

18   Court.  I'm going to set a status hearing in 60 days.  I'm

19   going to set that in-person.  So there's no confusion,

20   in-person.

21        I'm going to direct the parties to file a joint status

22   report at least three days before the next court date.  And if

23   it's obvious that we don't need that hearing, then the parties

24   should point that out in the status report.

25        I will not set the briefing schedule out again because

1    it appears that there is reason to believe that the case is

2    still pending before the Moroccan Supreme Court.

3           Ms. Infante, Mr. Marks, where does this case fall in?

4    As you know, we are getting very close to setting all of the

5    cases.  Where does this fall in in that this would be one of

6    the cases that remains, obviously?

7           MR. MARKS:  Your Honor, my strong opinion -- in my

8    strong opinion, once this issue of standing, which, I think, is

9    crystal clear, if there's no special appointment as of today --

10   you can't fix it retroactively.  Once we have total control and

11   are the sole case pending, I have no doubt that it will get

12   resolved.  This is not like the Ryan/Connolly case.  This is a

13   case that is most certainly to resolve.

14          THE COURT:  All right.  I'll set a status in 60 days

15   specifically for these two cases in-person.

16          COURTROOM DEPUTY:  Thursday, April 24th, at 9:00 a.m.

17          THE COURT:  All right.  4/24 at 9:00 back here.  If

18   the Moroccan Supreme Court speaks next week or in three or

19   four weeks, the parties can file a status report updating me

20   and we will take it from there.  Thank you.

21          MR. MARKS:  Thank you, Your Honor.

22          MR. WISNER:  Thank you, Your Honor.

23          MS. INFANTE:  Thank you, Your Honor.

24          THE COURT:  Thank you.

25       (Concluded at 9:30 a.m.)

* * * * *

    I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.


*/s/ ANGIE PHIPPS*                            *March 5, 2025*
ANGIE PHIPPS, RMR, CRR, FCRR
Official Court Reporter

COURTROOM DEPUTY: [2] 3/2 21/16
MR. GILBERT: [1] 3/10
MR. MARKS: [5] 16/24 18/1 20/4 21/7 21/21
MR. WISNER: [25]
MS. INFANTE: [7] 4/12 7/15 10/7 11/20 12/2 15/13 21/23
THE COURT: [57]

/
/s [1] 22/6

1
10 [1] 6/15
1065 [1] 1/22
13th [1] 10/10
1600 [1] 1/17
161 [1] 1/17
18 [1] 1/5
19 [2] 1/3 3/5
19 CV 3677 [1] 3/6
1902 [1] 2/9

2
2022 [2] 7/19 8/19
2024 [1] 6/6
2025 [3] 1/5 8/19

22/6
2170 [1] 1/3
219 [1] 2/9
2300 [1] 1/12
2348 [1] 3/5
24 [1] 21/17
24th [1] 21/16
2525 [1] 1/14
26th [2] 5/24 5/24

3
302 [1] 1/3
312.818.668 3 [1] 2/10
33131 [1] 1/12
33134 [1] 1/15
35 [1] 2/3
3677 [1] 3/6

4
4/24 [1] 21/17
400 [1] 1/20
48 [3] 17/10 18/25 19/3
48 hours [1] 19/20

5
500 [1] 1/14
5177 [1] 1/22
5916 [1] 1/20

6
60 [2] 20/18 21/14
60601 [2] 1/17 2/4

60694 [1] 2/9

7
77056 [1] 1/23
77057 [1] 1/20

9
9:00 [2] 1/5 21/17
9:00 a.m [1] 21/16
9:30 [1] 21/25

A
a.m [3] 1/5 21/16 21/25
Abdalla [2] 14/10 14/12
Abdi [10] 3/5 9/2 9/2 9/3 9/7 14/10 14/12 14/13 16/6 16/16
ability [1] 20/11
about [8] 7/12 7/13 8/1 8/9 11/11 13/7 17/17 17/24
above [1] 22/4
above-entit led [1] 22/4
absolutely [1] 15/24
accept [1] 12/7
according [1] 8/18
action [7] 9/13 11/6 17/9 19/9 19/11 20/5 20/7
actually [1] 4/23

add [1] 4/16
additional [2] 4/9 6/7
addressing [1] 12/19
administrat or [13] 16/20
advise [1] 16/20
afraid [1] 19/16
after [1] 5/24
again [3] 6/12 12/4 20/25
against [1] 18/5
agency [1] 16/2
ago [10] 5/19 5/19 6/15 10/10 13/13 14/2 16/17 16/25 17/14 20/6
ahead [1] 3/21
AIDED [1] 2/23
AIRLINES [1] 1/3
all [19]
allegation [1] 14/23
alleges [2] 15/21 15/23
along [1] 3/16
ALONSO [3] 1/7 3/4 3/8
already [1] 6/9
also [5] 3/9 3/22 7/20 7/23 20/3
always [2] 19/5 19/7
am [3] 3/8

3/16 10/6
American [1] 10/8
ANGIE [3] 2/8 22/6 22/6
another [2] 5/21 11/6
answer [1] 6/15
answered [1] 14/20
any [10] 4/15 4/21 5/13 5/13 9/5 9/7 10/18 14/23 15/14 16/2
anything [4] 4/16 6/10 6/11 12/23
appeal [1] 7/3
Appeals [3] 7/4 7/19 8/16
appear [1] 8/3
APPEARANCES [2] 1/9 2/1
appears [1] 21/1
appointed [12]
appointing [1] 15/5
appointment [6] 16/10 16/12 17/6 19/23 20/5 21/9
April [1] 21/16
are [17]
arguments [1] 14/9
as [26]
ask [2] 6/6 14/3
assert [3] 18/3 20/8 20/11

asserting [1] 18/5
ASSOCIATES [1] 1/19
assume [2] 10/3 18/18
attached [4] 9/1 14/9 15/16 15/17
attempting [1] 7/23
attorneys [4] 3/16 4/20 7/12 19/25
August [2] 8/21 13/17
available [2] 7/9 10/8
Avenue [2] 1/12 1/22
aware [1] 12/14

B
back [5] 13/16 15/9 16/9 20/13 21/17
based [1] 15/21
be [16]
because [6] 6/3 11/12 17/7 19/4 20/9 20/25
been [11] 7/21 7/25 9/7 10/19 12/15 15/16 16/10 17/4 18/17 20/4 20/5
before [20]
behalf [1] 15/19
being [1] 19/3
believe [3] 9/12 15/7 21/1

**B**

beneficiary
  [4]   9/5
  9/17 9/20
  11/4
between [1]
  14/12
blocks [1]
  16/6
Boeing [7]
  2/2 3/5
  3/6 3/10
  3/12 4/15
  4/16
both [1]
  12/19
Boy [1]
  13/21
briefing
  [2]   15/16
  20/25
bring [2]
  9/19 15/18
brings [1]
  19/6
brother [4]
  14/13
  15/11 17/6
  17/9
brother's
  [1]   18/3
brought [1]
  19/11
bunch [1]
  8/9

**C**

came [1]
  8/21
can [10]
  6/11 6/25
  7/6 11/5
  13/6 16/22
  17/2 18/3
  20/3 21/19
can't [2]
  19/12
  21/10
capacity
  [5]   9/11
  15/11
  15/18
  17/24 19/6
care [2]
  15/3 16/20

**case [59]**

cases [7]
  1/5 9/12
  9/22 12/14
  21/5 21/6
  21/15
center [1]
  15/23
certainly
  [1]   21/13
certificate
  [1]   15/25
certify [1]
  22/3
Chafi [9]
  1/11 3/6
  4/20 5/17
  9/8 9/14
  15/15
  17/15 19/8
Chafi's [2]
  7/14
  19/25
change [1]
  19/19
chart [2]
  8/25 9/25
check [1]
  16/9
checked [3]
  10/11
  10/21
  15/14
Chicago [4]
  1/4 1/17
  2/4 2/9
Circuit [4]
  15/7
  16/15
  19/24 20/2
citation
  [1]   7/7
citing [1]
  6/5
civil [2]
  9/3 15/17
claim [11]
  8/17 9/17
  9/20 15/19
  17/22 18/4
  18/5 19/5
  19/7 20/8
  20/11
claims [3]
  7/24 11/2

**11/4**

clarify [3]
  8/8 8/14
  11/3
clarity [3]
  10/24
  11/9 11/10
Clark [1]
  1/17
clear [1]
  21/9
client [9]
  9/21 15/25
  17/15
  17/19
  17/21
  17/21 19/5
  19/12 20/3
client, [1]
  9/9
client, has
  [1]   9/9
close [1]
  21/4
closed [1]
  8/5
come [1]
  20/12
communicati
  ons [1]
  8/6
Company [1]
  3/11
competent
  [1]   14/24
competing
  [1]   17/5
complaint
  [1]   9/4
COMPUTER
  [1]   2/23
COMPUTER-AI
  DED [1]
  2/23
Concluded
  [1]   21/25
confused
  [1]   13/4
confusing
  [1]   5/22
confusion
  [1]   20/19
Connolly
  [1]   21/12
considerati
  on [1]

**9/16**

consistent
  [1]   12/16
contention
  [3]   9/10
  17/8 17/17
continue
  [1]   9/16
Continued
  [1]   2/1
control [1]
  21/10
conversatio
  n [1]
  16/25
Cook [5]
  15/8 15/16
  16/15
  19/24 20/2
Cook County
  [5]   15/8
  15/16
  16/15
  19/24 20/2
Coral [1]
  1/15
correct
  [10]   4/23
  4/25 5/3
  5/4 5/5
  5/16 6/1
  6/16 18/21
  22/3
correctly
  [1]   19/22
could [5]
  9/20 17/14
  18/6 19/8
  19/8
couldn't
  [1]   17/6
counsel
  [12]
counselor
  [1]   12/6
country [1]
  13/23
County [5]
  15/8 15/16
  16/15
  19/24 20/2
couple [2]
  7/16 14/1
course [3]
  9/16 10/2

**10/31**

court [64]
Court's [2]
  9/14 14/3
court-appoi
  nted [4]
  14/14
  14/25
  15/14
  15/15
courthouse
  [2]   3/8
  3/9
courts [2]
  11/11
  15/16
cover [2]
  9/4 15/17
CRASH [1]
  1/3
CRR [2]
  2/8 22/6
crystal [1]
  21/9
current [1]
  7/8
CV [3]   1/3
  3/5 3/6

**D**

date [1]
  20/22
days [4]
  10/10
  20/18
  20/22
  21/14
de [1]
  1/14
Dearborn
  [1]   2/9
death [1]
  19/7
deceased
  [1]   14/14
decedent
  [2]   14/17
  15/11
decedent's
  [1]   19/7
December
  [3]   5/24
  5/24 6/6
decide [1]
  20/2

**decided [2]**
  8/19
  19/13
decision
  [6]   8/13
  13/23 14/2
  14/5 17/23
  20/14
Defendant
  [2]   2/2
  3/10
define [1]
  14/10
did [6]
  4/25 5/3
  5/11 5/14
  5/17 8/2
didn't [2]
  8/3 15/3
direct [2]
  18/23
  20/21
disagree
  [3]   7/12
  18/1 18/2
disclosure
  [1]   16/23
dismiss [9]
  9/1 9/11
  9/11 9/15
  12/19 14/8
  18/24
  18/25
  19/14
dismissal
  [3]   18/3
  19/18
  20/12
dismissed
  [3]   17/11
  19/3 20/13
dispute [5]
  4/16 7/13
  7/13 14/6
  14/20
DISTRICT
  [5]   1/1
  1/1 1/8
  3/2 3/3
DIVISION
  [1]   1/2
divorce [4]
  15/20
  15/23
  15/24 16/1

**D**

divorced
[1]   14/17
do [8]
  6/12 6/25
  7/1 10/14
  16/21 17/2
  17/3 18/15
docket [1]
  15/14
dockets [2]
  10/11
  11/12
document
[1]   1/5
documents
[17]
does [6]
  6/18 9/4
  14/10
  14/23 21/3
  21/5
doesn't [3]
  6/15 9/25
  18/4
doing [1]
  17/16
don't [15]
don't know
[1]   16/15
done [4]
  6/8 6/12
  16/13
  19/22
doubt [1]
  21/11
down [1]
  9/24
Drive [1]
  2/3
duly [1]
  17/10
duplicative
[1]   9/22

**E**

earlier [1]
  10/23
easily [1]
  17/2
EASTERN [1]
  1/2
email [1]
  10/13
end [2]

**8/20 10/24**

enter [1]
  16/22
entitled
[1]   22/4
error [1]
  17/18
especially
[1]   12/10
essentially
[2]   7/23
  9/24
estate [4]
  13/3 13/11
  14/15
  15/19
estimation
[1]   13/19
ET [1]   1/3
ETHIOPIAN
[1]   1/3
even [1]
  19/17
event [1]
  9/7
ever [1]
  16/1
every [1]
  8/3
everything
[1]   7/9
evidence
[7]   7/25
  10/11
  10/18
  11/12
  11/13
  15/13 17/5
evidencing
[4]   4/21
  5/13 10/22
  12/4
Excuse [1]
  15/1
existing
[1]   17/5
exists [2]
  10/13
  10/17
expect [1]
  9/16
expected
[1]   8/22

**F**

F-L-O-Y-D
[1]   4/7
fact [1]
  12/13
facts [1]
  7/13
fall [2]
  21/3 21/5
false [3]
  11/21
  11/23 12/1
FCRR [2]
  2/8 22/6
February
[2]   1/5
  10/10
February
13th [1]
  10/10
few [1]
  17/14
figure [1]
  15/22
file [6]
  8/2 16/9
  16/10
  19/22
  20/21
  21/19
filed [3]
  7/25 16/16
  20/9
filing [1]
  10/19
final [1]
  14/5
finality
[2]   10/25
  11/4
finally [1]
  19/13
fine [2]
  18/7 20/8
firm [2]
  1/16 16/13
first [9]
  4/1 4/4
  8/13 10/15
  11/2 11/23
  11/24 12/6
  12/7
five [2]
  10/10 11/6
fix [1]

**4/7**

FLIGHT [1]
  1/3
Florida [2]
  1/12 1/15
FLOYD [5]
  1/16 3/17
  3/22 4/7
  4/24
folded [2]
  18/4 19/11
folding [1]
  17/20
forego [1]
  19/10
foregoing
[1]   22/3
foreign [1]
  13/22
forget [1]
  13/7
forward [3]
  8/25 9/25
  18/13
found [1]
  10/11
four [2]
  11/6 21/19
four weeks
[1]   21/19
fourth [1]
  8/10
Frankly [1]
  7/3
front [3]
  8/17 16/19
  20/1

**G**

Gables [1]
  1/15
generally
[1]   10/14
gently [1]
  13/24
get [8]
  7/6 7/9
  7/23 16/11
  17/2 18/4
  20/14
  21/11
getting [1]
  21/4
GILBERT [3]
  2/3 3/10

**4/17**

give [5]
  6/8 6/11
  16/12
  19/24
  19/25
giving [2]
  6/7 6/14
go [4]
  3/21 15/9
  16/9 17/2
going [20]
gone [1]
  5/1
Good [5]
  3/7 3/13
  3/15 3/20
  7/15
got [2]
  4/19 14/8
governmenta
l [1]   16/2

**H**

had [3]
  3/1 6/4
  16/24
hang [1]
  14/4
happy [2]
  6/8 6/12
hard [1]
  13/21
has [16]
Hassan [1]
  3/5
have [48]
haven't [3]
  10/21
  16/13
  19/22
having [1]
  18/17
he [17]
he's [6]
  8/12 12/5
  12/6 14/14
  15/11 17/1
hearing [5]
  1/7 11/14
  11/19
  20/18
  20/23
hearings
[1]   8/4

**heir [6]**
  9/5 14/15
  17/15
  17/17
  17/22
  17/23
heirs [1]
  7/22
help [2]
  8/14 11/3
here [5]
  3/8 9/13
  9/25 15/24
  21/17
hide [1]
  6/10
hiding [3]
  12/23 13/1
  13/1
highest [1]
  14/5
him [2]
  12/10 17/2
himself [1]
  4/2
his [3]
  4/2 12/13
  14/10
Hold [1]
  3/25
honestly
[1]   6/3
Honor [29]
HONORABLE
[2]   1/7
  3/4
hope [1]
  14/20
hopefully
[2]   7/7
  8/8
hours [4]
  17/10
  18/25 19/3
  19/20
Houston [2]
  1/20 1/23
HUSAIN [3]
  1/19 1/19
  3/17

**I**

I'll [3]
  12/7 15/21
  21/14

**I**

I'm [30]
I'm going
[1]   19/21
I've [7]
4/19 6/8
6/12 7/12
7/13 14/7
14/20
identity
[1]   16/11
ignore [1]
19/12
ILLINOIS
[7]   1/1
1/4 1/17
2/4 2/9
3/3 15/18
immediately
[2]   7/10
19/22
important
[1]   13/12
include [1]
17/14
including
[1]   18/18
indulgence
[1]   14/3
INFANTE
[13]
information
[1]   8/1
initial [2]
11/25
15/17
instituted
[1]   11/6
intent [1]
6/10
interest
[2]   12/18
13/1
intervene
[1]   9/2
introduced
[1]   4/2
is [80]
Islamic [1]
15/22
issue [5]
6/14 10/23
11/11
17/24 21/8
issued [1]

**16/1**

issues [1]
4/22
it [31]
it's [11]
4/7 6/10
7/3 7/5
7/19 9/11
10/20
13/21 19/6
20/4 20/23

**J**

joint [5]
4/19 4/19
12/17
18/19
20/21
JORGE [2]
1/7 3/4
Judge [10]
3/8 6/25
7/3 13/18
13/21 15/2
15/8 19/1
19/5 20/10
Judge
Alonso [1]
3/8
judgment
[1]   8/22
jurisdictio
n [1]
14/24
just [15]

**K**

K-H-A-W-A-J
-A [1]   4/5
keep [1]
7/8
KHAWAJA [8]
1/21 1/22
3/13 3/15
3/16 4/4
4/10 4/18
kind [1]
16/2
know [21]
KRISTINA
[2]   1/11
4/12

**L**

Labyad [6]
1/16 3/18

**7/22 9/4**

9/16 14/15
lack [1]
9/11
lady [1]
14/18
Lane [1]
1/20
last [5]
4/4 5/24
5/25 10/21
18/19
latest [1]
8/16
law [4]
1/16 1/19
1/21 15/18
lawfully
[1]   15/25
lawsuit [1]
7/18
Lead [1]
1/3
least [2]
10/24
20/22
legal [1]
16/1
Leon [1]
1/14
let [2]
13/15 20/2
Let's [1]
3/23
letter [1]
15/22
level [3]
7/4 7/18
8/3
like [10]
6/11 7/7
7/10 8/8
10/4 10/23
10/24 11/8
20/17
21/12
likely [1]
12/4
limitations
[1]   19/17
line [1]
9/25
list [1]
9/4
little [1]

**14/1**

LLP [1]
2/2
local [3]
7/6 12/10
13/24
log [1]
7/8
long [2]
17/16
17/21
longer [1]
14/4
look [2]
15/9 16/19
lose [2]
13/13
13/15
lost [5]
7/4 7/4
7/18 7/18
8/3

**M**

made [2]
5/21 17/18
make [5]
14/4 14/23
15/2 15/3
17/1
many [3]
7/12 7/12
7/12
March [1]
22/6
MARKS [8]
1/14 4/13
7/11 15/12
16/21
16/24
18/23 21/3
marriage
[3]   7/24
11/10
15/25
married [2]
14/18
15/25
matter [5]
11/24
12/20 13/3
19/6 22/4
matters [4]
8/14 9/15
9/23 11/3

**may [1]**

20/17
me [16]
meantime
[1]   8/2
mention [2]
15/20
16/4
mentioned
[1]   17/13
merits [1]
20/13
Miami [1]
1/12
Minnesota
[1]   15/23
mistake [1]
15/3
moment [1]
11/1
moments [1]
17/14
month [1]
8/23
months [6]
5/19 5/19
6/5 11/6
13/13 14/1
more [2]
8/24 16/25
morning [5]
3/7 3/13
3/15 3/20
7/15
Moroccan
[23]
Morocco
[10]   4/21
4/24 7/6
8/4 8/16
10/4 12/11
13/14 14/5
17/9
most [1]
21/13
motion [11]
1/7 8/21
9/1 9/1
9/10 9/11
9/15 12/19
14/8 14/9
16/10
move [2]
11/5 18/13
moving [1]

**19/14**

MR [63]
Mr. [4]
8/19 14/10
16/16 20/6
Mr. Abdi
[2]   14/10
16/16
Mr. Wisner
[2]   8/19
20/6
MS [18]
Ms. [2]
7/22 19/25
Ms. Chafi's
[1]   19/25
Ms. Labyad
[1]   7/22
much [1]
8/23
multiple
[1]   8/4
my [20]

**N**

name [7]
4/2 4/2
4/4 4/5
6/5 7/7
17/15
named [1]
17/19
NATHAN [2]
2/3 3/10
necessarily
[1]   18/1
need [5]
8/9 14/4
17/3 18/13
20/23
negotiation
[2]   18/17
18/18
negotiation
s [1]
18/19
never [3]
7/13 9/7
16/9
next [3]
18/25
20/22
21/18
Nisrine [1]
1/11

**N**

no [22]
NOMAAN [2]
    1/19 3/17
North [1]
    1/17
NORTHERN
    [2]   1/1
    3/3
not [37]
notice [2]
    16/12 20/1
notificatio
n [1]   7/22
now [18]
nudge [1]
    13/24
number [4]
    6/5 7/7
    15/19
    17/15
nunc [2]
    16/11
    19/23

**O**

obvious [1]
    20/23
obviously
    [3]   6/13
    8/23 21/6
occurred
    [1]   17/6
OFFICES [1]
    1/21
Official
    [2]   2/8
    22/7
okay [12]
OMAR [3]
    1/21 1/22
    3/15
once [2]
    21/8 21/10
one [13]
online [1]
    15/22
only [5]
    7/17 9/13
    13/5 13/9
    15/18
open [1]
    3/1
opinion [3]
    14/6 21/7

order [2]
    16/22 17/5
ORSECK [2]
    1/11 1/13
other [10]
    4/6 8/10
    10/16
    10/20 11/7
    11/9 13/9
    13/9 13/25
    19/25
others [1]
    13/7
otherwise
    [1]   16/2
our [23]
out [4]
    10/16
    17/17
    20/24
    20/25
outcome [1]
    18/2
over [5]
    5/2 13/4
    13/14
    13/16 20/6
overcompli
cating [1]
    9/23

**P**

PA [2]
    1/11 1/13
parallel
    [9]   7/21
    8/5 8/10
    10/12
    10/17
    11/24
    12/14
    12/22
    12/25
part [2]
    8/24 14/22
particularl
y [1]
    13/22
parties [4]
    18/17
    20/21
    20/23
    21/19
party [1]

passed [1]
    8/24
pending
    [33]
people [1]
    13/25
person [7]
    2/3 4/15
    10/21
    15/18
    20/19
    20/20
    21/15
personal
    [2]   9/3
    14/24
petition
    [1]   19/23
PHIPPS [3]
    2/8 22/6
    22/6
plaintiff
    [1]   4/6
plaintiffs
    [2]   3/16
    19/8
please [3]
    3/25 4/1
    4/3
PLLC [1]
    1/21
PODHURST
    [5]   1/11
    1/13 4/11
    4/12 16/13
Podhurst's
    [1]   14/18
point [5]
    10/24 13/3
    15/10 18/9
    20/24
Ponce [1]
    1/14
position
    [3]   7/14
    14/17
    14/19
prejudice
    [2]   19/15
    19/17
present [5]
    3/9 3/12
    3/22 4/15
    12/5

presiding
    [1]   3/4
press [1]
    13/21
previously
    [1]   9/10
priority
    [1]   17/7
pro [2]
    16/11
    19/23
problem [4]
    9/18
    17/16 19/1
    19/2
problems
    [1]   19/17
proceed [3]
    9/19
    18/23
    20/15
proceeding
    [17]
proceedings
    [9]   1/7
    2/22 3/1
    8/10 10/4
    10/7 10/17
    11/9 22/4
produced
    [2]   2/23
    6/4
proper [3]
    16/12
    17/17 20/5
properly
    [1]   17/19
protected
    [1]   20/9
provide [8]
    5/12 5/14
    5/17 6/23
    7/2 18/23
    18/24
    19/20
provided
    [3]   5/20
    5/23 17/10
public [2]
    10/3 10/7
purported
    [2]   9/3
    10/12
put [1]
    15/21

question
    [4]   5/12
    6/15 11/4
    14/21
quote [1]
    13/15
quotes [1]
    15/21

**R**

Rabia [2]
    1/16 3/17
raise [1]
    9/18
RE [1]   1/3
Really [1]
    20/10
reason [3]
    16/9 19/4
    21/1
recent [2]
    8/6 18/18
recently
    [1]   10/9
recognition
    [2]   7/24
    11/10
record [4]
    8/9 15/24
    16/4 22/4
recorded
    [1]   16/2
regarding
    [1]   16/23
reinstituti
ng [1]   8/7
reject [1]
    8/16
relates [2]
    1/5 16/23
relationshi
p [2]
    14/10
    14/12
reliant [2]
    10/4 12/9
relief [1]
    7/23
religious
    [1]   15/22
relying [2]
    13/3 13/5
remain [1]
    20/7

remains [1]
    21/6
report [7]
    4/19 4/20
    12/17
    18/20
    20/22
    20/24
    21/19
reported
    [2]   2/22
    18/19
Reporter
    [3]   2/8
    2/8 22/7
reporting
    [3]   12/10
    12/16
    12/20
representat
ion [1]
    12/7
representat
ions [1]
    16/3
representat
ive [4]
    9/3 14/24
    16/7 16/16
represented
    [2]   11/22
    12/5
representin
g [3]   3/17
    6/21 6/22
represents
    [2]   14/15
    15/10
request [3]
    5/21 6/23
    6/24
requested
    [2]   4/20
    5/12
resolution
    [2]   8/23
    11/1
resolve [1]
    21/13
resolved
    [2]   18/6
    21/12
respect [3]
    10/16
    10/23 16/4

**R**

responded
[3]    4/22
5/14 5/14
result [2]
10/1 18/7
retroactive
ly [1]
21/10
Richmond
[1]    1/22
right [26]
RMR [2]
2/8 22/6
Room [1]
2/9
Ryan [1]
21/12
Ryan/Connol
ly [1]
21/12

**S**

said [4]
8/22 10/23
17/1 17/14
same [3]
6/7 6/8
7/23
say [5]
4/25 5/3
10/3 11/6
20/13
saying [4]
8/11 10/25
19/5 19/10
says [3]
7/20 10/17
14/22
schedule
[1]    20/25
SE [1]
1/12
second [12]
secretive
[1]    12/13
section [1]
14/9
see [1]
6/6
seeking [1]
11/10
seem [1]
8/20

seemed [1]
8/6
seen [3]
7/11 7/12
7/13
sentence
[1]    14/22
separate
[2]    19/9
19/10
session [1]
3/3
set [6]
4/14 20/16
20/18
20/19
20/25
21/14
setting [1]
21/4
shared [1]
16/7
she [12]
she's [4]
8/7 9/5
15/18 19/6
sheet [2]
9/4 15/17
should [7]
9/13 9/13
16/18
17/10
17/11
18/22
20/24
shouldn't
[1]    10/3
show [1]
11/5
side [1]
19/25
sides [1]
12/19
sight [1]
8/20
simplify
[1]    9/15
Simultaneou
s [2]    3/24
4/8
since [3]
8/24 14/7
16/3
sir [1]
7/2

six [6]
9/24 13/13
16/14
16/17 17/4
20/4
so [31]
sole [1]
21/11
solve [1]
17/24
some [10]
7/24 10/16
10/20
10/24 11/8
12/13
12/14
15/23 16/3
16/9
something
[8]    5/12
6/4 6/14
6/15 6/17
9/18 10/5
17/14
sorry [1]
4/9
sort [1]
9/17
sounds [2]
10/4 20/17
sources [1]
11/13
speakers
[2]    3/24
4/8
speaks [1]
21/18
special
[14]
specificall
y [1]
21/15
Spell [1]
4/2
spelled [2]
4/4 4/5
staff's [1]
12/18
stall [2]
6/11 10/1
stand [1]
13/18
standing
[1]    21/8
state [1]

12/22
STATES [3]
1/1 1/8
3/2
status [13]
statute [2]
19/16
20/8
STENOTYPE
[1]    2/22
steps [1]
14/6
STEVEN [3]
1/14 4/13
16/24
still [10]
11/2 11/18
11/25
12/15
12/20 13/6
17/17
17/22
17/22 21/2
STRAWN [1]
2/2
Street [2]
1/17 2/9
strong [2]
21/7 21/8
strongly
[1]    9/12
sue [1]
9/12
suggest [2]
8/6 16/22
suggesting
[3]    8/12
18/9 18/12
suggests
[1]    18/23
Suite [5]
1/12 1/14
1/17 1/20
1/22
summary [1]
8/22
support [2]
9/12 17/8
supreme
[23]
sure [2]
15/2 18/15
surprised
[1]    6/6

system [5]
7/8 10/8
10/11
11/13 16/1

**T**

take [3]
15/3 16/20
21/20
taking [2]
12/2 12/12
talking [1]
17/24
Telephonic
[5]    1/11
1/14 1/16
1/19 1/22
tell [1]
10/5
telling [2]
5/8 5/11
term [1]
19/11
terms [1]
16/22
Texas [2]
1/20 1/23
than [1]
16/25
Thank [5]
21/20
21/21
21/22
21/23
21/24
that [130]
that's [25]
their [4]
17/21
19/12 20/1
20/12
theirs [1]
17/20
them [11]
6/4 6/4
6/6 6/7
6/8 6/11
7/6 7/9
11/11 20/2
20/12
then [4]
8/24 12/3
17/11
20/23

there [22]
there's
[13]
therefore
[1]    20/1
these [5]
4/21 10/3
10/16 13/7
21/15
they [13]
they're [1]
5/22
they've [1]
5/21
thing [3]
6/7 6/8
8/15
things [3]
7/12 7/16
8/8
think [7]
5/22 9/14
10/14 11/8
12/3 14/1
21/8
third [3]
1/12 8/10
10/17
this [39]
those [3]
6/4 18/24
18/24
thought [3]
4/14 6/3
13/23
three [4]
11/5 16/6
20/22
21/18
through [4]
7/6 13/24
13/25 17/2
Thursday
[1]    21/16
time [3]
8/24 12/18
12/19
timely [1]
20/9
timetable
[1]    13/20
today [2]
8/9 21/9
together
[1]    14/8

**T**

told [10]
  7/17 7/20
  10/13 13/8
  13/10
  13/13
  13/16 14/1
  14/25 20/6
took [1]
  7/5
total [1]
  21/10
transcript
  [3]   1/7
  2/23 22/3
TRANSCRIPTI
ON [1]
  2/23
trial [2]
  7/4 7/18
true [6]
  11/19
  11/23 12/1
  12/4 15/10
  17/21
try [1]
  6/10
trying [2]
  8/25 13/24
tunc [2]
  16/11
  19/23
two [3]
  8/23 9/22
  21/15

**U**

under [2]
  15/17
  17/15
understand
  [3]   12/9
  18/11
  18/16
understand
  that [1]
  18/11
understandi
ng [3]
  14/11 15/1
  15/2
UNITED [3]
  1/1 1/8
  3/2
unlimited
  [1]   10/1

unreasonabl
e [2]   6/20
  6/24
up [3]   7/5
  8/17 11/5
updating
  [1]   21/19
us [7]   4/2
  7/17 7/20
  8/14 14/4
  14/8 17/10
used [1]
  19/11
USING [1]
  2/23

**V**

very [1]
  21/4
via [1]
  10/13
view [1]
  17/21
vis [2]
  9/21 9/21
vs [2]   3/5
  3/6

**W**

Wacker [1]
  2/3
wait [1]
  8/12
waiting [1]
  12/15
want [8]
  4/16 9/25
  11/11 18/4
  20/10
  20/11
  20/12
  20/14
wanted [1]
  16/4
wants [1]
  20/8
was [22]
wasting [1]
  12/18
way [4]
  8/25 9/2
  9/25 18/23
we [52]
we want [1]
  9/25

we's [2]
  8/8 10/24
we'll [2]
  11/4 20/2
we're [5]
  8/19 9/24
  13/4 17/24
  18/17
We've [2]
  5/1 15/14
week [3]
  7/10 10/21
  21/18
weeks [1]
  21/19
well [9]
  4/13 9/10
  10/2 10/7
  10/18
  11/20 17/1
  19/4 19/21
went [2]
  10/10
  10/21
were [2]
  4/14 18/19
West [1]
  2/3
what [17]
what's [2]
  14/11
  19/19
whatever
  [4]   7/9
  17/8 18/3
  20/11
when [4]
  8/21 10/25
  11/3 12/19
where [7]
  7/8 7/21
  11/8 11/9
  16/25 21/3
  21/5
where we
  [1]   11/8
whether [5]
  6/14 6/17
  7/13 10/5
  20/3
which [11]
  7/23 8/16
  12/16 13/6
  14/8 14/15
  15/5 15/20

16/11 18/6
  21/8
which
  identity
  [1]   16/11
who [2]
  15/23 17/7
who's [1]
  17/17
whole [1]
  7/21
why [7]
  6/2 10/5
  12/9 17/1
  17/2 18/22
  19/4
widow [1]
  17/22
wife [4]
  14/16
  14/18
  15/10 17/7
will [7]
  7/9 15/2
  15/20 20/1
  20/25
  21/11
  21/20
willing [1]
  19/10
Winsome [1]
  1/20
WINSTON [1]
  2/2
WISNER [47]

Wisner's
  [1]   12/2
within [1]
  17/10
without [4]
  19/15
  19/17
  19/17 20/5
woman [1]
  11/10
word [3]
  12/2 12/13
  15/20
worry [1]
  8/9
would [19]
wouldn't
  [1]   9/22
write [3]

4/20 4/22
  14/9
written [1]
  15/22
wrong [2]
  10/6 19/21

**Y**

Yeah [2]
  13/2 15/1
year [5]
  5/24 5/25
  16/14
  16/25 20/6
years [6]
  6/15 9/24
  16/17 17/4
  18/18 20/4
yes [6]
  3/14 5/19
  7/15 12/24
  15/2 20/15
you [63]
you're [7]
  5/6 5/8
  5/11 6/19
  12/10
  12/14
  12/23
You've [1]
  20/13
your [35]
Your Honor
  [14]

May 20, 2019

Robert Gatehouse
Chief- American Citizen Services
US Embassy
Addis Ababa, Ethiopia

Re: MUCAAD ABDALLA- DS-2060

Dear Mr. Gatehouse-

My name is Abdulle Sulleiman and I am the father of Mucaad Abdalla. Abdalla's mother, Anab Jama Yusuf and I have hired Mr. Omar Khawaja's legal team to represent us for damages arising for the death of our son Mucaad Abdalla.

We have been informed that you sent our son's death certificate to his ex wife. A person who we have never met and someone who has never travelled to the United States. Our son divorced Ms. Chafi and cancelled his sponsorship of her.

At this time, we request that you provide a copy of his death certificate (DS-2060) to Mr. Omar Khawaja.

Thank you.

_Abdulle Sulleiman_                     _Anab 4454_

Abdulle Sulleiman                         Anab Jama Yusuf

EXHIBIT "B"