IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH**<br><br>This Document Relates To:<br>YALENA LOPEZ-LEWIS, as Administrator of the Estate of ANTOINE M. LEWIS Sr., deceased,<br><br>Case No.: 1:19-cv-4964 | Civil No. 1:19-cv-02170<br><br>District Judge: Hon. Jorge L. Alonso<br><br>Magistrate Judge: Hon. M. David Weisman |

**PLAINTIFF LEWIS' MOTION TO STRIKE BOEING'S
MOTION FOR SUMMARY JUDGEMENT ON ECONOMIC DAMAGES IN *LEWIS***

Plaintiff, by and through undersigned counsel, respectfully moves this Court for an order striking Boeing's Motion for Summary Judgment on Economic Damages in *Lewis* pursuant to Federal Rule of Civil Procedure 12(f) and 56(b). In support of this motion, Plaintiff states as follows:

1. On April 3, 2025, just days before trial and without leave of Court, Boeing filed a motion for summary judgment on economic damages in the *Lewis* matter. Boeing's filing violated Federal Rule of Civil Procedure 56(b), which requires that dispositive motions be filed no later than 30 days after the close of discovery. Further, this last-minute filing is highly prejudicial to Plaintiff, who has prepared for trial in reliance on the closure of dispositive motion practice and should not be forced to respond to a complex summary judgment motion on the eve of trial. Boeing's untimely filing appears to be an obvious attempt to avoid the April 7, 2025 trial, as a timely motion could have been filed contingent on a potential ruling excluding Plaintiff's economist experts.

1

2. Plaintiff brings this motion to strike, rather than a response to Defendant's motion for summary judgment, due to the limited time remaining before trial, which makes full briefing impractical and prejudicial.

3. Trial is this matter is scheduled to begin on April 7, 2025, only four days from the filing of Defendant's motion for summary judgment.

4. The *Lewis* matter has been designated for trial in the April trial group since prior to December 4, 2024. (*ECF 2369*).

5. Further, discovery closed on February 14, 2025, with the deadline to complete fact witness and expert witness depositions. Therefore, any dispositive motions should have been filed by March 16, 2025. *Ex. A, PTO Exchange Schedule*.

6. Despite the imminence of trial, Boeing filed a motion for summary judgment on economic damages on April 3, 2025, just four days before trial, and in violation of Federal Rule of Civil Procedure 56(b).

7. Federal Rule of Civil Procedure 56(b) provides: "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time *until 30 days after the close of all discovery*. Fed. R. Civ. P. 56(b).

8. No local rule in this district modifies the 30-day deadline, nor did Boeing request leave from this Court to file an untimely motion for summary judgment.

9. This Court has consistently struck or denied untimely motions for summary judgment without leave of court, enforcing Rule 56(b) and court deadlines strictly to ensure fairness and efficiency. *See Brown v. Kelly Servs., Inc.*, No. 16 C 11152, 2018 WL 351688, at *1 (N.D. Ill. Jan. 10, 2018); *see also Wilson v. Sundstrand Corp.*, No. 99 C 6944, 2003 WL 259139, at *4 (N.D. Ill. Feb. 3, 2003) (striking the defendant's summary judgment motions as untimely

2

because they were filed six weeks after the dispositive motion deadline, without leave of court, and only eight weeks before trial was scheduled to begin).

10. In *Brown*, No. 16 C 11152, 2018 WL 351688, at *2-3, this Court struck the defendant's motion for summary judgment as untimely because it was filed 18 days after the court-imposed deadline without prior leave or justification. The court emphasized that the defendant failed to show sufficient justification for missing the deadline and did not request an extension before it expired. *Id.* at *2. As a result, the motion was denied in its entirety and stricken from the record. *Id.* at *3.

11. This Court also routinely strikes motions for summary judgment that are filed after the dispositive deadline. *See In Matter of Complaint of Ingram Barge Co.*, 194 F. Supp. 3d 766, 804 (N.D. Ill. 2016) (denying the defendant's request for leave to re-file its motion for summary judgment because the deadline for filing dispositive motions had passed and trial was scheduled to begin in approximately two months); *see also Borrelli v. UnumProvident Corp.*, No. 01 C 6938, 2002 WL 31319476, at *5 (N.D. Ill. Oct. 11, 2002) (striking the plaintiff's motion for summary judgment as untimely because it was filed three weeks after the court-imposed deadline).

12. Although no specific dispositive motion deadline was set in this case, discovery closed on February 14, 2025. Accordingly, Boeing had until March 16, 2025 to file any dispositive motions under Rule 56(b), regardless of whether such motions were subject to pending *Daubert* rulings.

13. Boeing did not seek leave of court before filing its untimely motion, nor does it offer any justification for its delay. Regardless of the pending *Daubert* motions, Boeing could have filed its dispositive motion on economic damages in a timely manner under Rule 56(b),

contingent on a potential ruling excluding Plaintiff's experts. Instead, it chose to file the motion on the eve of trial.

14. Boeing's filing on the eve of trial severely prejudices Plaintiff in multiple ways. First, Plaintiff has spent significant time and resources preparing for trial based on the assumption that dispositive motion practice was closed. Addressing Boeing's untimely motion would require Plaintiff to shift focus away from trial preparation to an emergency response brief, unfairly disrupting trial strategy. With trial just days away, Plaintiff has no meaningful opportunity to fully research, brief, and argue a summary judgment motion that challenges a key aspect of damages. The time constraints alone render a fair response impossible.

15. Further, Boeing's delay in filing this motion appears to be a tactical maneuver intended to ambush Plaintiff at the last minute, rather than a good-faith effort to timely resolve legal issues. This eleventh-hour filing suggests a last-ditch attempt to avoid the April 7, 2025 trial, and such litigation tactics should be strongly disfavored.

16. If this motion were considered at this late stage, Boeing would gain an unfair procedural advantage by forcing Plaintiff to scramble for a response while Boeing has had ample time to prepare its arguments.

17. Accordingly, Boeing's motion for summary judgment should be stricken as untimely, highly prejudicial, and in violation of Rule 56(b). Allowing this motion to proceed would undermine Rule 56(b), disrupt trial proceedings, and impose an unfair burden on Plaintiff. In the event that this Court is not inclined to strike Boeing's motion for summary judgment, Plaintiff requests additional time to respond under Local Rule 56.1.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order striking Boeing's Motion for Summary Judgment on Economic Damages in *Lewis*, or alternatively, permit Plaintiff additional time to respond to Boeing's motion under Local Rule 56.1.

Dated: April 4, 2025

/s/ *Antonio M. Romanucci*

| | |
|---|---|
| Andrew Kryder<br>**THE KRYDER LAW GROUP**<br>134 N. LaSalle Street, Suite 1515<br>Chicago, IL 60602<br>Tel: (312) 223-1700<br>Fax: (312) 377-1771<br>kryderlaw@gmail.com<br><br>Steven A. Hart<br>John S. Marrese<br>**HART MCLAUGHLIN & ELDRIDGE**<br>1 S. Dearborn St., Unit 1400<br>Tel: (312) 955-0545<br>shart@hmelegal.com<br>jmarrese@hmelegal.com<br><br>***Attorneys for Plaintiff*** | Antonio M. Romanucci<br>Patrick J. Driscoll<br>Michelle R. DiSilvestro<br>**ROMANUCCI & BLANDIN, LLC**<br>321 N. Clark St., Suite 900<br>Chicago, IL 60654<br>Tel: (312) 458-1000<br>Fax: (312) 438-1004<br>aromanucci@rblaw.net<br>pdriscoll@rblaw.net<br>mdisilvestro@rblaw.net |