# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) <br><br> Honorable Jorge L. Alonso <br><br> Magistrate Judge Weisman |

# BOEING'S STATUS REPORT AND
# MOTION TO CONTINUE THE NOVEMBER 2025 TRIAL DATE

During the April 7, 2025 status conference, lead trial counsel for Boeing requested that he be allowed to provide a status report to the Court on the feasibility of a November 3, 2025 trial in this matter in light of developments that were expected in *Fitzgerald v. Northwestern University*, No. 23-L-010135 (Cir. Ct. Cook Cty. Ill.) (the "Fitzgerald Matter"), in which he also serves as lead trial counsel and which has been set for trial on November 3, 2025. Ex. 1, ET 302 Apr. 7, 2025 H'rg Tr. at 14:16–19. As that status update, on Monday, April 7, 2025, virtually simultaneously with the hearing in front of this Court, the court in the Fitzgerald Matter held a hearing and rejected Northwestern's motion to continue the trial date from November 3, 2025. Ex. 2, Northwestern Apr. 7, 2025 H'rg Tr. at 4:22–5:6. As a result, Boeing requests a modest continuance of the November 3, 2025 trial date in this matter.

**ARGUMENT**

The November 3, 2025 trial date in the Fitzgerald Matter was set on June 14, 2024. *See* Ex. 3, June 14, 2024, Fitzgerald Case Management Order; Ex. 4, July 1, 2024, Fitzgerald Order. When this Court first raised the prospect of a November trial at the December 4, 2024 status conference, lead trial counsel for Boeing immediately informed the Court that he "h[ad] another major trial set for November 3rd" that had "been set for some time," and alerted the Court that he may "have to come back in later and explain why that other case didn't resolve itself." Ex. 5, Dec. 4, 2024 Hr'g Tr. at 8:2–4; 10:4–14. This Court stated that it would "reserve[] two weeks in November" and the parties could "talk about what happens in November" later. *Id.* at 10:15–19.

At the January 15, 2025 status conference, lead trial counsel for Boeing again advised the Court that the Fitzgerald Matter had not settled and was scheduled to begin on November 3, 2025. Ex. 6, Jan. 15, 2025 Hr'g Tr. at 9:10–10:4. The Court did not set any particular case for trial in November, and again requested that it be kept "updated on [the] status" of the Fitzgerald Matter. *Id.* at 11:23–25.

1

Meanwhile in the Fitzgerald Matter, on January 16, 2025, a consolidated group of player plaintiffs moved to continue the trial date for an additional six months, to May 4, 2026. *See* Ex. 7, Feb. 5, 2025, Fitzgerald Hr'g Tr. at 6:7–14. In denying that motion, the court was firm:

> I'm not doing six months after [November 3, 2025]. There's no way. We are keeping [November 3, 2025], and you can just come back and periodically report on how far you're going, and … if I see that there's really some impossible scenarios, then we can address it. But I am not sitting here in February and deciding that I'm going to go from November, which is – March, April, May, June, July, August, September, October, November – nine months, and give you an additional six on top of that. It would be in May of 2026, and I am not doing it.

*Id.* at 7:13–23.

Then, on April 4, 2025, Northwestern filed a motion seeking a different continuation of the trial date—from November 3, 2025 to March 25, 2026. Ex. 2, Northwestern Apr. 7, 2025 H'rg Tr. at 4:22–5:6. In denying that motion on April 7, 2025, the court was similarly firm: "I'm not going to continue the trial months and months and months. I'm not. Okay?" *Id.* at 14:12–18. The court in the Fitzgerald Matter has therefore not shown any willingness to continue the November 3, 2025 trial date. Furthermore, efforts to settle Mr. Fitzgerald's claims against Northwestern have proven unsuccessful.

During the January 15, 2025 hearing, this Court inquired about the possibility of a trial in December, and counsel for Plaintiffs stated they would be amenable to a trial in December. Ex. 6, Jan 15, 2025 Hr'g Tr. at 11:23–12:9. When the possibility of a December trial was first raised, counsel for Boeing expected that the trial in the Fitzgerald Matter would last five weeks, making a December trial in the ET 302 cases not feasible. However, the consolidated player plaintiffs in the Fitzgerald Matter recently reached a global settlement that will resolve all player plaintiff claims. *Id.* at 8:9–11. As a result of the player plaintiff settlements, lead trial counsel for Boeing expects that the trial that is scheduled to begin on November 3, 2025 in the Fitzgerald

2

Matter will be significantly streamlined. The Court in the Fitzgerald Matter recognized the same. Ex. 2, Northwestern Apr. 7, 2025 H'rg Tr. at 12:13–20.

For that reason, lead trial counsel for Boeing is now available for a two-week trial in this matter beginning on December 8, 2025.

This Court may reset the November trial date at its discretion under its "inherent authority to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Freed v. Friedman*, 215 F. Supp. 3d 642, 658 (N.D. Ill. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In addition, there is "good cause" under Federal Rule of Civil Procedure (6)(b)(1) to reset the November date. Courts routinely find, for example, that good cause exists when a trial would require "Defendants' counsel to represent different parties in two separate cases within one week of each other." *Johnson v. Young*, 2016 WL 923094, at *2 (D. Nev. Mar. 10, 2016); *cf Associated Press v. Cook*, 513 F.2d 1300, 1303 (10th Cir. 1975) (affirming trial continuance where necessary witness "was involved in a trial in another jurisdiction and would be unavailable at the scheduled time of trial"). Here, a continuance is particularly warranted because the trials would be occurring simultaneously and would deprive Boeing of its preferred lead trial counsel entirely.

None of the traditional grounds that would warrant denial of a continuance are present here. Boeing did not sit on knowledge of a scheduling conflict for months (*see, e.g.*, *LeBlang Motors* v. *Subaru of Am.*, 148 F.3d 680, 689 (7th Cir. 1998)) or even a day—it disclosed the potential conflict the moment it became apparent. Ex. 5, Dec. 4, 2024 Hr'g Tr. at 10:4–14. Boeing does not have a "record of delay or contumacious behavior" (*Moffitt v. Illinois State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001))—it has acted diligently in good faith and has been respectful of all Court-imposed deadlines. Boeing has not failed to meet a deadline because of

3

"neglect" (*Zingerman v. Freeman Decorating*, 99 F. App'x 70, 72 (7th Cir. 2004))—no deadline has passed.

And the prejudice to Plaintiffs from a modest continuance is low; Plaintiffs have previously indicated they are "fine" with a December 2025 trial. Ex. 6, Jan 15, 2025 Hr'g Tr. at 11:23–12:9. If Plaintiffs or the Court cannot accommodate a two-week trial in December of this year, the prejudice to Plaintiffs from a minimal extension into 2026 is low. Boeing sympathizes with Plaintiffs and shares in their desire to resolve these remaining cases as soon as possible. But a short continuance to accommodate lead counsel's commitments to other clients will not meaningfully prejudice Plaintiffs.

## CONCLUSION

Boeing respectfully requests that the Court reset the dates it reserved for trial from November 3, 2025 to December 8, 2025.

| | |
|---|---|
| Dated: April 15, 2025 | **THE BOEING COMPANY**<br>*/s/ Dan K. Webb*<br>**One of Its Attorneys**<br><br>Dan K. Webb<br>dwebb@winston.com<br>Linda T. Coberly<br>lcoberly@winston.com<br>Christopher B. Essig<br>cessig@winston.com<br>Julia M. Johnson<br>jmjohnson@winston.com<br>Samuel M. Zuidema<br>szuidema@winston.com<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, Illinois 60601-9703<br>Phone: (312) 558-5600<br><br>Sandra A. Edwards<br>sedwards@winston.com<br>**Winston & Strawn LLP**<br>101 California Street<br>35th Floor<br>San Francisco, CA 94111-5840<br>Phone: (415) 591-1000<br><br>Christopher M. Ledford<br>CLedford@perkinscoie.com<br>Mack H. Shultz<br>MShultz@perkinscoie.com<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Phone: (206) 359-8000<br>Fax: (206) 359-9000<br><br>Jon R. Buck<br>JBuck@perkinscoie.com<br>**Perkins Coie LLP**<br>131 S. Dearborn, Suite 1700<br>Chicago, Illinois 60603-5559<br>Phone: (312) 324-8400<br>Fax: (312) 324-9400 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Dan K. Webb*
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

AMERICASACTIVE:21222849.9