IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH**<br><br>This Document Relates To:<br><br>NISRINE CHAFI, as Special Administrator of the Estate of MUCAAD HUSSEIN ABDALLA, deceased Case No.: 1:19-cv-03677<br><br>and<br><br>HASSAN HUSSEIN ABDI, as Personal Representative of the heirs of MUCAAD HUSSEIN ABDALLA, deceased, Case No. 1:19-cv-02348 | Civil No. 1:19-cv-02170<br><br>District Judge: Hon. Jorge L. Alonso<br><br>Magistrate Judge: Hon. M. David Weisman |

**PLAINTIFFS' JOINT STATUS REPORT
RE CASE NOS. 1:19-CV-03677 AND 1:19-CV-02348**

Plaintiff Nisrine Chafi, as Special Administrator of the Estate of Mucaad Hussein Abdalla, Deceased (Case No. 1:19-cv-03677) and Hassan Hussein Abdi, as Personal Representative of the heirs of Mucaad Hussein Abdalla, Deceased (Case No. 1:19-cv-02348), hereby jointly file this status report.

**Position of Plaintiff Nisrine Chafi**

Plaintiff Chafi acknowledges that Mr. Abdi continues to advocate for a stay in resolving these matters, citing the ongoing proceedings in Moroccan courts regarding the legitimacy of the alleged second marriage between the decedent and Rabia Labyad.

However, Plaintiff Chafi respectfully urges this Court to deny that request. The Moroccan courts have consistently ruled against Ms. Labyad's claims in two separate proceedings. Furthermore, Ms. Labyad and her counsel have willfully failed to appear at five (5) scheduled

hearings in the Moroccan courts. *See* attached Affidavit of Plaintiff Chafi's Moroccan counsel, Hind Belhachmi, dated March 28, 2025. Despite multiple failed attempts to persuade Moroccan courts to recognize her illegitimate marriage, Ms. Labyad has sought review from the Moroccan Supreme Court, which has not yet issued a ruling. Plaintiff Chafi maintains that her rightful claim as the lawful spouse and the duly appointed special administrator of the Estate of Mucaad Hussein Abdalla should not be further delayed.

Plaintiff Chafi does not agree that the Moroccan court is the final authority. The second purported marriage is repugnant to Illinois law and can't be recognized in the unlikely event Ms. Labyad has any success.

In addition, and wholly separate from the proceedings in Morocco, Plaintiff has filed a Motion to Dismiss for lack of capacity to sue, on the grounds that Mr. Abdi has never been appointed as a personal representative of the Estate. That motion has been fully briefed and remains pending, with a hearing currently scheduled for Thursday, April 24, 2025.

On April 14, 2025, the Court ordered the parties to mediation. Plaintiff has reserved May 28, 2025, for mediation with Judge O'Connell and has confirmed that Plaintiff Chafi with an interpreter will be present.

**Position of Plaintiff Hassan Hussein Abdi**

There is one proceeding--not two-- pending in Morocco which is dispositive of the matter before this Court. This is plaintiff Abdi's pending appeal to the Morocco Supreme Court as to whether Nisrine Chafi or Rabia Labya was the spouse of this decedent at the time of his death. Plaintiff Abdi, on behalf of Rabia Labya attaches hereto a true and correct translated copy of a status report from the Morocco Supreme Court, stating the appeal is pending. Plaintiff Abdi's

counsel in Morocco has spoken with the clerk of the Morocco Supreme Court to advise that this Court and the parties hereto are anxiously awaiting the decision of the Supreme Court.

Plaintiff Abdi's counsel in Morocco has not willfully failed to appear at any time before the Morocco Supreme Court.

All parties agree that the decision by the Morocco Supreme Court will dispose of the dispute before this Court. It is premature at this time for this Court to hear plaintiff Chafi's motion. This Court previously has denied plaintiff Chafi's motion for summary judgment as premature and the facts have not changed.

Plaintiff Abdi and Rabya Labya will participate in the schedule mediation pursuant to the procedure followed by Judge O'Connell.

Dated: April 21, 2025

Respectfully Submitted,

| | |
|---|---|
| **PODHURST ORSECK, P.A.** | **WISNER LAW FIRM, P.C.** |
| 2525 Ponce de Leon, Suite 500 | 161 N. Clark Street, Suite 1600 |
| Coral Gables, FL 33134 | Chicago, Illinois 60601 |
| (305) 358-2800 | (312) 216-5168 |
| | |
| /s/ Steven C. Marks_____ | /s/ Floyd A. Wisner |
| Steven C. Marks | Floyd A. Wisner |
| Fla. Bar No. 516414 | Illinois Bar No. 3048713 |
| smarks@podhurst.com | faw@wisner-law.com |
| Kristina M. Infante | |
| Fla. Bar. No. 112557 | Nomaan K. Husain |
| Kinfante@podhurst.com | **Husain Law + Associates, P.C**. |
| *Admitted Pro Hac Vice* | 5916 Winsome Lane, Suite 400 |
| | (713) 800-1200 |
| Andrew T. Hays | nh@hlalawfirm.com |
| Sarah Buck | Texas Bar No. 24000743 |
| **HAYS FIRM LLC** | |
| 200 N. LaSalle Street, Suite 2150 | **ATTORNEYS FOR PLAINTIFF**, |
| Chicago, IL 60601 | **HASSAN HUSSEIN ABDI** |
| (312) 626-2537 | |

3

ahays@haysfirm.com
Atty No.: 46467
*Local Counsel*

**ATTORNEYS FOR PLAINTIFF,
NISRINE CHAFI**

## CERTIFICATE OF SERVICE

     The undersigned certifies that on this 21th day of April, 2025 a true and correct copy of the foregoing was served electronically to the attorneys of record.

                          /s/   Steven C. Marks
                          Steven C. Marks
                          Attorney for Plaintiff



**BELHACHMI LAW FIRM**
AVOCATS

CASABLANCA
ALGER
PARIS
Sharjah

Casablanca, 28th March 2025

Podhurst Orseck, P.A.
M. Steven C. Marks
2525 Ponce de Leon – Suite 500
Coral Gables, FL 33134 - USA

**Re- : Nissrine Chafi C/ Rabia Labyad – Procedures summary**

Dear Colleague,

As part of the follow-up to the file of Mrs. Nissrine Chafi C/ Mrs. Rabia Labyad, please find here after a summary of procedures related to this case.

## I. The Exequatur Procedure

For the past four years, I have represented Nisrine Chafi in Morocco, including in matters related to Rabia Labyad's claims to have been married to Ms. Chafi's late husband. Ms. Chafi's late husband was named Abdirahman Sulleiman Abdulle, although Ms. Chafi has at times claimed that he changed his name to Mucaad Hussein Abdallah.

Ms. Chafi was at all relevant times Mr. Abdulle's lawful wife according to Moroccan law. Despite this, Ms. Labyad has claimed to also have been married to Mr. Abdulle. Having worked on this matter for several years, I have no doubt that Ms. Labyad's claims are without merit.

Ms. Labyad initially asserted her marriage claim through an exequatur action. This is a type of action that asks the Moroccan court to recognize a foreign judgment or, in this case, Ms. Labyad's alleged marriage to Mr. Abdulle. In essence, Ms. Labyad's claim was that she

1

married Mr. Abdallah in a remote online ceremony administered by the "Islamic Center of Minnesota." This alleged marriage, according to Ms. Chafi, took place in January 2019.

Ms. Labyad filed the Exequatur proceeding in the city of Berrechid. This choice of venue was surprising as neither Ms. Labyad nor her marriage claim appear to have any connection to Berrechid. This proceeding had case file number 968/1614/2019. Ms. Chafi, through our law firm as counsel, was able to participate in a third party opposition procedure against the Exequatur proceeding.

On June 6, 2022, the trial court in Berrechid rejected Ms. Labyad's claims and ordered that Ms. Labyad reimburse Ms. Chafi her filing costs (Judgment No. 337 -Case file No. 18/1615/2022). Ms. Labyad appealed, and on November 22, 2022, the court of appeals likewise rejected Ms. Labyad's claims and affirmed the lower court's decision, finding it "accurate in all its provisions." The stated reasons for the courts' rulings included—among others—that the "Islamic Center of Minnesota" had no authority to issue a proper marriage certificate (Decision No. 536 – File No. 539/1614/2022).

Ms. Labyad has appealed this decision to the Court of Cassation, Morocco's highest appellate court. That appeal remains pending, and my law firm has filed responsive briefs on behalf of Ms. Chafi. Because the Court of Cassation will consider the same grounds and arguments already addressed by the two lower courts, I am aware of no reason why Ms. Chafi's appeal may succeed or why the Court of Cassation may give a different ruling than the Berrechid trial court and the court of appeals, as Ms. Labyad ran into a rule of public order.

## II.   The marriage recognition procedure

Concomitantly with the procedure to annul the exequatur judgment that we initiated at first instance in Berrechid city and then on appeal in Settat city and Cassation court in Rabat city, Rabia Labyad had also filed a separate action—distinct from her above-described Exequatur proceeding. This "marriage recognition procedure" was filed in August 2022 without notice to Ms. Chafi, and I believe was designed to prevent Ms. Chafi becoming aware of it. Rabia Labyad lost this proceeding both at first instance and on appeal.

In the context of this latter procedure, she filed an appeal to the Court of Cassation on March 30th, 2023, against the decision of the Court of Appeal. On June 11th, 2024, the Court of Cassation considered *"that she (Rabia Labyad) brought the present action, against*

*whomsoever it may concern, without involving the heirs of the man she claims to have married, although they are first parties concerned by the said action, which constitutes a violation of the provisions of the aforementioned articles, which are part of public order and which the court is entitled to raise spontaneously at any stage of the action, even before the Court of Cassation"*, and the, *"the Court of Cassation annuls the appealed judgment and remits the case and the parties to the same court for a new decision by a different jury in accordance with the law, and orders the Treasury to pay the costs"* (Court of Cassation – File No. 410/2/2023).

On September 23rd 2024, the case was registered with the Casablanca Court of Appeal under number 1768/1611/2024 – Reporting Judge: Mrs. Najat Zaidoun.

Rabia Labyad and her lawyer have never appeared at the hearings, despite Ms. Rabia Labyad being the plaintiff. The hearings took place on the following dates:

- 09/26/2024.
- 10/10/2024.
- 10/31/2024.
- 11/28/2024.

For the hearing scheduled for December 19th, 2024 purpose, we have requested the court, in our capacity as an opposing third party in the procedure, ensure notification to the opposing party.

However, and, despite the notification of the opposite party, Rabia Labyad was not present and was not represented by her lawyer. As a result, the court decided to deliberate on the case. The case was judged on December 26th, 2024.

By a judgement No. 2211 dated on 26th of December 2024, the appeal court of Casablanca decided to annul the judgment of the court of appeal (subject of cassation, thus following the decision of the court of cassation), to judge the case a second time and to reject again Rabia Labyad's request.

With this decision, Rabia Labyad's request regarding the recognition of what she called marriage, was rejected four (4) times.

3

It is important to emphasize that during this last appeal procedure (after cassation), Rabia Labyad had plenty of time to comply with the decision of the Court of Cassation (which, having said that in passing, focused on the formal defect and did not judge the merits of the case) by notifying the heirs of the deceased to the marriage recognition procedure.

However, she and her lawyer deliberately did not appear at the hearings, despite several postponements of hearings by the Court. Any other procedure that Rabya Labyad would introduce with the same object, would be a deliberate desire to waste time of the various courts seized as well as of my client, Nissrine Chafi, so that the main trial in the USA cannot move forward and finally be judged.

For your complete information, I went on February 13th, 2025 and March, 27th, 2025 to the Casablanca family court, as well as to the Berrechid family court and, after checking with the registries of these two jurisdictions, no new proceedings in the name of Rabia Labyad or Nissrine Chafi are pending before these two courts.

Sincerely Yours,

Hind BELHACHMI
Lawyer – Managing Partner