IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT PLAINTIFF'S CHARITABLE ENDEAVORS**

Boeing moves under Federal Rules of Evidence 402 and 403 to exclude evidence and argument concerning Plaintiff Paul Njoroge's charitable endeavors. Plaintiff created the Pauls Charitable Foundation in 2021 with the goal of "improving the livelihood of communities through projects and education, healthcare, food, clothing, clean water, and gender-based projects." Ex. 1 (Njoroge Dep.) at 33:8–9, 33:24–34:7. Through the foundation, Plaintiff has provided scholarships to students in Kenya, constructed a school in Ethiopia, and funded a "school feeding program" in Canada. *Id.* at 33:10–23. The foundation is also constructing a memorial park in Canada in honor of the decedents. *Id.* The foundation is a deeply admirable endeavor, but evidence about Plaintiff's charitable endeavors is not relevant to the issues in the case and poses a serious risk of unfair prejudice.

This evidence is irrelevant because it has no bearing on the amount of damages that Plaintiff is entitled to recover under the Survival Act or Wrongful Death Act. Moreover, any minimal probative value would be substantially outweighed by the risk of unfair prejudice. Evidence about Mr. Njoroge's charitable activities risks encouraging the jury to base its award on improper considerations—such as the desire to provide financial support for the foundation and the communities it serves—rather than a fair estimation of the amount that would reasonably compensate Mr. Njoroge for his grief and sorrow or for his family's pain and suffering. That would be improper. The Court should therefore exclude all such evidence and argument.

**ARGUMENT**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence about Plaintiff's charitable works is not relevant to Plaintiff's Survival Act claims because it bears no relation to the pain and suffering experienced by the decedents. It therefore cannot be admitted for this purpose.

1

Evidence about Plaintiff's charitable activities is also not relevant to Plaintiff's "grief, sorrow, and mental suffering" under the Wrongful Death Act. 740 ILCS 180/2. This evidence includes testimony from Jane Ndung'u, the Pauls Charitable Foundation's project coordinator, which Plaintiff designated for trial. Ms. Ndung'u first met Plaintiff two years *after* the ET 302 accident, and she did not testify about Plaintiff's grief or the decedents, whom she never met. Ex. 2 (Ndung'u Dep.) at 26:4–8. Instead, she testified at length about the foundation's mission, funding, and specific programs and initiatives. *See generally* Ex. 2; *see also* Ex. 3 (supplemental initial disclosures) at 5 ("Jane will testify regarding the foundation's purpose, background on its existence, financial information, and Paul's role in the foundation."). It is hard to see how any of this testimony is probative of Plaintiff's grief and sorrow.

Even if the Court were to find that some evidence about the foundation had any relevance to Plaintiff's grief—because Plaintiff started the foundation "to keep the memories of [his] wife and children alive," for example (Ex. 1 at 33:5–7)—it should still be excluded due to the risk of unfair prejudice. As this Court noted two years ago, "we keep out relevant evidence every day in these courtrooms for a variety of reasons." Ex. 4 (June 5, 2023 Hr'g Tr.) at 53:14–15. Under Rule 403, courts "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Evidence is "unfairly prejudicial" if it "will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Davies v. Benbenek*, 836 F.3d 887, 890 (7th Cir. 2016) (citation omitted). And "[t]he amount of prejudice that is acceptable varies according to the amount of probative value the evidence possesses"; "less probative evidence will be received only if the risk of prejudice is more remote." *United States v. Boros*, 668 F.3d 901, 909 (7th Cir. 2012) (quoting *United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008)).

2

The risk of prejudice here is far from "remote." To the contrary, there is a clear and substantial risk that this evidence will induce the jury to render a verdict on an improper basis. Case law bears this out. In *Ty Inc. v. Softbelly's Inc.*, for example, the court granted the defendant's motion to bar evidence of plaintiff's charitable contributions because it had "nominal probative value that [was] outweighed by the potential for the jury do decide the case based on an improper reason." 2006 WL 5111124, at *13–14 (N.D. Ill.). Similarly, in *In re 650 Fifth Ave. & Related Properties*, the court precluded evidence regarding the defendant's "charitable works" under Rule 403 because "even if there was some probative value" to the evidence, "that probative value would be substantially outweighed by the danger of unfair prejudice." 2017 WL 2214869, at *15 (S.D.N.Y.). There, the evidence risked "having the jury consider the impact their verdict might have on such activities," which "is not the proper basis for a verdict." *Id.*

So too here. The Pauls Charitable Foundation is funded by Plaintiff. Ex. 1 at 36:5–8; *see also* Ex. 2 at 16:12–13 ("Q. How is the Pauls Charitable Fund funded? A. Paul funds it."). Plaintiff testified that there is still "a lot of need for the community in terms of financial need." Ex. 1 at 36:9–18. And Ms. Ndung'u testified at length about the foundation's laudable initiatives and about specific students who had received scholarships from the foundation, including four who needed additional scholarship funds for their "basic needs." Ex. 2 at 12:22–14:21, 21:4–23:8. In fact, the exhibits introduced during Ms. Ndung'u deposition were all photos of the scholarship recipients. *Id.* at 12:13–13:20, 14:11–21, 16:14–17:2, 18:7–18, 20:5–21:24. She further testified that the foundation "hope[s] to extend to other countries . . . to enable more students to access their secondary education and to be able to pursue their dreams." *Id.* at 11:20–25.

A predictable result of this type of evidence would be a damages verdict inflated by improper considerations, such as sympathy for the scholarship recipients and hope that Plaintiff will use the award to fund the foundation's programs. *See In re 650 Fifth Ave.*, 2017 WL 2214869, at *15. These are understandable impulses, to be sure, but they are not proper bases for a damages award. *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) ("Unfair prejudice is 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting Fed. R. Evid. 403 advisory committee notes)); *Evers v. Equifax, Inc.*, 650 F.2d 793, 798 (5th Cir. 1981) (affirming new trial when damages award based on improper considerations).

## CONCLUSION

The relevance of this evidence is marginal at best, and the risk of unfair prejudice caused by any reference to Plaintiff's charitable endeavors is significant. Evidence and argument about the foundation should be excluded under Rules 402 and 403.

| | |
|---|---|
| DATED May 12, 2025 | **THE BOEING COMPANY**<br><br>By: /s/ *Dan K. Webb*<br>*One of Its Attorneys*<br><br>Dan K. Webb<br>dwebb@winston.com<br>Linda T. Coberly<br>lcoberly@winston.com<br>Christopher B. Essig<br>cessig@winston.com<br>Julia M. Johnson<br>jmjohnson@winston.com<br>Samuel M. Zuidema<br>szuidema@winston.com<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, Illinois 60601-9703<br>Phone: (312) 558-5600<br><br>Sandra A. Edwards<br>sedwards@winston.com<br>**Winston & Strawn LLP**<br>101 California Street<br>35th Floor<br>San Francisco, CA 94111-5840<br>Phone: (415) 591-1000<br><br>Christopher M. Ledford<br>CLedford@perkinscoie.com<br>Mack H. Shultz<br>MShultz@perkinscoie.com<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Phone: (206) 359-8000<br>Fax: (206) 359-9000<br><br>Jon R. Buck<br>JBuck@perkinscoie.com<br>**Perkins Coie LLP**<br>131 S. Dearborn, Suite 1700<br>Chicago, Illinois 60603-5559<br>Phone: (312) 324-8400<br>Fax: (312) 324-9400 |

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                /s/ *Dan K. Webb*

                **WINSTON & STRAWN LLP**

                35 West Wacker Drive

                Chicago, Illinois 60601-9703

                Phone: (312) 558-5600