**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |
|---|---|

# BOEING'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE UNTIMELY EXPERT DISCLOSURES AND EXCLUDE THERAPIST OPINION TESTIMONY IN *RYAN*

Plaintiff does not deny that the therapists offer opinion testimony or that her Rule 26(a)(2) disclosure was untimely. Instead, Plaintiff argues that because the therapists are "treating physicians," no disclosure was required at all—it was a mere "abundance of thoroughness"—and that even if disclosure was required, the fact of its untimeliness was not prejudicial. Plaintiff is wrong on both counts.

## I. Timely disclosure was required because the therapists are offering expert testimony, not lay testimony.

Plaintiff argues at length that the therapists are permitted to "testif[y] to their lay opinions" (Resp. 6), but her response never even mentions Rule 701 ("Opinion Testimony by Lay Witnesses"), much less explains how its requirements are satisfied here. Critically, Plaintiff does not deny that the therapists' opinions are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Nor can she: her untimely Rule 26 disclosure *admits* that their opinions are based not just on their own "perception[s]" (Fed. R. Evid. 701(a)) but also on their "education, training, and professional experience" (Ex. 1 at 2); *see Tribble v. Evangelides*, 670 F.3d 753, 758 (7th Cir. 2012) ("Lay opinion most often takes the form of a summary of firsthand sensory observations and may not provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." (quotations omitted)). Thus, in casting the therapists as "lay" witnesses, Plaintiff attempts precisely what Rule 701(c) is meant to prevent: evasion of "the reliability requirements set forth in Rule 702 . . . through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 Advisory Comm. Note. This Court should not permit it.

Plaintiff also complains that Boeing does not "specifically explain which part of these witnesses' testimony" is inadmissible. Resp. at 8. But as Plaintiff emphasizes, they are testifying "*only* through their video-recorded depositions" (*id.* at 1; *accord id.* at 6, 9), so disputes as to

*specific* questions and answers will be resolved by the deposition designation process.[1] Boeing's motion identifies a core, overarching issue whose resolution will inform the parties' designations and objections, to be resolved on a case-by-case basis.

In any event, Boeing's motion was perfectly clear about what testimony is admissible: "all four therapists can testify to their personal observations, only Ryan can testify to her diagnoses, and none of them may testify beyond that." Mot. at 11. That means testimony like this—all of which Plaintiff has designated to play at trial—should not be played (or elicited) because it is expert testimony:



- Mary Bergin [redacted]
- Richard Day [redacted]
- Jacinta Ryan [redacted]
- Thomas Sheehan [redacted]

---

[1] Despite representing repeatedly in her response that "the entirety of [the therapists'] testimony will be the video-recorded depositions" (Resp. at 6), Plaintiff's counsel informed Boeing's counsel on October 1 that Jacinta Ryan "may appear live" at trial. If she does testify live at trial, then that defeats Plaintiff's argument that Boeing already knows "all of [her] potential trial testimony" because it has "already been fully elicited." *Id.* at 1, 9. If she instead testifies by recorded deposition, then the Court will resolve objections to designated testimony, and that defeats Plaintiff's argument that "Boeing fails to specifically explain which part of" her testimony is inadmissible. *Id.* at 8.

This testimony (and much else like it) cannot plausibly be construed as lay opinion testimony. It goes well beyond anything the therapists observed in their treatment and extends to prognosis, future disability, and other subjects based on specialized knowledge within the scope of Rule 702. Thus, the therapists should have been timely disclosed under Rule 26.

On that score, Plaintiff is wrong to suggest that the therapists are exempt from Rule 26 disclosure requirements simply because they are akin to treating physicians. "[A] treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 n.2 (7th Cir. 2004). And like "*all* witnesses who are to give expert testimony," treating physicians who offer opinions based on their specialized knowledge "must be disclosed under Rule 26(a)(2)(A)." *Id.* at 756–57.

It is no answer to say that "Plaintiff disclosed these witnesses" in her discovery responses, damages disclosures, and deposition notices. Resp. at 1. "[D]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts" (*Musser*, 356 F.3d at 757), and the "duty to disclose a witness *as an expert* is *not* excused when a witness who will testify as a fact witness *and* as an expert witness is disclosed as a fact witness" (*Tribble*, 670 F.3d at 759 (emphases original)). Plaintiff's disclosures here did not identify "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702" or include "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Thus, these disclosures were insufficient. *See Rivera v. Aerovias de Mexico, S.A. de C.V.*, 690 F. Supp. 3d 906, 910 (N.D. Ill. 2023) (rejecting argument that disclosure

through "written answers to discovery requests and witness depositions" satisfied Rule 26(a)(2)(C)).

Nor can Plaintiff rescue the therapists' *opinion* testimony by pointing to their *fact* testimony "about their treatment of their clients and the symptoms they observed." Resp. at 7. Boeing said in its motion and reiterates here that the therapists can testify about "personal observations, examinations, and diagnoses completed during the course of treatment and contained within the relevant medical records." Mot. 11 (quoting *Johnson v. Norfolk S. Ry. Co.*, 2015 WL 3738545, at *3 (N.D. Ind.)). But they are "strictly limited" to that testimony and cannot offer opinions based on specialized knowledge, including about "causation, prognosis, or future disability." *Glanz v. Illinois*, 2018 WL 11195497, at *2 (N.D. Ill.); *accord Norton v. Schmitz*, 2011 WL 4984488, at *3 (N.D. Ill.) ("[A] physician identified only as a fact witness may testify to his observations, diagnosis, and treatment" but not "causation, prognosis or future disability").

This is settled law in this district. Indeed, Plaintiff's response cites only three cases from the Northern District of Illinois on this point, and they all support *Boeing's* position, not Plaintiff's. *See Rivera*, 690 F. Supp. 3d at 910 (treating physicians not disclosed as experts can testify about "what they observed and the diagnoses they made" but not causation) (cited in Resp. at 7); *Krischel v. Hennessy*, 533 F. Supp. 2d 790, 795 (N.D. Ill. 2008) (undisclosed treating physician can testify about "the scope of treatment, observation, and diagnosis" but not "causation, prognosis or the future impact of the injury") (cited in Resp. at 8); *Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 859 (N.D. Ill. 2001) (prohibiting undisclosed treating physician from testifying about "prognosis or necessity for future treatment") (cited in Resp. at 10).

Disregarding this authority, Plaintiff relies on two cases that she says stand for the idea that treating physicians can testify about prognoses without being disclosed as experts. Resp.

at 7. Both those cases are from outside this circuit. The first, *Keller v. Crawford*, is unclear and unpersuasive. 465 F. Supp. 3d 472 (E.D. Pa. 2020). That court characterized a "prognosis" as an "observation" rather than an "opinion." *Id.* at 485. This cannot be reconciled with the Seventh Circuit's instruction that "specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events" constitute expert opinions, not lay opinions. *Tribble*, 670 F.3d at 758. Nor can it be reconciled with the contrary case law from the Northern District of Illinois. *See supra* at 4 (discussing *Glanz*, *Norton*, *Krischel*, and *Brandon*). And it does not reflect Third Circuit law, either. *See, e.g.*, *Longo v. Hanger Prosthetics & Orthotics, Inc.*, 2015 WL 915479, at *3 (M.D. Pa.) (holding that plaintiffs should have disclosed treating physicians who "would testify to various issues including prognosis" under Rule 26(a)(2)(C)).

The other case Plaintiff cites *rejected* her position. In *Carrillo v. Lowe's HIW, Inc.*, the court *prohibited* the treating physicians "from offering opinions as to causation, and the plaintiff's future medical condition, the reasonableness of the medical expenses incurred, the expenses for future medical treatment, and any other opinions beyond the treatment they rendered to plaintiff" because "[s]uch testimony was subject to the disclosure requirements of Rule 26(a)(2)(C)." 2011 WL 2580666, at *3 (S.D. Cal.).

That is the exact kind of testimony that the therapists plan to offer here. *See* Ex. 1 at 1–2 (asserting that the therapists will testify about "the family members' current conditions and prognoses"; "the necessity, reasonableness, and costs of the medical care provided; the permanency of their injuries and limitations; . . . the anticipated need for future medical care," and the injuries "attributable to the subject accident"). That is expert testimony, not lay opinion testimony. Timely disclosure was required.

## II. Plaintiff's response confirms that the untimely disclosure was prejudicial.

After arguing that the therapists are offering only *lay* testimony, Plaintiff then argues that their late disclosure *as experts* caused no prejudice. This ignores the facts and the law.

"The purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert witness will testify." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). This allows the opposing party "a reasonable opportunity to prepare" to examine the expert about his opinions. *Brandon*, 179 F. Supp. 2d at 860. For that reason, the Seventh Circuit has rejected the argument that "there cannot be prejudice or surprise" when the opposing party "knew [the witness] was going to testify all along" but the witness was not properly disclosed as an expert. *Tribble*, 670 F.3d at 760.

Here, none of Plaintiff's disclosures identified the therapists as experts, and Boeing reasonably relied on those disclosures in preparing to depose them. This inhibited Boeing's ability to conduct *expert* depositions of the therapists once it became clear that they were offering opinions based on specialized knowledge and that went far beyond their personal observations. Thus, Boeing objected and made clear on the record that it reserved the right to conduct additional depositions if the therapists were later disclosed as experts. *See* Mot. 3, 4–5. Despite being put on notice, Plaintiff still did not disclose the therapists as experts until long after the close of discovery and eight days before the deadline to file *Daubert* motions. This deprived Boeing of the opportunity to conduct additional depositions, explore the therapists' opinions and methodologies, and develop a record to challenge their opinions under Rule 702. *Musser*, 356 F.3d at 757; *see Aumann Auctions, Inc. v. Fletcher*, 519 F. Supp. 3d 452, 455 (C.D. Ill. 2021) (excluding late-disclosed expert where there was not enough time to conduct another deposition or file pretrial motions). Plaintiff's argument about Boeing's failure to move under *Daubert* only proves the point (Resp. at 11); Boeing had no reasonable opportunity to do so.

While *Musser* is on point, Plaintiff's cases are distinguishable. *See id.* at 9–10. Unlike in *Brandon*, Boeing put Plaintiff on notice that it would seek more depositions if the therapists were disclosed as experts, but they were not disclosed until it was far too late. 179 F. Supp. 2d at 860. Unlike in *Gecker v. Menard, Inc.*, the late disclosure here caused Boeing "to miss its opportunity to disqualify the expert" and to develop the grounds for doing so. 2019 WL 4166859, at *2 (N.D. Ill.). And in *Banister v. Burton*, the treating physician *was* timely disclosed as an expert. 636 F.3d 828, 830 (7th Cir. 2011). He did not submit a report under Rule 26(a)(2)(B), but even if he was required to, this failure was harmless because he had fully disclosed his opinions at a previous criminal trial. *Id.* at 833. Thus, the other party had ample notice of his opinions *before* his deposition and trial testimony. *Banister* is nothing like this case.

Essentially, Plaintiff's position is this: Boeing should have assumed the therapists would offer expert testimony, should have prepared to depose them on their opinions without even knowing what they were, and now must "rely on depositions conducted without the knowledge that each of the witnesses would be used as experts." *Musser*, 356 F.3d at 759. But a party "should not be made to assume" that any witness disclosed as a fact witness "could be an expert witness at trial." *Id.* at 757. Plaintiff's unjustified failure to comply with Rule 26 caused Boeing prejudice, so exclusion of the therapists' opinion testimony is "automatic and mandatory." *Novak v. Bd. of Trs. of S. Illinois Univ.*, 777 F.3d 966, 972 (7th Cir. 2015).

DATED October 10, 2025

**THE BOEING COMPANY**

By: /s/ *Dan K. Webb*
*One of Its Attorneys*

Dan K. Webb
dwebb@winston.com
Linda T. Coberly
lcoberly@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
Samuel M. Zuidema
szuidema@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

Sandra A. Edwards
sedwards@winston.com
**Winston & Strawn LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Christopher M. Ledford
CLedford@perkinscoie.com
Mack H. Shultz
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Dan K. Webb*
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600