# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) <br><br> Honorable Jorge L. Alonso <br><br> Magistrate Judge Weisman |

**BOEING'S MOTION TO EXCLUDE ANY EVIDENCE, ARGUMENT, OR SUGGESTION CONCERNING DECEDENT'S ALLEGED PREGNANCY IN *GARG***

Boeing moves under Federal Rule of Civil Procedure 37 to exclude any evidence, argument, or suggestion that Shikha Garg was pregnant at the time of the ET 302 accident.

More than six and a half years after the accident—and mere weeks before trial—Boeing received a two-sentence letter from Plaintiff's counsel stating that she learned "[y]esterday, in the course of trial preparation," that Ms. Garg "was pregnant when she lost her life on flight ET 302." Ex. 1 (Sept. 30, 2025 Plf. Letter). Surprised by the letter, Boeing responded the next day requesting, among other things, that Plaintiff identify what new evidence had been uncovered that justified this late disclosure. None was identified. Instead, Plaintiff's counsel reported that Ms. Garg's husband—the true party in interest in this case, whom Plaintiff's counsel represents—has known about this alleged pregnancy from the start.

This information should have been disclosed under the Mandatory Initial Discovery Pilot Project ("MIDP"). It also should have been disclosed in response to Boeing's repeated discovery requests and deposition questions to which it would have clearly been responsive. And based on Plaintiff's counsel's own account, there is no justification for the failure to disclose it until now. This untimely disclosure is unfairly prejudicial because it deprived Boeing of the opportunity to obtain further discovery on Ms. Garg's alleged pregnancy and to adequately prepare for trial, and this prejudice cannot possibly be cured at this late date. As a result, exclusion of this information from trial is "automatic and mandatory." Fed. R. Civ. P. 37(c)(1).

## BACKGROUND

On October 7, 2019, Plaintiff served initial damages disclosures under the MIDP. Ex. 2; *see* ECF 32 (Notice of Mandatory Initial Discovery). The MIDP required that Plaintiff state, for

each claim, "the facts relevant to it and the legal theories upon which it is based." MIDP ¶ B.4.[1] Plaintiff provided a summary of the facts supporting his claims "[b]ased upon the information reasonably available," including that Ms. Garg "was a loving daughter, sister and wife" who "had a close relationship with all her family members." Ex. 2 at 5. Plaintiff did not state that Ms. Garg was pregnant at the time of her death.

During discovery, Boeing diligently pursued information about Ms. Garg's medical treatment and plans to have children, yet Plaintiff never disclosed her alleged pregnancy:

> **(1) July 1, 2020 Requests for Production:** Boeing's Request for Production No. 15 requested that Plaintiff "[p]roduce a complete copy of Decedent's medical records spanning from March 10, 2014 through the date of the accident." Ex. 3 at No. 15. Plaintiff produced certain medical records but did not produce any records relating to Ms. Garg's alleged pregnancy. Plaintiff represented that he had requested additional records and would "produce them when they become available." *Id.* Plaintiff never did so.
>
> Boeing's Request for Production No. 24 requested "all documents that prove or substantiate the statements of claims made for damages herein*." Id.* at No. 24. In his most recent supplemental response on January 24, 2025, Plaintiff confirmed he had produced all such documents. Ex. 4 at No. 24. Plaintiff did not produce, and still has not produced, any documents of any kind substantiating Ms. Garg's pregnancy.
>
> **(2) July 1, 2020 Interrogatories:** Boeing's Interrogatory No. 10 requested that Plaintiff "[i]dentify medical treatment the Decedent has received, the reason for seeking such medical treatment, diagnoses or subsequent work-up related to the treatment sought, and any treatment plans provided to the Decedent at any time from March 10, 2014 through the date of the Accident." Ex. 5 at No. 10. Plaintiff responded that Ms. Garg "was not undergoing treatments" and that "Plaintiff has requested medical records and they will be provided upon receipt." *Id.* Plaintiff never produced additional medical records and did not disclose Ms. Garg's alleged pregnancy.
>
> **(3) January 28, 2025 Deposition of Satish Garg:** Boeing's counsel asked Ms. Garg's father if he knew whether Ms. Garg "planned to have children." Ex. 6 (S. Garg Dep.) at 27:21–22. He replied, "No. But, you know, she was only married for three months." *Id.* at 27:23–24.
>
> **(4) January 29, 2025 Deposition of Soumya Bhattacharya:** Plaintiff's counsel represented Ms. Garg's husband, Mr. Bhattacharya, in his deposition. Ex. 7 (S.

---

[1] The MIDP is available at https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order%20Dec0118.pdf.

>Bhattacharya Dep.) at 66:7–8. Boeing's counsel asked Mr. Bhattacharya if he had "plans to have children with [Ms. Garg]." *Id.* at 73:6–8. He responded, "Yes, ma'am. Definitely, yes. We were actually soon planning to have our first child. We were actually planning that." *Id.* at 73:9–11. He did not testify that his wife was pregnant at the time of the accident.

Fact discovery closed on February 14, 2025. ECF 2145. More than seven months later, on September 30, 2025, Boeing received a letter from Plaintiff's counsel stating, in full:

>Yesterday, in the course of trial preparation, we learned that Shikha Garg was pregnant when she lost her life on flight ET 302.
>
>While this is not a matter you inquired into in deposition or otherwise, we thought you would want to know this in advance of trial.

Ex. 1. Boeing responded in writing the next day, correcting counsel's misstatement that Boeing had not sought this information in discovery, asking that Plaintiff immediately produce "any evidence corroborating Ms. Garg's alleged pregnancy," and requesting an explanation for why this information had been disclosed for the first time mere weeks before trial, despite Plaintiff's initial-disclosure obligations and repeated, on-point discovery requests and deposition questions. Ex. 8 (Oct. 1, 2025 Boeing Letter) at 2.

Plaintiff's counsel responded on October 3:

>In response to your October 1, 2025 letter, Ms. Shikha Garg's pregnancy came to our attention through a discussion with Mr. Soumya Bhattacharya on September 29, 2025.
>
>The Special Administrator and Plaintiff, Mr. Gunit Garg, and Ms. Garg's other family members (mother, father, sisters) were not told by Mr. Bhattacharya that Ms. Garg was pregnant when she died, due to their grief after Ms. Garg's death. As such, neither Mr. Gunit Garg nor Mr. Satish Garg was aware of that information when they were deposed.
>
>Ms. Garg was only one month pregnant at the time of her death, so there are no responsive medical records.

Ex. 9 (Oct. 3, 2025 Plf. Letter).

3

At this point, discovery had been long closed and trial was mere weeks away, leaving Boeing with little choice but to raise the issue with the Court. And because the information prompting this motion was first revealed two weeks after the deadline for motions in limine, good cause exists to file this motion now.

**ARGUMENT**

Plaintiff did not timely disclose Ms. Garg's alleged pregnancy. Under the MIDP, Plaintiff was required to disclose "the facts relevant to [his claims] and the legal theories upon which [they are] based." MIDP ¶ B.4. In the event Plaintiff uncovered new information, the MIDP required him to supplement his response "no later than 30 days after the information is discovered by or revealed to *the party*" (not the party's counsel) and "no later than 60 days before the final pretrial conference." *Id.* ¶ A.6.

"The party" here—that is, the one who owed these disclosure obligations—is Ms. Garg's husband, Mr. Bhattacharya, because "the decedent's spouse and next of kin are the true parties in interest in a wrongful death action, rather than the personal representative who is merely a nominal party." *In re Est. of Powell*, 2014 IL 115997, ¶ 19; *see also* IPI 31.09. Mr. Bhattacharya is also the only person eligible to recover Survival Act damages through Ms. Garg's estate under the Hindu Succession Act of 1956, which applies because of the family's Hindu faith. *See* Ex. 10 (Hindu Succession Act of 1956) at Ch. I § 2, Ch. II §§ 15–16; Ex. 7 (S. Bhattacharya Dep.) at 71:21 ("in our Hindu religion . . ."). And Plaintiff represents that Ms. Garg's alleged pregnancy was known to Mr. Bhattacharya "when [Ms. Garg] died" in March 2019 (Ex. 9), so this information was not newly "discovered by or revealed to the party" (MIDP ¶ A.6) and should have been disclosed in Plaintiff's initial MIDP disclosures in October 2019. Yet Plaintiff did not disclose any information about the pregnancy—or allege, in any way, that Ms. Garg was pregnant—until 29 days before the final pretrial conference, a month after the MIDP's deadline

4

for "[f]inal supplementation." *Id.* In short, counsel's September 30 and October 3 letters revealed a failure to comply with MIDP obligations.

The MIDP prescribes the remedy for this failure. It provides that "Rule 37(c)(1)" of the Federal Rules of Civil Procedure "shall apply to mandatory discovery responses." MIDP ¶ A.9. In turn, Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required," then "the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). If the proponent of the evidence cannot make that showing, exclusion "is *automatic and mandatory*." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (emphasis added) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)).

In evaluating whether a party's failure to comply was substantially justified or harmless, this Court considers "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Plaintiff here cannot show that the untimely disclosure was substantially justified or harmless. To start, this information caught Boeing by surprise. *Id.* Plaintiff did not assert that Ms. Garg was pregnant in his MIDP disclosures, despite disclosing other facts about the family. Ex. 2 at 5. And when Boeing asked two witnesses—including Ms. Garg's husband—about her plans to have children, neither said anything close to "she was pregnant." Indeed, this information apparently caught Plaintiff's own counsel by surprise; she says she was unaware of it until September 29, when she "learned" about it from Mr. Bhattacharya—her client—"in the course of

trial preparation." Ex. 1. Just as there can be no dispute that the information was untimely, there can be no dispute that it was surprising.

The late disclosure has also caused Boeing significant prejudice that cannot be cured at this late date—at least not without disrupting the trial schedule. Had Plaintiff disclosed this information at any point during discovery—in his MIDP responses, in his discovery responses, or in response to direct questioning at Mr. Bhattacharya's deposition (*see* Ex. 7 at 73:6–11)—Boeing would have pursued further discovery to validate this information. It would certainly have asked more questions of Mr. Bhattacharya. But it also could have done much more. For example, Boeing could have requested that Plaintiff identify all individuals with whom Ms. Garg and Mr. Bhattacharya communicated about the pregnancy and, if warranted, noticed those individuals for deposition. Boeing also could have challenged Plaintiff's representation that he had produced all documents substantiating his claims for damages (*see* Ex. 4 at No. 24) and requested production of Ms. Garg's and Mr. Bhattacharya's communications about the pregnancy. Boeing likely would have had other options as well; the question is not what precise steps it would have taken if it had learned this information sooner, but whether it would have had options that are no longer available. And there is no question that Boeing did not have the opportunity even to consider these options due to Plaintiff's late disclosure.

Now, trial is weeks away, and Boeing does not have time to conduct additional discovery while also preparing this case and four other cases for trial. Crafting additional interrogatories and requests for production, awaiting responses, addressing any deficiencies, and deposing additional witnesses—at least some of whom would almost certainly be third-party witnesses outside the United States—would take far longer than the three weeks that remain until trial. And all these efforts would detract from Boeing's other trial preparation efforts. The prejudice caused

by Plaintiff's late disclosure simply cannot be cured without upsetting the trial schedule that this Court carefully crafted for this case and the other cases that remain pending. *See Putnam v. CaramelCrisp LLC*, 2024 WL 197361, at *3 (N.D. Ill.) (excluding late-disclosed documents because any attempt to cure prejudice would "push back the setting of a trial date"); *Aumann Auctions, Inc. v. Fletcher*, 519 F. Supp. 3d 452, 455 (C.D. Ill. 2021) (excluding late-disclosed witness for same reason).

Thus, unless this information is excluded, Boeing is left with two equally undesirable options: (1) accept that Ms. Garg was pregnant based solely on the belated assertions of Plaintiff's counsel, or (2) cross-examine Mr. Bhattacharya about his wife's pregnancy in front of the jury, without the benefit of any of the discovery that could have been obtained if this fact had timely been disclosed. This puts Boeing in an untenable position and creates an inordinate risk of unfair prejudice and surprise at trial.

Finally, "[a] showing of willfulness, bad faith, or fault is necessary only when dismissal or default is imposed as a discovery sanction." *E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). Boeing does not seek either of those sanctions here. Even so, Mr. Bhattacharya has purportedly known about his wife's pregnancy since 2019, and the failure to disclose this information at any point over the past six years should at least be considered willful. Indeed, Plaintiff's counsel is also Mr. Bhattacharya's counsel (Ex. 7 at 66:7–8), and there is no reason counsel could not have learned this information from Mr. Bhattacharya sooner—as she prepared Plaintiff's MIDP disclosures and discovery responses, for instance. Boeing should not be penalized for the failure of Plaintiff's counsel to have this discussion with her client until weeks before trial. To be sure, Mr. Bhattacharya may have had understandable reasons for not telling Ms. Garg's other family members about her pregnancy, as Plaintiff's counsel asserts.

7

Ex. 9. But given that Mr. Bhattacharya himself is "the true part[y] in interest" here (*Powell*, 2014 IL 115997, ¶ 19), for Rule 37 purposes, his knowledge is the only knowledge that matters.

## CONCLUSION

The only information Boeing has ever received about Ms. Garg's alleged pregnancy came in a short letter from Plaintiff's counsel, long after the close of discovery, while Boeing was finalizing its trial preparation in reliance on the established record. The purpose of the MIDP and rules of discovery is to guard against untimely and unfair disclosures like this.

For these reasons, the Court should exclude any evidence, argument, or suggestion that Ms. Garg was pregnant at the time of the ET 302 accident.

DATED October 10, 2025                                      **THE BOEING COMPANY**

By: /s/ *Dan K. Webb*
*One of Its Attorneys*

Dan K. Webb
dwebb@winston.com
Linda T. Coberly
lcoberly@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
Samuel M. Zuidema
szuidema@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

Sandra A. Edwards
sedwards@winston.com
**Winston & Strawn LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Christopher M. Ledford
CLedford@perkinscoie.com
Mack H. Shultz
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

      I hereby certify that on October 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                        */s/ Dan K. Webb*
                        **WINSTON & STRAWN LLP**
                        35 West Wacker Drive
                        Chicago, Illinois 60601-9703
                        Phone: (312) 558-5600