**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH<br><br>This Document Relates To: SHIKHA GARG<br><br>Case No.: 1:19-cv-05079 | Civil No.    1:19-cv-02170<br><br>District Judge:    Hon. Jorge L. Alonso<br><br>Magistrate Judge:    Hon. M. David Weisman |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO BOEING'S MOTION TO EXCLUDE EVIDENCE CONCERNING DECEDENT'S PREGNANCY**

Boeing's motion to preclude the relevant and important evidence of Shikha Garg's pregnancy should be denied under the Federal Rules of Civil Procedure ("FRCP") for the following reasons (1) Plaintiff complied with the FRCP in all respects. Under the FRCP and the Mandatory Initial Discovery Pilot Program ("MIDP"), the Plaintiff-administrator is the person obliged to disclose the facts; the obligation is not borne by fact witnesses or beneficiaries. (2) The decedent Shikha Garg's pregnancy was not known to the Plaintiff-administrator before it was learned by plaintiff's counsel. Boeing was immediately advised when the pregnancy became known to plaintiff's counsel. (3) Boeing did not ask the widower-beneficiary Soumya Bhattacharya during his discovery deposition whether his wife and crash victim Ms. Garg had been pregnant at the time of the crash, nor did Boeing propound any other discovery requests to Mr. Bhattacharya. (4) There is no unfair prejudice as Boeing now has the relevant information.

1

1. **Plaintiff Complied with the Federal Rules of Civil Procedure and the Mandatory Initial Discovery Pilot Program**

In a lawsuit, a party is the plaintiff, the one filing the lawsuit, and the defendant, the one being sued. The parties in this lawsuit are the plaintiff and decedent's brother, Gunit Garg, as the Special Administrator of the Estate of Shikha Garg ("Plaintiff-administrator") and the defendant, the Boeing Company ("Boeing"). FRCP 17(a)(1)(B) (an administrator may sue in his own name without joining the person for whose benefit the action is brought).

Under the MIPD, the Plaintiff-administrator was required to disclose "the facts relevant to [his claims] and the legal theories upon which they are based." MIDP ¶ 4. The Plaintiff-administrator fulfilled that duty. Under the MIDP, each party's initial response must be based on the information then reasonably available to it. MIDP ¶ 1(b). At no time was the Plaintiff-administrator aware of the fact that Ms. Garg had been pregnant at the time of the crash. In addition, their parents, Satish Garg and Rajbala Garg, did not know that she had been pregnant at the time of the crash. It was Mr. Bhattacharya, the widower-beneficiary, who knew that information. Under the MIDP, it was the Plaintiff-administrator's responsibility to advise Boeing of Mr. Bhattacharya's name and contact information as having facts relevant to the damage claims which he did. Dkt. 2686, Ex. 2 at 3-4. The Plaintiff-administrator advised Boeing that Mr. Bhattacharya had "personal level information of her interests, hard work, nature, her ambitions, companionship and their relations and good times, professional information." *Id.* It was not the Plaintiff-administrator's responsibility to advise Boeing of facts not known to him or his counsel. *Id.*

Indeed, in Boeing's own requests for discovery directed to the Plaintiff-administrator that they cite in support of their motion, Boeing identifies "You" or "Your" in their interrogatories and requests for production as "the Plaintiff(s), and any representatives, agents, attorneys, and any other person acting or purporting to act on Your behalf." Ex. 1 (The Boeing Company's First Set

2

of Damages Interrogatories and Requests for Production). Boeing's discovery requests were made to the Plaintiff-administrator, not the widower-beneficiary.

Boeing suggests, without support, that the duty of FRCP disclosure falls on the widower-beneficiary. Dkt. 2686 at 4. While Mr. Bhattacharya is a beneficiary to recover Survival Act damages through Mr. Garg's estate under Hindu Succession Act of 1956, he is not a party in the lawsuit. *Hindu Succession Act of 1956* at Ch. I, 2, Ch. II 15-16. The fact that Mr. Bhattacharya has an interest in the lawsuit and is the one whose damages the jury will decide does not equate to an obligation to disclose under the FRCP and the Mandatory Initial Discovery Pilot Program. IPI 31.09.

**2. Counsel for Plaintiff Immediately Advised Boeing of this Newly Discovered Information**

On September 29, 2025, in the course of trial preparation, counsel for Plaintiff learned that Ms. Garg was pregnant when she lost her life on flight ET 302. On September 30, 2025, Plaintiff advised Boeing of this information. Dkt. 2686, Ex. 1.

On October 1, 2025, Boeing requested more information regarding the pregnancy including how it came to Plaintiff's attention, who was aware of this information and whether there were any responsive medical records. Dkt. 2686, Ex. 8.

In response on October 3, 2025, Plaintiff advised Boeing that the pregnancy came to counsel's attention through a discussion with Mr. Bhattacharya in the course of trial preparation. Dkt. 2686, Ex. 9. Plaintiff also advised Boeing that the Plaintiff-administrator and Ms. Garg's other family members (mother, father, sisters) were not told by Mr. Bhattacharya that Ms. Garg was pregnant when she died, due to their grief after Ms. Garg's death. As such, neither Plaintiff-administrator nor decedent's father, Mr. Satish Garg, was aware of that information when the

plaintiff responded to discovery nor when they were both deposed. Plaintiff further advised that Ms. Garg was only one month pregnant and there were no medical records.

There were no more requests for information made by Boeing after the plaintiff's October 3rd response. Instead, Boeing filed the instant motion seeking preclusion as they apparently would rather have a dispute than a solution. Boeing claims that they have no time to ask additional questions (Dkt. 2686 at 6), but they did have time to draft this ten-page motion.

3. **Boeing did not ask the widower-beneficiary Soumya Bhattacharya during his discovery deposition whether his wife and crash victim Ms. Garg had been pregnant at the time of the crash, nor did Boeing propound any other discovery requests to Mr. Bhattacharya**

Boeing noticed and deposed Mr. Bhattacharya during discovery in response to him being identified by the Plaintiff-administrator as having information relevant to the claims for damages as required under FRCP 26(a)(1) and the MIDP. Boeing decided what questions to ask, which did not include whether Ms. Garg had been pregnant at the time of the crash. Boeing simply failed to elicit the information they now say they should have been told. Boeing also never propounded any interrogatories or requests for production to the Plaintiff-administrator nor Mr. Bhattacharya inquiring whether Ms. Garg had been pregnant at the time of the crash. As to Boeing's general request for Ms. Garg's medical records, there are no responsive medical records, as was communicated to Boeing via letter on October 3, 2025.

4. **There is No Unfair Prejudice to Boeing and Precluding this Highly Relevant Information would be Unfairly Prejudicial to the Plaintiff**

A district court has "wide discretion" when it rules on the admission of evidence. *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012). Evidence should be barred only where it is clearly inadmissible for any purpose, and this is a high standard. *Sec. & Exch. Comm'n v. Ferrone*, 163 F. Supp. 3d 549, 555 (N.D. Ill. 2016). The moving party bears the burden of establishing clear

4

inadmissibility, and if the moving party cannot satisfy her burden, the motion to preclude should be denied. *Id.*

Boeing cites FRCP 37(c)(1) and *Tribble v. Evangelides*, 670 F.3d 753 (7th Cir. 2012) as support for its motion to preclude, but that rule and case are inapplicable because there was no violation of the MIPD as the information at issue was not known to the Plaintiff-administrator at any point during the litigation who had the duty under the FRCP and the MIPD. *Tribble* involved non-disclosed expert testimony under FRCP 26(a)(2). *Tribble* held that, "[u]nder Rule 37(c)(1), non-disclosed expert testimony is automatically excluded unless 'the failure was substantially justified or is harmless.'" *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012)(quoting *Musser v. Gentiva Health Serv's,* 356 F.3d 751, 758 (7th Cir.2004)). The Court opined that this is an appropriate sanction for expert disclosures because without proper expert disclosures, a party may be prejudiced in missing its opportunity to disqualify the expert, retaining rebuttal experts, or holding depositions for an expert not required to provide a report. *Id.* at 758. None of these bases for prejudice are present here as this is lay witness testimony.

Even assuming, arguendo, that FRCP 37(c)(1) does apply, the disclosure was substantially justified and harmless. *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir.2003).[1] First, there is no unfair prejudice to Boeing as Boeing received the relevant information it requested. Second, there is no likelihood of disruption to the trial as this information was disclosed more than a month before the trial. Lastly, there was no bad faith or willfulness in not disclosing the information at an earlier date because it was unknown to the Plaintiff-administrator, unknown to the parents of Ms.

---

[1] *David v. Caterpillar, Inc.* also involved the failure to disclose expert testimony; the 7th Circuit held that the District Court did not abuse its discretion in permitting the expert to testify at trial under FRCP 37(a)(1) despite the fact that defendants only learned of the expert's statements only days before trial. *David v. Caterpillar, Inc.,* 324 F.3d 851, 857-58 (7th Cir.2003).

Garg and unknown to counsel. When this fact came to the attention of plaintiff's counsel, it was immediately disclosed to Boeing.

Ms. Garg's pregnancy is highly probative to the claims for grief, sorrow, and mental suffering. 740 ILCS 180/2; IPI 31.01. Boeing does not dispute this. Under FRE 403, the probative value is not substantially outweighed by the danger of unfair prejudice to Boeing for the reasons stated above. Precluding this highly relevant evidence would be unfairly prejudicial to the Plaintiff as it is directly relevant to the beneficiary's claims for damages, and good cause has not been shown for its preclusion.

## CONCLUSION

Boeing's motion should be denied.

/s/ Elizabeth Crawford
Shanin Specter
Elizabeth Crawford
KLINE & SPECTER P.C.
*Counsel for the Estate of Shikha Garg*

/s/ Joseph A. Power
Joseph A. Power, Jr.
Jonathan Thomas
POWER RODGERS LLP
*Local counsel for the Estate of Shikha Garg*

Dated: October 17, 2025

## CERTIFICATE OF SERVICE

  I hereby certify that on October 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CMF/ECF system, which will send notification of such filing to all attorneys of record.

                 */s/ Elizabeth Crawford*
                 Shanin Specter
                 Elizabeth Crawford
                 KLINE & SPECTER P.C.
                 *Counsel for the Estate of Shikha Garg*