IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH** <br><br> JOSHUA MWAZO BABU and EMILY CHELANGAT BABU, Individually and as Co-Personal Representatives of the Estate of JARED BABU MWAZO, deceased. <br><br> *Plaintiffs*, <br><br> v. <br><br> THE BOEING COMPANY, a Delaware Corporation, et. al., <br><br> *Defendants* | Lead Case No. 19-cv-2170 <br><br><br><br><br><br><br><br> Sub-Case No.: 19-cv-05562 <br><br> Jury Trial Demanded <br><br> Amount Demanded: <br><br> District Judge: Hon. Judge Jorge L. Alonso |

## MOTION TO STAY ORDER [R. 2709] PENDING PLAINTIFFS' RESPONSE TO SEALED REPORT [2696]

Plaintiffs Joshua Mwazo Babu and Emily Chelangat Babu, individually and as co-personal representatives of the Estate of Jared Babu Mwazo, deceased ("Plaintiffs" or "Movants"), through the undersigned counsel, respectfully move this Honorable Court for an order staying enforcement of its order (Doc. 2709) pending Plaintiffs' response to the guardian ad litem ("GAL")'s sealed report [2696]. In support of this motion, Plaintiffs state as follows:

1. On October 22, 2025, the Court-appointed GAL filed a sealed 4-page report, but did not serve the Plaintiffs. On October 23, 2025, Plaintiffs requested a copy of the report and filed a motion a day later asking the Court to direct service when they were unable to get a copy. (R. 2706).

1

2. On October 27, 2025, the GAL informed Plaintiffs that the Court had directed that Plaintiffs be served with the report but no order was entered on the docket.

3. Plaintiffs received a 4-page report on October 28, 2025. The report included 2 recommendations by the GAL: (1) to be granted leave to execute the Stipulation of Liability on behalf of E.C.B; and (2) to be granted leave to retain new counsel on behalf of E.C.B, in replacement of her present counsel.

4. On the same day, before Plaintiffs could be heard on the recommendations, the Court entered an order granting all the requests. (R. 2709). Plaintiffs, individually and as the duly appointed administrators of the decedent's Estate, object to the GAL's report on various grounds, including that: (a) It does not accurately reflect their position, and (2), it asserts, without support, that Kenyan law "provides for a cap on compensatory damages." (Rep at 3, ¶3).

5. Plaintiffs respectfully ask the Court to stay its order until they have an adequate opportunity to fully present their position in writing. This is particularly so because the Estate has five (5) beneficiaries and a probate Court in Kenya has already conclusively determined how the proceeds from this lawsuit will be divided among the five (5) beneficiaries.

6. Without a stay, the GAL's actions will irreparably infringe on the beneficiaries' rights, or cause unnecessary waste of resources and duplicate this litigation, or both.

7. For example, although the Court has granted the GAL's request to execute the Stipulation of Liability on behalf of E.C.B., such an act could be of nought and waste the Estate's resources. The Stipulation is an agreement between "the parties" [See R. 1217-1]; but E.C.B is not a party in this action and, cannot be a party in interest under either Illinois or Kenyan law. She is merely a beneficiary. She unquestionably lacks standing to assert the pending claims under both Kenyan and Illinois law. See e.g. *Hudson v. Kelly*, No. 98 C 7847, 1999 WL 412705, at *4 (N.D. Ill. June

2

3, 1999)(granting motion to dismiss Illinois Wrongful Death and survivors actions claims asserted by minor beneficiaries for lack of standing);*Will v. Northwestern University*, 378 Ill.App.3d 280, 289, 317 Ill.Dec. 313, 881 N.E.2d 481 (2007)(explaining that estate beneficiaries of a wrongful death action are not "parties" of record in their individual capacities to the suit, have no right of action or control over the suit).

8. The Wrongful Death Act does not create an individual right in the beneficiaries or anyone of them to bring suit but instead empowers the personal representative of the decedent to bring an action for the benefit of the beneficiaries. *Jury v. Ogdon*, 56 Ill.App.100 (3d Dist.1894); *Mitseff v. Acme Steel Co.*, 208 F.Supp. 805 (N.D.Ill.1962);*Wilbon v. D.F. Bast Co.*, 73 Ill.2d 57, 382 N.E.2d 784, 22 Ill.Dec. 394 (1978).

9. Similarly, only an appointed representative of a decedent's estate or an appointed special representative may pursue an Illinois survival action on behalf of the decedent. 735 ILCS 5/2–1008. *Higgins v. Roberson*, No. 13-CV-1274, 2014 WL 4099405, at *2 (C.D. Ill. Aug. 20, 2014).

10. Moreover, this Court lacks jurisdiction to appoint a special administrator of a decedent's estate. *Coleman v. McLaren*, 590 F.Supp. 38 (N.D.Ill.1984). Therefore, its order granting the GAL's request could not possibly confer standing on the GAL or E.C.B.

11. The fact that E.C.B. is a minor does not change the analysis because the authority of a guardian ad litem in relation to the suit is equal to what would be the authority of the ward if she were an adult. *Ott v. Little Co. of Mary Hosp.*, 273 Ill. App. 3d 563, 576, 652 N.E.2d 1051, 1060 (1995)(noting that the authority of the guardian ad litem in relation to the suit is equal to what would be the authority of the ward if he were an adult). Here, E.C.B. as an adult would not be able to sign the Stipulation as a beneficiary of the Estate. She should not be able to do so as a minor through the GAL.

12. Plaintiffs intend to file a more comprehensive position detailing their response to the GAL's report; but request the Court to stay its order until they have a fair opportunity to do so to prevent undue prejudice to them and the rest of the Estate's beneficiaries.

        Respectfully Submitted

        /s/ Eric Onyango
        Eric Onyango
        Prime Legal, LLC
        222 North Columbus Drive #1507
        Chicago, IL 60601
        312-315-8568
        Counsel for Plaintiffs Joshua Mwazo Babu and Emily Chelangat Babu, individually and as co-personal representatives of the Estate of Jared Babu Mwazo, deceased

**CERTIFICATE OF SERVICE**

I, Eric Onyango, an attorney, certify that on October 28, 2025, I caused a copy of this document to be filed using the Court's electronic filing system, which will cause service upon all counsel of record.

/s/ Eric Onyango
Counsel for Plaintiffs Joshua Mwazo Babu and Emily Chelangat Babu, individually and as co-personal representatives of the Estate of Jared Babu Mwazo, deceased