**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) <br><br> Honorable Jorge L. Alonso <br><br> Magistrate Judge Weisman |

**BOEING'S MOTION TO PRECLUDE PLAINTIFF FROM
QUESTIONING BOEING'S EXPERT DR. RAWSON WOOD ABOUT THE
EXCLUSION OF HIS TESTIMONY IN OTHER CASES**

Boeing moves under Federal Rules of Evidence 402 and 403 to preclude Plaintiff's counsel from questioning its expert, Dr. Rawson Wood, about past, unrelated cases in which his testimony was limited or excluded. This is not permitted, as it would undermine the Court's role as "gatekeeper" under Rule 702 and circumvent its *Daubert* rulings in this litigation.

In Dr. Wood's deposition, PEC counsel asked a long series of questions about two cases in which Dr. Wood's opinions were limited or excluded for reasons that are irrelevant to this case. ECF 1541-2 (Wood Dep.) at 67:19–84:16. On November 9, 2025, Plaintiff's counsel here confirmed that she intends to ask these kinds of questions during Dr. Wood's cross-examination at trial.

The Northern District of Illinois has prohibited parties from cross-examining experts on the fact that other courts have limited or excluded their opinions in other cases. In *Quirin v. Lorillard Tobacco Co.*, for example, the plaintiff filed a motion in limine "to preclude evidence and reference to any prior court opinion or prior exclusion of testimony of any of plaintiff's expert witnesses." 2015 WL 13883090, at *4 (N.D. Ill.). Rather than defer ruling on the motion, as the defendants requested, the court granted the motion because "[i]ntroducing evidence or referring to any prior court opinion or prior exclusion of testimony of any of Plaintiff's expert witnesses undermines the court's rulings on *Daubert* motions in this case." *Id.* at 5.

The court in *Quirin* relied on *Estate of Thompson v. Kawasaki Heavy Industries, Ltd.*, which persuasively explained why this kind of cross-examination should not be permitted. 933 F. Supp. 2d 1111, 1152 (N.D. Iowa 2013). As put by the district judge in *Thompson*: "An attempt to present a *Daubert* ruling of another court regarding [the expert] would be an attempt to circumvent my role as the 'gatekeeper' *in this case* by asking the jurors to substitute for mine the judgment *of another court*, *in another case*, about whether or not an expert is qualified." *Id.*

2

(emphases original). The court also noted the risk of "delay" due to the "mini-trial" that this kind of questioning would inevitably cause over (among other things) "the extent to which [the witness] was offered as an expert on the same or different issues in this case and the previous case, any differences in his methodology or reasoning . . . , and the precise scope and rationale for the previous court's exclusion." *Id.* While the court underscored that "vigorous cross-examination" is the proper way to challenge "shaky but admissible evidence," it clarified that "nothing about this principle suggests that 'vigorous cross-examination' includes impeachment with a prior court's exclusion of a witness pursuant to the *Daubert* standards." *Id.* (citations and quotations omitted).

As in *Thompson*, Plaintiff is "free to cross-examine, vigorously," the opinions offered by Dr. Wood "*in this case*, based on his reasoning, methodology, and the facts and assumptions on which he relied *in this case*." *Id.* (emphases original). But they cannot bring up *Daubert* rulings from other cases to insinuate to the jury that "because his testimony was discredited by the trial court in [a prior case], the jury should discredit it in this case." *McAllister-Lewis v. Goodyear Dunlop Tires N. Am., Ltd.*, 2017 U.S. Dist. LEXIS 167919, at *6–7 (D.S.D.).

The fact that Dr. Wood has offered opinions in other cases—and that courts have occasionally limited, excluded, or critiqued some of those opinions—has no bearing on the weight of his testimony here. Cross-examining him on this subject would be unfairly prejudicial, confuse and mislead the jury, and waste everybody's time. Fed. R. Evid. 403. It should not be permitted.

| | |
|---|---|
| DATED November 9, 2025 | **THE BOEING COMPANY** |
| | By: /s/ *Dan K. Webb*<br>*One of Its Attorneys* |

Dan K. Webb
dwebb@winston.com
Linda T. Coberly
lcoberly@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
Samuel M. Zuidema
szuidema@winston.com
**Winston & Strawn LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654-3406
Phone: (312) 558-5600

Sandra A. Edwards
sedwards@winston.com
**Winston & Strawn LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Christopher M. Ledford
CLedford@perkinscoie.com
Mack H. Shultz
MShultz@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

                                                                /s/ *Samuel M. Zuidema*
                                                                 **WINSTON & STRAWN LLP**
                                                                 300 N. LaSalle Dr.
                                                                 Chicago, Illinois 60654-3406
                                                                 Phone: (312) 558-5600