IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW
ON DAMAGES FOR PAIN, SUFFERING, AND EMOTIONAL DISTRESS**

Boeing moves under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on damages for Shikha Garg's pain, suffering, and emotional distress. The Illinois Survival Act permits recovery of these damages only when they are caused by a physical injury before death. As a matter of law, because Plaintiff here has produced no evidence sufficient for a jury to conclude that Ms. Garg suffered a physical injury at any point before she died, Ms. Garg's estate may not recover these damages.

Illinois law is clear: A plaintiff may "recover damages for conscious pain and suffering of the decedent" only "from the time of his injuries to the time of death." *Murphy v. Martin Oil Co.*, 56 Ill. 2d 423, 426 (1974); *accord Readel v. Vital Signs, Inc.*, 2002 WL 1359417, at *3 (N.D. Ill.); *Eisenmann v. Cantor Bros., Inc.*, 567 F. Supp. 1347, 1351 (N.D. Ill. 1983); IPI § 31.10 (jury must award "damages proved by the evidence to have resulted from the [negligence] [wrongful conduct] of the defendant during the period between the time of the decedent's injuries and the time of decedent's death"). "Pain and suffering" is routinely understood to include "emotional distress."[1] Thus, for pain, suffering, and emotional distress to be compensable under the Survival Act, it "must be caused by bodily injury." *Est. of Love v. Rassmussen*, 2018 WL 10613262, at *7 (C.D. Ill.) (quoting *In re Aircrash Disaster Near Roselawn on Oct. 31, 1994*, 926 F. Supp. 736, 742 (N.D. Ill. 1996)). In other words, "pre-impact fright and terror has been held to be non-actionable" under the Survival Act. *Rassmussen*, 2018 WL 10613262, at *7 (quoting *In re*

---

[1] *See Marxmiller v. Champaign-Urbana Mass Transit Dist.*, 2017 IL App (4th) 160741, ¶ 53 ("[E]motional distress is a form of suffering, not a separate element."); *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 808 (1993) ("Fear of cancer was only part of emotional distress, an element of pain and suffering."); *Doe v. Ilani*, 2019 IL App (1st) 170754-U, ¶ 69 ("[T]he term 'suffering' is another form of 'distress of the mind.' Based on the evidence presented, the jury could reasonably consider pain and suffering to include emotional distress, and could decide to avoid a duplicative award for emotional distress."); *see also Gunter v. United States*, 2018 U.S. Dist. LEXIS 8748, at *35 (S.D. Ill.) ("A plaintiff may be awarded damages as a result of pain and suffering (including emotional distress).").

1

*Roselawn*, 926 F. Supp. at 742); *see also In re Aircrash Disaster Near Chicago, Ill. On May 25, 1979*, 507 F. Supp. 21, 23 (N.D. Ill. 1980) ("plaintiff cannot recover for the fright and terror her [decedent] may have experienced in anticipation of physical injury").

Plaintiff here has produced no evidence sufficient for a jury to conclude that Ms. Garg experienced a physical injury before impact. Plaintiff elicited testimony about the flight from four expert witnesses—Charles Pereira, Thomas Jenkyn, Troy Faaborg, and Vickie Norton—none of whom testified that Ms. Garg was physically injured.

- Mr. Pereira disclosed no opinion about injury at all and confirmed at trial that he was "not providing testimony about injury to any human body on the ET 302 flight." Trial Tr. at 568:24–569:2.

- Captain Norton likewise confirmed that she was "not offering an opinion . . . about pre-impact injuries to any passenger at any point during th[e] entire flight." *Id.* at 824:7–11.

- Dr. Jenkyn disclosed opinions about injury, but the Court excluded them as unreliable under Rule 702. June 5, 2023 Hr'g Tr. at 6:5–7:24, 58:12–60:7. The Court then clarified during trial that its ruling also precluded Jenkyn's opinions about pain. Trial Tr. at 560:6–10. For that reason, Jenkyn did not give any admissible testimony about pain *or* injury at trial. Indeed, the one time Jenkyn attempted to testify about injuries (which prompted Boeing to move for a mistrial), the Court sustained Boeing's objection and struck his testimony. *Id.* at 628:24–629:12. And even this stricken testimony could not have been enough to establish that Ms. Garg more likely than not suffered a physical injury.

2

- Lieutenant Colonel Faaborg's injury opinions, like Jenkyn's, were excluded under Rule 702. June 5, 2023 Hr'g Tr. at 9:9–10:3. So when he took the stand, Faaborg testified only about a few discrete "physiological effects" that the Court carved out from its ruling because they did not "cross the line" into injury. *See* Oct. 29 Hr'g Tr. at 60:3–8. For example, Faaborg testified about "cardiovascular effects" such as "increased heart rate, increased blood pressure," and "increased breathing"—and Plaintiff's counsel assured the Court that "[n]one of those are pain or injury" and that Faaborg "was permitted to discuss those as long as he didn't discuss pain or agony or a specific injury to any of the passengers." Trial Tr. at 661:22–23, 663:3–8. The Court agreed. *Id.* at 663:21–22. For his part, Faaborg compared physiological effects likely experienced on the flight to those experienced by visitors of Disney World who choose to ride the Tower of Terror. As he put it, the Tower of Terror is "a great example because you have an environment where you're sitting in a seat belted in, and the forces are exactly these positive and negative g-forces straight up and straight down that we've been demonstrating here." *Id.* at 674:17–21. Faaborg could not have meant to suggest—and no jury could reasonably conclude—that everyone who chooses to ride the Tower of Terror suffers a physical injury.

What's more, Boeing's expert Dr. Rawson Wood explained that "physiological effects" like those Faaborg discussed are "normal thing[s] that the body experiences or does based on something else in the world" and "would happen on a routine commercial flight." *Id.* at 899:19–900:6. Wood also testified that "it is unlikely that any of the passengers on ET 302 would have experienced a physical injury prior to ground impact," which led to death in fractions of a

3

second. *Id.* at 590:18–21, 896:15–21. The jury heard no contrary testimony and received no contrary evidence.

Finally, even if the jurors *could* infer that Ms. Garg suffered a physical injury before death—and they cannot, because such an inference would not be "drawn from evidence" (*id.* at 373:23–24)—there still would be no basis to infer that any pain, suffering, or emotional distress was "*caused* by bodily injury." *Rassmussen*, 2018 WL 10613262, at *7 (emphasis added); *see also* IPI 30.05 (permitting recovery for only "[t]he pain and suffering experienced . . . as a result of the injuries"). To the contrary, all the evidence suggests that Ms. Garg's emotional distress resulted from the movements of the airplane and her contemplation of what was to come.

Simply put, Plaintiff has not produced the evidence necessary to support damages under the Survival Act. No reasonable jury could find it more likely than not that Ms. Garg experienced a physical injury before ground impact. Any such finding would be based purely on "speculation," not evidence. Trial Tr. at 373:17–18. The Court should therefore grant judgment as a matter of law for Boeing on any claim for damages based on Ms. Garg's pain, suffering, and emotional distress.

| | |
|---|---|
| DATED November 11, 2025 | **THE BOEING COMPANY**<br><br>By: /s/ *Dan K. Webb*<br>*One of Its Attorneys*<br><br>Dan K. Webb<br>dwebb@winston.com<br>Linda T. Coberly<br>lcoberly@winston.com<br>Christopher B. Essig<br>cessig@winston.com<br>Julia M. Johnson<br>jmjohnson@winston.com<br>Samuel M. Zuidema<br>szuidema@winston.com<br>**Winston & Strawn LLP**<br>300 N. LaSalle Dr.<br>Chicago, Illinois 60654-3406<br>Phone: (312) 558-5600<br><br>Sandra A. Edwards<br>sedwards@winston.com<br>**Winston & Strawn LLP**<br>101 California Street<br>35th Floor<br>San Francisco, CA 94111-5840<br>Phone: (415) 591-1000<br><br>Christopher M. Ledford<br>CLedford@perkinscoie.com<br>Mack H. Shultz<br>MShultz@perkinscoie.com<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Phone: (206) 359-8000<br>Fax: (206) 359-9000<br><br>Jon R. Buck<br>JBuck@perkinscoie.com<br>**Perkins Coie LLP**<br>131 S. Dearborn, Suite 1700<br>Chicago, Illinois 60603-5559<br>Phone: (312) 324-8400<br>Fax: (312) 324-9400 |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

> /s/ *Dan K. Webb*
> **WINSTON & STRAWN LLP**
> 300 N. LaSalle Dr.
> Chicago, Illinois 60654
> Phone: (312) 558-5600