**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH<br><br>This filing relates to: 19-cv-2281 | Lead Case: 1:19-cv-02170 (Consolidated)<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Weisman |

**BOEING'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW
ON DAMAGES FOR PAIN, SUFFERING, AND EMOTIONAL DISTRESS
AND FOR GRIEF, SORROW, AND MENTAL SUFFERING**

Boeing moves under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on damages for (1) Samya Stumo's pain, suffering, and emotional distress and (2) her beneficiaries' grief, sorrow, and mental suffering.

Under both Illinois and Massachusetts law, damages for a decedent's pain, suffering, and emotional distress are recoverable only when they are caused by a physical injury before the decedent's death. Indeed, under Massachusetts law, the pain, suffering, and emotional distress must commence with impact of the fatal injury. Plaintiffs here have produced no evidence sufficient for a jury to conclude that Ms. Stumo suffered a physical injury—much less a fatal injury—at any point before the plane's impact with the ground. Thus, Plaintiffs may not recover these damages as a matter of law.

Nor can Plaintiffs recover damages for the beneficiaries' grief, sorrow, and mental suffering under Massachusetts law, which Boeing maintains should govern compensatory damages in this case. *See* ECF 2781. There is no dispute that "while Illinois law allows damages for beneficiaries' grief and sorrow, Massachusetts law does not." ECF 2861 at 1 (citing *MacCuish v. Volkswagenwerk A.G.*, 494 N.E.2d 390, 401 (1986), *aff'd,* 508 N.E.2d 842 (Mass. 1987)). For that reason, Boeing is entitled to judgment as a matter of law on these damages too.

## I. The Court should grant Boeing judgment as a matter of law on damages for the decedent's pain, suffering, and emotional distress.

Boeing previously moved this Court to apply Massachusetts law to the issue of compensatory damages in this case. *See* ECF 2781 (motion), 2848 (reply). As Boeing explained, for a survival claim, "Massachusetts has declined 'to extend the right to recover for [the decedent's] conscious pain and suffering to pre-impact fright.'" ECF 2781 (quoting *Gage v. City of Westfield*, 532 N.E.2d 62, 71 (Mass. App. 1988)); *see also Freeman v. Massachusetts Bay Transp. Auth.*, 2000 WL 1909777, at *5 (Mass. Super.) (same). As the court explained in *Gage*,

1

"[i]t is not at all uncommon for victims of sudden, fatal accidents to experience momentary fright prior to impact such as the plaintiffs' decedents experienced. Yet the relevant period for purposes of measuring compensation for conscious pain and suffering has consistently been defined in our appellate decisions as commencing with the impact of the fatal injury." 532 N.E.2d at 71. Plaintiffs did not respond to this argument in their briefing (*see* ECF 2836 at 9 n.8), and this Court recognized that "case law in Massachusetts suggests" that damages for "pre-impact fright and terror" are not recoverable (ECF 2861 at 1–2 (citing *Gage*, 532 N.E.2d at 71)).

This Court denied Boeing's choice-of-law motion, choosing to apply Illinois law in this case rather than Massachusetts law. *See* ECF 2861. Boeing maintains its position that compensatory damages should be governed by Massachusetts law. But in any event, Illinois law is equally clear. While Boeing recognizes that this Court ruled otherwise (*see* ECF 1749), Illinois courts have long held that a plaintiff may "recover damages for conscious pain and suffering of the decedent" only "from the time of his injuries to the time of death." *Murphy v. Martin Oil Co.*, 56 Ill. 2d 423, 426 (1974); *see also Readel v. Vital Signs, Inc.*, 2002 WL 1359417, at *3 (N.D. Ill.); *Eisenmann v. Cantor Bros., Inc.*, 567 F. Supp. 1347, 1351 (N.D. Ill. 1983); IPI § 31.10 (jury must award "damages proved by the evidence to have resulted from the [negligence] [wrongful conduct] of the defendant during the period between the time of the decedent's injuries and the time of decedent's death"). And courts applying Illinois law have routinely understood "conscious pain and suffering" to include "emotional distress."[1] Thus, for emotional distress to

---

[1] *See Marxmiller v. Champaign-Urbana Mass Transit Dist.*, 2017 IL App (4th) 160741, ¶ 53 ("[E]motional distress is a form of suffering, not a separate element."); *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 808 (1993) ("Fear of cancer was only part of emotional distress, an element of pain and suffering."); *Doe v. Ilani*, 2019 IL App (1st) 170754-U, ¶ 69 ("[T]he term 'suffering' is another form of 'distress of the mind.' Based on the evidence presented, the jury could reasonably consider pain and suffering to include emotional distress, and could decide to avoid a duplicative award for emotional distress."); *see also Gunter v. United*

2

be compensable under the Survival Act, it "must be caused by bodily injury." *Est. of Love v. Rassmussen*, 2018 WL 10613262, at \*7 (C.D. Ill.) (quoting *In re Aircrash Disaster Near Roselawn on Oct. 31, 1994*, 926 F. Supp. 736, 742 (N.D. Ill. 1996)). In other words, as in Massachusetts, "pre-impact fright and terror has been held to be non-actionable" under the Illinois Survival Act. *Id.* (quoting *In re Roselawn*, 926 F. Supp. at 742); *see also In re Aircrash Disaster Near Chicago, Ill. On May 25, 1979*, 507 F. Supp. 21, 23 (N.D. Ill. 1980) ("plaintiff cannot recover for the fright and terror her [decedent] may have experienced in anticipation of physical injury").

Plaintiffs here have produced no evidence sufficient for a jury to conclude that Ms. Stumo experienced a physical injury before impact. Plaintiffs elicited testimony about the flight from three expert witnesses—Charles Pereira, Captain Vickie Norton, and Lieutenant Colonel Troy Faaborg—none of whom testified that Ms. Stumo was physically injured:

- Pereira disclosed no opinion about injury. On direct examination, he did not testify that any passenger experienced a physical injury. On cross-examination, he confirmed that he was not offering an opinion that any passenger experienced a physical injury prior to ground impact. Trial Tr. at 464:12–23.

- Norton likewise confirmed that she was "not offering an opinion in this case about pre-impact injuries to passengers at any point in time during this entire flight." *Id.* at 611:4–7.

- Faaborg's injury opinions were excluded under Rule 702. June 5, 2023 Hr'g Tr. at 9:9–10:3. At trial, he testified only about a few discrete "physiological effects" that the Court carved out from its ruling because they did not "cross the line" into injury. *See* Oct. 29, 2025 Hr'g Tr. at 60:3–8.[2] For example, Faaborg testified about "fluid shifting," "slight elongation or stretching of the spine," and "feel[ing] much lighter in your seat." Trial Tr. at 773:9–13, 778:19–779:6. At no point did Faaborg

---

*States*, 2018 U.S. Dist. LEXIS 8748, at \*35 (S.D. Ill.) ("A plaintiff may be awarded damages as a result of pain and suffering (including emotional distress).").

[2] To be clear, Boeing moved to exclude *all* Faaborg's opinions about "physiological effects" (*see* ECF 1542 at 9–12) and maintains that this testimony should not have been admitted at trial.

offer testimony that would enable the jury to find that any passenger experienced a physical injury prior to impact.

What's more, Boeing's expert Dr. Rawson Wood explained that "physiological effects" like those Faaborg discussed are "the same physiological effects that affect everybody in their everyday activities" and that are experienced to "all passengers" on "any commercial flight."[3] Wood also testified that "it is unlikely that any seatbelted passenger on ET 302 experienced physical injury prior to ground impact," which led to death in "a fraction of a second." The jury heard no contrary testimony and received no contrary evidence.

Further, even if the jurors *could* infer that Ms. Stumo suffered a physical injury before death—and they cannot, because that would be speculation, not a reasonable inference drawn from evidence—there still would be no basis to recover damages for pain, suffering, and emotional distress under Massachusetts law. "[T]he relevant period" to recover such damages under Massachusetts law "commenc[es] with the impact of the *fatal* injury." *Gage*, 532 N.E.2d at 71 (emphasis added). The fatal injury here occurred when the plane impacted the ground, resulting in the instantaneous death of its passengers. No evidence suggests that Ms. Stumo experienced conscious pain, suffering, or emotional distress in the milliseconds between the impact and her death. *See* ECF 1593 (Boeing's motion to exclude evidence that passengers experienced any pain and suffering at the moment of impact because death was instantaneous); *see also* ECF 1749 at 7 (granting motion).

Nor is there any basis to infer that any pain, suffering, or emotional distress was "*caused by bodily injury*," as required under Illinois law. *Rassmussen*, 2018 WL 10613262, at *7 (emphasis added); *see also* IPI 30.05 (permitting recovery for only "[t]he pain and suffering

---

[3] At the time of filing this motion, the final transcript of Dr. Wood's testimony was unavailable. The testimony quoted here is based on the rough transcript.

experienced . . . as a result of the injuries"). To the contrary, all the evidence suggests that Ms. Stumo's emotional distress resulted from the movements of the airplane and her contemplation of what was to come.

Simply put, Plaintiffs have not produced the evidence necessary to support survival-action damages for conscious pain, suffering, and emotional distress under either Illinois or Massachusetts law. No reasonable jury could find it more likely than not that Ms. Stumo experienced a physical injury—much less a fatal injury—before ground impact, or that any injury would have been the cause of her emotional distress. Any such finding would be based purely on speculation, not evidence. The Court should therefore grant judgment as a matter of law for Boeing on any claim for damages based on Ms. Stumo's pain, suffering, and emotional distress.

## II.     The Court should grant Boeing judgment as a matter of law on damages for the beneficiaries' grief, sorrow, and mental suffering.

In a wrongful-death action under Massachusetts law—which, again, Boeing maintains should apply to compensatory damages in this case—damages for "grief, anguish, and bereavement of the survivors" are not recoverable. *See MacCuish*, 494 N.E.2d at 393–98 & n.19. Plaintiffs conceded this (*see* ECF 2836 at 3, 4), and the Court has recognized it as undisputed (*see* ECF 2861 at 1). Under the proper legal framework, then, no evidence could permit the jury to award damages for grief, sorrow, and mental suffering. Thus, the Court should grant judgment as a matter of law on these damages as well.

DATED May 12, 2026

**THE BOEING COMPANY**

By: /s/ *Samuel M. Zuidema*
*One of Its Attorneys*

Dan K. Webb
dwebb@winston.com
Linda T. Coberly
lcoberly@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
Samuel M. Zuidema
szuidema@winston.com
**Winston & Strawn LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654-3406
Phone: (312) 558-5600

Sandra A. Edwards
sedwards@winston.com
**Winston & Strawn LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2026, I electronically filed the foregoing with the Clerk

of the Court using the CM/ ECF system, which will send notification of such filing to all

attorneys of record.

/s/ *Samuel M. Zuidema*
**WINSTON & STRAWN LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone: (312) 558-5600