**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) |
| | Honorable Jorge L. Alonso |
| | Magistrate Judge Weisman |

**BOEING'S MOTION FOR RELIEF UNDER RULE 16**

In the joint pretrial order, "[t]he Parties . . . agreed" that "[a]t 6:00 pm two days before each day of trial, each party will exchange . . . [a] list of each trial exhibit for each live witness it intends to present during examination" (emphasis added). This order was entered by the Court, "control[s] the course of the trial[,] and will be amended only by consent or to prevent injustice." July 29, 2026 Hr'g Tr. at 30:25–31:2; *accord* Fed. R. Civ. P. 16(d) (pretrial order "controls the course of the action unless the court modifies it"). The purpose of this provision is efficiency—to limit the disputes that must be presented to the Court and to avoid wasting the jury's time. With that in mind, in each of the prior trials, the parties have worked collaboratively to winnow the number of disputed exhibits and present a limited number to the Court for resolution. Unfortunately, though, the agreed process set forth in the PTO has been stymied here by Plaintiff's counsel, who has refused to engage in good faith regarding the exhibits they intend to use during the direct examination of Plaintiff Naoise Ryan.

At 4:20 pm on Sunday, August 9, Plaintiff's counsel disclosed 75 exhibits for use with Ms. Ryan. This list includes such things as expert demonstratives, "mortality tables and work life tables" (even though this exhibit doesn't exist, the parties have stipulated to life expectancies, and work-life expectancies are irrelevant), and therapist treatment notes (which the therapists did

1

not testify about, authenticate, or lay any foundation for). *See* Ex. 1 (email thread); *see also* Ex. 2 (Plaintiff exhibit list).

Boeing's counsel responded at 8:53 pm, objecting to 30 of the exhibits but not the other 45 that primarily consist of family photos, videos of the children, and the like. Ex. 1; *see also* Ex. 3 (chart of exhibits Boeing objected to); Ex. 4 (chart of exhibits Boeing did not object to). Boeing's counsel also reminded Plaintiff's counsel that the PTO "requires each side to disclose 'a list of each trial exhibit for each live witness *it intends to present during examination*.'" Ex. 1. Boeing further asked Plaintiff's counsel to "[p]lease let us know by noon tomorrow which exhibits you actually intend to use with Ms. Ryan. Otherwise, we will raise the issue with the Court." *Id.* And Boeing requested to meet and confer. *Id.*

Plaintiff's counsel responded the next morning, ignoring Boeing's request to meet and confer and admitting that he never intended to use all of the exhibits during Ms. Ryan's direct examination:

> You are correct that I do not intend to use all of the exhibits, but given objections to the use of an exhibit during testimony, even if there is no prejudice, Boeing has objected. Accordingly, in an abundance of caution, I need to identify any potential exhibit in the remote chance I might need it. Had you not objected to my use of your own demonstrative then I wouldn't be listing all of these photographs.

*Id.* Plaintiff's counsel was evidently referring to Boeing's objection last week to an exhibit that Plaintiff did not timely disclose—an objection this Court sustained. *See* Trial Tr. at 484:8–487:3 ("The objection is sustained. The motion to bar this witness from . . . addressing the exhibit is going to be granted based on the lack of disclosure.").

In further correspondence, Boeing reiterated its request that Plaintiff's counsel reduce their list of exhibits by noon. Ex. 1. Plaintiff's counsel did not do so, nor did they respond to Boeing's request to meet and confer. Given the failure of Plaintiff's counsel to engage in the

process contemplated by the PTO, and in an effort to avoid having to argue objections to 30 exhibits at the beginning of the trial day tomorrow, Boeing had no choice but to file this motion.

Rule 16(f) authorizes the Court to "issue any just orders, including those authorized by Rule 16(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." And under Rule 37(b)(2)(A)(ii), the Court may "prohibit[] the disobedient party . . . from introducing designated matters in evidence."

Boeing requests that the Court prohibit Plaintiff's counsel from using, during the examination of Ms. Ryan, any of the 30 exhibits that Boeing objected to. This is a reasonable sanction for counsel's admitted failure to make any good-faith effort to comply with the agreed exchange requirements of the joint pretrial order, the basic purpose of which is to save time—not waste time—for the parties, the Court, and the jury. And this relief would not cause unfair prejudice to Plaintiff because counsel could still use up to 45 exhibits with Ms. Ryan, including those most likely to be pertinent to her testimony.

DATED August 10, 2026

**THE BOEING COMPANY**

By: /s/ *Dan K. Webb*
*One of Its Attorneys*

Dan K. Webb
Dan.webb@winstontaylor.com
Linda T. Coberly
Linda.coberly@winstontaylor.com
Christopher B. Essig
Christopher.essig@winstontaylor.com
Julia M. Johnson
Julia.johnson@winstontaylor.com
Samuel M. Zuidema
Sam.zuidema@winstontaylor.com
**Winston Taylor LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone: (312) 558-5600

Sandra A. Edwards

3

Sandra.edwards@winstontaylor.com
**Winston Taylor LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

attorneys of record.

/s/ *Dan K. Webb*
**WINSTON TAYLOR LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone: (312) 558-5600