**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH<br><br><br>This Document Relates To: NAOISE NEE CONNOLLY, *as Special Administrator of the Estate of MICHEÁL RYAN, deceased*<br><br>Case No.: 1:19-cv-03540 | Civil No.        1:19-cv-02170<br><br>District Judge:    Hon. Jorge L. Alonso<br><br>Magistrate Judge:    Hon. M. David Weisman |

**PLAINTIFF'S BENCH MEMORANDUM REGARDING BOEING'S PROPOSED**
**TAXATION INSTRUCTION**

Plaintiff objects to Boeing's proposed instruction that "[a]ny damages you award will not be subject to income taxes, so you should not consider taxation in fixing the amount of damages." Proposed Instruction No. 30 (Contested).

In *Garg*, the Court squarely addressed the *Erie* question and ruled that the nontaxability instruction is governed by federal law. Plaintiff preserves its objection to that ruling but does not ask the Court to revisit it here. This memorandum presents a different question—one neither *Garg* nor the authorities underlying that ruling decided: **whether Boeing may insist on adding a federal instruction after expressly stipulating to the instructional framework that would govern the jury's determination of damages.**

The stipulation speaks directly to that subject. Boeing did not merely agree that Illinois substantive law would govern damages. The parties agreed how the jury would be instructed in determining those damages. They stipulated that the jury would "fix[] the amount of money" to award "in accordance with Chapters 30 and 31 of the Illinois Pattern Jury Instructions," and they

1

expressly identified additional Illinois pattern instructions where supplementation was intended. Boeing now seeks to add an instruction from outside that agreed framework—a federal FELA instruction telling the jury how to fix the amount of damages. Whatever rule would govern absent agreement, Boeing was free to waive its benefit. And Boeing did so by stipulation. The parties did not negotiate the damages instructions in detail only to leave either side free to add instructions from another regime later.

That issue regarding the specific effect of the stipulation remains open. When taxation first arose in June 2023, the Court specifically asked the parties to address "the effect of the stipulation, if any." *See* 6/5/23 Tr. 25:1–2 (attached as Exhibit A). After hearing argument, the Court declined to decide whether Boeing's proposed instruction would be given. *See* Ex. A at 25:1–28:24. And the Court confirmed that it was "not ruling on it being given at this point" and that the issue would be addressed "during the instruction conference." *See* Ex. A at 56:15–23. The Court again deferred the issue to the instruction conference in October 2023. *See* 10/16/23 Tr. 34:10–15 (attached as Exhibit B).

Nor did *Garg* squarely resolve it. The *Garg* bench brief argued that the instruction was irrelevant because economic damages had been stipulated and separately challenged the instruction under *Erie*—that is, whether federal law supplied the governing rule where Illinois substantive law applied, such as in a diversity case. *See* ECF No. 2732. It did not develop the distinct argument presented here: that Boeing itself agreed not only to Illinois substantive law, but also to an entire instructional regime governing the jury's determination of damages. By doing so, Boeing waived any right it otherwise had to demand a supplemental federal instruction on the same subject. Plaintiff therefore does not ask the Court to reconsider its *Erie* ruling. Plaintiff asks the Court to decide the separate question the stipulation presents.

2

The question is no longer which rule would govern absent agreement. The question is whether Boeing must live with the agreement it made.

**I. THE PARTIES EXPRESSLY AGREED TO THE ILLINOIS PATTERN INSTRUCTIONAL FRAMEWORK FOR THESE DAMAGES TRIALS.**

The stipulation does considerably more than select Illinois substantive law. It separately addresses jury instructions.

First, the parties agreed that "in the event of any compensatory damages trial," they **"will not object to instructing the jury by reference to Illinois Pattern Jury Instructions,"** so long as those instructions are given consistently with the stipulation. ECF No. 1217-1 § A.3 (attached as Exhibit C) (emphasis added).

The parties then became more specific. They agreed that every Plaintiff is entitled to the full measure and elements of damages permitted under Illinois law and that:

> The parties further agree that the Court shall instruct the jury accordingly pursuant to Illinois law, and as to each Plaintiff's wrongful death and survival damages, shall specifically instruct the jury pursuant to Chapters 30 and 31 of the Illinois Pattern Jury Instructions.

*Id.* § B.1. The parties separately agreed that the verdict form would conform to Chapter 45 of the Illinois Pattern Jury Instructions. *Id.*

And the stipulation repeats the agreement once more in § D.3. *Id.* § D.3. It provides that the jury's role is limited to fixing the amount that will fairly and reasonably compensate the beneficiaries and Estate **"in accordance with Chapters 30 and 31 of the Illinois Pattern Jury Instructions, as well as Illinois Pattern Instructions 1.03B and 23.01B."** *Id.* (emphasis added).

These provisions should be read together. The parties did not merely agree upon the substantive law governing damages and leave the manner of instructing the jury unaddressed. They expressly addressed the charge: they agreed not to object to instructing the jury by reference to the

3

IPI; directed that wrongful death and survival damages be specifically instructed pursuant to Chapters 30 and 31; selected Chapter 45 for the verdict form; and identified additional IPI instructions when they wished to supplement the Chapters 30 and 31 framework. *Id.*

The stipulation itself describes its terms as a "bargained-for resolution to this litigation." *Id.* at 2 n.1. Boeing should be held to that bargain.

## II. CHARACTERIZING THE FEDERAL TAX RULE AS "PROCEDURAL" DOES NOT ANSWER WHETHER BOEING WAIVED ITS RIGHT TO INVOKE IT.

Boeing has relied on *In re Air Crash Disaster Near Chicago* for the proposition that the nontaxability instruction is governed by federal rather than state law. 701 F.2d 1189 (7th Cir. 1983). The Court has previously accepted that position over Plaintiff's objection, and Plaintiff does not ask the Court to revisit that ruling here. But neither that ruling nor *Air Crash* addresses the distinct question presented now: whether Boeing may invoke an otherwise applicable federal rule after expressly stipulating to the instructional framework that would govern the jury's determination of damages. *Air Crash* identifies the rule that applies absent agreement. It does not address—much less foreclose—waiver of that rule by stipulation.

The Seventh Circuit has held that litigants may waive federal procedural rules. In *Pittman by Hamilton v. Cnty of Madison, Ill.*, 863 F.3d 734, 736–37 (7th Cir. 2017), the parties had stipulated to the admission of evidence that otherwise was subject to a federal hearsay objection. When the opposing party later objected and the district court sustained the objection, the Seventh Circuit reversed. *Id.* A stipulation, the court explained, "is binding unless it creates 'manifest injustice'. . . or was made inadvertently or on the basis of a legal or a factual error." *Id.* at 736. The fact that the underlying objection arose under an otherwise applicable federal evidentiary rule did not make the agreement unenforceable.

4

That principle is longstanding. *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1206 (7th Cir. 1989), recognizes that "[s]tipulations regarding the nature of trial proceedings are crucial to the prompt and efficient disposition of litigation" and, once made, are binding absent the circumstances warranting relief from the stipulation. The Supreme Court likewise recognizes a background presumption that legal rights generally, and evidentiary provisions specifically, are subject to waiver by voluntary agreement. *United States v. Mezzanatto*, 513 U.S. 196, 200–03 (1995).

The Seventh Circuit applies that same rule to jury instructions. In *Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 886–89 (7th Cir. 2024), the defendant challenged elements of a damages instruction that it had itself proposed. The court held the objections waived: a party cannot propose an instruction and later complain that giving it was error. *Id.*; *see also United States v. Hamilton*, 499 F.3d 734, 736 (7th Cir. 2007) (an objection is waived when a party agrees to the instruction, including where it appears among "Instructions Agreed to by Both Parties"). Boeing did more than that here. It entered a written stipulation specifying the instructional framework for compensatory damages—including the particular IPI chapters that would govern and the additional IPI instructions that would supplement them. *See* Ex. C. Having agreed to that framework, Boeing cannot now claim an entitlement to supplement it with an instruction drawn from a different regime on the same subject.

Thus, even if *Air Crash* supplies the federal procedural rule that would govern *absent agreement*, it does not follow that Boeing remained free to demand that instruction after entering a stipulation governing the damages charge. Nothing in *Air Crash* holds that the right to request the nontaxability instruction is nonwaivable. Rather, *Air Crash* resolved the choice between competing state and federal rules in an ordinary case where state law provided only the substantive

5

law. *See In re Air Crash Disaster Near Chicago, Ill.*, 701 F.2d 1189, 1198–1200 (7th Cir. 1983); *In re Air Crash Disaster Near Chicago, Ill. (Lux)*, 803 F.2d 304, 314–16 (7th Cir. 1986).

Plaintiff is not asking the Court to apply Illinois procedure across the board. The federal rules continue to govern the conduct of this federal trial. The point is narrower: **Boeing voluntarily agreed to a particular framework for the instructions governing the jury's determination of damages.** When it did that, Boeing waived any entitlement to insist on supplemental instructions from other legal regimes addressing how the jury should consider and determine wrongful death and survival damages.

### III.    BOEING'S PROPOSED INSTRUCTION FALLS WITHIN THE VERY SUBJECT THE PARTIES AGREED UPON.

That is a key point because Boeing's proposed taxation instruction is not a general instruction about courtroom administration. By its own terms, it tells the jury what it should consider **"in fixing the amount of damages."** Proposed Instruction No. 30 (Contested).

That is precisely the subject addressed by the stipulation. Indeed, the stipulation uses virtually the same formulation: "the jury's role is limited to fixing the amount of money that will fairly and reasonably compensate [Plaintiff] in accordance with Chapters 30 and 31 of the Illinois Pattern Jury Instructions[.]" Ex. C § D.3. The tax instruction Boeing seeks appears in neither chapter. Illinois places that instruction elsewhere: IPI 160.25, in the chapter governing FELA claims. And the Committee Comment draws the distinction expressly—the instruction reflects *Liepelt* and applies to federal claims, but not to claims governed purely by state law. *See* IPI 160.25; *Klawonn v. Mitchell*, 105 Ill. 2d 450, 456 (1985). That matters here. The parties chose Chapters 30 and 31, not Chapter 160. And when they wished to supplement Chapters 30 and 31, they said so expressly, identifying IPI 1.03B and 23.01B and separately selecting Chapter 45 for the verdict

form. Ex. C §§ B.1, D.3. Boeing now asks the Court to add an instruction from a different IPI regime—one the parties did not select.

That placement is not happenstance. In *Klawonn*, an Illinois wrongful death action, the trial court gave virtually the same nontaxability instruction Boeing proposes here. The Illinois Supreme Court affirmed the order granting a new trial on that ground alone, adhering to its rule that taxation is an extraneous subject that should not be injected into the jury's determination of damages. 105 Ill. 2d at 453–58. Thus, even within the Illinois Pattern Instructions, the tax charge belongs to the distinct FELA regime—not the Chapters 30 and 31 damages framework Boeing agreed would govern here. Having stipulated to Chapters 30 and 31, Boeing cannot now import the FELA instruction those chapters omit.

No single provision of the stipulation uses the word "only." But the agreement must be read as a whole. Its detailed treatment of jury instructions would have little force if either party remained free to supplement the agreed damages charge with an instruction drawn from a different legal regime whenever that party preferred the federal formulation.

*Air Crash* itself recognized this precise conflict. In discussing decisions addressing the *Liepelt* tax instruction, the Seventh Circuit described *Tennis v. General Motors Corp.*, 625 S.W.2d 218, 226–28 (Mo. Ct. App. 1981), as rejecting the instruction based on the "exclusivity of state pattern jury instructions." *Air Crash*, 701 F.2d at 1197. That is the conflict here. Boeing seeks to add a federal tax instruction to the state pattern damages charge the parties already selected.

Boeing's proposed instruction does not merely concern some collateral aspect of federal trial administration. It instructs the jury **how to approach the amount of compensatory damages**—the precise subject on which the parties expressly agreed to an Illinois pattern instructional framework.

The result Boeing proposes is an anomalous hybrid: Illinois law and the Illinois Pattern Jury Instructions govern what wrongful death and survival damages may be recovered, but a federal FELA-derived instruction is added to tell the jury how to fix their amount. Plaintiff respectfully submits that the parties' stipulation does not permit that result.

### CONCLUSION

Plaintiff preserves its objection to the Court's prior ruling that federal law governs the nontaxability instruction. But even if that ruling remains controlling, it does not resolve the separate issue presented here. Boeing agreed to the instructional framework governing the jury's determination of damages. It did not merely stipulate that Illinois substantive law would apply; it stipulated to the instructions by which the jury would fix those damages. And an otherwise applicable procedural right may be waived by agreement.

Plaintiff therefore respectfully requests that the Court enforce the parties' stipulation and decline to give Boeing's proposed taxation instruction. If the Court nevertheless gives the instruction, Plaintiff respectfully preserves both its objection to the Court's prior *Erie* ruling and its independent objection that Boeing waived any entitlement to the instruction by stipulation.

DATED: August 10, 2026.

Respectfully submitted,

/s/ Steven C. Marks
Steven C. Marks
Fla Bar No. 516414
Kristina M. Infante
FL Bar No. 112557
PODHURST ORSECK, P.A.
Attorneys for Plaintiffs
2525 Ponce de Leon, Suite 700
Coral Gables, FL 33134
358-2800/Fax (305) 358-2382
smarks@podhurst.com
*Admitted Pro Hac Vice*

8

and-

Andrew T. Hays
HAYS FIRM LLC
200 N. LaSalle Street, Suite 2150
Chicago, IL 60601
(312) 626-2537
ahays@haysfirm.com
Atty. # 46467
*Local Counsel*

9

## **CERTIFICATE OF SERVICE**

I certify that this 10th of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record via electronic mail.

Respectfully submitted,

/s/ Steven C. Marks
Steven C. Marks
Fla Bar No. 516414
Kristina M. Infante
FL Bar No. 112557
PODHURST ORSECK, P.A.
Attorneys for Plaintiff