**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) |
| | Honorable Jorge L. Alonso |
| | Magistrate Judge Weisman |

**BOEING'S RESPONSE TO PLAINTIFF'S BENCH MEMORANDUM
REGARDING BOEING'S PROPOSED TAXATION INSTRUCTION**

The night before the charge conference at about 10:30 p.m., Plaintiff's counsel filed a brief objecting to the nontaxability instruction that Boeing proposed in this case well over a month ago and that has been the issue of much discussion since February 2023. Plaintiff claims to be making a new argument: that Boeing cannot "insist on adding a federal instruction after expressly stipulating to the instructional framework that would govern the jury's determination of damages." ECF 3003 at 1. But the Court rejected this same stipulation-based argument when the PEC made it more than three years ago. As in the *Garg* trial (and *Stumo*), the Court should give Boeing's proposed instruction as required by federal law.

Before the March 2023 trial, the PEC filed a motion to "bar[] evidence that a damages award is not subject to income tax." ECF 1600 at 2. They argued that "Boeing has stipulated that Illinois compensatory damages law applies in this case" and "that the jury is to be instructed in accordance with Illinois damages law." *Id.* The PEC quoted language from the stipulation and contended that "pursuant to Illinois law, the jury will not be instructed that the damages award is not taxable." *Id.* Boeing opposed that motion because precedent from the U.S. Supreme Court, Seventh Circuit, and Northern District of Illinois requires this Court to instruct the jury that any damages award will not be subject to income tax if any party so requests. *See* ECF 1608 at 2–4

1

(citing authority). And Boeing made clear that "[n]othing in the parties' stipulation permits or requires this Court to ignore federal law and to refuse the instruction." *Id.* at 4–7.

Then, during argument at the final pretrial conference in June 2023, the PEC argued that "[w]hat we believe controls here is the stipulation." June 5, 2023 Hr'g Tr. at 22:1–23:2. The Court specifically asked Boeing's counsel about "the effect of the stipulation, if any," and Boeing responded at length. *Id.* at 24:1–26:10. The PEC then argued about the stipulation some more. *Id.* at 26:11–27:8. *The Court denied the PEC's motion*, noting that "the parties will continue to look at the issue as it relates to jury instructions, especially as it relates to" plaintiffs from other countries. *Id.* at 27:23–28:24.

Months later, in September 2023, the PEC filed a motion asking the Court to reserve judgment on a taxation instruction until the charge conference. *See* ECF 1860; *see also* ECF 1881 (Boeing response). The Court noted its prior ruling and reiterated that Boeing's argument was "persuasive," but found there to be no prejudice to Boeing if the parties held off on discussing the issue of taxation during trial until the charge conference. Oct. 16, 2023 Hr'g Tr. at 25:15–26:4.

After that point, in cases involving plaintiffs from other countries, Boeing and the PEC worked cooperatively to determine whether any damages award would be taxed under applicable foreign law. If the parties agreed it would *not* be taxed, the PEC understood that the Court would likely give the instruction; if the parties agreed it *would* be taxed, Boeing understood that the Court would likely not give the instruction (while both sides preserved all objections).

Then, in *Garg* (as here), plaintiff's counsel tried revisiting the Court's prior ruling by filing a bench brief immediately before the charge conference making arguments that the Court had already rejected. *See* ECF 2732. Again, the issue ultimately turned on which side produced

the most persuasive authority for the question whether an award would in fact be taxed in India. *See Garg* Trial Tr. at 967:1–969:8, 992:10–993:1, 1009:23–1014:12, 1018:21–1021:10.

Plaintiff's counsel here should know all this. They are part of the PEC. The parties discussed this instruction as they prepared the PTO well over a month ago. The issue has come up repeatedly, in many of these cases over several years. There is no justification for filing a new motion that treads old ground on the eve of the charge conference.

What's more, Plaintiff's counsel has waived the right to ask this Court to reconsider its prior ruling. When the parties worked together on the instructions submitted with the PTO, Plaintiff objected to Boeing's proposed instruction on other grounds:

> ***Plaintiff's Objection***: *Plaintiff objects to Boeing's proposed instruction. Plaintiff does not contend that the jury should consider taxes, and agrees that the jury should not add to or reduce any damages award based on speculation about tax consequences. But Boeing's proposed instruction goes further by affirmatively telling the jury that "[a]ny damages you award will not be subject to income taxes." That categorical statement presents a legal question involving the tax treatment of an award to Irish beneficiaries and the decedent's estate. Boeing served its Irish law declaration on July 1, 2026, and Plaintiff has not yet had a reasonable opportunity to verify Boeing's submission or determine whether responsive materials are appropriate.*
>
> *Nor is Boeing's affirmative tax instruction necessary to prevent jury speculation. Plaintiff's proposed neutral instruction fully addresses the issue: "You should not add to or reduce any damages award based on speculation about taxes. Tax consequences, if any, are matters of law and are not for you to consider in determining damages."*
>
> *Plaintiff therefore requests that the Court give Plaintiff's neutral instruction. In the alternative, Plaintiff reserves the right to submit responsive materials concerning Irish law and to be heard before the Court instructs the jury on the tax consequences of any award.*

PTO at 126. Plaintiff did not reference or allude to the stipulation a single time. And in the six weeks since then, Plaintiff has produced no authority on Irish law to contradict the declaration submitted by Boeing. *Id.* at 132–33.

Binding case law requires that Boeing's proposed instruction be given. *See* Oct. 16, 2023 Hr'g Tr. at 30:18–19 (the Court: "I understand that you are giving me binding case law."); *Garg* Trial Tr. at 1020:19–20 (the Court: "My understanding is that there is binding case law on this

issue."); *id.* at 1021:5–6 (the Court: "under the binding case law, I will give the instruction").

Nothing in the stipulation says otherwise. And Plaintiff offers no reason for this Court to revisit the issue.

DATED August 11, 2026

**THE BOEING COMPANY**

By: /s/ *Dan K. Webb*
*One of Its Attorneys*

Dan K. Webb
Dan.webb@winstontaylor.com
Linda T. Coberly
Linda.coberly@winstontaylor.com
Christopher B. Essig
Christopher.essig@winstontaylor.com
Julia M. Johnson
Julia.johnson@winstontaylor.com
Samuel M. Zuidema
Sam.zuidema@winstontaylor.com
**Winston Taylor LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone: (312) 558-5600

Sandra A. Edwards
Sandra.edwards@winstontaylor.com
**Winston Taylor LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Dan K. Webb*
**WINSTON TAYLOR LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone: (312) 558-5600