**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**NAOISE NEE CONNOLLY**, as Special Administrator of the Estate of **MICHEÁL RYAN**, deceased,

Plaintiff,

v.

**THE BOEING COMPANY**,

Defendant.

Case: 1:19-cv-03540

District Judge: Hon. Jorge L. Alonso

**JURY INSTRUCTIONS**

Ladies and gentlemen, you are now the jury in this case. By your verdict, you will decide the disputed issues in the case, and you have been sworn and taken the oath to do that. I want to instruct you as to the law and your duties before we get started.

The law regarding this case is contained in the instructions that I will give to you. I will give some instructions now and all of the instructions at the close of the evidence before you retire to make your decision. You must consider the Court's instructions as a whole, not picking out some instructions and disregarding others. It is your duty to resolve this case by determining the facts based on the evidence and following the law given in the instructions.

Your verdict must not be based upon speculation, prejudice, or sympathy. Each party, whether a corporation or an individual, should receive your same fair consideration. My rulings, my remarks, or instructions do not indicate any opinion as to the facts. You will decide what facts have been proven.

Facts may be proven by evidence or reasonable inferences drawn from the evidence. Evidence consists of the testimony of witnesses you will hear and of exhibits that will be admitted into evidence by the Court or received into evidence by the Court. You should consider all the evidence without regard to which party produced it.

You may use common sense gained from your life experiences in life in evaluating what you see and hear during the trial. You are the only judges of the credibility of the witnesses. You will decide the weight to be given to the testimony of each of them. In evaluating the credibility of a witness, you may consider that witness' ability and opportunity to observe, that witness' memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue that is important to you.

I'm going to repeat again and remind you of the rules of conduct that you must follow as jurors. You should not do any independent investigation or research on any subject related to the case. What you may see or hear outside the courtroom is not evidence. This includes any press, radio, or television programs, and it also includes any information available on the internet. Such programs, reports, and information are not evidence, and your verdict must not be influenced in any way by such material.

For example, you must not use the internet, including Google, Wikipedia, ChatGPT, or any other sources that you may use every day, to search for any information about the case or the law which applies to the case or the people involved in the case, including the parties, the witnesses, the lawyers, or the Judge.

During the course of the trial, do not discuss this case with anyone, not even your own families or friends, and not even amongst yourselves, until the end of the trial when you have retired to the jury room to deliberate on your verdict. Even though this is hard to do, it will be a violation of these instructions and your oath if you discuss the case with anyone else.

You must not provide any information about the case to anyone by any means at all, and this includes posting information about the case or your thoughts about it or any device or internet site,

including blogs, chat rooms, or comments sections or any social networking websites such as Twitter, X, Facebook, Instagram, or Tik-Tok or any other means. You cannot use any electronic device or service to communicate about this case, including cell phones, smartphones, laptops, the internet, or any other tools of technology. The use of any such devices or services in connection with your duties is prohibited.

The reason for these instructions is that your verdict must be based only on the evidence that is presented in the courtroom and the law that you will be provided in my instructions, again, in the courtroom. It would be unfair to the parties and a violation of your oath to base your decision on information from outside this courtroom.

If you become aware of any violation of these instructions, it is your legal duty to report this to me immediately. Do not communicate that to your fellow jurors. Disobeying these instructions could cause a mistrial, meaning all of our efforts would have been wasted, and we would have to start all over again with a new trial. If you violate these instructions, you could also be found in contempt of court.

Ladies and gentlemen, pay close attention to the testimony as it is given. At the end of the trial, you must make your decision based on what you recall of the evidence. You will not receive a written transcript of the testimony when you retire to the jury room, so, again, you have to rely upon your own recollection of the evidence. You have been provided with notepads in that regard.

Ladies and gentlemen, an opening statement is what an attorney expects the evidence will be. A closing argument is given at the conclusion of the case and is a summary of what an attorney contends the evidence has shown. If any statement or argument of an attorney is not supported by the law or the evidence, you should disregard that statement or argument and you should rely upon your own recollection of the evidence in that regard.

Ladies and gentlemen, we all have feelings, assumptions, perceptions, fears, and stereotypes about other people. Some biases we are aware of and others we might not be fully aware of, which is why they are called implicit biases or unconscious biases. Our biases often affect how we react, favorably or unfavorably towards someone else. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions. As jurors, you are being asked to make very important decisions in this case. You must resist jumping to conclusions based on personal likes or dislikes. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status. Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist and help each other resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

Again, ladies and gentlemen, the defendant in this case, Boeing, has admitted that it produced an airplane that had an unsafe condition that was a proximate cause of plaintiff's compensatory damages caused by the Ethiopian Airlines Flight 302 accident. Boeing does not blame any other person for the Ethiopian Airlines Flight 302 accident, nor will Boeing argue that anyone else is

responsible for plaintiff's damages in this trial. There are other issues, of course, that you will need to decide in the case.

Ladies and gentlemen, the case is going to proceed in the following fashion: First, each side's attorneys may make an opening statement. An opening statement is not evidence. Rather, it's a summary of what each side's attorneys expect the evidence will show.

After the opening statements, you will then hear the evidence. After the evidence has been presented, the attorneys will make a closing argument, and I will instruct you on the law that applies to the case. After that, you will retire to the jury room to deliberate on your verdict.

At this time, ladies and gentlemen, I ask that you give the attorneys your close attention as I recognize them for the purpose of making opening statements, beginning with the plaintiff.

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

I understand that reports about this trial, or about this incident, are appearing in the newspapers and on radio, television and the internet. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case, the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

A fact or a group of facts, may, based on logic and common sense, lead you to a conclusion as to other facts. This is known as circumstantial evidence. A fact may be proved by circumstantial evidence. For example, if you are in a building and a person enters who is wet and is holding an umbrella, you might conclude that it was raining outside. Circumstantial evidence is entitled to the same consideration as any other type of evidence.

The testimony of certain witnesses was presented by videotape. You should give this testimony the same consideration you would give it had the witness personally appeared in court.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff has the burden of proof on the issue of damages.

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he or she has the burden of proof is more probably true than not true.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way you judge the testimony from any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Certain demonstratives, animations, and diagrams have been shown to you. Those demonstratives, animations, and diagrams are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

An attorney is allowed, if the witness agrees, to talk to a witness to learn what testimony will be given. Such an interview, by itself, does not affect the credibility of the witness.

Boeing admits that it produced an airplane that had an unsafe condition that was the cause of Plaintiff's compensatory damages caused by the Ethiopian Airlines Flight 302 accident. Boeing does not blame any other person for the Ethiopian Airlines Flight 302 accident, nor has Boeing argued that anyone else is responsible for Plaintiff's damages, in this trial. You need only decide what amount of money will reasonably and fairly compensate Plaintiff for those damages.

Plaintiff Naoise Connolly Ryan brings this action in a representative capacity by reason of her being the Special Administrator of the Estate of Micheál Ryan, deceased. She represents herself and [redacted] and [redacted], the widow and next of kin of the deceased. The real parties in interest in this lawsuit are Naoise Connolly Ryan, [redacted], [redacted] and the Estate of Micheál Ryan, deceased, and in that sense they are the real plaintiffs whose damages you are to determine.

When I use the term "society" in these instructions, I mean the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.

You must fix the amount of money which will reasonably and fairly compensate Naoise Connolly Ryan, [redacted], and [redacted] for the pecuniary loss proved by the evidence to have resulted to them from the death of Micheál Ryan. "Pecuniary loss" may include loss of society, as well as grief, sorrow, and mental suffering.

Where a decedent leaves a spouse and children, the law recognizes a presumption that the spouse and children have sustained some substantial pecuniary loss by reason of the decedent's death. The weight to be given this presumption is for you to decide from the evidence in this case.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. Decedent's age;

2. Decedent's health;

3. What instruction, moral training, and superintendence of education the decedent might reasonably have been expected to give decedent's children had decedent lived;

4. Decedent's habits of industry, sobriety, and thrift;

5. The grief, sorrow, and mental suffering of Naoise Connolly Ryan, [redacted], and [redacted];

6. The relationship between [redacted] and [redacted] and their father.

7. The marital relationship between Naoise Connolly Ryan and her husband.

In assessing damages you may consider how long Naoise Connolly Ryan, [redacted], and [redacted] will be likely to sustain pecuniary losses as a result of the death of Micheál Ryan, considering how long Micheál Ryan was likely to have lived and how long Naoise Connolly Ryan, [redacted], and [redacted] are likely to live.

Micheál Ryan, age 39 at the time of his death, had a life expectancy of 42 years. Naoise Connolly Ryan, currently age 48, has a life expectancy of 36 years. [redacted], currently age 11, has a life expectancy of 73 years. [redacted], currently age 7, has a life expectancy of 73 years. These figures are not conclusive. They are the average life expectancies of persons who have reached those ages. They may be considered by you in connection with other evidence relating to the probable life expectancies of the decedent and his next of kin, including evidence of the decedent's occupations, health, habits and activities, bearing in mind that some persons live longer and some persons live less than the average.

If you find that the plaintiff is entitled to damages arising in the future because of loss of society or grief, sorrow and mental suffering, you must determine the amount of these damages which will arise in the future.

If these damages are of a continuing nature, you may consider how long they will continue. If these damages are permanent in nature, then in computing these damages you may consider how long the decedent was likely to have lived and how long Naoise Connolly Ryan, [redacted], and [redacted] are likely to live.

You have heard testimony from certain witnesses about the grief of individuals other than Micheál Ryan's widow, Naoise Connolly Ryan, and children, [redacted] and [redacted]. You may award damages only for the grief of Naoise Connolly Ryan, [redacted], and [redacted], not for the grief of others.

You must fix the amount of money which will reasonably and fairly compensate the estate for the decedent's pain and suffering and emotional distress proved by the evidence to have resulted from the unsafe condition of the plane during the flight up to the time of decedent's death, taking into consideration the nature, extent, and duration of the injury.

***Boeing's Objections:*** *Boeing understands that the Court gave this instruction in the prior trials, but it must preserve its objection and proposes this instruction instead:*

> *You must fix the amount of money which will reasonably and fairly compensate Plaintiff for the decedent's emotional distress proved by the evidence to have resulted from the unsafe condition of the plane during the period between the time of the decedent's injury and the time of decedent's death, taking into consideration the nature, extent, and duration of the injury.*
>
> *To recover these damages, Plaintiff must prove that the decedent's emotional distress was caused by bodily injury. A "bodily injury" is physical damage to a person's body.*

*See IPI 31.10 & cmt.; Estate of Love v. Rasmussen, 2018 WL 10613262, at *7 (C.D. Ill. 2018); Victim A. v. Song, 2021 IL App (1st) 200826, ¶ 10.*

Any figures proposed by counsel in their arguments are not evidence as to the amounts of damages you should award, but rather constitute arguments, which you are free to disregard in your deliberations.

Whether a party is insured or not insured has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

You shall not speculate about or consider any possible sources of benefits Plaintiff may have received or might receive. After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.

Any damages you award will not be subject to income taxes, so you should not consider taxation in fixing the amount of damages.

**Plaintiff's Proposal**: You should not add to or reduce any damages award based on speculation about taxes. Tax consequences, if any, are matters of law and are not for you to consider in determining damages.

***Plaintiff's Objection****: Plaintiff objects to Boeing's proposed instruction. Plaintiff does not contend that the jury should consider taxes, and agrees that the jury should not add to or reduce any damages award based on speculation about tax consequences. But Boeing's proposed instruction goes further by affirmatively telling the jury that "[a]ny damages you award will not be subject to income taxes." That categorical statement presents a legal question involving the tax treatment of an award to Irish beneficiaries and the decedent's estate. Boeing served its Irish law declaration on July 1, 2026, and Plaintiff has not yet had a reasonable opportunity to verify Boeing's submission or determine whether responsive materials are appropriate.*

*Nor is Boeing's affirmative tax instruction necessary to prevent jury speculation. Plaintiff's proposed neutral instruction fully addresses the issue: "You should not add to or reduce any damages award based on speculation about taxes. Tax consequences, if any, are matters of law and are not for you to consider in determining damages."*

*Plaintiff therefore requests that the Court give Plaintiff's neutral instruction. In the alternative, Plaintiff reserves the right to submit responsive materials concerning Irish law and to be heard before the Court instructs the jury on the tax consequences of any award.*

***Boeing's Response****: The Court has given this instruction in both prior trials. The language of this instruction is based closely on Federal Civil Jury Instructions of the Seventh Circuit § 9.4 ("If you find for the plaintiff, any damages you award will not be subject to income taxes, so you should consider after-tax income in fixing the amount of damages."). The pattern instructions further note that "[i]f such an instruction is requested, a jury must be instructed that the verdict will not be subject to income taxes" (citing Norfolk & Western Ry. Co. v. Liepelt, 444 U.S. 490, 497–98 (1980)); see also Opio v. Wurr, 901 F. Supp. 1370, 1373–74 (N.D. Ill. 1995).*

*On June 26, 2026, Boeing asked Plaintiff to "provide us with the Irish authority on which you are basing your objections so that we may evaluate it." Plaintiff did not provide any. Boeing received an executed declaration from its Irish counsel on July 1, 2026, and submitted it to Plaintiff that morning. This declaration is attached to these proposed instructions as* ***Exhibit 1*** *and explains that any damages awarded in this case would not be subject to taxation in Ireland.*

*Also, Boeing objects to any attempt by Plaintiff to introduce new authority on this issue at the last minute. This disagreement was entirely foreseeable, as this Court put the parties on notice years ago that they would be expected to produce some support for their positions on this instruction in each case. Producing authority in the middle of trial with no opportunity for the Court or Boeing to consider and evaluate it—as the plaintiff did in Garg—is unfair and prejudicial.*

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**VERDICT FORM**

We, the jury, find that the total amount of damages suffered by Plaintiff is:

$ ____________________, itemized as follows:

| | |
|---|---|
| Micheál Ryan's pain and suffering and emotional distress: | $ ______________________ |
| Naoise Connolly Ryan's, [redacted]'s, and [redacted]'s loss of money, benefits, good and services: | $ 5,000,000 |
| Naoise Connolly Ryan's, [redacted]'s, and [redacted]'s loss of society: | $ ______________________ |
| Naoise Connolly Ryan's, [redacted]'s, and [redacted]'s grief, sorrow and mental suffering: | $ ______________________ |
| PLAINTIFF'S TOTAL DAMAGES: | $ ______________________ |

___________________________________ ___________________________________

___________________________________ ___________________________________

___________________________________ ___________________________________

___________________________________ ___________________________________

DATE: _________________

***Boeing's Objection:*** *Boeing recognizes that the Court has included the language "pain and suffering" in the prior trials and will likely do so again. For the avoidance of doubt, however, Boeing maintains its objection to this language. As the Garg and Stumo trials confirmed, Plaintiff has no admissible evidence of physical pain and suffering; not one of Plaintiff's experts is able to*

*testify that any passenger experienced pain or received a physical injury at any point prior to ground impact. See ECF 2731, 2925, 2938 (Boeing's Rule 50 motions explaining lack of evidence of physical pain or injury). If Plaintiff's experts cannot provide any reliable opinion on physical pain or injury, then certainly no reasonable jury could infer the same. While the uncontested movements of the plane may be enough to support an inference of emotional distress, as this Court previously ruled, they are not enough to support an inference of physical pain or injury. Any finding of physical pain or suffering would not be "reasonable [or] based on the evidence in the case" and would instead be "based upon speculation," which the agreed instructions forbid. The commentary to IPI 30.05 (the "pain and suffering" element of damages) instructs that the element should be included in the instructions only "when the evidence justifies its use." IPI 30.05 cmt. The evidence does not justify its use here, so it should not be included on the verdict form.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Samuel M. Zuidema*
**WINSTON TAYLOR LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone: (312) 558-5600