**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH | Lead Case: 1:19-cv-02170 (Consolidated) |
| This filing relates to: 19-cv-03540 | Honorable Jorge L. Alonso |

**BOEING'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW**
**ON DAMAGES FOR PAIN, SUFFERING, AND EMOTIONAL DISTRESS**

As in the prior trials, Boeing moves under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on damages for Micheál Ryan's pain, suffering, and emotional distress. The Illinois Survival Act permits recovery of these damages only when they are caused by a physical injury before death. As a matter of law, because Plaintiff here has produced no evidence sufficient for a jury to conclude that Mr. Ryan suffered a physical injury at any point before he died, Mr. Ryan's estate may not recover these damages.

Illinois law is clear: A plaintiff may "recover damages for conscious pain and suffering of the decedent" only "from the time of his injuries to the time of death." *Murphy v. Martin Oil Co.*, 56 Ill. 2d 423, 426 (1974); *accord Readel v. Vital Signs, Inc.*, 2002 WL 1359417, at *3 (N.D. Ill.); *Eisenmann v. Cantor Bros., Inc.*, 567 F. Supp. 1347, 1351 (N.D. Ill. 1983); IPI § 31.10 (jury must award "damages proved by the evidence to have resulted from the [negligence] [wrongful conduct] of the defendant during the period between the time of the decedent's injuries and the time of decedent's death"). "Pain and suffering" is routinely understood to include "emotional distress."[1] Thus, for emotional distress to be compensable under the Survival Act, it "must be caused by bodily injury." *Est. of Love v. Rassmussen*, 2018 WL 10613262, at *7 (C.D. Ill.) (quoting *In re Aircrash Disaster Near Roselawn on Oct. 31, 1994*, 926 F. Supp. 736, 742 (N.D. Ill. 1996)). In other words, "pre-impact fright and terror has been held to be non-actionable" under the Survival Act. *Rassmussen*, 2018 WL 10613262, at *7 (quoting *In re Roselawn*, 926 F.

---

[1] *See Marxmiller v. Champaign-Urbana Mass Transit Dist.*, 2017 IL App (4th) 160741, ¶ 53 ("[E]motional distress is a form of suffering, not a separate element."); *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 808 (1993) ("Fear of cancer was only part of emotional distress, an element of pain and suffering."); *Doe v. Ilani*, 2019 IL App (1st) 170754-U, ¶ 69 ("[T]he term 'suffering' is another form of 'distress of the mind.' Based on the evidence presented, the jury could reasonably consider pain and suffering to include emotional distress, and could decide to avoid a duplicative award for emotional distress."); *see also Gunter v. United States*, 2018 U.S. Dist. LEXIS 8748, at *35 (S.D. Ill.) ("A plaintiff may be awarded damages as a result of pain and suffering (including emotional distress).").

Supp. at 742); *see also In re Aircrash Disaster Near Chicago, Ill. On May 25, 1979*, 507 F. Supp. 21, 23 (N.D. Ill. 1980) ("plaintiff cannot recover for the fright and terror her [decedent] may have experienced in anticipation of physical injury.").

Plaintiff here has produced no evidence sufficient for a jury to conclude that Mr. Ryan experienced a physical injury before impact. Plaintiff elicited testimony about the flight from three expert witnesses—Charles Pereira, Captain Vickie Norton, and Lieutenant Colonel Troy Faaborg—none of whom testified that Mr. Ryan was physically injured.

- Pereira disclosed no opinion about injury at all and confirmed at trial that he was "not providing any testimony . . . about any pre-impact injury to any person on the ET 302 flight." Trial Tr. at 534:1–4.

- Norton likewise confirmed that she was "not offering an opinion in this case about pre-impact injuries to the passengers at any point during the flight." *Id.* at 589:14–17.

- Faaborg's injury opinions were excluded under Rule 702. June 5, 2023 Hr'g Tr. at 9:9–10:3. So when he took the stand, Faaborg testified only about a few discrete "physiological effects" that the Court carved out from its ruling because they did not "cross the line" into injury. *See* Oct. 29, 2025 Hr'g Tr. at 60:3–8.[2] For example, Faaborg testified about various cardiovascular effects (reduced heart rate, vasodilation, and the like) as well as shifting organs and bodily fluids. *See* Trial Tr. at 631:10–13, 654:3–9. And before his testimony, the Court reiterated that "he's not allowed to go into" physical injuries (brain injuries in particular). *Id.* at 605:16–606:4.

What's more, Boeing's expert Dr. Rawson Wood explained that "physiological effects" like those Faaborg discussed are not injuries, but "normal process[es] that the body does in response to the forces or the motions that we perform as we live our everyday lives."[3] Wood also testified that "it is unlikely that any seatbelted passenger on Flight ET 302 would have experienced any physical injury prior to ground impact," and that there is no evidence that any

---

[2] To be clear, Boeing moved to exclude *all* Faaborg's opinions about "physiological effects" (*see* ECF 1542 at 9–12) and maintains that this testimony should not have been admitted at trial.

[3] The final transcript of Dr. Wood's testimony was unavailable at the time of filing.

passenger was unbelted. The jury heard no contrary testimony and received no contrary evidence.

Finally, even if the jurors *could* infer that Mr. Ryan suffered a physical injury before death—and they cannot, because such an inference would not be "drawn from the evidence" (*id.* at 304:16–17)—there still would be no basis to infer that any pain, suffering, or emotional distress was "*caused* by bodily injury." *Rassmussen*, 2018 WL 10613262, at *7 (emphasis added); *see also* IPI 30.05 (permitting recovery for only "[t]he pain and suffering experienced . . . as a result of the injuries"). To the contrary, all the evidence suggests that Mr. Ryan's emotional distress resulted from the movements of the airplane and his contemplation of what was to come.

Simply put, Plaintiff has not produced the evidence necessary to support damages under the Survival Act. No reasonable jury could find it more likely than not that Mr. Ryan experienced a physical injury before ground impact. Any such finding would be based purely on "speculation," not evidence. *See* Trial Tr. at 304:10–11. The Court should therefore grant judgment as a matter of law for Boeing on any claim for damages based on Mr. Ryan's pain, suffering, and emotional distress.

3

DATED August 11, 2026

**THE BOEING COMPANY**

By: /s/ *Dan K. Webb*
*One of Its Attorneys*

Dan K. Webb
Dan.webb@winstontaylor.com
Linda T. Coberly
Linda.coberly@winstontaylor.com
Christopher B. Essig
Christopher.essig@winstontaylor.com
Julia M. Johnson
Julia.johnson@winstontaylor.com
Samuel M. Zuidema
Sam.zuidema@winstontaylor.com
**Winston Taylor LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone: (312) 558-5600

Sandra A. Edwards
Sandra.edwards@winstontaylor.com
**Winston Taylor LLP**
101 California Street
35th Floor
San Francisco, CA 94111-5840
Phone: (415) 591-1000

Jon R. Buck
JBuck@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Dan K. Webb*
**WINSTON TAYLOR LLP**
300 N. LaSalle Dr.
Chicago, Illinois 60654
Phone: (312) 558-5600

5